IN THE UNITED STATES DISTRICT COURT FOR
RECEIVED THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 MAY 17 P 12: 51

IN RE GRAND JURY CKETT, CLK          )          2:05CR119-F
        U.S. DISTRICT COURT          ) CR. MISC. NO. 799
        MIDDLE DISTRICT ALA          )
OF JUNE 21, 2004                      )

## MOTION TO SEAL CASE

Comes now the United States of America, by and through Louis V. Franklin, Sr., Acting

United States Attorney for the Middle District of Alabama, and respectfully moves the Court to seal

the case from the indictment returned on the Grand Jury Docket for May 17, 2005. As grounds

therefor, the United States avers the following:

1.      A magistrate judge is given great deference in deciding whether to grant a motion to

seal an indictment and case. See United States v. Edwards, 777 F.2d 644, 648 (11th Cir. 1985).

2.      The sealing of a case is proper "where the public interest requires it . . . or for

other sound reasons of policy." Id.

3.      The public interest and other sound reasons of policy justify this Court's sealing of

the case from the indictment returned against the defendants.

4.      One of the defendants charged in the indictment is presently being tried in the

Northern District of Alabama in a complex, high profile case. The United States requests that the

instant indictment and the entire case, including all files and documents associated with the case, be

sealed to prevent and preclude any undue prejudice to this defendant in the ongoing trial.

5.      The United States, in conjunction with the Attorney General of the State of Alabama,

is continuing to investigate other criminal offenses committed by the named defendants as well as

other persons known and unknown at this time. Public disclosure of the instant indictment and any document associated with, and a part of, this case would severely harm the investigative efforts of the United States and the State of Alabama. Accordingly, the prosecutorial needs and objectives involving the ongoing criminal investigation of these two defendants and other persons in the Middle District of Alabama and elsewhere warrant the sealing of the indictment and this case. See also United States v. Sharpe, 995 F.2d 49, 52 (5th Cir. 1993) ("An indictment is properly sealed when the government requests that the magistrate judge seal the indictment for any legitimate prosecutorial objective or where the public interest otherwise requires it.") (citations and quotations omitted).

WHEREFORE, the United States thus moves this Court to seal the case from the indictment returned by the Grand Jury on May 17, 2005, pending further motion by the government.

Respectfully submitted this 17th day of May, 2005.

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY