IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-F |
| RICHARD M. SCRUSHY,<br>Defendant. | |

### DEFENDANT RICHARD M. SCRUSHY'S MOTION TO RECUSE
### PURSUANT TO 28 U.S.C. §§ 455(a) AND (b)(5)(iii)

COMES NOW Richard M. Scrushy, by and through his undersigned counsel and respectfully moves that United States Magistrate Judge Charles S. Coody enter an Order pursuant to 28 U.S.C. §§ 455(a) and/or (b)(5)(iii) recusing himself from further proceedings in the above-styled action. In the alternative, Defendant respectfully requests that this motion be referred to another United States Magistrate Judge for an evidentiary hearing and determination. In support of this request, Defendant respectfully shows this Court the following:

1. Defendant Scrushy has been named, along with three other individuals, in an indictment filed in this district on October 26, 2005. Mr. Scrushy is named in three of the 34 counts of the indictment.

2. On October 28, 2005, Mr. Scrushy appeared before Judge Coody for an in-chambers scheduling conference immediately prior to his initial appearance and arraignment before that same Court.

3. During that conference, Judge Coody informed Defendant and counsel that "there is a matter about my participation in the case that you need to be aware of." (Transcript of

Proceedings, October 28, 2005 at 7.) The first matter related to the relationship between Judge Coody's family and an individual who is alleged by the grand jury to have been involved, *inter alia*, in a transaction set out in Racketeering Acts 5(c) and 5(d) of Count Two in the Superseding Indictment. (Doc 9 at 21-22.) Judge Coody indicated that this matter is unrelated to Mr. Scrushy's portion of the instant case. (Transcript at 8.)

4. Judge Coody indicated that there was a second matter, which did pertain to Mr. Scrushy:

> The other thing is at the time Mr. Scrushy was at HealthSouth, my son-in-law was a financial analyst working for HealthSouth. He still works for HealthSouth. He is now a vice president. And again, I mention those two things so that you will have the information. His name is David Brandt, B-R-A-N-D-T.

(Transcript at 8.) Judge Coody went on to indicate that he was not aware of any relationship between his son-in-law, Mr. Brandt, and Mr. Scrushy, (*id.*), and that Mr. Brandt "was a financial analyst in the part of the corporation that dealt with the outpatient surgical centers and is now a vice president dealing with those same matters." (*Id.* at 9).

5. In regard to this information, Judge Coody stated: "If either of those matters is a basis for removal, you are ordered to file a motion within seven days." (*Id.*)

6. On the basis of the only information available to Defendant, which is set forth fully in the preceding paragraphs, Defendant respectfully submits that he is unable to completely and effectively assess the factual basis for recusal, or to effectively present full and complete argument on the legal necessity for disqualification of Judge Coody. In order to accomplish these tasks, Defendant would need access to additional information which would substantially affect the legal basis for recusal. Until such information is available, Defendant Scrushy is filing this initial motion to recuse on the basis of the evidence currently in the record, and respectfully submits that under Eleventh Circuit authority, the determination of recusal is for the Court to

make in the first instance, based on the applicable statute and legal authority in light of the Court's more complete knowledge of the factual circumstances of the relationship in question.

7. In the alternative, should this Court determine that immediate recusal is not necessary, Defendant respectfully submits that the appropriate and necessary procedure would be to submit this motion to another Judge for a full evidentiary hearing and determination.

8. Defendant respectfully submits that recusal is required under both 28 U.S.C. §§ 455(a) and (b)(5)(iii) because of the employment of Judge Coody's son-in-law at HealthSouth. Should facts exist in regard to Judge Coody's relationship to the other individual revealed at the October 28, 2005 conference that would require Judge Coody to be recused, unless Defendant Scrushy's case is severed, any grounds for recusal based on this relationship would require recusal as to the entire case.

9. The allegations against Mr. Scrushy are related to activities at HealthSouth during the time that Mr. Scrushy was HealthSouth's Chief Executive Officer. After Mr. Scrushy's termination by HealthSouth's Board of Directors in March of 2003, HealthSouth, its officers, and its Board of Directors played an active and interested role in assisting the investigation and prosecution of Mr. Scrushy in *United States v. Richard M. Scrushy*, Northern District of Alabama Case No. CR-03-BE-0530-S, which ended in Mr. Scrushy's acquittal on all counts. HealthSouth apparently continues to play a similar role in the investigation and prosecution of the instant criminal case. According to a report published by the Associated Press on October 27, 2005: "'HealthSouth continues to cooperate fully with the government in their ongoing investigations,' the company said in a statement. 'We have provided the government with the information and documents they requested.'" http://news.yahoo.com/s/ap/20051027/ap.

10. In the context of HealthSouth's public posture and continuing cooperation with the Government, Defendant respectfully submits that this Court should be disqualified based on the

3

fact that his son-in-law currently holds the position of Vice President with HealthSouth and was employed by HealthSouth during the time Mr. Scrushy was its Chief Executive Officer. Defendant respectfully submits that this relationship falls under the § 455(a)'s proscription that a court "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Defendant respectfully submits that this relationship also falls under the proscription found in § 455(b)(5)(iii), which requires recusal when "a person within the third degree of relationship ... or the spouse of such a person ... [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;..."

## Argument and Authorities

Section 455(a) provides: "Any judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the possible appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865, 108 S.Ct. 2194 (1988). "Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are prerequisites to disqualification under this section. The duty of recusal applies equally before, during, and after a judicial proceeding, whenever disqualifying circumstances become known to the judge." *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989) (citing *Liljeberg*, 486 U.S. 859-61). The standard for recusal under § 455(a) is "'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989) (quoting *Parker v. Connors Steel Co.*, 885

4

F.2d 1510, 1524 (11th Cir. 1988)). "[A]ny doubts must be resolved in favor of recusal." *United States v. Patti*, 337 F.3d. 1317, 1321 (11th Cir. 2003) (citing *Kelly*, 888 F.2d at 745).

Defendant respectfully submits that this Court's requirement that Defendant make a decision whether or not to pursue a recusal request based on the Court's oral summary of a potential conflict during the proceedings on October 28, 2005 is a procedure which is contrary to Eleventh Circuit guidance in such circumstances. In *Kelly*, the Eleventh Circuit stated:

> We hold that, as a general rule, "'a federal judge should reach his own determination [on recusal] *without calling upon counsel* to express their views.... The too frequent practice of advising counsel of a possible conflict, and asking counsel to indicate their approval of a judge's remaining in a particular case is fraught with potential coercive elements which make this practice undesirable.'"

*Kelly*, 888 F.2d at 745-46 (quoting *Matter of National Union Fire Ins. Co.*, 839 F.2d 1226, 1231 (7th Cir. 1988) (quoting Resolution L, Judicial Conference of the United States, October 1971) (emphasis added by Seventh Circuit)) and citing *Andros Compania Maritima, S.A. v. Marc Rich & Co.,A.G.*, 579 F.2d 691, 699 (2d Cir. 1978) ("Generally, a federal judge may not state for the record possible disqualifying circumstances and ask the parties to decide whether they want him to continue.")).

Further, Defendant does not have access to full and necessary information concerning the relationship in question. For instance, what is the nature and extent of Judge Coody's relationship and contact with his son-in-law? What discussions have they, or other members of the Judge's immediate family had concerning Mr. Brandt's employment at HealthSouth and the massive fraud that occurred at HealthSouth from 1996 to 2003? What discussions have they had concerning Mr. Scrushy, his role at HealthSouth, the unproved allegations of his involvement in the fraud, or Mr. Scrushy's lengthy and much-publicized trial and subsequent acquittal? What are the nature and scope of Mr. Brandt's duties at HealthSouth? Who does he report to? What role has he played, if any, in HealthSouth's cooperation with the Government, particularly in

regard to Mr. Scrushy, since March of 2003 and continuing, apparently, into the present? All of these factual matters bear directly on the necessity for recusal under the applicable standard found in § 455(a), but Defendant Scrushy has access to none of this critical information. As a consequence, Defendant respectfully submits that should this Court determine that immediate recusal is not required, the appropriate procedure would be to refer this motion to another Judge so that that Judge can conduct an evidentiary hearing to fully develop the relevant facts and independently determine whether recusal under § 455(a) is appropriate. Such referrals to a different judge are routinely employed in determining recusals under § 455(a). *See, e.g., Liljeberg*, 486 U.S. at 851; *United States v. State of Alabama*, 828 F.2d 1532, 1539 (11th Cir. 1987); *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1106 (5th Cir. 1980).

An opportunity to fully develop the relevant facts may also demonstrate that recusal is necessary under a second provision of § 455. Section 455(b)(5)(iii) provides, in relevant part:

> (b) He should also disqualify himself in the following circumstances:
> (5) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

In *Patti*, the Eleventh Circuit wrote:

> Although both subsections provide reasons for recusal, subsection (b) is stricter than subsection (a) because the need for a judge's recusal under subsection (b) is clear; once it has been established that one of the enumerated conditions exists, there can be no dispute about the propriety of recusal.

337 F.3d at 1321-22. Further, under § 455(e), while a waiver of a ground for disqualification is permissible, "provided it is preceded by a full disclosure on the record of the basis for disqualification," such a waiver is expressly forbidden by that same subsection. *Patti*, 337 F.3d at 1322. Additionally, as the former Fifth Circuit held in *Potashnick*:

6

> The language of section 455(b)(5)(iii) does not require the judge to investigate whether his lawyer-relative's interest will in fact be affected by the outcome of the proceeding. Instead, the statute requires automatic disqualification when the judge in a proceeding knows of his relative's interest, and the outcome of the proceeding may *potentially* affect that interest.

609 F.2d at 1114 (emphasis added). As the Court goes on to note in regard to recusal of a judge based on his relationship to a law firm partner who had no role in the litigation in question:

> While [recusal] may seem harsh and inconvenient, we believe it will serve to promote public confidence in the integrity and impartiality of the judiciary in general and of the participating judge in particular.

*Id.*

Section 455(d)(2) provides that "the degree of relationship is calculated according to the civil law system." Judge Coody's daughter is within the third degree of relationships. Her spouse, Mr. Brandt, therefore is within the relationship covered by subsection (b)(5)(iii).

Again, without an evidentiary hearing, it is difficult for Defendant to assess, let alone demonstrate, that the second requirement under this subsection, "an interest that could be substantially affected by the outcome of the proceeding," exists in regard to Mr. Brandt. To fully determine this, it will be necessary to initially ascertain what Mr. Brandt's relationship is *vis-à-vis* senior management at HealthSouth that have been and continue to be involved in cooperating with the Government in regard to the investigation and prosecution of Mr. Scrushy.

The former Fifth Circuit has recognized that this "interest" may be either an economic interest or a noneconomic interest, such as the effect of the proceedings on the reputation of HealthSouth or its relationships with anyone who does business with HealthSouth. *Potashnick*, 609 F.2d at 1113. In order to determine whether Mr. Brandt's "interest" in HealthSouth is sufficiently substantial to require recusal under subsection (b)(5)(iii), then, it will be necessary to ascertain whether, for instance, Mr. Brandt owns stock in HealthSouth, holds stock options, is eligible for any type of bonus, or if he has a retirement plan, all of which could be affected by the

7

instant proceeding. Again, Defendant respectfully submits that should this Court conclude on its own assessment that immediate recusal is not necessary, then this motion should be referred to another Judge for an evidentiary hearing and determination.

WHEREFORE, Defendant respectfully prays that this Court enter an Order disqualifying itself from further proceedings in this matter or, in the alternative, enter an Order referring this motion to another Judge for hearing and determination, and for such other and further relief as this Court may deem just and proper.

This 4th day of November, 2005.

Respectfully submitted,

Arthur W. Leach
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax:   205-824-0321

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th[th] day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

_____
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205)822-4224
Fax:    (205)824-0321
Email: les.moore@lvmlaw.com