United States v. Richard M. Scrushy
2:05cr119-F

# EXHIBIT A



# The Birmingham News

## Signed, sealed and secret

Saturday, January 07, 2006

Thanks to court records, we know this about U.S. magistrate Charles S. Coody, who is handling pretrial matters in the corruption case against former Gov. Don Siegelman, former HealthSouth CEO Richard Scrushy and two others:

Coody's wife taught the children of Mac Marcato, a developer of a highway striping product the state Department of Transportation used during Siegelman's term. Federal prosecutors have accused Siegelman of demanding $250,000 from Marcato in exchange for state transportation contracts. Marcato is expected to testify for the prosecution.

Coody's son-in-law, David Brandt, is a vice president at HealthSouth. His son-in-law and daughter own HealthSouth stock and are members of a class-action lawsuit against Scrushy and other former company officers.

Is there anything else that might justify, as defense lawyers have sought, Coody's removal from the case? We don't know, because their motions requesting that he step down are under seal. Tuesday, Coody stated in a one-page order denying their requests for his recusal that those motions were "replete with innuendo, conjecture and speculation."

All the more reason those motions never should have been hidden from public view, and that Coody should unseal them.

We know what we do about Coody's relationships with parties in the case because of unsealed recusal requests made in early November and Coody's rejection of them, leading to the sealed motions for reconsideration.

The sealed motions only fuel speculation there may be good reason for Coody to step down. That's probably not the case, but why should defense lawyers be allowed to make that case in secret?

If the lawyers have overstepped their bounds with motions "replete with innuendo, conjecture and speculation," the best way to show that is to show that by making those motions public.

Federal courts, like all courts, belong to the people. The people pay for the courtrooms, offices, trial proceedings, salaries, even for the files in which the defense attorneys' motions are hidden from public view.

With rare exceptions, the public should have full access to the courts - and their filings. Coody should unseal the defense attorneys' motions immediately.

© 2006 The Birmingham News
© 2006 al.com All Rights Reserved.

United States v. Richard M. Scrushy
2:05cr119-F

Exhibit A