IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No. 2:05cr119-F

RICHARD M. SCRUSHY,
    Defendant.

### DEFENDANT RICHARD M. SCRUSHY'S MOTION FOR DISCOVERY OF JURY RECORDS

COMES NOW Richard M. Scrushy, by and through his undersigned counsel of record, and, pursuant to the Jury Selection and Service Act of 1968, 21 U.S.C. § 1867(f), and the Fifth and Sixth Amendments to the United States Constitution, moves this Court for entry of an Order allowing him discovery of all of the records related to the selection of the grand jury that returned the indictments in the above-styled action, the petit jury that will be selected to try this matter, and the implementation of the "United States District Court Middle District of Alabama Plan for the Random Selection of Grand and Petit Jurors" (hereinafter "M.D. Jury Plan"). In support of this request, Defendant respectfully shows this Court the following:

1. Defendant Scrushy has filed, concurrently with this discovery motion, a "Preliminary Motion to Dismiss Indictment and Challenge to Composition of Petit Juries in the Middle District of Alabama" (hereinafter "Jury Challenge") based upon substantial noncompliance with the M.D. Jury Plan, violations of the Jury Selection and Services

Act, 28 U.S.C. §§ 1861-1867 (hereinafter the "JSSA"), and the Fifth and Sixth Amendments to the United States Constitution.

2. Defendant is charged in a second superseding indictment that was filed December 12, 2005. (Doc 61.) Defendant was previously charged in a first superseding indictment that was filed on October 26, 2005, (Doc 9), and an initial sealed indictment dated May 17, 2005. (Doc 3).

3. On information and belief, the grand jury or grand juries that returned the three indictments against Defendant Scrushy in the above-captioned case were selected in 2004, and were chosen from the 2001 Qualified Wheel.[1]

4. On information and belief, beginning in approximately August of 2005, juries were selected from a 2005 Qualified Wheel that was developed beginning in late 2004. As a consequence, Defendant anticipates that the petit jury that will try his case will be selected from the 2005 Qualified Wheel.

5. In order to prepare and litigate his Jury Challenge motion, Defendant needs immediate access to all documents and records, in computerized format where possible, used in the jury selection process in the Middle District of Alabama in relation to the 2001 Master Wheel, the 2001 Qualified Wheel, the 2005 Master Wheel, the 2005 Qualified Wheel, and grand and petit juries selected using these wheels, including but not limited to:

---

[1] On information and belief, the Middle District began creation of a new Master Jury Wheel in late 2000. Juries were drawn from a Qualified Jury Wheel developed from that Master Wheel beginning sometime in 2001. These will be referred to as the "2001 Master Wheel" and the "2001 Qualified Wheel." A similar process was initiated in late 2004, and juries began to be selected as a result of this process in approximately August of 2005. These will be referred to as the "2005 Master Wheel" and the "2005 Qualified Wheel."

a. All voter registration lists and any other lists used to create the 2001 and 2005 Master Wheels, including all available information on said individuals, including, but not limited to, name, address, race, gender, and voter registration date; all correspondence with voter registration officials regarding the 2001 and 2005 Master Wheels; any and all records (logs, time sheets, notes, documents or writings of any kind) reflecting the dates individuals were put on or added to the 2001 Master Wheel and the 2005 Master Wheel.

b. In regard to the 2001 and 2005 Master Wheels, all available information on the persons on each Master Wheel, *e.g.*, name, address, race, gender, participant number or other code used to identify the individual in the Jury Management System, and date each individual was added to each Master Wheel; for each individual on the 2001 Master Wheel and the 2005 Master Wheels:

(1) whether the individual was disqualified from jury service and why;

(2) whether the address listed for the individual was determined to be undeliverable;

(3) whether the individual was added to the Qualified Wheel and the date the individual was added;

(4) whether the individual was summoned for jury duty and the date summoned;

(5) whether the individual appeared for jury duty and the date appeared;

(6) whether the individual was chosen for jury duty and the date chosen; and

(7) whether the individual requested a deferral or excuse, the date any request was made, the basis for the request and whether the individual was

3

granted a deferral or excuse and the date that request was granted or denied.

c. In regard to the 2001 Qualified Wheel and the 2005 Qualified Wheel, all available information on the persons on each Qualified Wheel, *e.g.,* name, address, race, gender, participant number or other code used to identify the individual in the Jury Management System, and date each individual was added to each Qualified Wheel.

d. All members of the 2001 Master Wheel and the 2005 Master Wheel for whom mail was returned undeliverable, including the type of mail sent, the date the mail was sent, the date the mail was returned, and any efforts to identify a new address and resend the mail to a new address.

e. All requests by members of the 2001 Master Wheel, the 2001 Qualified Wheel, the 2005 Master Wheel, and the 2005 Qualified Wheel for excuses and/or deferrals, the dates of those requests, and all responses or actions taken with regard to such requests, including the date of the response.

f. All available information on the grand jury or grand juries who indicted or were asked to indict Richard M. Scrushy, Don Eugene Siegelman, Paul Hamrick, and/or Gary Mack Roberts, and all available information regarding the selection of these grand jurors, including, but not limited to the names, race, gender and other biographical information regarding the individuals who were summoned, who were selected, and who served as grand jurors; the name or names, race, gender and other biographical information regarding any individuals who were selected and/or served as foreperson of any grand jury; any and all requests for excusal or deferral by the individuals summoned and the responses to the requests and dates of said responses; and any disqualifications or

4

excusals or requests for disqualifications or excusals from the grand jury, the reason for such disqualifications or excusals, any action on requests for disqualifications or excusals and the date any such action was taken; any and all information relating to the preparation of any lists of potential grand jurors to be summoned, and any and all information reflecting whether or not these individuals were previously summoned for any petit or grand jury, deferred as to any petit or grand jury, excused as to any petit or grand jury, or excused as to any petit or grand jury.

g. All qualification questionnaires and supplemental qualification questionnaires sent and received during the use of the 2001 Master Wheel and the 2005 Master Wheel.

f. Any and all correspondence or other documentation reflecting any efforts to address the problem of undeliverable addresses.

g. Any and all reports, records, documentation, or data reflecting the racial and gender composition of:

> (1) the 2001 Master Wheel, the 2001 Qualified Wheel, the 2005 Master Wheel, and the 2005 Qualified Wheel;
>
> (2) all petit juries chosen from the 2001 Qualified Wheel and 2005 Qualified Wheel by date chosen, including name and participant number or other identifying numbers or other identifying information;
>
> (3) all grand juries chosen from the 2001 Qualified Wheel by date chosen, including name and participant number or other identifying numbers or other identifying information.

h. Any and all JS-12 reports and/or any other reports or documentation of any kind prepared and/or filed reflecting the race, gender or composition of the 2001 Master

5

Wheel, the 2001 Qualified Wheel, any grand or petit juries selected from those wheels, the 2005 Master Wheel, the 2005 Qualified Wheel, and any petit juries selected from those wheels.

i. Any and all documents, correspondence, memoranda, notes, or writings of any kind reflecting recognition of or efforts to address the under-representation of African-Americans or any other cognizable group in the 2001 or 2005 Master Wheels, Qualified Wheels, or any grand or petit jury selected from these wheels.

j. Any and all documents, correspondence, memoranda, notes, or writings of any kind reflecting any remedial actions taken or considered in response to the decision of the District Court in *United States v. Clay*, 159 F. Supp. 2d 1357 (M.D. Ala. 2001).

k. In regard to any data or information furnished by or in conjunction with ACS Services in Vancouver, British Columbia (or any designated representative of ACS Services), Defendant specifically requests that documentation for all data items located in the files named "voters", "pool", "part_hist", "appears", "trial", and any other files used to administer the jury selection process be produced in an expedited fashion at the earliest possible date so that Defendant has sufficient time to make specific data requests to produce adequate and useable computerized data files.

### Argument and Authorities

Section 1867 of the JSSA provides the procedures for challenging a grand or petit jury under the JSSA. 28 U.S.C. § 1867. Section 1867(a) states:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to

6

comply with the provisions of this title in selecting the grand or petit jury.

When a defendant has filed or is preparing to file a motion under § 1867(a), subsection (f) of § 1867 provides for broad access to records or papers of the jury clerk, to be used in preparation or presentation of the motion. Section 1867(f) states:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

In *Test v. United States*, 420 U.S. 28, 95 S.Ct. 749 (1975), the United States Supreme Court held that § 1867(f) "makes clear that a litigant has essentially an unqualified right to inspect jury lists. It grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures." *Id.* at 30, 95 S.Ct. at 750. In *Test*, the district court had denied a defendant access to the jury records to prepare his jury challenge. The Supreme Court remanded the case to allow the defendant to discover the jury records and attempt to support his jury challenge. In so holding, the Court relied on the plain language of the statute. The Court further reasoned:

> [W]ithout inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of

7

    insuring 'grand and petit juries selected at random from a fair cross section of the community.' 28 U.S.C. § 1861.

*Id.* at 30, 95 S.Ct. at 750-751.

  WHEREFORE, Defendant respectfully prays that this Court enter an Order granting him access to all of the records and documents specified above, and any other records or papers used by the Clerk in connection with the selection process for grand juries and petit juries from the 2001 Master Wheel and 2001 Qualified Wheel and petit juries from the 2005 Master Wheel and 2005 Qualified Wheel in the Middle District of Alabama, and for such other and further relief as this Court may deem just and proper.

  This 24th day of January, 2006.

                Respectfully submitted,

                */s/ Arthur W. Leach*
                Arthur W. Leach
                Terry Lucas Butts
                Leslie V. Moore
                2310 Marin Drive
                Birmingham, Alabama 35203
                Phone: 205-822-4224
                Fax: 205-824-0321

                Henry Lewis Gillis
                Christopher K. Whitehead
                Thomas Means Gillis & Seay
                PO Drawer 5058
                Montgomery, Alabama
                Phone: 334-270-1033
                Fax: 334-260-9393

                James K. Jenkins
                Bruce Maloy
                Maloy & Jenkins
                25th Floor
                75 Fourteenth Street NW
                Atlanta, Georgia 30309

Phone: 404-875-2700
Fax: 404-875-7857

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion for Discovery of Jury Records" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

　　　　　　　　　　　　　　　　　　　　　　Leslie V. Moore
　　　　　　　　　　　　　　　　　　　　　　2310 Marin Drive
　　　　　　　　　　　　　　　　　　　　　　Birmingham, Alabama 35243
　　　　　　　　　　　　　　　　　　　　　　Phone: (205) 822-4224
　　　　　　　　　　　　　　　　　　　　　　Fax:　 (205) 824-0321
　　　　　　　　　　　　　　　　　　　　　　E-Mail: les.moore@lvmlaw.com