IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,

v.                                                      Case No. 2:05cr119-F

RICHARD M. SCRUSHY,
Defendant.

**DEFENDANT RICHARD M. SCRUSHY'S MOTION TO DISMISS
COUNTS THREE AND FOUR OF THE INDICTMENT
BASED ON MULTIPLICITY**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and moves this Court pursuant to Fed. R. Crim. P. 12(b)(3)(B) for entry of an Order dismissing Counts Three and Four of the second superseding indictment or, in the alternative, requiring the Government to elect which of those two Counts to proceed on while moving to dismiss the remaining Count. In support of this request, Defendant respectfully shows this Court the following:

1. Count Three of the second superseding indictment (hereinafter "indictment") charges both Defendant Scrushy and co-Defendant Siegelman with violations of 18 U.S.C. §§ 2 and 666(a)(1)(B), based essentially on an allegation that Defendant Siegelman "corruptly solicited, demanded, accepted, and agreed to accept $500,000 from defendant RICHARD M. SCRUSHY, intending to be influence and reward in connection with the appointment of defendant RICHARD M. SCRUSHY to the CON Board." (Doc 61, ¶ 49.

2. Count Four of the indictment charges both Defendant Scrushy and co-Defendant Siegelman with violations of 18 U.S.C. §§ 2 and 666(a)(2), based essentially on an allegation that "defendant Scrushy corruptly gave, offered, and agreed to give $500,000 to defendant DON EUGENE SIEGELMAN, Governor of the State of Alabama, intending to influence and reward defendant DON EUGENE SIEGELMAN in connection with the appointment of defendant RICHARD SCRUSHY to the CON Board." (Doc 61, ¶ 51.) The indictment appears to allege that Defendant Scrushy was the principal, and that Defendant Seigelman was the aider and abettor. (*Id.*)

3. It is apparent from the face of the indictment that Counts Three and Four relate to the same transaction: the alleged solicitation and payment of $500,000 to influence and reward Defendant Siegelman "in connection with the appointment of defendant RICHARD SCRUSHY to the CON Board." (*Id.* at ¶¶ 49 and 51.)

4. Defendant Scrushy respectfully submits that Counts Three and Four are multiplicitous in that they charge him with a single offense in more than one count and expose him to the possibility of double punishment for commission of a single act: the alleged payment of a bribe to co-Defendant Siegelman. Further, to prosecute Defendant Scrushy as both a principal for allegedly paying a bribe and an aider and abettor for allegedly being solicited to pay the very same bribe is fraught with the probability of prejudicing Defendant Scrushy in the eyes of the jury by charging him with multiple crimes for the same transaction, as well as confusing the jury by charging Defendant as both a principal and an aider and abettor in regard to the same transaction.

**Argument and Citation of Authority**

The Eleventh Circuit summarized succinctly the rule governing multiplicity in its decision in *United States v. Glanton*, 707 F.2d 1238 (11th Cir. 1983):

> "Multiplicity" is the charging of a single offense in more than one count. *Ward v. United States*, 694 F.2d 654, 660-61 (11th Cir. 1983); *United States v. Hearod*, 499 F.2d 1003 (5th Cir. 1974). "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

*Glanton*, 707 F.2d at 1240. *See also United States v. Pierce*, 733 F.2d 1474, 1476 (11th Cir. 1984) (citing *United States v. Sue*, 586 F.2d 70, 72 (8th Cir. 1978)).

In *United States v. Eaves*, 877 F.2d 943 (11th Cir. 1989), the Eleventh Circuit concluded that two counts of an indictment were multiplicitous because they charged payments of two different days relating to the same bribery transaction as two separate violations of the Hobbs Act, 18 U.S.C. § 1951(a). In reaching this conclusion, the Court noted:

> The concept of multiplicity arises from charging a single offense in more than one count…. The Supreme Court's articulation of this concept in the seminal case of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed 306 (1932), distinguished between those offenses which by their nature are continuous and those which are *uno actu*. " '[W]hen the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie.' " 284 U.S. at 302, 52 S.Ct. at 181 (quoting Wharton's Criminal Law, § 34).

*Eaves*, 877 F.2d at 947 (citation omitted).

There are two significant ways that the Government's decision to charge Defendant Scrushy in two separate counts for the same transaction works to prejudice Defendant. In *United States v. Hearod*, 499 F.2d 1003 (5th Cir. 1974), the former Fifth

3

Circuit identified the first as: "The principal danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense." 499 F.2d at 1005 (citing 1 C. Wright, Federal Practice and Procedure § 145, at 336 (1969)). The Court in *Hearod* goes on to identify the second source of prejudice:

> The second hazard is that the repeated assertion of the details of a singular course of conduct in multiple counts will prejudice the defendant and confuse the jury by suggesting that not one but several crimes have been committed. *United States v. Ketchum*, 320 F.2d (2d Cir.), *cert. denied*, 375 U.S. 905, 84 S.Ct. 194, 11 L.Ed.2d 145 (1963).

*Hearod*, 499 F.2d at 1005. *See also Sue*, 586 F.2d at 71 ("There are two principal sources of prejudice. The source relied on by Sue is that 'the prolix pleading may have some psychological effect upon a jury by suggesting to it that defendant has committed not one but several crimes.... The theory is that the jury's deliberations as to all counts (not just the mutiplicious counts) may be tainted by the multiplicity." (citations omitted))

Here the potential for both types of prejudice is patent. The Government has taken a single transaction and charged it two different ways. As a consequence, Defendant is facing two sentences for the same alleged act, *"uno actu"* within the meaning of *Blockburger*, and the jury will be psychologically impacted by the suggestion that Defendant Scrushy committed not one, but two crimes.

More directly, the Government's method of attempting to charge the same act as two separate crimes, which depends on a novel use of the aiding and abetting statute to charge that Defendant Scrushy aided and abetted Defendant Siegelman's solicitation of the alleged bribe while Defendant Siegelman aided and abetted Defendant Scrushy in the payment of the same alleged bribe is destined—and perhaps designed—to sow confusion into the jury's deliberations as to what is obviously a single transaction. A straight-

4

forward reading of the criminal provision involved, 18 U.S.C. § 666 indicates that one subsection of the statute, subsection (a)(1), is directed at the "agent ... of a State ... government" who, under part (B) of that subsection "corruptly solicits ... anything of value ... from any person..." A second subsection of the statute, subsection (a)(2), is directed at the other end of the alleged transaction: a person who "corruptly gives ... anything of value ...to any person..." A straightforward application of the criminal statute arguable applicable to the alleged transaction in the instant case, with no effort to double-punish, prejudice Defendant by alleging multiple crimes, or confuse the jury, would have been to charge Defendant Siegelman alone in Count Three and Defendant Scrushy alone in Count Four of the indictment.

The Government has not chosen to follow that straight-forward course, and has instead obtained an indictment that contains charges in Counts Three and Four that are multiplicitous. Based on the foregoing authorities, Defendant respectfully submits that one of two remedies are required: this Court can dismiss both Counts Three and Four without prejudice so that the Government can decide on its theory of prosecution as to this single transaction and seek a superseding indictment, or this Court can Order the Government to elect which Count it chooses to proceed to trial on and move for dismissal of the remaining Count.

5

WHEREFORE, Defendant Scrushy respectfully prays that this Court enter an Order dismissing Counts Three and Four of the indictment without prejudice or, in the alternative, enter an Order requiring the Government to elect which Count it will proceed on and move for dismissal of the remaining Count, and for such other and further relief as this Court may deem just and proper.

This 13th day of February, 2006.

Respectfully submitted,

*/s/ Arthur W. Leach*
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

Henry Lewis Gillis
Christopher K. Whitehead
Thomas Means Gillis & Seay
PO Drawer 5058
Montgomery, Alabama
Phone: 334-270-1033
Fax: 334-260-9393

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion to Dismiss Counts Three and Four of the Indictment Based on Multiplicity" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore

Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail: les.moore@lvmlaw.com