IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-F |
| RICHARD M. SCRUSHY,<br>Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION FOR DISCLOSURE OF FED. R. EVID. 801(d)(2)(E) EVIDENCE, FOR A PRETRIAL HEARING THEREON AND TO EXCLUDE SUCH EVIDENCE**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record and respectfully moves this Court for entry of an Order:

a. directing the Government to disclose to Defendant's counsel in advance of trial either verbatim or the substance of all evidence it will seek to introduce at the trial of the above-styled case pursuant to Fed. R. Evid. 801(d)(2)(E);

b. directing the Government to refrain from submitting in the presence of the jury any evidence pursuant to Fed. R. Evid. 801(d)(2)(E), without first notifying the Court and defense counsel on the record before such an attempt;

c. requiring the Government to establish at a pretrial hearing the admissibility of such evidence; and

d. excluding such evidence from Defendant's trial.

In support of this motion, Defendant Scrushy respectfully shows this Court the following:

1. Defendant Scrushy is charged along with co-Defendant Siegelman in Count Five of the Second Superseding indictment, (Doc 61 at 31-33), with a conspiracy pursuant to 18 U.S.C. §

371 to commit honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346. The indictment also alleges that this offense was committed along with "persons both known and unknown to the Grand Jury." (Doc 61. ¶ 53.)

2. Defendant anticipates that the Government will attempt to introduce evidence pursuant to Rule 801(d)(2)(E), based on the theory that that the evidence is comprised of statements of coconspirators. Defendant respectfully submits that many of these statements in fact will not be by coconspirators, nor, to the extent made, the statement or statements will not be in furtherance of the conspiracy charged in the indictment. In addition, Defendant respectfully submits that the Government will not be able to satisfy the requirements of Rule 801(d)(2)(E) by establishing the necessary foundation for the admissibility of such evidence. To allow the Government to place such alleged statements before the jury without establishing a foundation and without notice to Defendant will violate Defendant's right to a fair trial, due process of law and his right to confront witnesses. *Crawford v. Washington*, 541 U.S. 36, 51, 124 S.Ct. 1354 (2004).

3. Defendant respectfully submits that basic fairness and judicial economy require this Court to Order the Government to identify and produce such alleged coconspirators' statements before they are offered for admission. That way, the defense can to effectively investigate and be prepared to rebut such statements and the Court can rule upon their admission *before* the tainting of the jury by exposure to inadmissible evidence occurs.

4. A pretrial hearing on this matter obviates the clear dangers to Defendant's rights to a fair trial. As the Court will recall, criminal cases in this Circuit used to be governed by such a rule of fairness established by *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979) (holding "[t]he district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator.").

2

While *James* did not require a pretrial hearing in every case, it required a hearing outside the presence of the jury. *Id.* at 578-80. *But see United States v. Rose*, 670 F.2d 956, 962-63 (11th Cir. 1982) (finding failure to hold hearing outside the presence of the jury not reversible error where there was sufficient evidence to support admissibility of the statements).

5. As with all rules that tend to protect the rights of defendants and take up a lot of time, the *James* rule was slowly whittled away until a critical component of the rule was eviscerated in *Bourjaily v. United States,* 483 U.S. 171, 181, 107 S.Ct. 2775 (1987). *Bourjaily* formally did away with the sound requirement that the admissibility of the coconspirator hearsay statement be established by evidence independent of the statement itself. *Bourjaily* represented a radical interpretation of well-settled law. Rule 801 was amended in 1997 to make clear that in determining whether the declarant and the defendant were members of the conspiracy, the trial court may consider the contents of the statements themselves, but must also find some independent evidence of conspiracy. As a consequence, the need for a *James* determination remains, and while the evidence that the Court can consider in making that determination has been expanded, this Court still has the discretion to determine the most appropriate procedure in which to make that determination.

6. Other than the amendment of Rule 801, which in effect re-established prior practice, additional reasons exist in this case which support the need for a pretrial *James* hearing. Defendant Scrushy has been indicted as a coconspirator with others who probably have been interviewed and made statements outside of Defendant's presence. As such, there may be a number of statements offered by the Government under Rule 801(d)(2)(E) which do not qualify as admissible statements against this Defendant. *See United States v. Silverman*, 861 F.2d 571, 579 (9th Cir 1988) (holding that mere association with a member of a conspiracy has little

3

probative value in demonstrating a defendant's connection to the conspiracy); *United States v. Mitchell*, 31 F.3d 628, 632 (8th Cir 1994) (holding that statements which merely inform listener of declarant's criminal activity is not made in furtherance of the conspiracy.) *See also Crawford*, 541 U.S. at 59 (holding that testimonial statements of witness absent from trial are admissible only when declarant is unavailable and only when defendant had a prior opportunity to cross-examine).

7. Finally, considerations of judicial economy strongly support the conclusion that holding a hearing to determine the admissibility of such statements is a practical step which, at a minimum, will speed up the trial process and protect against the need to declare a mistrial. Where the Court permits the admission of coconspirator statements subject to the Government's promise to "link it up" by laying a sufficient foundation for admissibility later in the trial, there is always a risk that the Government's evidence will fall short of the necessary proof to justify admission of the already-admitted evidence. At such a juncture, the Court faces the dilemma of effectively trying to instruct the jury to ignore highly prejudicial evidence that it has heard days or weeks before, thereby compromising Defendant's right to a jury verdict based only on evidence admissible under the Federal Rules or, on the other hand, declaring a mistrial in order to protect Defendant's right to a fair trial. *See James*, 590 F.2d at 582 ("Both because of the 'danger' to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger, we conclude that the present procedure warrants the statement of a preferred order of proof in such a case."). The irreparable complications that arise when a trial court does not require the Government to clearly establish the existence of the conspiracy and the defendant's membership in that conspiracy are demonstrated in the case of *United States v. Chandler*, 376 F.3d 1303,

*modified on rehearing*, 388 F.3d 786 (11th Cir. 2004), where the Government's shifting theory of the conspiracy charged resulted in placing the trial judge in an untenable position in regard to appropriate jury instructions, 388 F.3d at 803, and ultimately resulted in the reversal of all convictions. *Id.* at 813. The other alternative is to repeatedly interrupt the trial to hear testimony outside the presence of the jury in order to make a proper determination of the admissibility of specific testimony that the Government seeks to offer pursuant to Rule 801(d)(2)(e) through a particular witness. The inefficiencies of this latter approach and the significant risks of the former approach militate in favor of a pretrial determination of the admissibility of such evidence. Quite simply, determination of this issue prior to trial makes sense, both in terms of judicial economy and the right of Defendant to a fair trial based only on evidence that is properly admitted under the Federal Rules of Evidence.

WHEREFORE, for all the above and foregoing reasons, Defendant Scrushy respectfully requests this Court enter an Order encompassing the following relief:

a. that the Court direct the Government to refrain from eliciting alleged coconspirators' statements from any Government witness without first notifying the Court and defense counsel and making a showing out of the presence of the jury that the evidence sought to be elicited is admissible;

b. that the Court Order that the Government produce to the defense all statements it will seek to introduce under Fed. R .Evid. 801(d)(2)(E);

c. that the Court hold a pretrial hearing outside the presence of the jury to determine theadmissibility of such statements, if any, against Defendant and, upon good cause shown, exclude such evidence; and

d. for such other and further relief as the Court deems proper and necessary.

This 13th day of February, 2006.

Respectfully submitted,

Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

Henry Lewis Gillis
Christopher K. Whitehead
Thomas Means Gillis & Seay
PO Drawer 5058
Montgomery, Alabama
Phone: 334-270-1033
Fax: 334-260-9393

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion for Disclosure of Fed. R. Evid. 801(d)(2)(E), for a Pretrial Hearing Thereon and to Exclude Such Evidence" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:   (205) 824-0321
E-Mail: les.moore@lvmlaw.com