IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-F |
| RICHARD M. SCRUSHY,<br>Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION
FOR BILL OF PARTICULARS**

COMES NOW Defendant Richard M. Scrushy, by and though his undersigned counsel of record, and moves this Court pursuant to Fed. R. Crim. P. for entry of an Order directing the Government to file a Bill or Particulars. In support of this request, Defendant respectfully shows this Court the following:

**Introduction**

Rule 7(f) of the Federal Rules of Criminal Procedure provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before of within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The Advisory Committee Notes to the 1966 Amendments to this Rule state:

> The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases. For an illustration of wise use of this discretion see the opinion of Justice Whittaker when he was a district judge in *United States v. Smith*, 16 F.R.D. 372 (W.D. Mo. 1954).

*Id.*

"A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1981) (emphasis in orginal). More specifically, "A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses. It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial." *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) (citing *Will v. United States*, 389 U.S. 90, 99, 88 S.Ct. 269 (1967)). *Accord United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987) and *Anderson*, 799 F.2d at 1442 n.5. Finally, the volume of discovery provided by the Government does not eliminate the need for a bill of particulars, especially where the Government does not specify which documents it will offer at trial, or which documents relate to specific transactions charged against a particular defendant. *See United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987) (finding an abuse of discretion where trial court denied defendants' motion for bill of particulars identifying alleged fraudulent documents in light of voluminous discovery provided by government). Based on these general principles, Defendant Scrushy respectfully requests that this Court enter an Order requiring the Government to file a Bill of Particulars containing responses to the following specific requests:

**Requests as to Count Three of Second Superseding Indictment**

1. Describe how Defendant Scrushy "aided and abetted" Defendant Siegelman in "corruptly solicit[ing], demand[ing], accept[ing], and agree[ing] to accept $500,000 from defendant RICHARD SCRUSHY," as alleged in ¶ 49 of the indictment. (Doc 61.)

2. Identify the "others known and unknown to the grand jury" which the Government alleges to have aided and abetted, along with Defendant Scrushy, Defendant Siegelman's alleged violation of 18 U.S.C. §§ 666(a)(1)(B), as alleged in ¶ 49 of the indictment.

3. Identify any *quid pro quo* for the payment of $500,000 as alleged in ¶ 49 of the indictment.

4. Describe when, where, and how it is alleged that any such *quid pro quo* was agreed upon, who was present, and what terms are alleged to have been a part of any such *quid pro quo* as alleged in ¶ 49 of the indictment.

5. Provide the date, time, and place it is alleged that Defendant Scrushy committed the offense charged in Count Three of the indictment.

**Requests as to Count Four of Second Superseding Indictment**

6. Describe how Defendant Siegelman "aided and abetted" Defendant Scrushy in "corruptly g[iving], offering[ing], agree[ing], to give $500,000 to defendant DON EUGENE SIEGELMAN," as alleged in ¶ 51 of the indictment.

7. Identify the "others known and unknown to the grand jury" which the Government alleges to have aided and abetted, along with Defendant Siegelman and Defendant Scrushy's alleged violation of 18 U.S.C. §§ 666(a)(2), as alleged in ¶ 51 of the indictment.

3

8. Identify any *quid pro quo* for the payment of $500,000 as alleged in ¶ 51 of the indictment.

9. Describe when, where, and how it is alleged that any such *quid pro quo* was agreed upon, who was present, and what terms are alleged to have been a part of any such *quid pro quo* as alleged in ¶ 51 of the indictment.

10. Provide the date, time, and place it is alleged that Defendant Scrushy committed the offense charged in Count Four of the indictment.

### Requests as to Count Five of Second Superseding Indictment

11. Identify all individuals "known and unknown to the Grand Jury" that the Government contends Defendants Scrushy and Siegelman "did combine, conspire, confederate, and agree" with to "violate Title 18, United States Code, Sections 1341 and 1346," as alleged in ¶ 53 of the indictment.

12. Describe how Defendant Scrushy "use[d] his seat on the CON Board to attempt to affect the interests of HealthSouth and its competitors," as alleged in ¶ 55 (d) of the indictment, including identification of all transactions which the Government alleges were the subject of such conduct.

13. In regard to ¶ 55 (e) of the indictment:

> a. identify each other person the Government alleges to have "offere[d] things of value to another CON Board member to attempt to affect the interests of HealthSouth and its competitors," as alleged in ¶ 55 (e);
>
> b. identify the other member of the CON Board who is alleged to have been offered the things of value;

4

  c. identify the "things of value" alleged to have been offered to this CON Board member;

  d. specify when these offers of things of value are alleged to have been made; and

  e. identify the transactions which are alleged to have been the subject of such conduct.

14. Specify how and when Defendants Scrushy and Seigelman are alleged to have "orchestrate[d] RICHARD M. SCRUSHY's replacement on the CON Board by another person employed by HealthSouth," as alleged in ¶ 55 (f) of the indictment.

15. Identify by date, time, place, and persons involved in the overt acts alleged but described only as "among others" in ¶ 56 of the indictment.

16. Identify the recipient and the payor of the "[u]ndisclosed payment of $3,000 to CON Board member for attending and creating a quorum at the meeting of the CON Board on July 17, 2002," as alleged overt act 8 (d) in ¶ 56, of the indictment.

17. Identify the recipient and the payor of the "[u]ndisclosed payment of $8,000 to CON Board member for drafting a Certificate of Need application for the PET scanner which was approved by the CON Board on December 18, 2002," as alleged overt act 8(f) in ¶ 56 of the indictment.

### Requests as to Counts Six Through Nine of Second Superseding Indictment

18. Identify each other person "known and unknown to the Grand Jury," that is alleged to have "aided and abetted" Defendants Scrushy and Siegelman in devising "a scheme and artifice to defraud and deprive the State of Alabama of its right to the honest and faithful services of" Defendants Scrushy and Siegelman as alleged in ¶ 57 of the

indictment. Describe what each person did to aid and abet the execution of the alleged scheme.

19. Identify the "other members of the CON Board" that are alleged to have been the subject of the scheme and artifice to defraud as alleged in ¶ 57 of the indictment. Specify when, how, and where those individuals were the subject of such alleged activity, and specify which transactions of the CON Board it is alleged to have involved.

20. Identify the "hidden payments and financial relationships," that are alleged to have been the means employed by Defendants Scrushy and Siegelman in ¶ 58 of the indictment.

21. Specify how, when, where, and who "conceal[ed] these activities," as alleged in ¶ 58 of the indictment.

22. Specify the date, time, place and persons present when each payment of $250,000 was made as alleged in ¶ 59 (a) of the indictment.

23. Specify how, when, and in regard to which transactions Defendant Scrushy "did use his seat on the CON Board to attempt to affect the interests of HealthSouth and its competitors," as alleged in ¶ 59 (d) of the indictment.

24. In regard to ¶ 59 (e) of the indictment:

    a. identify each other person the Government alleges to have "offere[d] things of value to another CON Board member to attempt to affect the interests of HealthSouth and its competitors," as alleged in ¶ 59 (e);

    b. identify the other member of the CON Board who is alleged to have been offered the things of value;

c. identify the "things of value" alleged to have been offered to this CON Board member;

d. specify when these offers of things of value are alleged to have been made; and

e. identify the transactions which are alleged to have been the subject of such conduct.

25. Specify how and when Defendants Scrushy and Seigelman are alleged to have "orchestrate[d] RICHARD M. SCRUSHY's replacement on the CON Board by another person employed by HealthSouth," as alleged in ¶ 59(f) of the indictment.

26. To the extent that the persons alleged to have aided and abetted the execution of the scheme described and alleged in the acts specified in Counts Six through Ten in ¶ 60 of the indictment are different from the persons identified in response to the request in ¶ 18, *supra*, identify those individuals referenced in ¶ 60 of the indictment. Describe what each person did to aid and abet the execution of the alleged scheme.

WHEREFORE, based on the foregoing argument and authorities, Defendant Scrushy respectfully prays that this Court enter an Order pursuant to Fed. R. Crim. P. 7(f) directing the Government to provide Defendant with a Bill of Particulars responding to

Defendant's Requests numbered 1 through 26, and for such other and further relief as this Court may deem just and proper.

This 13th day of February, 2006.

                Respectfully submitted,

                */s/ Arthur W. Leach*
                Arthur W. Leach
                Terry Lucas Butts
                Leslie V. Moore
                2310 Marin Drive
                Birmingham, Alabama 35203
                Phone: 205-822-4224
                Fax: 205-824-0321

                Henry Lewis Gills
                Christopher K. Whitehead
                Thomas Means Gillis & Seay
                PO Drawer 5058
                Montgomery, Alabama
                Phone: 334-270-1033
                Fax: 334-260-9393

                James K. Jenkins
                Bruce Maloy
                Maloy & Jenkins
                25th Floor
                75 Fourteenth Street, NW
                Atlanta, Georgia 30309
                Phone: 404-875-2700
                Fax: 404-875-7857

                Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion for Bill of Particulars" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

*Leslie V. Moore*

Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321