IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-F |
| RICHARD M. SCRUSHY,<br>Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION PURSUANT TO
FED. R. CRIM. P. 12(b)(4)(B) FOR NOTICE OF EVIDENCE
AND NOTICE OF EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and moves this Court for entry of an Order pursuant to Fed. R. Crim. P. 12(b)(4)(B) requiring the Government to provide Defendant, as soon as practicable, notice of any evidence that it intends to offer in its case in chief and that Defendant may be entitled to discover under Rule 16, as well as notice of any evidence that is arguably subject to suppression, so that Defendant may have an opportunity to file appropriate motions to suppress such evidence. In support of this request, Defendant respectfully shows this Court the following:

1. Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure provides:

> **At the Defendant's Request.** At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B).

2. As of the date of the filing of this motion, the Government has not "notif[ied] the defendant of its intent to use specified evidence at trial in order to afford the defendant the

opportunity to object before trial under Rule 12(b)(3)(C)." *See* Rule 12(b)(4)(A). Defendant has been provided a massive volume of discovery by the Government but, to date, nothing that in any way aids Defendant's task of isolating the evidence which the Government intends to offer in its case in chief at trial. Nothing in Defendant's review of that discovery, to date, has indicated any evidence that is arguably subject to suppression.

3. Defendant is currently unaware of any searches or evidence that may be arguably subject to suppression. If such information exists, the Government should be required under the clear provisions of Rule 12(b)(4)(B) to provide adequate notice so that Defendant may file appropriate motions to suppress. In addition to compliance with the applicable Rule, such notice will avoid the potential problem of the need for this Court to hear suppression motions either during trial or on the eve of trial.

4. In *United States v. de la Cruz-Paulino*, 61 F.3d 986 (1st Cir. 1995), the First Circuit addressed Rule 12(d)(2), the text of which is now found, unchanged, in Rule 12(b)(4)(B):

> Rule 12(d) is "a matter of procedure," Fed.R.Crim.P. 12 advisory committee's note (internal quotation omitted), rather than a rule designed to ensure fairness at trial. As its text makes clear, Rule 12(d)(2) allows defendants to request notice of the government's intent to use evidence *"in order to afford an opportunity to move to suppress evidence* under subdivision (b)(3) of this rule." Fed.R.Crim.P. 12(d)(2) (emphasis added). Rule 12(d) "provides a mechanism for insuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object" so that the defendant may "avoid the necessity of moving to suppress evidence which the government does not intend to use." Fed.R.Crim.P. 12 advisory committee's note; *see also* 1 Charles A. Wright, *Federal Practice and Procedure: Criminal* § 197, at 735 (2d ed.1982) (Rule 12(d) "is intended to facilitate the making of a pretrial motion for suppression of evidence."). Thus, Rule 12(d) aids defendants in complying with their Rule 12(b)(3) obligation to make motions to suppress evidence prior to trial. This in turn preserves the integrity of a trial by not interrupting it with suppression motions. *See* Fed.R.Crim.P. 12 advisory committee's note (Rule 12(b)(3) " 'is designed to eliminate from the trial disputes over police conduct not immediately relevant to

the question of guilt' ") (quoting *Jones v. United States,* 362 U.S. 257, 264, 80 S.Ct. 725, 732, 4 L.Ed.2d 697 (1960) (emphasis eliminated)).

*Paulino,* 61 F.3d at 993-994 (footnote omitted). The *Paulino* court concluded that the government's open file discovery policy did *not* satisfy the Rule, but did not find sufficient prejudice to reverse the defendant's conviction based on the government's failure to comply with the notice requirement. However, the court went on to warn:

> That having been said, we pause to make clear that we do not condone governmental violations of this sort. Like the Advisory Committee, however, we believe that in general, "attorneys for the government will in fact comply [with Rule 12(d)(2)]." Fed.R.Crim.P. 12 advisory committee's note. We rely on district courts to impose appropriate sanctions for governmental noncompliance and encourage them to grant continuances and hold additional suppression hearings where warranted. *Cf. Valencia,* 656 F.2d at 416 (finding no error in admission of undesignated evidence where the district court conducted a second suppression hearing to determine admissibility of undesignated evidence). Where governmental noncompliance is the result of bad faith, exclusion of the undesignated evidence may be appropriate. *Cf. United States v. Flores-Rivera,* 56 F.3d 319, 328 n. 7 (1st Cir.1995) (repeating admonishment against government misconduct and stating that court may use supervisory power to dismiss an indictment to deter future prosecutorial misconduct).

*Paulino,* 61 F.3d at 995 (footnote omitted).

5. In the instant case, the volume of discovery, the closeness of the trial date, and the need to promptly litigate all necessary motions to suppress pretrial support the need for complete and expeditious compliance with Fed. R. Crim. P. 12(b)(4)(B) as to identifying the evidence the Government intends to offer in this case in chief, and the prompt notice to Defendant as to all searches, warrants, and evidence that is arguably subject to suppression so that Defendant may file such additional motions as may be necessary.

6. Defendant is filing this motion out of an abundance of caution because this Court's "Standing Order on Criminal Discovery" (hereinafter "Standing Order") does not appear

3

explicitly to address Defendant's right to under Rule 12(b)(4)(B) to notice of such evidence that the Government intends to offer in its case in chief at trial.

7. Pursuant to the requirement of this Court's Standing Order, Defendant certifies that on February 13, 2006 undersigned counsel Arthur W. Leach and Leslie V. Moore consulted with AUSA Louis Franklin, counsel for the Government in order to make a good faith effort to resolve the subject matter of this motion by agreement with opposing counsel. AUSA Franklin indicated that the Government is aware of a single search and that search related to Lanny Young, further he was unaware of any other evidence that is arguably subject to suppression. AUSA Franklin objected to providing a more detailed list of exhibits the government intends to use in its case in chief at trial against Mr. Scrushy.

WHEREFORE, Defendant respectfully prays that this Court issue an Order requiring the Government to provide timely notice pursuant to Rule 12(b)(4)(B) of any evidence that the Government intends to offer in its case in chief at trial that is discoverable under Rule 16; promptly identify any evidence that may arguably be subject to suppression, and to additionally provide the information necessary to identify that evidence with particular searches and seizures

so that any motions to suppress may be litigated in an efficient manner; and for such other and further relief as this Court may deem just and proper.

This 13th day of February, 2006.

        Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

Henry Lewis Gillis
Christopher K. Whitehead
Thomas Means Gillis & Seay
PO Drawer 5058
Montgomery, Alabama
Phone: 334-270-1033
Fax: 334-260-9393

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

Attorneys for Richard M. Scrushy

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion Pursuant to Fed. R. Crim. P. 12(b)(4)(B) for Notice of Evidence and Notice of Evidence Arguable Subject to Suppression" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:   (205) 824-0321
E-Mail: les.moore@lvmlaw.com