**EXHIBIT A**

**DECLARATION UNDER PENALTY OF PERJURY OF LESLIE V. MOORE
IN SUPPORT OF DEFENDANT RICHARD M. SCRUSHY'S
MOTION TO DISMISS INDICTMENT**

1. I am a duly licensed attorney, licensed to practice law by the State Bar of Alabama, and duly admitted to practice before the United States District Court for the Middle District of Alabama. I am an attorney of record for Richard M. Scrushy in *United States v. Scrushy*, No. 2:05-CR-119 (M.D. Ala.). I began representing Mr. Scrushy with respect to the investigation underlying this case in 2004.

2. Mr. Scrushy is represented by several additional attorneys in this matter, including one of his lead counsel, Arthur W. Leach.

3. In the fall of 2005, Mr. Leach and I were aware that the Government was investigating the ties between former Governor Siegelman and our client, Mr. Scrushy. We were not aware that an indictment charging our client with conspiracy and federal funds bribery had already been filed.

4. After discussing with our client his relationship with Governor Siegelman, we determined that our client had done nothing illegal. As a result, we decided that the best strategy in this investigation was to approach the Government attorneys involved in the matter to discuss not being charged in any case involving the Governor while providing truthful testimony which included that there was no exchange or "quid pro quo" of contributions for a seat on the CON board.

5. On October 4, 2005, four attorneys for Mr. Scrushy—Mr. Leach, Lewis Gillis, Chris Whitehead and I—attended a meeting at the United States Attorney's Office in Montgomery,

Alabama. Present for the Government were Acting United States Attorney Louis Franklin, Sr., Assistant United States Attorney James Perrine, Richard Pilger, an attorney in the Public Integrity Section of the Department of Justice, and Joseph Fitzpatrick from the Alabama Attorney General's Office.

6. From the beginning of the meeting, the Government attorneys began stating what they believed to be the truth, rather than requesting us to proffer what our client had to say. Mr. Leach finally asked what would happen if our client could not testify the way they wanted him to testify, specifically as it relates to a "quid pro quo" involving the CON appointment. Mr. Pilger stated point-blank, "He can expect to be indicted."

7. Mr. Leach then asked whether the Government had made a charging decision. I recall Mr. Leach's precise words as, "Has a charging decision been made?" Mr. Pilger looked directly at Mr. Leach and responded, "No."

8. We decided that if a charging decision had not been made, the best course for our client was to give the Government a complete factual proffer and to explain our view of the law. We were willing to receive information and evidence from the government and discuss this material with Richard Scrushy. Following Mr. Pilger's statement that a charging decision had not been made, Mr. Leach proceeded, as we had agreed, to give the Government a detailed proffer that included all the facts relating to our client's involvement and our legal theories as to why his conduct did not violate the law. There was a lengthy discussion, in which counsel for the government participated, during which the interplay of facts and law was discussed in detail.

9. We never would have given such information if we had known that an indictment had already been returned.

2

10. At this same meeting, Mr. Leach also asked the Government to call Mr. Scrushy as a witness before the grand jury and "compel his testimony." The Government attorneys refused the request. Under Title 18 United States Code §§ 6001-6003 the government could compel Mr. Scrushy's testimony, that is force him to testify under a grant of use and derivative use immunity, and get the testimony directly from Mr. Scrushy. While Mr. Scrushy would receive use and derivative use immunity he would **not** receive an agreement that prosecution would be barred, leaving open the possibility of prosecution if the government collected sufficient evidence. Additionally, Mr. Scrushy would face a possible prosecution for perjury if he testified falsely. While this solution appeared the best fit for both sides, it is now clear that such testimony could not happen because Mr. Scrushy was already indicted. The government attorneys never gave us any indication that charges had been returned. Authority to disclose the pending indictment could have easily been acquired by a limited unsealing of the indictment to allow frank and honest discussions to proceed.

11. In mid-October of 2005, Mr. Leach and I had a telephone conversation with Acting United States Attorney Franklin, in which we again expressed our client's willingness to cooperate with the Government's investigation in any way he could. Acting United States Attorney Franklin gave no indication that an indictment already had been returned or that the Government was preparing to supersede the original indictment.

12. On October 25, 2005, Mr. Leach was on the telephone with Acting United States Attorney Franklin, Assistant United States Attorney Perrine, Mr. Pilger, and an attorney from the Alabama Attorney General's Office. I was in the room with Mr. Leach during the phone conversation. Mr. Leach again asked, "Has a charging decision been made?" This time Acting United States Attorney Franklin responded. He said, "No, not at this time."

3

13. The following day, on October 26, 2005, the grand jury returned a 40-page superseding indictment signed by Acting United States Attorney Franklin and Mr. Pilger charging Mr. Scrushy with two counts of federal funds bribery and one count of mail fraud. I later learned that on May 17, 2005, the grand jury had returned an 11-page indictment, also signed by Acting United States Attorney Franklin and Mr. Pilger, charging Mr. Scrushy with one count of conspiracy and two counts of federal funds bribery relating to the same transaction charged in the October 26, 2005 first superseding indictment.

I hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 13th day of February, 2006.

Leslie V. Moore