IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **CRIMINAL NO. 2:05-CR-119-F** |
| DON EUGENE SIEGELMAN | ) | |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |

## UNITED STATES' RESPONSE TO DEFENDANTS SIEGELMAN'S, SCRUSHY'S, AND ROBERTS' MOTIONS FOR JAMES HEARING AND FOR DISCLOSURE OF 801(d)(2)(E) EVIDENCE

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, hereby files its Response to Defendants Scrushy's, Siegelman's, and Roberts' Motions for, among other things, a James Hearing and disclosure of Rule 801(d)(2)(E) evidence (hereinafter, collectively, the "Motions"). The Motions should be denied. A pretrial James hearing is not a mandatory procedural prerequisite that the Court must conduct prior to the admission of co-conspirator statements. Rather, as the Eleventh Circuit has repeatedly held, a pretrial James hearing is a discretionary device, but one that should not be used in circumstances where the pretrial James hearing would become little more than a duplication of the subsequent trial. As set forth below, the now-common practice of admitting coconspirator statements subject to a later connection by the government, is a simpler, efficient, and more streamlined approach that can be accomplished during the trial. There is no reason to deviate from this prevailing standard practice.

As grounds to support its position, the United States submits the following:

I.    **The Sweeping Relief that Defendants Seek, Including A Pretrial James Hearing, Is No Longer the Common Practice in this Circuit and Is Not Necessary**

Collectively, Defendants request that the government be ordered:

- To turn over its co-conspirator nonhearsay evidence prior to trial;
- To refrain from submitting any such evidence in the presence of the jury; and
- To prove at a pre-trial hearing the admissibility of that evidence.

In support of these requests, Defendants rely primarily United States v. James, 590 F.2d 575 (5th Cir.) (en banc), cert. denied, 442 U.S. 917 (1979), overruled in part by Bourjaily v. United States, 483 U.S. 171, 182 (1987).[1] James, however, does not require the government to do any of the aforementioned requests, nor does it require the Court to hold a pretrial hearing to establish the admissibility of coconspirator statements at trial.[2]

First, it is plain that a pretrial James hearing is not mandatory. See United States v. Allison,

---

[1] Defendants' complaints about a possible confrontation clause issue are without merit. See, e.g., Scrushy's Mot. at 2 (alleging a possible violation of "his right to confront witnesses" and citing Crawford v. Washington, 541 U.S. 36 (2004)). The Supreme Court already addressed this issue in Bourjaily v. United States, 483 U.S. 171, 182 (1987) (ruling that the admission of statements of a co-conspirator made during the course and in furtherance of the conspiracy did not violate the confrontation clause because "the co-conspirator exception to the hearsay rule is firmly enough rooted in our jurisprudence that, under . . . Roberts, a court need not independently inquire into the reliability of such statements"). Defendant Scrushy's reliance upon Crawford for support of his Motion is completely misplaced since the Supreme Court in that case addressed the admissibility of testimonial statements of witnesses and in no way spoke to the admissibility of, or procedure for reviewing the admissibility of, co-conspirator statements. See Crawford, 541 U.S. at 59.

[2] Indeed, the Eleventh Circuit has noted that parties frequently misunderstand or misconstrue James. See, e.g., United States v. Hewitt, 663 F.2d 1381, 1388 (11th Cir. 1981) ("[The defendant's] legal argument reflects a misconception about our James decision of a type that is becoming disturbingly prevalent in recent criminal cases."); United States v. Hewes, 729 F.2d 1302, 1312 (11th Cir.), reh'g denied 734 F.2d 1481 (1984) and cert. denied sub. nom., Caldwell v. United States, 469 U.S. 1110 (1985) ("The appellants have succumbed to a common misunderstanding of James.").

908 F.2d 1531, 1534 n.2 (11th Cir. 1990) reh'g denied 920 F.2d 13, cert denied, 500 U.S. 904 (1991)

(rejecting defendant's claim that he was "entitled to a James hearing prior to admission" of the

coconspirator statement, and holding that a district court "'can admit the statements subject to the

government later connecting them up' with sufficient evidence") (quoting United States v. Barshov,

733 F.2d 842, 850 (11th Cir. 1984), cert. denied, 469 U.S. 1158 (1985)); United States v. Lippner,

676 F.2d 456, 464 (11th Cir. 1982) ("We have never mandated such a hearing. . . ."); United States

v. Khoury, 901 F.2d 948, 971 (11th Cir. 1990). "A James hearing is a prophylactic procedure

fashioned by this circuit to enable a district court to determine in advance of trial, before the jury is

sworn and jeopardy attaches, the admissibility of coconspirator statements to prove the truth of the

matter asserted." United States v. Santarelli, 778 F.2d 609, 611 n.3 (11th Cir. 1985) (citations

omitted). Furthermore, it is not reversible error to fail to hold a James hearing. United States v.

Miller, 664 F.2d 826, 828 (11th Cir. 1981) (adopting United States v. Ocanas, 628 F.2d 353, 359-60

(5th Cir.), reh'g denied, 633 F.2d 582 (1980), cert. denied, 451 U.S. 984 (1981)).

Instead, what the Eleventh Circuit requires is that "for testimony to be admissible under the

'coconspirator exception' to the hearsay rule, Fed.R.Evid. 801(d)(2)(E), it must appear by the close of

the evidence that the government has shown by a preponderance of the evidence . . . that: a

conspiracy existed; the defendant and the declarant were members of that conspiracy; and the

statements were made during the course and in furtherance of the conspiracy." Hewitt, 663 F.2d at

1388 (emphasis added) (citations and footnote omitted and ellipse omits portion of the James rule

that has been overruled). The Eleventh Circuit has noted that trial courts may accomplish this

objective in one of two ways - either through a pre-trial hearing or by admitting the statement at trial,

subject to it being "connected up" later during trial. See, e.g., Hewes, 729 F.2d 1312. For the

reasons provided infra, the United States contends that the latter option is the better method for this case.

A.    **Due to a Change in the Law, James Pre-Trial Hearings Are Now Antiquated and Unnecessary**

While the Court in James suggested that a pre-trial hearing would be an appropriate or "preferred" way for a judge to resolve the issue of the admissibility of co-conspirator statements, such pre-trial hearings are no longer common. Several changes in the law have led to the demise of James pre-trial hearings. When James was decided, controlling precedent prohibited the admission of co-conspirator statements unless the government could prove the existence of the conspiracy via (1) substantial evidence that was (2) independent of the co-conspirator statement itself. See, e.g., United States v. Monaco, 702 F.2d 860, 876 (11th Cir. 1983). The substantial evidence standard was considered higher than the general preponderance of the evidence standard. See United States v. Chestang, 849 F.2d 528, 531 n.3 (11th Cir. 1988). In 1987, however, the Supreme Court in Bourjaily v. United States, 483 U.S. 171 (1987), effectively abolished both of these requirements. Now, trial courts (1) "may examine the hearsay statements sought to be admitted" when considering if a conspiracy existed, id. at 177; United States v. Van Hemelryck, 945 F.2d 1493, 1498 (11th Cir. 1991), and (2) only need find that the conspiracy existed by a preponderance of the evidence. Id. at 176; Chestang, 849 F.2d at 531 n.3 (noting that under James "preliminary facts . . . had to be proven by "substantial evidence . . . .", but that after Bourjaily, these "facts need only be proven by a 'preponderance of the evidence.'"). Moreover, the Eleventh Circuit has always applied a liberal standard in deciding if a statement was made in furtherance of a conspiracy. See United States v. Byrom, 910 F.2d 725, 735 (11th Cir. 1990). Cases after Bourjaily have noted that Bourjaily further

4

"amplified this liberal standard." Id.

Because these changes have made it considerably easier to establish a conspiracy prior to admission of a co-conspirator statement, James pre-trial hearings are now unnecessary, rather than the "general rule" as Defendant Siegelman claims. Siegelman Mot. at 3. As one commentator predicted, in light of Bourjaily, the James "concern that the jury not be exposed to the content of the coconspirator's statement lest it ultimately be excluded because of the absence of an adequate evidentiary foundation should all but completely disappear." 30B Michael H. Graham, Federal Practice & Procedure, § 7025, at p. 268 (1997). A review of the case law in this Circuit illustrates this development. From the time of the James decision in 1979 until the time of the Bourjaily opinion in 1987, James hearings were routinely conducted. See App. A, A Selection of Substantive Eleventh Circuit Cases Mentioning James Hearings (attached). Nearly every case that discusses James hearings in any great detail was decided during this time (before 1988). Even fewer cases mention James hearings after Bourjaily; in fact, since 1997, only one published case in the entire Eleventh Circuit mentioned James[3] – United States v. Dollar, 25 F. Supp. 2d 1320, 1322 (N.D. Ala.

---

[3] Likewise, only four cases in the last ten years in the Eleventh Circuit have discussed Bourjaily in any substantive depth, and they are not relevant to this issue. See Cargill v. Turpin, 120 F.3d 1366, 1373 n.14 (11th Cir.) reh'g denied 131 F.3d 157 (1997), cert. denied, 523 U.S. 1080 (1998) (civil case dealing with a confrontation clause issue); Doe v. Lee, 220 F. Supp. 2d 1307, 1312 (M.D. Ala. 2002) (Thompson, J.) (civil case confronted with a nonhearsay issue in a motion for summary judgment); Sanders v. Moore, 156 F. Supp. 2d 1301, 1308-16 (M.D. Fla. 2001) (confrontation clause issue); Godix Equip. Export Corp. v. Caterpillar, Inc., 948 F. Supp. 1570, 1578 (S.D. Fla. 1996), aff'd sub. nom. Gonzalez v. Caterpillar, Inc., 144 F.3d 55 (11th Cir. 1998) (civil case dealing with elements of price fixing). Other cases which cite Bourjaily, only mention it in passing, cite to its primary holding, or cite it in conjunction with the 1997 amendments to Rule 801(d)(2)(E). One civil case does mention some sort of pre-trial hearing on this issue, see SEC v. Yun, 130 F.Supp.2d. 1348, 1356–57 (M.D. Fla 2001), but that case was later overturned on other grounds, 327 F.3d 1263 (11th Cir. 2001), and the opinion was vacated.

1998) (Clemon, J.).[4]  Thus, while this Court certainly has the discretion to order a <u>James</u> pre-trial

hearing, <u>United States v. Padilla-Martinez</u>, 762 F.2d 942, 950 (11th Cir.), <u>cert denied sub. nom.</u>,

<u>Cardenas-Montilla v. United States</u>, 474 U.S. 952 (1985), the United States submits that such a

hearing is not necessary given the change in the law since <u>James</u> was decided.  Establishing the

existence of a conspiracy and the admissibility of co-conspirator statements is much easier now than

pre-<u>Bourjaily</u> resulting in the near extinction of <u>James</u> pre-trial hearings.

Finally, the Defendants are incorrect in suggesting that the 1997 amendment to Rule 801

requires a <u>James</u> hearing.  <u>See</u>, <u>e.g.</u>, Scrushy Mot. at ¶ 5 (concluding that because "Rule 801 was

amended in 1997 . . . the need for a <u>James</u> determination remains").  In <u>United States v. Hasner</u>, 340

F.3d 1261, 1274 (11th Cir. 2003), <u>cert. denied sub. nom.</u>, <u>Fischer v. United States</u>, 543 U.S. 810, the

Eleventh Circuit explicitly rejected this contention and clarified that the 1997 amendment to Rule

801 did <u>not</u> affect a district court's ability to admit co-conspirator statements on a provisional basis:

> Contrary to Defendants' assertions, the 1997 amendment to Fed. R. Evid.
> 801(d)(2)(E) did not change this situation.  Instead, the stated purpose of the 1997
> Amendment was to codify three issues raised by <u>Bourjaily</u>. . . . Neither <u>Bourjaily</u> nor
> the amendment to Fed. R. Evid. 801(d)(2)(E) addresses the issue of whether district
> courts may provisionally admit co-conspirators' statements.

<u>Hasner</u>, 340 F.3d at 1274 (holding that "the district court properly admitted the [coconspirator

statement] on a provisional basis").

## B.   A <u>James</u> Pre-Trial Hearing Would Be a Time-Consuming and Unnecessary Mini-Trial

A second, more practical reason counsels against this Court ordering a <u>James</u> pre-trial

hearing.  Given the charges against Defendants and the number of potential exhibits and witnesses

---

[4] Judge Clemon also decided the unpublished opinion to which Defendant Siegelman
cites in his Motion.  Siegelman Mot. at 3.

that could be introduced or called in this case, a pre-trial hearing of the nature Defendants request would be wasteful, clumsy, cumbersome, and time-consuming. United States v. Hawkins, 661 F.2d 436, 450 (5th Cir. 1981), reh'g denied 673 F.2d 1324 (5th Cir. 1982) ("Given the sheer volume of the evidence as well as the large number of Government witnesses, the trial court reasonably concluded the holding of a separate James hearing was impracticable."); United States v. Marquardt, 695 F.2d 1300, 1304 (11th Cir.), cert. denied, 460 U.S. 1300 (1983) (citing Lippner, 676 F.2d at 464) (noting that "the trial court was well within its discretion in refusing to hold a James hearing, which would have been duplicative of the trial itself and would have 'wasted the judicial resources James was designed to conserve'"); United States v. Ricks, 639 F.2d 1305, 1309 (5th Cir. Unit B 1981) (James pre-trial hearing "can be clumsy"). Based upon the estimates of other courts that have held such hearings in similar cases, a pre-trial James hearing in this case could realistically consume several days – time spent receiving evidence from witnesses and documents that would have to be repeated at trial. See United States v. Pepe, 747 F.2d 632, 647 (11th Cir. 1984) (noting that "James hearing lasted 13 days"); United States v. Barone, 83 F.R.D. 565, 566 (S.D. Fla. 1979) ("Because of the number of defendants charged with conspiracy and the volume of evidence, this procedure consumed between five and six days.").

Instead of a cumbersome and inefficient James pre-trial hearing, this Court should adopt a much simpler, more efficient solution. "A judge may mold to the circumstances of each case the procedures for showing that a conspiracy existed if he finds a hearing not reasonably practical." Miller, 664 F.2d at 828. Rather than holding a mini-trial on this case, the Court should "admit the statements subject to the government later 'connecting them up' with sufficient independent evidence." United States v. Barshov, 733 F.2d 842, 850 (11th Cir. 1984), cert. denied, 733 F.2d 842

(1985) (citing James, 590 F.2d at 582). This simpler approach is permissible under James and may, contrary to Defendants' erroneous contentions, see e.g., Scrushy Mot. at 5, certainly be done in the presence of the jury. See United States v. Fragoso, 978 F.2d 896, 899 (5th Cir. 1992), cert. denied, 507 U.S. 1012 (1993) ("James has never required a hearing outside the presence of the jury.").

Permitting the United States to establish the admissibility of co-conspirator statements during its case-in-chief is entirely consistent with the anticipated procedure of the upcoming trial. The United States fully expects Defendants to make motions under Rule 29 challenging the sufficiency of the government's evidence to prove their guilt. To respond to Defendants' Rule 29 motions, the United States will have to summarize its evidence and explain why a reasonable juror could find Defendants guilty beyond a reasonable doubt. This stage of the proceedings would also be the optimal opportunity for the United States to connect up, and for the Court to consider, all the testimony and exhibits which establish the admissibility of all co-conspirator statements. See United States v. Correa-Arroyave, 721 F.2d 792, 794 (11th Cir.1983), reh'g denied 727 F.2d 1116 (11th Cir. 1984) (permitting the government to make a "proffer" of the evidence establishing the admissibility of the co-conspirator statements at the conclusion of its case-in-chief). The United States also expects that the requirements for the admissibility of any co-conspirator statement, including each Defendant's participation in the respective conspiracies, will be readily apparent from the evidence presented in its case-in-chief. See Hawkins, 661 F.2d at 449-450 & nn.37-38 (noting that the structure of the government's case-in-chief established the defendant's connection to the conspiracy prior to the offering of any co-conspirator statement).

Further, at the conclusion of the trial, this Court will instruct the jury as to what evidence it may consider as to each Defendant, including the admissibility and applicability of any co-

8

conspirator statement. See United States v. Kopituk, 690 F.2d 1289, 1320 (11th Cir. 1982), cert. denied, 461 U.S. 928, and cert. denied, 463 U.S. 1209 (1983) (citations omitted) (noting the efficacy of "a clear cautionary instruction from the trial court as to the duty of the jurors to consider each defendant and the evidence against him . . . separately"); United States v. Houle, 237 F.3d 71, 76 (1st Cir.) (quotations and citations omitted), cert. denied, 532 U.S. 1074 (2001) (noting that "the district court took adequate measures to safeguard against the possibility of spillover prejudice by repeatedly instructing the jury to consider the evidence separately as to each defendant"). Jurors in this District, despite Defendants' views to the contrary, see Siegelman Mot. at 2; Scrushy Mot. at 4, are presumed to be, and actually are, fully competent to obey this Court's instructions on the admissibility of particular evidence as to a particular Defendant. United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004), cert. denied, __ U.S. __, 126 S.Ct. 42 (2005) ("In general, the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered."); Zafiro v. United States, 506 U.S. 534, 540-41 (1993) ("'[J]uries are presumed to follow their instructions'") (quoting Richardson v. Marsh, 481 U.S. 200, 211 (1987)). A James pre-trial hearing would require this Court to perform many of the same tasks it will be required to do at the conclusion of the case.

Rather than being necessary to ensure proper admission of coconspirator statements at trial, a James pre-trial hearing in this case would instead serve only to grant Defendants the unfair benefit of obtaining the government's trial theories, strategies, and evidence prior to the commencement of the trial.[5]   Indeed, such a purely tactical advantage appears to be Defendants' aim in filing the instant

---

[5] See United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir.) reh'g denied 599 F.2d 1054, cert. denied 444 U.S.990 (1979) (noting the lack of a requirement that "'the prosecution

Motions: Defendants have explicitly argued that they need the government's evidence prior to trial so that they can "investigate" it and "be prepared to rebut" it at trial. Scrushy Mot. at 2. The United States has already provided Defendants with much more information than the Constitution and Federal Rules of Criminal Procedure require at this point in the proceedings. For example, the United States has already provided Defendants with Jencks Act material (e.g., transcripts of all witnesses that appeared before the grand jury) though the United States is not required to produce such information until a particular witness has testified in the government's case-in-chief. See Fed. R. Crim. P. 26.2; 18 U.S.C. § 3500. For Defendants, such liberal discovery is not enough, they insist on knowing the United States' theories, strategies, and evidence, and are seeking to obtain the same through a James pre-trial hearing.

This Court routinely tries criminal cases involving conspiracy counts, including conspiracies that are much more complex and involved than the ones at issue here. On information and belief, the United States is not aware of any criminal case tried in this District in the past ten years in which this Court has held a James hearing. Certainly, no aspect of this case compels this Court to deviate from the standard practice it routinely employs in conspiracy cases which is to receive any co-conspirator statement during the government's case-in-chief and require the government to connect it up prior to the close of its case. See, e.g., United States v. Carmichael, 379 F.Supp.2d 1299, 1301 (M.D.Ala. 2005) (Thompson, J.) (Large, complex drug case in which "the court, in its discretion, admitted the

---

must reveal before trial the names of all witnesses who will testify unfavorably'") (quoting Weatherford v. Bursey, 429 U.S. 545, 559 (1977)); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.) reh'g denied 569 F.2d 1155, cert. denied 439 U.S. 819 (1978) (citation omitted) (holding that "defendants are not entitled to discover all the overt acts that might be proved at trial"); United States v. Pena, 542 F.2d 292, 294 (5th Cir. 1976) (citation omitted) (recognizing that a defendant has "no right" to a list of the government's possible witnesses at trial).

out-of-court statements of coconspirators before all evidence of the conspiracy had been received"). [6]

## II.    Conclusion

This Circuit and District have dispensed with <u>James</u> pre-trial hearings in the overwhelmingly majority of cases because this procedure does not conserve judicial resources, streamline the judicial process, nor assist the Court in ruling on the admissibility of co-conspirator statements. The much more accepted and beneficial practice is to permit the government to conduct its case-in-chief during which it will satisfy the requirements of admissibility under Rule 801(d)(2)(E). At the conclusion of the government's case, this Court will be in the optimal position to rule upon the admissibility of co-conspirator statements and be prepared to instruct the jury as to what evidence it may consider in determining Defendants' guilt.

---

[6] In the event that the Court elects to grant Defendants' requests for a <u>James</u> hearing, the only appropriate time for having it would be as close to trial as possible, but prior to the empanelling of the jury. If a <u>James</u> hearing were conducted after the jury was empanelled as Siegelman suggests, Siegelman Mot. at 3, then jeopardy would attach, and the United States would be precluded from obtaining appellate review of an adverse ruling. <u>See</u> 18 U.S.C. § 3731. Furthermore, this time frame is also appropriate to prevent the Defendants from obtaining impermissible discovery from a <u>James</u> hearing, including the names of probable prosecution witnesses and substance of their testimony. <u>Cf.</u> <u>United States v. Colson</u>, 662 F.2d 1389, 1391 (11th Cir.1981) (criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial); Fed. R. Crim. P. 15 (requiring "exceptional circumstances" to conduct depositions). Finally, requiring the United States to identify and produce any and all possible Rule 801(d)(2)(E) evidence in this case prior to trial would place an undue burden on the government and unnecessarily hamper its trial preparation.

Respectfully submitted this the 27th day of February, 2006,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
mailto:jb.perrine@usdoj.gov
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

ANDREW C. LOURIE
ACTING CHIEF, PUBLIC INTEGRITY
SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr. Special
Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **CRIMINAL NO. 2:05-CR-119-F** |
| DON EUGENE SIEGELMAN | ) | |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |

## CERTIFICATE OF SERVICE

        I hereby certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                            Respectfully submitted,

                            LOUIS V. FRANKLIN, SR.
                            ACTING UNITED STATES ATTORNEY


                            /s/ J.B. Perrine
                            Assistant United States Attorney
                            One Court Square, Suite 201
                            Montgomery, AL 36104
                            Phone: (334) 223-7280
                            Fax: (334) 223-7135
                            E-mail: jb.perrine@usdoj.gov
                            ASB-9077-E31J

1

# Appendix A

# Appendix A

## A Selection of Substantive Eleventh Circuit Cases Mentioning James Hearings[*]

**A.    Pre-Trial James Hearing**

1.    United States v. Chestang, 849 F.2d 528, 530 (11th Cir. 1988) (noting that "James hearing was conducted outside the presence of the jury before trial.")

2.    United States v. Pepe, 747 F.2d 632, 647 (11th Cir. 1984) (noting that "James hearing lasted 13 days and afterwards trial was held.)

3.    United States v. DiMatteo, 716 F.2d 1361, 1364 (11th Cir. 1983) ("Caldevilla was indicted, but after a *James* hearing . . . .")

4.    United States v. Roper, 681 F.2d 1354, 1360 (11th Cir. 1982) ("Other evidence adduced during the pre-trial James hearing . . ." was presented.)

5.    United States v. Kopituk, 690 F.2d 1289, 1324 (11th Cir. 1982) ("Prior to trial, the court held a three day hearing for the purpose of determining the admissibility of extra-judicial co-conspirator declarations against each of the defendants.")

6.    United States v. Davis, 679 F.2d 845, 854-851 (11th Cir. 1982) (Some time during the dealing between the hearing and trial, the court dismissed two defendants.)

7.    United States v. Sarmiento-Perez, 633 F.2d 1092, 1097 (5th Cir. 1981) (The confession was introduced at a non-jury James hearing . . . and it was also introduced at the trial before the jury . . . .")

8.    United States v. L'Hoste, 609 F.2d 796, 799 (5th Cir. 1980) ("A James hearing was conducted and . . . a third jury trial began.")

9.    United States v. Mulherin, 521 F.Supp. 819, 822 (D.C. Ga.1981) ("[D]efendants requested a pretrial hearing to determine the admissibility of certain extrajudicial statements allegedly made by coconspirators.")

10.    United States v. Della Croce, 502 F.Supp. 1080, 1081 (D.C. Fla. 1980) ("The evidence was admitted in the trial against defendant Della Croce, following a pretrial James hearing . . . .")

11.    United States v. Barone, 83 F.R.D. 565, 566 (D.C. Fla. 1979) ("Thereafter, a 'James' hearing was conducted . . ." and then a trial ensued).

**B.    James Hearing Held After Opening or Jury Sworn**

1.    United States v. Khoury, 901 F.2d 948, 971 (11th Cir. 1990) (The James hearing was "held after opening statements were made . . . .")

---

[*] This is not an exclusive list of cases discussing James. Rather, it is intended to provide an overview of a representative sampling of cases.

2. United States v. Santarelli, 778 F.2d 609, 611 (11th Cir. 1985) ("After the jury was sworn, the court excused the jury and held a James hearing.")

3. United States v. Dollar, 25 F.Supp.2d 1320, 1331 (N.D.Ala. 1998) ("At trial, before receiving as evidence against each defendant inculpatory statements of alleged unindicted co-conspirators, the court conducted a hearing outside the presence of the jury . . . .")

## C. James Hearing But no Specification of Either Before or During Trial

1. United States v. Jenkins, 779 F.2d 606, 610-11 (11th Cir. 1986)(made an initial *James* finding pertaining to all defendants)

2. United States v. Griggs, 735 F.2d 1318, 1324 (11th Cir. 1984) ("In response to the objection, the district court . . . held a James hearing.")

3. United States v. Zielie, 734 F.2d 1447, 1457 (11th Cir. 1984) (("The court in this case held a James hearing.")

4. United States v. Atchley, 699 F.2d 1055, 1059-60 (11th Cir. 1983) (conducted a hearing on the James issue. )

5. United States v. Alvarez, 696 F.2d 1307, 1310 (11th Cir. 1983) ("The evidence adduced in the jury's presence tracked that offered at the James hearing.")

6. United States v. Berry, 644 F.2d 1034, 1038 (11th Cir. 1981) (after an appropriate James hearing)

7. United States v. Grassi, 616 F.2d 1295, 1300-01 (11th Cir. 1980) ("At the outset of the James hearing the court urged the prosecutor to move quickly . . . .").

8. United States v. Posner, 594 F.Supp. 923, 926 (D.C. Fla. 1984) (After conducting a "James" hearing in this case...)

## D. James Hearing But no Specification of When During Trial

1. United States v. Bent, 707 F.2d 1190, 1193-94 (11th Cir. 1983) ("Although the court did not hold a separate James hearing on the admissibility of the alleged co-conspirators' statements, it did require that the statements be linked to independent evidence of the existence of the conspiracy.")

2. United States v. Miller, 664 F.2d 826, 827-28 (11th Cir. 1981) ("After excusing the jury, the court heard the parties' arguments concerning [defendant's] objections.")

3. United States v. Salisbury, 662 F.2d 738, 740 (11th Cir.1981) ("At trial the district court held a James hearing outside of the jury's presence and determined that there was sufficient independent evidence.")

## E. At Close of Gov't Case/at Closing or No James Hearing

1. United States v. Hernandez-Miranda, 78 F.3d 512, 513 (11th Cir. 1996) ("The court then asked the government to proffer its evidence relating to Hernandez-Miranda's participation in the conspiracy . . . [a]fter the jury was impaneled and

before the trial began.")

2. United States v. Van Hemelryck, 945 F.2d 1493, 1501 (11th Cir.1991) ("In this case, the district court differed on ruling . . . until after all the evidence had been presented.")

3. United States v. Allison, 908 F.2d 1531 (11th Cir.1990) ("At close of Government's case, the district court held a James hearing . . . .")

4. United States v. Espino-Perez, 798 F.2d 439, 441 (11th Cir. 1986) (Defendant argues error because no James "mini-hearing.")

5. United States v. Fernandez, 797 F.2d 943, 945 (11th Cir. 1986) ("The district court reserved ruling until the close of the government's case . . . .")

6. United States v. Padilla-Martinez, 762 F.2d 942, 950 (11th Cir. 1985) ("The decision not to hold a James hearing in this case is not reversible error.")

7. United States v. Lopez, 758 F.2d 1517, 1519 (11th Cir. 1985) ("At trial, at the close of the Government's case, defendant requested a *James* determination . . . ")

8. United States v. Head, 755 F.2d 1486, 1490 (11th Cir. 1985) ("The government point out that the district court made specific findings that the statements were admissible at the close of evidence . . . .")

9. United States v. Norton, 755 F.2d 1428, 1431 (11th Cir. 1985) ("[I]t is acceptable for the trial court [to not hold] a James hearing.")

10. United States v. Barshov, 733 F.2d 842, 849-50 (11th Cir. 1984) (In the trial of this case there was no motion made for James and none was held.)

11. United States v. Hewes, 729 F.2d 1302, 1312 (11th Cir. 1984) ("The district court denied the motions, indicating that it would admit the statements subject to later proof of these three elements.")

12. United States v. Haimowitz, 725 F.2d 1561, 1575 (11th Cir. 1984) (Immediately prior to closing arguments, the district court ruled "on the James motion.")

13. United States v. Sanchez, 722 F.2d 1501, 1507 (11th Cir. 1984) ("The judge, therefore, did not err in deciding the James issue until after the government had introduced the statements into evidence.")

14. United States v. Correa-Arroyave, 721 F.2d 792, 794 (11th Cir. 1983) ("The record shows that the court announced acceptance of a 'proffer' . . . and at the conclusion of the government's case made a finding that the requirements of James.")

15. United States v. Walker, 720 F.2d 1527, 1536-37 (11th Cir. 1983) (upholding a refusal to hold a James hearing).

16. United States v. Gonzalez,719 F.2d 1516, 1521 (11th Cir. 1983) ("The trial court found, at the close of the government's case, that the requirements of *James* had been met.")

17. United States v. Monaco, 702 F.2d 860, 876 (11th Cir. 1983) (Defendant argues "that the trial judge did not make the necessary *James* findings in this case, erroneously allowing the jury to decide the admissibility issue.")

18. United States v. Marquardt, 695 F.2d 1300, 1304-05 (11th Cir. 1983) ("[T]he trial court was well within its discretion in refusing to hold" a James pretrial hearing.)

19. United States v. Richardson, 694 F.2d 251, 254-55 (11th Cir. 1982) ("[T]he trial

A-3

court did not abuse its discretion in denying the hearing and admitted the evidence subject to being connected up.")

20. United States v. Lippner, 676 F.2d 456, 463-64 (11th Cir. 1982) (Defendant alleged error because the trial court did not hold a James hearing.)

21. United States v. Roe, 670 F.2d 956, 962 (11th Cir. 1982) ("[A]t the conclusion of the government's case, the district court found that the government had produced substantial evidence of a conspiracy.")

22. United States v. Nicoll, 664 F.2d 1308, 1311-1312 (11th Cir.1982) ("Appellant argues that the trial court deft argues hat should have held a 'James hearing' prior to admitting the statement.")

23. United States v. Hawkins, 661 F.2d 436, 450 (5th Cir. Unit B 1981) (The court did not error in "declining to hold a hearing in this case.")

24. United States v. Salinas, 654 F.2d 319, 329 (5th Cir.1981) (Apellant's arument that trial court should have held a James "was frivolous.")

25. United States v. Ricks, 639 F.2d 1305, 1307 (5th Cir. Unit B 1981) (No error when trial court does not hold a James hearing.)

26. United States v. Ocanas, 628 F.2d 353, 359-360 (5th Cir.1980) ("we find no merit" in the allegation that the court erred in refusing to hold a James hearing.)