IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 2:05-CR-119-F |
| DON EUGENE SIEGELMAN, | ) | |
| PAUL MICHAEL HAMRICK, | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY | ) | |

UNITED STATES' RESPONSE TO DEFENDANTS SIEGELMAN'S AND SCRUSHY'S
MOTIONS TO DISMISS COUNTS THREE AND FOUR OF THE INDICTMENT
BASED ON MULTIPLICITY

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting

United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of

the Public Integrity Section of the Criminal Division of the United States Department of Justice, and

hereby files its Response to Defendants Siegelman's and Scrushy's Motions to Dismiss Counts

Three and Four of the Indictment Based on Multiplicity (hereinafter, the "Motions"). This Court

should deny the Motions because Counts 3 and 4 are not multiplicitous in that Count 3 charges a

criminal offense separate and distinct from the criminal offense charged in Count 4, and Defendants

Siegelman and Scrushy are charged under an appropriate theory of criminal liability in Counts 3 and

4. To support its position, the United States avers as follows:

I.    Counts 3 and 4 are not Multiplicitous Because Each Count Charges a Separate and
      Distinct Offense

Federal Rule of Criminal Procedure 7(c) requires an indictment to be "a plain, concise, and

definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P.

7(c). "The sufficiency of a criminal indictment is determined from its face." United States v.

Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Importantly, "[t]here is no summary judgment procedure

in criminal cases," nor is the court permitted to make a "pre-trial determination of sufficiency of the evidence." Id. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure.").

"Linguistic precision is not required in an indictment." United States v. deVegter, 198 F.3d 1324, 1330 (11th Cir. 1999), cert. denied, 530 U.S. 1264 (2000). "When analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations." United States v. Gold, 743 F.2d 800, 812 (11th Cir. 1984) (citations and quotations omitted), cert. denied, 469 U.S. 1217 (1985). "[T]he test of the validity of an indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." United States v. Caldwell, 302 F.3d 399, 410 (5th Cir. 2002) (citations and quotations omitted).

> The indictment is sufficient if it charges in the language of the statute. "An indictment must be sufficiently sufficient to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense. An indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime."

Critzer, 951 F.2d at 307-08 (quoting United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985)).

"An indictment is multiplicitous if it charges a single offense in more than one count." United States v. Sirang, 70 F.3d 588, 595 (11th Cir. 1995) (citations and quotations omitted). As Defendants Siegelman and Scrushy recognize, see Siegelman Mot. at 2-3; Scrushy Mot. at 3, "'[t]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" United States v. Glanton, 707 F.2d 1238, 1240

(11th Cir. 1983) (quoting <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932)). <u>Accord United States v. Eaves</u>, 877 F.2d 943, 947 (11th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1077 (1990). <u>See</u> Fed. R. Crim. P. 8(a) (noting that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan"). After stating the correct test, however, Defendants Siegelman and Scrushy fail to apply it to determine whether Counts 3 and 4 of the second superseding indictment are multiplicitous. Defendants likely do not proceed with the <u>Blockburger</u> analysis because its application shows that Counts 3 and 4 are not multiplicitous. That is, a review of the elements of the offenses charged in Counts 3 and 4 reveals that the criminal offense charged in Count 3 (i.e., 18 U.S.C. § 666(a)(1)(B)) is separate and distinct from the criminal offense charged in Count 4 (i.e., 18 U.S.C. § 666(a)(2)) because each offense requires proof of a fact which the other does not.

The elements of the offense charged in Count 3 are

<u>First</u>: That the Defendant was an agent of the State government as charged; <u>Second</u>: That during a one year period the State government received benefits in excess of $10,000 under a Federal program involving some form of Federal assistance; <u>Third</u>: That during such one year period the Defendant knowingly solicited, demanded, accepted or agreed to accept a thing of value from persons (i.e., Defendant Scrushy) or organizations other than the State government, as charged; <u>Fourth</u>: That by such acceptance or agreement the Defendant intended to be influenced or rewarded in connection with any business, transaction or series of transactions of the State government, which business, transaction or series of transactions involved something of value of $5,000 or more; and <u>Fifth</u>: That in so doing the Defendant acted corruptly.

<u>See</u> Eleventh Circuit Pattern Jury Instruction 24, Bribery Concerning Program Receiving Federal Funds, 18 U.S.C. § 666(a)(1)(B).

The elements of the offense charged in Count 4 are

First: That a person (i.e., Defendant Siegelman) was an agent of the State government as charged; Second: That during a one year period the State government received benefits in excess of $10,000 under a Federal program involving some form of Federal assistance; Third:    That during such one year period the Defendant knowingly gave, offered, or agreed to give a thing of value to a person, as charged; Fourth:  That by such giving, offering, or agreeing to give a thing of value the Defendant intended to influence or reward the agent of the State government in connection with any business, transaction or series of transactions of the State government, which transaction or series of transactions involved something of value of $5,000 or more; and Fifth:  That in so doing the Defendant acted corruptly.

See Eleventh Circuit Pattern Jury Instruction 24, Bribery Concerning Program Receiving Federal Funds, 18 U.S.C. § 666(a)(1)(B).

The offenses charged in Counts 3 and 4, Section 666(a)(1)(B) and Section 666(a)(2), respectively, are separate and distinct because each requires proof of a fact that the other does not. Facts that the government must prove for Count 3 that are not required to be proved for Count 4 include (1) that the agent of State government knowingly solicited, demanded, accepted or agreed to accept a thing of value from persons or organizations other than the State government, and (2) that, by such acceptance or agreement, the agent of State government intended to be influenced or rewarded in connection with any business, transaction or series of transactions of the State government, which business, transaction or series of transactions involved something of value of $5,000 or more. 18 U.S.C. § 666(a)(1)(B). Facts that the government must prove for Count 4 that are not required to be proved for Count 3 include (1) that a person knowingly gave, offered, or agreed to give a thing of value to another person, as charged, and (2) that, by such giving, offering, or agreeing to give a thing of value, the person intended to influence or reward an agent of the State government in connection with any business, transaction or series of transactions of the State

-4-

government, which transaction or series of transactions involved something of value of $5,000 or more. 18 U.S.C. § 666(a)(2). Count 3 thus requires proof of facts that are not required in Count 4, and vice versa. Consequently, Count 3 and Count 4 are not multiplicitous under this Circuit's well-established precedent.

**II.      Counts 3 and 4 are not Multiplicitous Because Each Count Properly Pleads a Distinct Offense Against, and Basis of Criminal Liability For, Defendants Siegelman and Scrushy**

Defendants Siegelman and Scrushy assert that Counts 3 and 4 are multiplicitous because Count 3 charges Defendant Scrushy with aiding and abetting Defendant Siegelman in the commission of 18 U.S.C. § 666(a)(1)(B) and Count 4 charges Defendant Scrushy with violating 18 U.S.C. § 666(a)(1)(B) while being aided and abetted by Defendant Siegelman. See Siegelman Mot. at 2; Scrushy Mot. at 4-5. Defendants claim that they are prejudiced by this "novel use" of the aiding and abetting statute and that they cannot be charged with two offenses arising out of their illegal activities concerning the CON Board. See Siegelman Mot. at 3-4; Scrushy Mot. at 4-5. Consequently, Defendants ask this Court to order the government to replead these offenses in accordance with their views of criminal liability. Id. This Court should deny Defendants' request because their assertions are meritless and fail to account for the principle of criminal liability under the doctrine of aiding and abetting.

"Aiding and abetting 'is an alternative charge in every count, whether explicit or implicit, and the rule is well-established . . . that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense.'" United States v. Howard, 13 F.3d 1500, 1502 (11th Cir. 1994) (quoting United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971)). "To support a conviction for aiding and abetting an offense, the evidence must

-5-

simply show that 'the defendant was associated with the criminal venture, participated in it as something he wished to bring about, and sought by his action to make it succeed.'" Id. at 1502 (quoting United States v. Hewitt, 663 F.2d 1381, 1385 (11th Cir. 1981)). "The evidence need not show that the defendant participated in every phase of the venture." Id. See Eleventh Circuit Pattern Jury Instruction 7, Aiding and Abetting (Agency), 18 U.S.C. § 2 ("[I]f the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.").

Defendants Scrushy and Siegelman are properly charged with aiding and abetting each other in Counts 3 and 4, respectively, of the second superseding indictment. As discussed supra, "[t]here is no summary judgment procedure in criminal cases," nor is the court permitted to make a "pre-trial determination of sufficiency of the evidence." Critzer, 951 F.2d at 307. Defendants' proper avenue for challenging whether they are guilty as aiders and abettors as charged in Count 3 and 4 is a Rule 29 motion at the conclusion of the government's case-in-chief, not via the instant Motions to Dismiss. See Salman, 378 F.3d at 1268. Defendants' liability for Count 3 is dependent solely upon the facts presented to the jury at trial concerning that particular count, and is not affected by their being furthered charged with a separate offense in Count 4.

Defendant Siegelman suggests that a public official cannot be charged with soliciting, accepting, receiving, or agreeing to accept a bribe in one offense and with aiding and abetting the payment of that same bribe to the public official in another offense. See Siegelman Mot. at 2. Defendant Scrushy similarly intimates that a person cannot be charged with aiding and abetting the receipt of a bribe in one offense and with payment of that same bribe in another offense. See

Scrushy Mot. at 4. Such views are patently incorrect and reveal a misunderstanding of the jurisprudence of criminal liability as a principal and as an aider and abettor. Contrary to Defendant Siegelman's contention, public officials are often prosecuted for soliciting or accepting bribes in one offense and for aiding and abetting the offering or payment of that same bribe in another, different offense. Likewise, contrary to Defendant Scrushy's assertions, bribe payors routinely face criminal liability in one offense for aiding and abetting the public official's receipt of the bribe and criminal liability for a different offense for paying the bribe to the public official. See, e.g., United States v. Spano, 401 F.3d 837, 838 (7th Cir. 2005) (noting that the jury convicted the public official of accepting a bribe under 18 U.S.C. § 666(a)(1)(B) and theft of federal funds under 18 U.S.C. § 666(a)(1)(A) and convicted the bribors of paying the bribe in violation of 18 U.S.C. § 666(a)(2) and aiding and abetting the theft in violation of 18 U.S.C. § 666(a)(1)(A)); United States v. Lipscomb, 299 F.3d 303, 308 (5th Cir. 2002) (noting that, for the bribe transactions, the bribor was charged with aiding and abetting the public official's acceptance of the bribes under 18 U.S.C. § 666(a)(1)(B) and for paying the bribes under 18 U.S.C. § 666(a)(2), and the public official was charged with aiding and abetting the bribor's payment of the bribes under 18 U.S.C. § 666(a)(2) and for accepting the bribes under 18 U.S.C. § 666(a)(1)(B)); United States v. Barash, 412 F.2d 26, 36-37 (2d. Cir.) (rejecting the argument that a payor of a bribe to a federal employee cannot be criminally liable for payment of the bribe as a principal under one federal statute (i.e., 18 U.S.C. § 201) as well as criminally liable as an aider and abettor of that federal employee's receipt of the same bribe under a different federal statute (i.e., 26 U.S.C. § 7214(a)(2)), cert. denied, 396 U.S. 832 (1969); United States v. Cohen, 387 F.2d 803, 805-06 (2d Cir. 1967) (same), cert. denied, 390 U.S. 996 (1968).

Any prejudice Defendants may suffer from being charged in both Counts 3 and 4 is only that

prejudice that entails to any criminal defendant whose illegal activities violate more than one federal criminal statute. Such prejudice in no way justifies dismissal of either Count 3 or 4. See United States v. Gabay, 923 F.2d 1536, 1540 (11th Cir. 1991) ("Unfair prejudice does not result when two offenses are joined if evidence admissible to prove each offense is also admissible to prove the other offense."). Since the United States' charging theories are valid for Counts 3 and 4, the government is not required to replead either Count or to elect to proceed under only Count 3 or 4.

## III.    Conclusion

Counts 3 and 4 are not multiplicitous because each Count charges an offense that requires proof of a fact that the offense in the other Count does not. Moreover, Defendant Siegelman and Defendant Scrushy are each charged under a proper theory of criminal liability in Counts 3 and 4. Consequently, the second superseding indictment is sufficient as to Counts 3 and 4. The Motions, therefore, must be denied.

Respectfully submitted this the 27th day of February, 2006

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

ANDREW C. LOURIE
ACTING CHIEF, PUBLIC INTEGRITY SECTION

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:     (334)223-7560
Email: louis.franklin@usdoj.gov

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:     (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:     (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:     (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:     (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr. Special Assistant
United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:     (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **CRIMINAL NO. 2:05-CR-119-F** |
| DON EUGENE SIEGELMAN, | ) | |
| PAUL MICHAEL HAMRICK, | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

-11-