IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 2:05-CR-119-F |
| DON EUGENE SIEGELMAN, | ) |
| PAUL MICHAEL HAMRICK, | ) |
| GARY MACK ROBERTS, and | ) |
| RICHARD M. SCRUSHY | ) |

**UNITED STATES' RESPONSE TO DEFENDANT SCRUSHY'S MOTION PURSUANT TO FED. R. CRIM. P. 12(b)(4)(B) FOR NOTICE OF EVIDENCE AND NOTICE OF EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Response to Defendant Scrushy's Motion Pursuant to Fed. R. Crim. P. 12(b)(4)(B) for Notice of Evidence and Notice of Evidence Arguably Subject to Suppression (hereinafter, the "Motion"). This Court should deny the Motion because the United States has already fulfilled its obligations to Defendant under the Standing Order on Criminal Discovery and Fed. R. Crim. P. 12(b)(4)(B).

Rule 12(b)(4)(B) requires the United States, upon Defendant's request, to provide notice to Defendant of any evidence the government intends to offer in its case-in-chief that Defendant might move to suppress. As Defendant admits, Scrushy Mot. at 4, he has asked the United States for such notice and has been provided the correct answer – the United States is not aware of any such evidence. Defendant is entitled to no more. To the extent Defendant complains that the United States has been too generous in its discovery production, Scrushy Mot. at 3, the Eleventh Circuit has

recently provided a succinct response to that lament:

> The defendants complain that the Government's discovery was so voluminous that it hindered their pretrial preparation. The discovery was indeed voluminous – because the Government gave the defense access to far more information and materials than the law required. The defendants could hardly complain about that. If they had insufficient time to sort things out, they should have asked for a continuance.

United States v. Jordan, 316 F.3d 1215, 1253 (11th Cir), cert. denied, 540 U.S. 821 (2003).

In asking for the government to produce all evidence it intends to offer in its case-in-chief, Scrushy Mot. at 3, Defendant, like he has in other pre-trial motions, is seeking to obtain indirectly what he cannot obtain directly – the government's trial theories, strategies, and evidence – prior to the commencement of the trial. See United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir.), cert. denied, 444 U.S. 990 (1979) (noting the lack of a requirement that "'the prosecution must reveal before trial the names of all witnesses who will testify unfavorably'") (quoting Weatherford v. Bursey, 429 U.S. 545, 559-61 (1977))[1]; United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.) (holding that "defendants are not entitled to discover all the overt acts that might be proved at trial"), cert. denied, 439 U.S. 819 (1978); United States v. Pena, 542 F.2d 292, 294 (5th Cir. 1976) (recognizing that a defendant has "no right" to a list of the government's possible witnesses at trial).

Based on the foregoing, this Court should deny the Motion because the United States has already fulfilled its obligations to Defendant under Fed. R. Crim. P. 12(b)(4)(B) and the Standing Order on Criminal Discovery.

---

[1] See Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981).

Respectfully submitted this the 27th day of February, 2006

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |
| /s/ Louis V. Franklin, Sr.<br>Acting United States Attorney<br>One Court Square, Suite 201<br>Montgomery, AL 36104<br>Phone: (334)223-7280<br>Fax:    (334)223-7560<br>Email: louis.franklin@usdoj.gov | /s/Richard C. Pilger<br>Department of Justice, Criminal Division<br>Public Integrity Section<br>10th & Constitution Ave, NW<br>Bond Building - 12th Floor<br>Washington, DC 20530<br>Phone: (202)514-1412<br>Fax:    (202)514-3003<br>Email: richard.pilger@usdoj.gov |

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr. Special Assistant
United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-F |
| DON EUGENE SIEGELMAN ) | |
| PAUL MICHAEL HAMRICK ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jb.perrine@usdoj.gov
ASB-9077-E31J