IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05CR119-F |
| | ) | |
| DON EUGENE SIEGELMAN | ) | |
| RICHARD SCRUSHY | ) | |
| GARY MACK ROBERTS | ) | |
| PAUL MICHAEL HAMRICK | ) | |

ORDER

On February 22, 2006, defendant Scrushy filed a second motion for discovery of jury records. (doc. # 147) On March 1, 2006, the government filed its response, and on March 2, 2006, during a status conference related to the jury challenges, the court heard argument on the motion. Following that conference, Scrushy filed a third motion for discovery of jury records (doc. # 189) which modified the request in ¶ 11 of the second motion for discovery of jury records. On March 6, 2006, the court held a further telephone conference with the parties during which the Clerk of the Court was present. The parties were permitted to discuss with the Clerk their discovery requests.

Several observations are appropriate. First, it is evident from the defendants' motions that under any circumstances, there is not an absolute disparity of greater than 10 per cent between the number of black persons in the 2005 Qualified Jury Wheel and the

number of black persons eligible to vote in the Middle District of Alabama.[1]  Second, the court agrees fully with the government that once the qualified wheel is properly constituted, there is no duty imposed on the Clerk of the Court to maintain the wheel with respect to any certain ratio.  Nonetheless, *Test v. United States*, 420 U.S. 28 (1975) plainly holds that a criminal defendant

> has essentially an unqualified right to inspect jury lists.  It grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.' 28 U.S.C. s 1861.

*Test*, 42 U.S. at 30.

In *United States v. Davenport*, 824 F.2d 1511 (7th Cir. 1987), the court held that even after *Test*, 28 U.S.C. § 1867(f) did not give a defendant an unqualified right to jury questionnaires absent a demonstration of necessity.  Scrushy seeks some information for the purpose of determine the status of the Qualified Jury Wheel over the life of the wheel. Plainly, *Hamling v. United States*, 418 U.S. 87 (1974) demonstrates that the practicalities of judicial administration do not require the Clerk of the Court to update the wheel once it

---

[1]Scrushy's Second Motion for Discovery of Jury Records, ¶ 8 (doc. # 147) reflects that the 2005 Qualified Jury Wheel is "approximately 21.34% African American, in contrast to a voter-eligible community . . . [of] 30.466% African -American." Throughout Scrushy's motions about jury records, he refers to the QJW as under-representing African-Americans. First, as a matter of law that characterization is incorrect since the absolute disparity is less than 10%. Second, it is not at all clear to the court that the number of African-Americans over the age of 18 is the same as the number of voter-eligible African-Americans because the former number necessarily will include some persons not eligible to vote.

is properly constituted. Given the state of the law, the court concludes that the "unqualified right" to inspect does not apply to a claim which is nonexistent as a matter of law, and that conclusion informs this order.

Additionally, the court understands that the defendants already have electronic data from which some or all of the information they seek may be obtained. This order requires the Clerk of the Court to provide data; it does not require the Clerk of the Court to derive from that data the information which the defendants request unless the information is not electronically available.

Upon consideration of Scrushy's motion, it is

ORDERED that the motions (doc. # # 147 and 189) be and are hereby granted in part and denied in part as follows:

1. With respect to the request contained in ¶¶ 6 and 7 of the motion (doc. # 147), the request is granted to the extent the that defendants' expert does not already possess the data sought. Counsel are authorized to confer directly with the Clerk of the Court to clarify this request. If the defendants do not already possess this information, the Clerk of the Court shall provide the data as soon as possible.

2. With respect to the request contained in ¶ 8 of the motion (doc. # 147), the request is granted. To the extent the data is available, the Clerk of the Court shall provide the data as soon as possible.

3. With respect to the request contained in ¶ 9 of the motion (doc. # 147), the request is granted. To the extent the data is available, the Clerk of the Court shall provide

the data as soon as possible.

5.      With respect to the request contained in ¶ 10 of the motion (doc. # 147), the request is granted. To the extent the data is available, the Clerk of the Court shall provide the data as soon as possible. For purposes of this request, it is a permissible response for the Clerk of the Court to make available to counsel for inspection the files containing the questionnaires and other records bearing on this request. The inspection shall be conducted only within the courthouse and subject to the provisions of 28 U.S.C. § 1867(f).

6.      With respect to the request contained in ¶ 11 of the motion (doc. # 147, as modified by doc. # 189), the request is granted. Counsel are authorized to communicate directly with the Clerk of the Court to clarify the request. To the extent the data is available, the Clerk of the Court shall provide the data as soon as possible.

7.      With respect to the request contained in ¶ 12 of the motion (doc. # 147), the request is denied. It is further

ORDERED that any information or data made available to the defendants by the Clerk of the Court pursuant to this order shall also be provided to the United States.

Done this 6th day of March, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE