IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>     Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S REPLY TO
UNITED STATES' RESPONSE TO DEFENDANT'S MOTION PURSUANT TO
FED. R. CRIM. P. 12(b)(4)(B) FOR NOTICE OF EVIDENCE AND NOTICE OF
EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this Reply to the "Response of the United States to Defendant's Motion Pursuant to Fed. R. Crim. P. 12(b)(4) (B) for Notice of Evidence and Notice of Evidence Arguably Subject to Suppression," (Doc 168), (hereinafter "Gov't Response"):

In its Response, the Government argues first that it has fully complied with the requirements of Rule 12(b)(4)(B) by advising counsel for Defendant that "the United States is not aware of any such evidence" that Defendant might move to suppress. (Gov't Response at 1.) Second, the Government argues that Defendant is not entitled to anything more, specifically that Defendant is not entitled to notice of the evidence that the Government intends to introduce in its case in chief at trial, for two reasons: that the Government has produced evidence required by this Court's Standing Order on Criminal Discovery and that to require the Government to identify the evidence it intends to offer

in its case in chief would require the Government to reveal its "trial theories, strategies, and evidence." (Gov't Response at 2.)

The Government misconstrues Defendant's request. Defendant's motion does not ask the Government to reveal its trial theories, its strategies or, as the Government also apparently claims, its list of witnesses. (Gov't Response at 2, citing *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) and *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976) for the proposition that a criminal defendant is not entitled to a list of witnesses the Government may call at trial). Instead, Defendant seeks only what the unambiguous language of Rule 12(b)(4)(B) requires: "notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."

The Government argues that by its discovery response, providing a voluminous amount of undifferentiated material, including massive amounts of documents relating to Defendant's previous indictment and trial in the Northern District of Alabama, that it has met its obligation under Rule 12(b)(4)(B). And, the Government cavalierly argues that, to the extent that its production "has been too generous," (Gov't Response at 1), Defendant's only recourse is to file a motion for continuance. (*Id.* at 1-2, citing *United States v. Jordan*, 316 F.3d 1215, 1253 (11th Cir. 2003)).

Aside from the clear language of Rule 12(b)(4)(B), the Government's Response ignores the clear statements and Scheduling Order of this Court indicating its intention to try this case on an expedited schedule, with jury selection currently scheduled for April 19, 2006 and trial to commence on May 1, 2006. (Doc 103.) The Government's Response, essentially that Defendant should sort through the massive quantity of

documents provided and attempt to guess which documents out of the hundreds of thousands of documents (if not more) the Government will actually introduce at trial, flies in the face of this Court's expressed intention to try this case at the earliest possible date.

Other courts have criticized such an approach of dumping massive quantities of undifferentiated discovery, particularly where it occurs in conjunction with Government opposition to requests for a bill of particulars, as here. *See* "United States' Response to Defendants Siegelman's, Scrushy's and Roberts's Motions for Bill of Particulars" (Doc 162.) For instance, in *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987), the Second Circuit reversed RICO and mail fraud convictions due to the trial court's denial of defendants' motion for bill of particulars. In reaching this conclusion, the Court stated:

> The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged.

*Id. See also United States v. Vasquez-Ruiz*, 136 F.Supp.2d 941, 943 (N.D. Ill. 2001) ("The defense should not be left to its own devices and a sifting of the voluminous materials that have been provided in order to divine the particulars of these critical allegations, which have not yet been disclosed." Citing *United States v. Davidoff*, 845 F.2d 1151, 1155 (2d Cir. 1988)) and *United States v. Asselin*, No. 04-30033-MAP, 2005 WL 2365326 at *2 (D. Mass. Sept. 9, 2005) ("The Government's 'open file' approach here does not eliminate Defendant's need for particularization in light of the voluminous discovery provided.... This is particularly true in cases, as here, which charge criminal offenses under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962."(citations omitted)).

Defendant is facing an expedited trial date and a massive amount of undifferentiated discovery with no meaningful way to distinguish which documents the Government intends to offer in its case-in-chief at trial. What Defendant is requesting here is not complicated, nor does it require the Government to reveal its trial strategy or work product. Nor is Defendant requesting something that the Government has not already done, or is in the process of doing, and will eventually have to do: prepare and submit to this Court a proposed Exhibit List. This Court unquestionably has the authority to order that the Government do so, both under the clear language of Rule 12(b)(4)(B), and under this Court's broad authority and discretion to manage the cases before it and promote the proper administration of justice.

As the Seventh Circuit held in analyzing the ruling of a district court in ordering the Government to provide a list of witnesses pretrial:

> However, as Judge Marshall noted, the Government fails to distinguish between the right of the defendant to demand a list of witnesses, and the authority of the court to order such disclosure under the appropriate circumstances. 18 U.S.C. 3432 and Proposed Rule 16(a)(1)(E) indicate that to give the defendant a right to demand a list of witnesses would be inconsistent with the Rules, but they do not in any manner suggest that the court does not possess the authority to order that such be disclosed. Thus, the present rule is no bar to the order entered here, and the courts that have considered the issue before us have recognized that the district court possesses, in the exercise of its inherent power to promote the proper administration of criminal justice, the authority to require the Government to disclose its list of witnesses to be called at trial.

*United States v. Jackson*, 508 F.2d 1001, 1006 (7th Cir. 1975) (citations and footnote omitted). *See also United States v. Hildebrand*, 928 F.Supp. 841, 844 ( N.D. Iowa 1996) ("There seems to be no disagreement among the federal courts that district judges have

broad discretion in managing their dockets, including trial procedure and the conduct or pace of trials." (citations omitted)).

In short, all that Defendant is requesting here is something that the Government will have to produce at some point in the immediate future: a proposed Exhibit List. In light of the fast-approaching trial date, the undifferentiated mountain of discovery, the Government's opposition to a bill of particulars, and this Court's inherent authority to control this litigation and promote the proper administration of justice, the granting of Defendant's motion is a common-sense approach to enabling the parties to meet their obligations to this Court to make every effort to comply with the expedited trial schedule that this Court has ordered.

WHEREFORE, Defendant respectfully prays that this Court enter an Order requiring the Government to specify, in a proposed Exhibit List, or other appropriated document, any evidence that the Government intends to introduce in its case-in-chief at trial, and for such other and further relief as this Court may deem just and proper.

This 6th day of March, 2006.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

James K. Jenkins
Bruce Maloy

5

Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone: 404-875-2700

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2006, I electronically filed the foregoing "Reply to Government's Response to Defendant Richard M. Scrushy's Motion Pursuant to Fed. R. Crim. P. 12(b)(4)(B) for Notice of Evidence and Notice of Evidence Arguably Subject to Suppression" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

Arthur W. Leach
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321