IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>  Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S REPLY TO
UNITED STATES' RESPONSE TO DEFENDANTS SIEGELMAN'S AND
SCRUSHY'S MOTIONS TO DISMISS COUNTS THREE AND FOUR
OF THE INDICTMENT BASED ON MULTIPLICITY**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this Reply to the "United States' Response to Defendants Siegelman's and Scrushy's Motions to Dismiss Counts Three and Four of the Indictment Based on Multiplicity," (Doc 165) (hereinafter "Gov't Response"):

In its Response, the Government makes two arguments. The first is that Counts Three and Four are not multiplicitous because they each charge an "separate and distinct offense." (Gov't Response at 1.) The Government argues that each count requires proof of a fact which the other does not, and therefore the counts meet the test of *Blockberger v. United States*, 284 U.S. 299, 304 (1932), and the counts are not multiplicitous. (Gov't Response at 2-3.) In making this argument, the Government contends that Count Three requires proof that the agent of the State (Defendant Siegelman) solicited a bribe and in doing so, he intended to be influenced in connection with State business, while Count

Four requires proof that a person (Defendant Scrushy) paid a bribe and in doing so, intended to influence the State agent. (Gov't Response at 4-5.)

While superficially appealing, the Government's argument fails to address the elephant sitting in the room: that these two charges rely on the *same act* and are being prosecuted under different subsections of the same statute, which addresses "Theft or bribery concerning programs receiving Federal funds." 18 U.S.C. § 666. The Government's novel theory of prosecution is that one defendant (Siegelman) solicited a bribe, and in soliciting the bribe was aided and abetted by the second defendant (Scrushy) who was solicited, thereby authorizing the prosecution of the second defendant for the substantive crime with which the first defendant is charged. Even assuming that one can aid and abet the solicitation of a bribe by being solicited (itself a novel concept for which the Government cites no authority), the reasoning is strained well past the breaking point when the Government creates a mirror image in Count Four, alleging that one defendant (Scrushy) bribes the second defendant (Siegelman)—the very same bribe alleged in Count Three—and that the second Defendant (Siegelman) aids and abets that bribe by accepting it, thereby authorizing the prosecution of the second defendant for the substantive crime with which the first defendant is charged.

A careful examination of the *Blockberger* opinion shows that while the Supreme Court does, indeed, speak of "the test to be applied to determine whether there are two offenses or only one is whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304. However, the prefatory language to that test, which the Government's Response apparently inadvertently overlooks, is as follows: "The applicable rule is that, where the

same act or transaction constitutes a violation of *two distinct statutory provisions…*" *Id.* (emphasis added). In *Blockberger,* the two distinct statutory offenses were: (1) the offense of selling any forbidden drugs except in the original stamped package; and (2) selling any such drugs "not in pursuance of a written order of the person to whom the person to whom the drug is sold." *Id.* at 303-304.

The other portion of the discussion in *Blockberger* is far more applicable in the instant case, where the Court distinguishes between offenses punished under the same statute. There the question of whether or not there is one offense or two offenses is determined based on the distinction between a single course of action on the one hand, and individual acts on the other hand, that to be punished separately. The Court found that successive sales of drugs may be punished separately, holding:

> The distinction stated by Mr. Wharton is that, "when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie."

*Id.* at 302 (citing Wharton's Criminal Law (11th Ed.) § 34).

It is just this distinction, and this holding, that the Eleventh Circuit relied on in *United States v. Eaves*, 877 F.2d 943, 947 (11th Cir. 1989) in concluding that two counts of a Hobbs Act indictment were multiplicitous despite the fact that they involved two payments of a bribe on two separate days, with the Court citing *Blockberger* for the proposition that in the absence of "successive impulses" there can be only one prosecution for an offense that is the product of a "single impulse." 877 F.2d at 947. In reaching this decision, the Court rejected the Government's argument that each installment of the agreed upon payment for a favorable vote contained all the elements of a Hobbs Act violation, and stating:

3

> We disagree. The crime for which the appellant was charged in Counts III and IV was one in which the impulse was single. Although Eaves accepted two payments, they were, in fact, two parts of a whole.

*Id.* In the instant case, the alleged solicitation of a bribe by one Defendant and the payment of bribe by another Defendant are "two parts of a whole," and the produce of an "impulse which was single." As a consequence, Defendant Scrushy cannot be prosecuted in two separate counts for the same transaction, a transaction which was clearly the product of a "single impulse."

The Government's Response in fact cites *Eaves* at page 3. Interestingly, the Government represents that the holding in *Eaves* is in "accord" with the holding in *United States v. Glanton*, 707 F.2d 1238, 1240 (11th Cir. 1983) in quoting the language from *Blockberger* relating to the test based on "whether each provision requires proof of a fact which the other does not." (Gov't Response at 2-3.) As demonstrated above, the Eleventh Circuit's decision in *Eaves* relies on the other holding of *Blockberger*, relating to the distinction between acts which are the product of a single impulse as opposed to successive impulses. Nowhere does the language relating to "proof of a fact which the other does not" appear in the *Eaves* decision. The Government's citation of this case is grossly misleading, and only serves to highlight the Government's failure to address the merits of the Eleventh Circuit's holding in *Eaves*, despite the fact that Defendant Scrushy's Motion to Dismiss relied on *Eaves* and quoted from the decision at some length. (Defendant's Motion at 3.)

Of equally questionable candor is the Government's reliance on a group of cases to support the following proposition found at page 7 of its Response, where the Government replies to Defendant's argument that a person cannot be charged with aiding

4

and abetting the receipt of a bribe in one offense and the payment of the same bribe in another offense. The Government tells this Court:

> Such views are patently incorrect and reveal a misunderstanding of the jurisprudence of criminal liability as a principal and as an aider and abettor. Contrary to Defendant Siegelman's contention, public officials are *often prosecuted* for soliciting or accepting bribes in one offense and for aiding the offering of that same bribe in another, different offense. Likewise, contrary to Defendant Scrushy's assertions, bribe payors *routinely* face criminal liability in one offense for aiding and abetting the public official's receipt of the bribe and criminal liability for a different offense for paying the bribe to the public official.

(Gov't Response at 7) (emphasis added).

Once again, Defendant respectfully urges this Court to carefully compare the cases cited by the Government to support this proposition and the Government's representations of the cases in their parentheticals with the actual holding in the cases themselves.

The Government first cites *United States v. Spano*, 401 F.3d 837, 838 (7th Cir. 2005) for the following parenthetical: "(noting that the jury convicted the public official of accepting a bribe under 18 U.S.C. § 666(a)(1)(B) and theft of federal funds under 18 U.S.C. § 666(a)(1)(A) and convicted the bribors of paying the bribe in violation of 18 U.S.C. § 666(a)(2) and aiding and abetting the theft in violation of 18 U.S.C. § 666(a)(1)(A))." (Gov't Response at 7.) First, there is a substantial difference between charging a defendant with paying a bribe while also charging a defendant with aiding and abetting the theft of federal funds on the one hand, and charging a defendant, as here, with paying a bribe and aiding and abetting the solicitation of the same bribe. Moreover, the *Spano* case in no way addressed the question of multiplicity: the sole issue raised in that appeal was the constitutionality of § 666 based on an argument that there was no

requirement of proof of a nexus between the federal funds and the bribery or theft. *Id.* at 839. *Spano* hardly supports the proposition the Government represents it does, and it provides no support for the argument that Counts Three and Four in the instant indictment are not multiplicitous.

The Government employs a similar technique with its citation to *United States v. Lipscomb*, 299 F.3d 303, 308 (5th Cir. 2002) for its claimed support of charging multiple offenses for the same bribes under § 666(a)(1)(B) and § 666(a)(2) under an aiding and abetting theory. (Gov't Response at 7.) While those were, indeed, the charges, according to the statement of facts, 299 F.2d at 308, that is not what the *Lipscomb* opinion was about. It, just like *Spano*, addressed the very same constitutional challenge to § 666 based on the nexus argument. *Id.* at 308-309. Nowhere in *Lipscomb* is there any discussion of the propriety of bringing multiple charges based on a single bribe, let alone any authority in support of the propriety of such charges.

The remaining cases relied on by the Government, *United States v. Barash*, 412 F.2d 26, 36-37 (2d Cir. 1969), and *United States v. Cohn*, 387 F.2d 803, 805-806 (2d Cir. 1967), are even more far afield. Both cases involved the question of whether a defendant could be prosecuted for both bribery of an IRS agent under 18 U.S.C. § 201 and also aiding and abetting the receipt of an unlawful gratuity by such an agent under 26 U.S.C. § 7214(a)(2). As the courts in both cases concluded, the charges are substantially different in character and are intended to address different types of criminal conduct. As the court in *Cohen* concluded:

> [T]he differences in findings requisite to conviction are sufficiently clear. The aiding and abetting counts, unlike the bribery counts, require proof that the Internal Revenue Agent received a fee, not prescribed by law, for the performance of his duty. The bribery counts, unlike the aiding and

>abetting counts, require proof of a specific corrupt intent to influence official action.

*Id.* at 805. *Accord Barash*, 412 F.2d at 34-35. In contrast, both charges in the instant case require the same specific corrupt intent. 18 U.S.C. §§ 666(a)(1)(B) and (a) (2).

Finally, the Government does not address Defendant's argument relating to the prejudice that Defendant will be exposed to as a result of these multiplicitous counts, both as a result of the possibility of multiple punishment for a single offense and the psychological impact that such confusing and multiple charges for the same alleged act creates in the jury. *See* Defendant's Motion to Dismiss at 3-5. As Defendant argued in that pleading, the multiple allegations as to a single act are destined, perhaps designed, to sow confusion into the jury's deliberations. *Id.* at 4-5. The Government's failure to respond to this contention is telling, both as to the merits of its contention that Counts Three and Four are not multiplicitous and the ultimate goal of the Government in drafting its allegations in such a fashion.

The transaction in question here is undeniably a single transaction. Even the Government does not dispute that simple fact. The logical, and fair, manner to proceed is to charge Defendant Scrushy with one offense under the subsection of the statute aimed at punishing those who bribe State agents, and to charge Defendant Siegelman, the State agent who allegedly solicited the bribe, with the subsection of the statute aimed at punishing that conduct. This trial should be about a fair determination of the issue at hand: was the transaction in question an illegal bribe or not? That is what the jury needs to determine, and it should be allowed to do so in an proceeding that is uncluttered by the obfuscation of the Government's creative abuse of theory of criminal liability for aiding and abetting.

WHEREFORE, Defendant respectfully prays that this Court enter an Order dismissing Counts Three and Four of the indictment without prejudice or, in the alternative, enter an Order requiring the Government to elect which Count it will proceed on and move for dismissal of the remaining Count, and for such other and further relief as this Court may deem just and proper.

This 6th day of March, 2006.

Respectfully submitted,

*/s/ Arthur W. Leach*
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone: 404-875-2700

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2006, I electronically filed the foregoing "Reply to United States' Response to Defendants Siegelman's and Scrushy's Motions to Dismiss Counts Three and Four of the Indictment Based on Multiplicity" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

*/s/ Arthur W. Leach*
Arthur W. Leach
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321