IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>Defendant. | |

### DEFENDANT RICHARD M. SCRUSHY'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANTS SIEGELMAN'S, SCRUSHY'S AND ROBERTS'S MOTIONS FOR *JAMES* HEARING AND FOR DISCLOSURE OF 801(d)(2)(E) EVIDENCE

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this Reply to the "United States' Response to Defendants Siegelman's, Scrushy's and Roberts's Motions for *James* Hearing and for Disclosure of 801(d)(2)(E) Evidence," (Doc 161) (hereinafter "Government's Response"):

In its Response, the Government deftly builds a straw man by implying that Defendant somehow argued in his motion that his Court is *required* to hold a *James* hearing, and just as deftly proceeds to, at some length, destroy that straw man. (Gov't Response at 2-6.) Nowhere in Defendant's Motion, (Doc 124), did Defendant make any such suggestion. Instead, Defendant argued that practical considerations where alleged co-conspirators have made testimonial statements pursuant to cooperation agreements, and the dangers inherent in allowing the admission of coconspirator hearsay subject to the Government's promise to "link it up" militate in favor of this Court exercising its discretion to hold a pretrial *James* hearing. (Defendant's Motion at 3-4.)

Defendant did not argue that this Court was required to hold a *James* hearing, because, as the Government repeatedly notes, there is no requirement that such a hearing be held. But, as the Government also concedes, this Court "certainly has the discretion to order a *James* pre-trial hearing." (Gov't Response at 6 (citing *United States v. Padilla-Martinez*, 762 F.2d 942, 950 (11th Cir. 1985)). For the reasons set out in Defendant's Motion at pages 2-5, Defendant respectfully submits that fundamental fairness and sound principles of case management support the decisions of many district judges who, notwithstanding the abolishment of the mandatory *James* hearing, continue to follow this practice which the Government derides as "now antiquated and unnecessary." (Gov't Response at 4.)

In support of its desire to convince this Court to forego any pretrial determination of the admissibility of coconspirator hearsay, and to allow the Government to present its entire case before the Court rules on the admission of such testimony, the Government attaches as an Appendix a listing of 51 Eleventh Circuit cases mentioning *James* hearings. (Gov't Response, Appendix A.) Nowhere in that appendix does the Government list the case of *United States v. Chandler*, 376 F.3d 1303, *modified on rehearing*, 388 F.3d 786 (11th Cir. 2004), and nowhere in its Response does the Government address Defendant's argument based on the events in that case. (Defendant's Motion at 4-5.) Perhaps the Government fails to do so because it wants this Court to take the Government's suggested approach and streamline the case by blindly admitting the coconspirator hearsay and trusting that the Government will fulfill its promise to "link it up" before Rule 29 motions are heard. (Gov't Response at 8.) While such a course may be permissible under current Eleventh Circuit authority, and will undoubtedly streamline

2

the proceedings, that does not automatically render such a practice wise, or consistent with considerations of judicial economy in the long run. Undoubtedly, the Government promised the district court in *Chandler*, that it would "link it up" before it rested. Not only did the Government fail to do so, it ultimately failed to convince the Eleventh Circuit that its indictment contained a viable allegation of a prosecutable conspiracy under the Government's version of its evidence of conspiracy. The result was a lengthy trial, followed by equally lengthy appeals, and, ultimately, the acquittal of all defendants. All of this would have been avoided had the district court held a pretrial *James* hearing at which the Government would have had to articulate its theory of conspiracy and submit sufficient proof that each defendant had joined that particular conspiracy.

Defendant respectfully submits that while a pretrial *James* hearing is not a required proceeding, it is a prudent proceeding. The instant case is the subject of far too much attention to rely on procedures to streamline the proceedings and which work in many cases, but which can result in disastrous and far-reaching consequences when they fail to perform as seamlessly as the Government promises.

WHEREFORE, for all the above and foregoing reasons, Defendant Scrushy respectfully requests this Court enter an Order encompassing the following relief:

  a. that the Court direct the Government to refrain from eliciting alleged coconspirators' statements from any Government witness without first notifying the Court and defense counsel and making a showing out of the presence of the jury that the evidence sought to be elicited is admissible;

  b. that the Court Order that the Government produce to the defense all statements it will seek to introduce under Fed. R. Evid. 801(d)(2)(E);

c. that the Court hold a pretrial hearing outside the presence of the jury to determine the admissibility of such statements, if any, against Defendant and, upon good cause shown, exclude such evidence; and

d. for such other and further relief as the Court deems proper and necessary.

This 6th day of March, 2006.

Respectfully submitted,

*/s/ Arthur W. Leach*
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321


James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of March, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Reply to United States' Response to Defendants Siegelman's, Scrushy's and Roberts's Motions for *James* Hearing and for Disclosure of 801(d)(2)(E) Evidence" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

Arthur W. Leach
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:   (205) 824-0321
E-Mail: les.moore@lvmlaw.com