IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S REPLY TO
UNITED STATES' RESPONSE TO DEFENDANTS SIEGELMAN'S, SCRUSHY'S
AND ROBERTS'S MOTIONS FOR BILL OF PARTICULARS**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this Reply to the "United States' Response to Defendants Siegelman, Scrushy's and Roberts's Motions for Bill of Particulars," (Doc 162) (hereinafter "Gov't Response):

In its response, the Government opposes *en masse* Defendant's requests for a Bill of Particulars by citing case after case containing language standing for the general proposition that criminal defendants are not entitled to use such requests as a substitute for discovery, salting its response with pejorative references to a "fishing expedition," (*id*. at 1), "under the guise of propriety," (*id*.), "attempt to use their Motions for an improper purpose." (*Id*. at 9).  In its Response, however, the Government fails to address any of the specific requests in Defendant Scrushy's motion.

Particularly noteworthy is the Government's complete failure to address Defendant Scrushy's requests for the names of the individuals that are alleged to have either aided and abetted or were co-conspirators in the offenses with which Defendant

Scrushy is charged. *See* Defendant Richard M. Scrushy's Motion for Bill of Particulars," (Doc 126) (hereinafter "Defendant's Motion"), ¶¶ 2, 7, 11, 13, 18, 24, and 26. The Government fails to even attempt to distinguish or address one of the key cases cited in Defendant's Motion in support of his right to such information, *United States v. Barrentine*, 591 F.2d at 1069, 1077 (5th Cir. 1979). (Defendant's Motion at 2.) Instead, the Government misleadingly quotes *Barrentine* at page 5 of its Response for the proposition in the following parenthetical:

> (noting the lack of a requirement that "the prosecution must reveal before trial the names of all witnesses who will testify unfavorably")(quoting *Weatherford v. Bursey*, 429 U.S. 545, 559-61 (1977)).

(Gov't Response at 5.)  Defendant respectfully submits that this Court should carefully review the language quoted by the Government from *Barrentine*, as well as the underlying holding from *Weatherford*. Such a review will demonstrate that the language from *Weatherford* specifically relates to a *Brady* claim, with the *Barrentine* Court relying on that language in its analysis of prejudice in determining whether or not the defendants there were entitled to reversal as a result of the Government's failure to comply with the trial court's order *granting* the defendants' motion for bill of particulars.

The Government's reliance on *Barrentine*, and its abject failure to address Defendant Scrushy's explicit reliance on *Barrentine* in his motion, (Defendant's Motion at 2), is even more misleading in light of the ruling of the Court in *Barrentine*,[1] of the former Fifth Circuit that indicated its "distaste for the government's conduct" in misleading the trial court as to the existence of a co-conspirator who would testify for the

---

[1] *See Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981)

2

Government and in failing to comply with the trial court's order requiring the Government to provide the names of all conspirators in response to defendants' motion for a bill of particulars. 591 F.2d at 1077. While the Court went on to find that defendants could not demonstrate sufficient prejudice to merit reversal of their convictions, the Court did hold:

> A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses. It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial.

*Id.*, citing *Will v. United States*, 389 U.S. 90, 99, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). The Government's citation of *Barrentine* not only does not stand for the proposition quoted in its Response, the same decision supports Defendant Scrushy's request that this Court Order the Government to provide a bill of particulars naming the unnamed co-conspirators and aiders and abettors referenced in the indictment.

The Government uses the same technique when it cites, in its Response at page 5, the case of *United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483264 at * 9, for the following proposition, again in a parenthetical:

> (denying the defendant's motion for a bill of particulars because the defendant was merely "seeking evidentiary information concerned with the documents and witnesses the Government might use against him.")

(Gov't Response at 5-6.) Again, Defendant Scrushy respectfully requests that this Court take the time to peruse the actual holding in the case the Government quotes from. While undersigned counsel is unable to locate the quoted language on the page cited by the Government's Response, that is not the real problem with the Governemnt's misleading citation of this authority. What the Government's Response fails to note is that the

Magistrate Judge writing the opinion was addressing a motion for a bill of particulars in the context where the "Government agree[d] that defendant is entitled to a bill of particulars to name the co-conspirators and 'aiders and abetters,...'" *Id.* at * 7.

Interestingly, the Magistrate Judge in *Scrushy* analyzed the apparent tension between the binding authority of *Barrentine*, and a panel decision of the Eleventh Circuit in *United States v. Anderson*, 799 F.2d 1438, 1422 (11th Cir. 1986). *Scrushy*, at * 8-9. The Magistrate Judge went on to conclude that:

> Nonetheless, the panel [in *Anderson*] seemed to acknowledge that *Barrentine* still speaks to the right to obtain a list of unindicted co-conspirators as a "discovery bill," something not quite a bill of particulars but something other than mere Rule 16 discovery.

*Scrushy*, at * 9, citing *Anderson*, 799 F.2d at 1441 n.5. The Magistrate Judge went on to conclude that *Barrentine* still stands for the proposition that a defendant is entitled to a bill of particulars where the identity of co-conspirators is essential to understanding the charge. *Scrushy*, at * 9. Defendant's requests in ¶¶ 2, 7, 11, 13, 18, 24, and 26 seek just such essential information, and when *Barrentine* and *Scrushy* are properly read, they support Defendant's access to such information through a bill of particulars.

The remaining argument that the Government relies on is its claim that the Government's "liberal discovery," (Gov't Response at 7-8), requires this Court to deny all requests for a bill of particulars. As set forth in Defendant's contemporaneously filed "Reply to United States' Response to Defendant's Motion Pursuant to Fed. R. Crim. P. 12(b)(4)(B) for Notice of Evidence and Notice of Evidence Arguably Subject to Suppression," the Government's argument based on its production of a massive amount of undifferentiated discovery flies in the face of this Court's clearly expressed intention to try this case on an expedited basis. As such, the Government's reliance on *United*

*States v. Jordan*, 316 F.3d 1215, 1253 (11th Cir. 2003), (Gov't Response at 8), for the proposition that Defendant does not need a bill of particulars but should instead ask for a continuance trivializes both this Defendant's right to the information necessary to defend against these charges and the Court's articulated desire for an expeditious trial. Further, as the Second Circuit held in reversing RICO and mail fraud convictions based on the denial of defendants' motion for bill of particulars:

> The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged.

*United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987). *See also United States v. Vasquez-Ruiz*, 136 F.Supp.2d 941, 943 (N.D. Ill. 2001) ("The defense should not be left to its own devices and a sifting of the voluminous materials that have been provided in order to divine the particulars of these critical allegations, which have not yet been disclosed.") (citing *United States v. Davidoff*, 845 F.2d 1151, 1155 (2d Cir. 1988)).

Defendant does agree with the Government's Response in one regard: that the granting or denial of this motion lies within the sound discretion of this Court, and that discretion is protected by a daunting standard of review on appeal. *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981). Defendant respectfully urges that this Court exercise this discretion in a fashion which provides Defendant with the information necessary to properly defend against these charges, most particularly the names of the co-conspirators and aiders and abettors which are alleged, but not identified, in the Government's indictment.

WHEREFORE, Defendant respectfully prays that this Court enter an Order requiring the Governemnt to file a written Bill of Particulars providing the information

requested in ¶¶ 1-26 of Defendant's Motion, and for such other and further relief as this Court may deem just and proper.

This 6th day of March, 2006.

                                  Respectfully submitted,

                                  /s/ Arthur W. Leach
                                  Arthur W. Leach
                                  Terry Lucas Butts
                                  Leslie V. Moore
                                  2310 Marin Drive
                                  Birmingham, Alabama 35203
                                  Phone: 205-822-4224
                                  Fax: 205-824-0321

                                  James K. Jenkins
                                  Bruce Maloy
                                  Maloy & Jenkins
                                  25th Floor
                                  75 Fourteenth Street, NW
                                  Atlanta, Georgia 30309
                                  Phone: 404-875-2700

                                  Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of March, 2006, I electronically filed the foregoing "Reply to Government's Response to Defendants Siegelman's, Scrushy's and Roberts's Motions for Bill of Particulars" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

*/s/ Arthur W. Leach*
Arthur W. Leach
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321