IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>    Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S REPLY TO
UNITED STATES' RESPONSE TO DEFENDANTS SIEGELMAN'S AND
SCRUSHY'S MOTIONS FOR ENHANCED JURY SELECTION PROCEDURES**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this Reply to the "United States' Response to Defendants Siegelman's and Scrushy's Motions for Enhanced Jury Selection Procedures," (Doc 166) (hereinafter "Gov't Response"):

On March 6, 2006, this Court has entered an Order, (Doc 191), granting in part and denying in part the motions of Defendant Scrushy, (Doc 133), and Defendant Siegelman (Doc 138). Since this Court's January 23, 2006, Scheduling Order, (Doc 103), indicated that Defendant had until March 6, 2003 to file his Reply to the Government's Response, Defendant respectfully files this Reply to renew certain requests and call to the Court's attention certain arguments, notwithstanding the fact that this Court has already ruled prior to the deadline for the filing of this Reply.

Defendant Scrushy respectfully objects to the Government's use of a legal pleading in a transparent effort to curry favor with prospective jurors ("Fortunately, the

law, the Court, and the United States do not take such an unfavorable view of prospective jurors in this District and correctly presume that prospective jurors are impartial." (Gov't Response at 2)), while at the same time suggesting that Defendants have unfairly besmirched the fairness of jurors in this District ("Defendants, however, seriously question the impartiality of the citizens of the Middle District of Alabama...," (Gov't Response at 2)). Defendant respectfully submits that this is not an appropriate or ethical response to Defendant's properly submitted, and well-documented, request that this Court be mindful of the unusual profile of this case and the very real probability that a significant number of potential jurors may, in fact, be partial as a result of prejudicial pretrial publicity and perceptions based on the outcome in Defendant Scrushy's previous jury trial.

While not hesitating to criticize Defendant for submitting evidence that there are factors that indicate that this case is atypical in certain significant aspects, the Government fails to address, let alone meet, the substantial factual showing submitted by Defendant in support of the requested relief. In fact, the Government goes so far as to assert, "Defendants provide, however, no reason in law or fact for this Court to depart from its customary practices and grant Defendants the extraordinary relief they seek." (Gov't Response at 2.) Apparently unable to counter, or even distinguish, the substantial showing contained in Defendant's Motion set out in the extensive and detailed Declaration of Edward J. Bronson, (Doc 133, Exhibit A), the Government's Response simply ignores the evidence and science set out in support of Defendant's Motion. As set out in his Curriculum Vita, (Doc 133, Attachment 1), Dr. Bronson is not only a pre-eminently qualified and widely-published scholar in matters relating to juries, he has

2

been qualified as an expert in 114 cases, including some of the most controversial and complex criminal trials in recent history (the Oklahoma bombing case, Enron, the Unabomber case, the American Taliban case). Dr. Bronson's Declaration set out his analysis of the pretrial publicity in this case in some detail. (Exhibit A at 8-13.) Dr. Bronson's Declaration also summarized a scientifically conducted survey of 300 potential jurors, which indicated, *inter alia,* that 79.9% of the potential jurors in this District are already familiar with one or both of the Defendants' cases; that of those respondents who were familiar with Defendant Scrushy's case in Birmingham, almost three times as many (39.9%) thought the jury was wrong as those who thought the jury was right (13.7%); and that 46.5% of respondents believed that Defendant Scrushy is either definitely guilty or probably guilty of the present charges. (*Id.* at 13-24.)

None of this was offered to disparage or criticize the citizens of this District. Instead, it is offered to scientifically measure and describe public opinion that exists as a result of prejudicial pretrial publicity, and which must be identified and ameliorated by appropriate jury selection procedures in order to select a fair and impartial jury in this case. In its Response the Government offers no evidence, no science, no expert opinion. Based on this, the Government asks this Court to ignore the unrebutted evidence submitted by Defendant and treat this case as nothing more that a criminal trial "for criminal offenses routinely charged in other white collar and public corruption cases in this District." (Gov't Response at 8.)

The Government argues that the best approach for voir dire in this case is to ask the jurors to subjectively assess their own impartiality. While some courts may have approved of this procedure, the Eleventh Circuit has specifically criticized such a reliance

3

in cases where prejudicial publicity has been widespread. In *Jordan v. Lippman*, 763 F.2d 1265 (11th Cir. 1985), the Court vacated the conviction of a state prisoner for mutiny and murder based on insufficient voir dire. Citing *United States v. Davis*, 583 F.2d 190, 198 (5th Cir. 1978), the Eleventh Circuit held:

> The *Davis* court recognized that where pre-trial publicity is a factor, a juror's conclusory statement of impartiality is insufficient. "[W]hen a juror is exposed to potentially prejudicial pretrial publicity, it is necessary to determine whether the juror can lay aside any impression or opinion due to the exposure. The juror is poorly placed to make a determination of his own impartiality. Instead, the trial court should make this determination."

*Jordan*, 763 F.2d at 1274.

Finally, the Government argues that "Defendants petition this Court to grant them special treatment by providing them with at least two extra peremptory challenges." (Gov't Response at 6.) Defendant Scrushy does not seek "special treatment." Rather, he seeks enhanced procedures, including additional peremptory challenges, in light of the fact that this is a multi-defendant case, and, as Dr. Bronson pointed out, (Doc 133, Exhibit A at 35-36), due to the different political identifications of Defendants Scrushy and Siegelman, there are competing interests that support the need for additional peremptory challenges.

In its March 6, 2006 Order, (Doc 191 at 3), this Court granted two additional peremptory challenges to Defendants collectively, and at the same time granted two extra peremptory challenges to the Government. Defendant respectfully submits that rather than addressing the conditions of a multi-defendant trial where two Defendants have competing and divergent interests, the Court's action effectively *reduced* Defendants' peremptory challenges relative to the Government's. Consequently, Defendant respectfully requests that this Court reconsider its ruling as to peremptory challenges and,

4

at a minimum, proportionally increase Defendants' peremptory challenges in relation to the Government's. Defendant respectfully submits that this Court could accomplish this by granting Defendants two extra peremptory challenges (for a total of 12), while maintaining the Government's challenges at six, or, in the alternative, increasing Defendants' challenges to 13 and the Government's to eight.

WHEREFORE, Defendant respectfully prays that this Court reconsider its Order of March 6, 2006, and grant the additional enhanced jury procedures requested in Defendant's initial Motion, and for such other and further relief as this Court may deem just and proper.

This 6th day of March, 2006.

Respectfully submitted,

*/s/ Arthur W. Leach*
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Reply to United States' Response to Defendants Siegelman's and Scrushy's Motions for Enhanced Jury Selection Procedures" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

Arthur W. Leach
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321