IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05cr119-MEF |
| | ) | |
| RICHARD SCRUSHY | ) | |

**ORDER**

On February 13, 2006, defendant Scrushy filed a motion pursuant to FED.R.CRIM.P. 12(b)(4)(B)[1] for notice of evidence and notice of evidence arguably subject to suppression. (Doc. # 130). The government's response was filed on February 27, 2006, (doc. # 168), and the defendant's reply was filed on March 6, 2006. (Doc. # 201). For the reasons which follow, the court concludes that the defendant's motion is due to be denied at this time.

FED.R.CRIM.P. 12(b)(4)(B) provides as follows:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(c), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

The defendant's original motion requests that the court order the government to provide notice "of any evidence that the Government intends to offer in its case in chief at trial that is discoverable under Rule 16; promptly identify any evidence that may arguably be subject to suppression, and to additionally provide the information necessary to identify

---

[1] The 2002 amendments to FED.R.CRIM.P. 12 moved the contents of ¶ 12(d) to ¶ 12(b)(4)(B). References in this order to 12(d) therefore are references to the current rule in ¶ 12(b)(4)(B).

that evidence with particular searches and seizures . . . " (Def. Scrushy's Mot. pursuant to FED. R. CRIM. P. 12(b)(4)(B), doc. # 130, at 4-5). In response, the government confirmed that it has informed the defendant that it is not aware of any such evidence. (United States Res. to Def's Mot., doc. # 168, at 1). In further response, the government argues that to the extent the defendant seeks disclosure of all evidence the government intends to offer in its case-in-chief, he is not entitled to this information. (*Id*. at 2). Defendant Scrushy responds as follows:

> The Government misconstrues Defendant's request. Defendant's motion does not ask the Government to reveal its trial theories, its strategies or, as the Government also apparently claims, its list of witnesses. . . . Instead, Defendant seeks only what the unambiguous language of Rule 12(b)(4)(B) requires: "notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."

(Def. Scrushy's Reply to United States' Res., doc. # 201, at 2) (internal citations omitted).

In further support of his request, the defendant complains that the government should not be allowed to meet its obligation by providing a "voluminous amount of undifferentiated material . . . " (*Id*.) Finally, appealing to the general, discretionary authority of the court, the defendant suggests that the court order the government to provide it an exhibit list.

FED.R.CRIM.P. 12(b)(4)(B) is not as the defendant interprets it, a general rule of discovery through which the defendant may learn of the evidence which the government will introduce during its case in chief. Rather, the rule, as a rule governing procedures for pretrial hearings and motions, by its terms is limited to FED.R.CRIM.P. 16 evidence which may be

subject to a motion to suppress and which will be introduced at trial. Indeed, the purpose of the rule is to enable the defendant to learn which evidence the government will not use at trial so the defendant can forego the necessity of an unnecessary motion to suppress. *See* Committee Comments to 1974 Amendments to Rule 12.

> As "a matter of procedure," Rule 12(d) differs from discovery rules designed to ensure fairness. *See* FED.R.CRIM.P. 12(d) advisory committee's note; *cf.* FED.R.CRIM.P. 12.1 (Notice of Alibi) advisory committee's note ("[t]he major purpose of a notice-of-alibi rule is to prevent unfair surprise"); FED.R.CRIM.P. 16 (Discovery and Inspection) advisory committee's note ("broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence"). Rule 12(d) was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial, as required by Rule 12(b)(3).

*United States v. de la Cruz-Paulino,* 61 F.3d 986, 994 (1st Cir. 1995). The rule does not require the government to give notice of the evidence it will introduce at trial unless that evidence is subject to a motion to suppress. *See United States v. Robinson,* 390 F.3d 853, 868 (6th Cir. 2004) (Rule is intended to ensure a meaningful opportunity to bring a motion to suppress).[2]

That, of course, does not address the question of whether the court should require the

---

[2] The court is well aware that some courts have interpreted the rule more expansively to require the government upon request of the defendant to provide what amounts to an exhibit list. *United States v. Anderson,* __ F.Supp.2d __, 2006 WL 456727, *5 (D.D.C. 2006); *United States v. Brock*, 863 F.Supp. 851, 868 (E.D.Wis.1994);*United States v. Kelley*, 120 F.R.D. 103, 107 (E.D.Wis.1988). The court does not agree with this expansive interpretation of FED.R.CRIM.P. 12. The foremost reason is that such an interpretation would render redundant many of the provisions of FED.R.CRIM.P. 16(a).

government to provide the defendant a list of exhibits.[3] The defendant argues that the "fast-approaching trial date, the undifferentiated mountain of discovery, the Government's opposition to a bill of particulars, and this Court's inherent authority to control this litigation and promote the proper administration of justice" warrant the granting of the defendant's request. (Def. Scrushy's Reply to United States' Res., doc. # 201, at 5). In many complex criminal case, trials approach quickly and large volumes of discovery exist. The lack of an exhibit list requirement in the Federal Rules of Criminal Procedure suggests how remarkable the defendant's request truly is in view of the government's production of evidence. *See, e.g. United States v. Pearson*, 340 F.3d 459 (7th Cir. 2003).[4]

> This portion of the rule is intended to avoid the necessity of moving to suppress evidence which the government does not intend to use . . . It is not intended to allow a defendant to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics. It is not intended as a strategic tool for defendants and was "not designed to aid the defendant in ascertaining the government's trial strategy."

*United States v. El-Silimy*, 228 F.R.D. 52, 57 (D.Me. 2005) (citations omitted).

---

[3] FED.R.CRIM.P.16(a)(1)(E) provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents ... or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."

[4] "With respect to the provision of an exhibit list, defendants admit that they received copies of the exhibits themselves, and they limit their complaint to the lack of a list of the exhibits to aid in their organization for trial. As noted earlier, Rule 16 requires the government to make certain physical objects and documents available for inspection and copying, but it is silent as to any responsibility by the government to provide an organizational guide to those materials for defendants." *United States v. Pearson*, 340 F.3d 459, 468 (7th Cir. 2003).

The defendant has not demonstrated any particularized difficulty or prejudice which may be visited upon him by applying the usual rules followed in the management of a criminal case. Moreover, as explained at the conference held on March 14, 2006, the court will require the parties to exchange exhibit lists and exhibits the parties intend to offer at a reasonable time prior to trial. These exchanges will afford the defendant sufficient time to make final preparation for trial. Accordingly, it is

ORDERED that the motion be and is hereby DENIED in so far as it seeks disclosure earlier than stated by the court during the March 14, 2006 conference.

Done this 15th day of March, 2006.

     /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE