**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>     Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S FOURTH MOTION FOR
DISCOVERY OF JURY RECORDS AND MOTION FOR IMMEDIATE
<u>COMPULSION ORDER OR ORDER TO SHOW CAUSE</u>**

COMES NOW Richard M. Scrushy, by and through his undersigned counsel of record, and pursuant to the Jury Selection and Service Act of 1968, 21 U.S.C. § 1867(f), and the Fifth and Sixth Amendments to the United States Constitution, moves this Court for entry of an Order allowing him discovery of additional records related to the selection of the grand jury that indicted Defendant and the petit jury that will be selected to try this matter and the implementation of the "United States District Court Middle District of Alabama Plan for the Random Selection of Grand and Petit Jurors" (hereinafter "M.D. Jury Plan") and further requests that this Court issue an immediate Compulsion Order or an Order to Show Cause as to why previously ordered discovery has not been produced. In support of this request, Defendant respectfully shows this Court the following:

1. On March 6, 2006, this Court entered an Order granting in part and denying in part Defendant Scrushy's Second and Third Discovery Requests. (Doc 192.)

2. That same day, pursuant to the direction of the Court, undersigned counsel James K. Jenkins and Defendant's expert, Dr. James Gundlach had a telephone conference with Clerk of Court Debra P. Hackett to discuss the details of compliance with this Court's Order on discovery. Representatives of the Government, along with the Government's expert witness also participated in the phone conference.

3. Based on this discussion, it was determined that the information described in ¶ 6 of Defendant's Second Discovery Request had been furnished as part of the *Carmichael* discovery, and therefore no further information needed to be produced regarding that request.

4. In regard to the information described in ¶ 7 of Defendant's Second Discovery Request, Ms. Hackett advised that her office could supply the Pool Selection Reports without any assistance from ACS, and would do so as quickly as possible. Ms. Hackett provided those reports on March 9, 2006. No further information is needed to be produced regarding the request in ¶ 7.

5. In regard to the information described in ¶ 8 of Defendant's Second Discovery Request, Ms. Hackett advised that the information could only be produced with the assistance of ACS, who would have to write an "sql" that the Clerk's Office could then run on their computer system to produce the requested information. As of this date, as set out more fully below, that information has not been produced to Defendant.

6. The same situation exists as to the information described in ¶ 9 of Defendant's Second Discovery Request: ACS must write an "sql" in order to permit the Clerk's Office to produce the requested information. As of this date, as set out more fully below, that information has not been produced to Defendant.

7. The same situation exists as to the information described in ¶ 10 of Defendant's Second Discovery Request: ACS must write an "sql" in order to permit the Clerk's Office to produce the requested information. As of this date, as set out more fully below, that information has not been produced to Defendant.

8. As to the information described in ¶ 11 of Defendant's Second and Third Discovery Requests, Ms. Hackett supplied the Pool Selection Reports of the pools selected from the 2005 Qualified Jury Wheel on March 9, 2006. The remaining information requested in that paragraph (the juror history files of each juror) requires an "sql" from ACS. As of this date, as set out more fully below, that information has not been produced to Defendant.

9. On March 13, 2006, during her deposition in the *Carmichael* case, Ms. Hackett testified that on Friday, March 10, 2006, as a result of her examination of the percentage of deferred jurors in three jury pools selected from the 2001 Qualified Jury Wheel, Ms. Hackett requested that ACS investigate the source of an apparent problem that was resulting in the selection of jury pools that contained approximately 24% previously deferred jurors (contrary to the limitation of 15% prescribed by ¶ 14(d)(2) of the M.D. Alabama Jury Plan) despite the fact that the jury administrators testified that they had directed the Jury Management System (JMS) to select pools that contained 10% previously deferred jurors.[1] After the completion of her deposition, Ms. Hackett advised undersigned counsel James K. Jenkins that ACS had not responded to her request for the "sqls" necessary for her office to provide the additional discovery ordered by this Court

---

[1] The transcript of Ms. Hackett's deposition has not yet been completed. As soon as it is, which will hopefully be before the end of this week, it will be filed in the *Carmichael* case and available for this Court's inspection.

3

on March 6, 2006.  Ms. Hackett also expressed concern as to whether or not ACS would be able to provide the necessary "sqls" until ACS addressed the questions she had raised on March 10, 2006.

10.  Until Defendant is furnished with the data that this Court ordered be provided in its March 6, 2006 Order, Defendant's expert is unable to proceed with his analysis relating to the issues in his jury challenge.  Until Defendant has access to Dr. Gundlach's analysis, Defendant is unable to proceed with any depositions in this case.  During the March 6, 2006, telephone conference with this Court, the Court indicated that it intended to schedule a hearing on Defendant's jury challenge beginning on April 3, 2006, and that the parties should exchange witness lists and exhibits on March 27, 2006. (Doc 194.) Unless Defendant is promptly furnished the discovery materials granted by this Court in its March 6, 2006 Order, it will be difficult, if not impossible, for Defendant to conduct the depositions authorized by this Court and to meet the Court's schedule for a hearing.

11.  Defendant respectfully suggests that the problem with the delays in complying with this Court's Order granting discovery is not within the control of the Clerk's Office; the problem clearly is the failure of ACS to provide the necessary "sqls" to the Clerk, without which the data cannot be produced.  Defendant respectfully requests that this Court issue a Compulsion Order to ACS and to the Clerk of Court to promptly provide the discovery materials set out in this Court's March 6, 2006, or to show cause why these materials have not been produced.

12.  At this time, Defendant is requesting additional information and records from the Clerk's Office. These requests are based on the legal authorities and arguments previously provided to this Court.

13. Defendant respectfully requests access to all Pool Selection Reports for all juries selected from the 2001 Qualified Jury Wheel. Defendant also requests that as to every Pool Selection Report, including each report previously furnished, that the Clerk state whether or not each pool was selected in one draw or in multiple draws. If multiple draws, Defendant requests that the Clerk advise the number of jurors in each draw and the order in which the draws occurred. Based on the examination of the previously-produced Pool Selection Reports for grand juries from that wheel, as well as the depositions of Ms. Hackett (on March 13, 2006), Jury Administrator Wanda Robinson and Jury Administrator Melissa Myers (on March 10, 2006) in the *Carmichael* case, there is evidence of a clear pattern of inclusion of more than 15% previously deferred and excused jurors in a significant number of jury pools drawn from the 2001 Qualified Jury Wheel (in violation ¶ 14(d)(ii) of the M.D. Ala. Jury Plan). Further, based on the testimony of Ms. Hackett and Ms. Myers, and the analysis of Dr. Gundlach, there appears to be evidence that the previously deferred and excused jurors are not randomly placed in order in each pool (in violation of ¶ 14(d)(iii) of the M.D. Ala. Jury Plan). The information requested in this paragraph is necessary for Dr. Gundlach to analyze both possible violations of the M.D. Ala. Jury Plan and to measure the effect of these irregularities on the racial composition of the juries drawn from the 2001 Qualified Jury Wheel.

14. Defendant is also respectfully requesting access to the files containing all requests for deferrals or excusals by any jurors summoned from the 2001 Qualified Jury Wheel and the 2005 Qualified Jury Wheel. The previously-described deposition testimony on March 10, 2006 and March 13, 2006, demonstrates that deferrals and

excusals are being granted in a fashion that Defendant believes is in violation ¶ 14(a) of the M.D. Ala. Jury Plan. If this is established, it would constitute a substantial violation of the JSSA by "essentially permitting selected jurors to opt in or opt out of a trial term at will," which introduces a "non-random element into the jury-selection process." *United States v. Clay*, 159 F.Sup.2d 1357, 1367-68 (M.D. Ala. 2001). The records requested are necessary to analyze the reasons for which deferrals or excusals are requested and granted or denied, as well as the rate at which these requests are granted or denied.

15. Defendant also requests that as to every Pool Selection Report for the 2005 Qualified Jury Wheel, that the Clerk state whether or not each pool was selected in one draw or in multiple draws. If multiple draws, Defendant requests that the Clerk advise the number of jurors in each draw and the order in which the draws occurred.

WHEREFORE, Defendant respectfully prays that this Court issue a Compulsion Order for the above requested material or an Order to Show Cause requiring the Clerk of Court and ACS to show cause why the discovery Ordered by this Court on March 6, 2006 has not yet been produced and an Order authorizing the previously described additional discovery in this case, and for such other and further relief as this Court may deem just and proper.

This 15th day of March, 2006.

Respectfully submitted,

/s/ARTHUR W. LEACH
Arthur W. Leach
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax:   205-824-0321

6

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia  30309
Phone:  404-875-2700
Fax:  404-875-7857

Attorneys for Richard M. Scrushy

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of March, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Fourth Motion for Discovery of Jury Records and Motion for Order to Show Cause" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

                                                /s/ LESLIE V. MOORE
                                                Leslie V. Moore
                                                2310 Marin Drive
                                                Birmingham, Alabama 35243
                                                Phone: (205) 822-4224
                                                Fax:    (205) 824-0321
                                                E-Mail:  les.moore@lvmlaw.com