IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | |
| v.   ) | Case No. 2:05-cr-119-MEF |
| ) | (WO) |
| DON EUGENE SIEGELMAN ) | |
| RICHARD M. SCRUSHY ) | |

## ORDER

Arguing that Counts Three and Four of the Second Superseding Indictment (hereinafter "indictment") charge them with a single offense in more than one count, Defendants Siegelman and Scrushy seek dismissal of those counts based on multiplicity (Docs. # 123 & 140) pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). "Under Fed R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should [be] developed at trial." *United States v. deVegter*, 198 F.3d 1324, 1326-27 (11th Cir. 1999). For the reasons that follow, the Court concludes that the motions to dismiss should be DENIED. Although the Defendants' arguments regarding Counts Three and Four have merit, the Court concludes that the appropriate remedy does not include dismissal of the indictment.

## DISCUSSION

Count Three of the indictment charges Siegelman and Count Four of the indictment charges Scrushy with federal funds bribery and aiding and abetting each other "in connection

with the appointment of Richard Scrushy to the CON Board,"[1] all in violation of 18 U.S.C. §§ 666(a) and 2. (Indictment ¶¶ 48-51.)

Specifically, Count Three of the indictment charges Siegelman with a violation of 18 U.S.C. § 666(a)(1)(B) which provides in pertinent part as follows:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists –
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof –
> . . .
> (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; . . .

18 U.S.C. § 666(a)(1)(B). The indictment alleges that Defendant Siegelman "being Governor of the State of Alabama, corruptly solicited, demanded, accepted, and agreed to accept $500,000 from Defendant Richard Scrushy, intending to be influenced and rewarded in connection with the appointment of defendant Richard Scrushy to the CON Board, . . . all done in violation of Title 18, United States Code, Sections 666(a)(1)(B). (Indictment ¶ 48-49.) Count Three also charges Defendant Scrushy with aiding and abetting Defendant Siegelman in violation of 18 U.S.C. § 2.

Count Four of the indictment charges that Defendant Scrushy "corruptly gave, offered,

---

[1] The State of Alabama Certificate of Need Review Board is referred to as the CON Board.

and agreed to give $500,000 " to Defendant Siegelman, to secure an appointment to the CON Board, and that Defendant Siegelman aided and abetted Defendant Scrushy. *(See* Indictment ¶ 50-51.) 18 U.S.C. § 666(a)(2) provides in pertinent part:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists –
> . . .
> (2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; . . .

18 U.S.C. § 666(a)(2).

The Defendants assert that the counts "are multiplicitous in that they charge [them] with a single offense in more than one count and expose [them] to the possibility of double punishment for commission of a single act." (Def. Scrushy's Mot. to Dismiss (Doc. # 123) ¶ 4; Def. Siegelman's Mot. to Dismiss (Doc. # 140) ¶ 4). "'Multiplicity' is the charging of a single offense in more than one count." *United States v. Langford* 946 F.2d 798, 802 (11th Cir. 1991) *See also United States v. Glanton*, 707 F.2d 1238, 1240 (11th Cir. 1983); *United States v. Sirang*, 70 F.3d 588, (11th Cir. 1995); *United States v. Bonavia,* 927 F.2d 565, 568 (11th Cir. 1991);*United States v. Howard,* 918 F.2d 1529, 1532 (11th Cir. 1990);*United States v. De La Mata*, 266 F.3d 1275, 1287-1288 n.12 (11th Cir. 2001).

Charges pursuant to 18 U.S.C. § 666(a)(1)(B) and (a)(2) "are basically two sides of the same coin (agents stealing federal funds/accepting bribes versus giving bribes to agents)"

3

*United States v. Spano*, 401 F.3d 837, 840 n.2 (7th Cir. 2005). The indictment in this particular case specifically charges Siegelman with corruptly soliciting, demanding, accepting, and agreeing to accept $500,000 from Scrushy. The indictment charges Scrushy with corruptly giving, offering, and agreeing to give Defendant Siegelman $500,000 to secure an appointment to the CON Board. Section 666(a)(1)(B) criminalizes the alleged conduct of Siegelman who is accused of accepting money to influence his decision to appoint a member to the CON Board. Section 666(a)(2) criminalizes the alleged conduct of Scrushy who is accused of offering money to Siegelman for the purpose of influencing Siegelman's decision to appoint Scrushy to the CON Board. The very nature of the specific transaction as charged in Counts Three and Four cannot occur without the criminal conduct of both Defendants. Thus, to the extent that Counts Three and Four charge each Defendant with a separate substantive violation of § 666, the Court discerns no problem. Count Three of the indictment tracks the language of 18 U.S.C. § 666(a)(1)(B) and is sufficient to charge Siegelman with a crime under that section of the statute. Count Four of the indictment tracks the language of 18 U.S.C. § 666(a)(2) and is sufficient to charge Scrushy with a crime under that section of the statute.

However, the Defendants are also charged in both counts with aiding and abetting each other in violation of 18 U.S.C. § 2. The aiding and abetting statute, 18 U.S.C. § 2,[2]

---

[2] 18 U.S.C. § 2 provides as follows:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

4

"does not establish a separate crime of aiding and abetting," but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984) (internal citation omitted). Because 18 U.S.C. § 2 does not "establish a separate crime. . . . [but] merely permits one who aids and abets the commission of a crime to be punished as a principal, . . . [a]n individual . . . may be indicted as a principal for the commission of a substantive crime and convicted upon evidence that he or she aided and abetted only." *United States v. Walser*, 3 F.3d 380, 388 (11th Cir.1993) (internal quotations and citations omitted). In this case, charging aiding and abetting is multiplicitous for the very reason that, as charged in this indictment, the Defendants' conduct is already criminalized pursuant to 18 U.S.C. § 666(a)(1)(B) or § (a)(2). The aiding and abetting charges seek to impose liability on the Defendants for acts already criminalized by the statute and charged in the indictment. In order to convict a defendant on an aiding and abetting theory, the government must prove that "the defendant (1) associated himself with the crime, (2) intended to bring it about, and (3) sought by his actions to make it succeed." *United States v. Kelly*, 888 F.2d 732, 742 (11th Cir.1989). In effect, this is at least part of what the government must prove to also establish that the defendants violated the substantive elements of § 666. Aside from the agency and federal funds elements of the crime established in § 666(a)(1)(B), the government must prove

---

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal

that the defendant knowingly accepted or agreed to accept a thing of value and intended to be influenced or rewarded in connection with the business, transactions, or series of transactions of government, in so doing acted corruptly.³ Under the unique circumstances of this case, the Court cannot say that Congress intended to allow these Defendants to be convicted of both a substantive violation of the statute and aiding and abetting because, by the very nature of the offenses as charged, the Defendants are already subject to criminal liability. Consequently, the Court concludes that the aiding and abetting charges are multiplicitous.

The Defendants argue that dismissal is proper because prosecution on both Counts Three and Four "expose [them] to the possibility of double punishment" and risk prejudicing and confusing the jury. (Def. Scrushy's Mot. to Dismiss (Doc. # 123) ¶ 4; Def. Siegelman's Mot. to Dismiss (Doc. # 140) ¶ 4). The Court recognizes the dangers inherent in a multiplicitous indictment. *See United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991) ("When the government charges a defendant in multiplicitous counts, two vices may arise. First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several offenses – not one.")

Nonetheless, the Court concludes that dismissal of the counts is both premature and

---

³ "An act is done "corruptly" if it is performed voluntarily, deliberately and dishonestly for the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by any unlawful method or means." Eleventh Circuit Pattern Jury Instructions at 181 (2003).

inappropriate.[4] First, "[a]n indictment . . . charging the same offense in more than one count is multiplicitous, but this also is not fatal and does not require dismissal of the indictment." *United States v. Smith*, 591 F.2d 1105, 1108 (5th Cir. 1979).[5] Next, there are less severe remedies available to alleviate potential prejudice to the Defendants. The court can require the United States to elect on which counts it will proceed before sending the case to the jury. *See United States v. Sue*, 586 F.2d 70, 71 (8th Cir. 1978).[6] The court can also cure any defects in the indictment by offering appropriate instructions to the jury. *Martin*, 747 F.2d at 1407. Finally, the court could permit the government to strike the aiding and abetting charges prior to the case going to the jury. Consequently, the Court will require the United States to elect an appropriate remedy at an appropriate time.

The Defendants rely on *Sue, supra*, to argue that they may suffer prejudice by "some psychological effect" by suggesting to the jury that they have "committed not one but several crimes." *See Sue*, 586 F.2d at 71. The charges in the case already suggest to the jury that the Defendants are accused of committing more than one offense. More importantly, however, the Court cannot determine whether the charges may have a psychological effect on the jury

---

[4] The Defendants acknowledge that other remedies are available to the Court in that they argue that the Court should either dismiss Counts Three and Four or require the United States to elect on which counts it will proceed. (Def. Scrushy's Mot. to Dismiss (Doc. # 123) ¶ 4; Def. Siegelman's Mot. to Dismiss (Doc. # 140) ¶ 4).

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[6] The Eleventh Circuit follows reasoning of *Sue*. *See United States v. Pierce*, 733 F.2d 1474 (11th Cir. 1984).

7

until after the nature and extent of the evidence is presented at trial. *Sue*, 586 F.2d at 72. Thus, the Defendants' motions to dismiss Counts Three and Four of the indictment are due to be DENIED.[7]

## CONCLUSION

Accordingly, it is

ORDERED that the defendants' motions to dismiss (Docs. # 123 & 140) be and are hereby DENIED.

Done this the 22nd day of March, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Of course, at trial the defendants may move for judgment of acquittal at the close of the government's case. *See* Fed. R. Crim. P. 29.