IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>    Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S FIFTH MOTION FOR
DISCOVERY OF JURY RECORDS AND MOTION FOR IMMEDIATE
COMPULSION ORDER OR ORDER TO SHOW CAUSE**

COMES NOW Richard M. Scrushy, by and through his undersigned counsel of record, and pursuant to the Jury Selection and Service Act of 1968, 21 U.S.C. § 1867(f), and the Fifth and Sixth Amendments to the United States Constitution, moves this Court for entry of an immediate Compulsion Order or an Order to Show Cause as to why previously ordered discovery has not been produced.  In support of this request, Defendant respectfully shows this Court the following:

1. In a telephone conference held on March 20, 2006 between the Chief United States Magistrate Judge and counsel for the parties in the above-captioned case, counsel was instructed to communicate directly with Clerk of Court Debra P. Hackett regarding still pending discovery requests and further directed counsel not to file any motion with the Court relating to such production unless counsel has made a good faith effort to resolve the matter with the Clerk of Court prior to filing any such motion.

2. Undersigned counsel James K. Jenkins certifies that he had made numerous attempts to resolve the situation regarding discovery requests which this Court twice has previously granted, but has been unable to do so. As a consequence, counsel is filing this Fifth Motion for Discovery of Jury Records and Motion for Immediate Compulsion Order or Order to Show Cause.

3. On February 22, 2006, Defendant filed "Defendant Richard M. Scrushy's Second Motion for Discovery of Jury Records," (Doc 147), (hereinafter "Defendant's Second Discovery Motion"). Paragraphs 8, 9, and 10 of this motion requested data relating to the mailing and processing of all jury qualification questionnaires sent out in relation to the 2005 Qualified Jury Wheel.

4. On March 6, 2006, this Court entered a written Order that granted Defendant's Second Disovery Motion as to ¶¶ 8, 9, and 10.

5. On March 13, 2006, undersigned counsel James K. Jenkins spoke with Ms. Hackett regarding the status of the previously described discovery materials. Ms. Hackett advised that she was waiting for ACS to write the necessary "sql" inquiry with which to run the data.

6. On March 15, 2006, having heard nothing further from Ms. Hackett, undersigned counsel filed "Defendant Richard M. Scrushy's Fourth Motion for Discovery and Motion for Immediate Compulsion Order or Order to Show Cause," (Doc. 242) (hereinafter "Defendant's Fourth Discovery Motion ").

7. On March 16, 2006, this Court entered an Order (Doc. 244) setting Defendant's Fourth Discovery Motion for argument on March 20, 2006 at 9:00 a.m.

8. On March 16, 2006, at 4:26 p.m., Ms. Hackett sent an e-mail to counsel for Defendants with an attachment titled "2005-questions8.txt."

9. When Defendant's expert, Dr. James H. Gundlach, examined the data that was sent in response to ¶ 8 of Defendant's Second Discovery Request during the intervening weekend, Dr. Gundlach determined that the file data appeared to indicate that there were approximately 25,000 questionnaires mailed, yet the 2005 Qualified Jury Wheel included 27,860 individuals, and only 10,211 of the 27,860 Qualified Jury Wheel members matched with the Participant Numbers on the questionnaires sent out. As a result, Dr. Gundlach concluded not only that the data provided was incomplete as to ¶ 8 of Defendant's Second Discovery Motion, but also that this created uncertainty as to the completeness of the data produced as to ¶¶ 9 and 10 of that same motion.

10. This information was provided to the Court during the telephone conference call at 9:00 a.m. on March 20, 2006. Ms. Hackett and members of her staff participated in that telephone conference. At the conclusion of the hearing, Chief United States Magistrate Judge Coody granted Defendant's Fourth Discovery Motion, and directed counsel to consult with Ms. Hackett to resolve all pending discovery requests.

11. Since that date, undersigned counsel has e-mailed and spoken with Ms. Hackett on numerous occasions in an effort to obtain the remaining discovery information authorized by this Court's Orders of March 6, 2006 and March 20, 2006. In regard to ¶¶ 8, 9, and 10 of Defendant's Second Discovery Motion, in a telephone conversation on March 24, 2006, Ms. Hackett advised undersigned counsel James K. Jenkins that she was in contact with ACS (the computer company in Vancouver, British Columbia), which had run the query for on their system and had gotten different

information than what was produced to Defendant on March 16, 2006. Ms. Hackett advised she would contact undersigned counsel James K. Jenkins on Monday, March 27, 2006 to report on the status of the response. On March 25, 2006, undersigned counsel e-mailed Ms. Hackett to reiterate the need for prompt access to the data in light of the March 29, 2006 deadline for Dr. Gundlach's written Report.

12. On Monday, March 27, 2006, having heard nothing, undersigned counsel James K. Jenkins e-mailed Ms. Hackett at 2:20 p.m. Montgomery time. At 3:35 p.m., Ms. Hackett responded by e-mail:

> As soon as ACS gets the needed sql to us – then you will get it as soon as Cornelius can run the program. I have talked with them several times previously since the motion was filed requesting this information and several times today. They have been working on this. I am very well aware of the motions that have been filed and the Judge's orders that have been filed. I, however, am not the one that can produce this evidence but must rely on a third party to produce this. They have given us an sql that did not provide all the data as you pointed out in the telephone conference. They have been working on this since that phone conference and hope to have something in the morning.

13. On March 28, 2006, Ms. Hackett called undersigned counsel James K. Jenkins and Assistant United States Attorney J. B. Perrine. Ms. Hackett advised that she had spoken with ACS representative Steve Andrews and learned that the sql that ACS wrote provided data as to the approximately 25,000 jury questionnaires that were mailed out in September of 2005. Ms. Hackett advised that she and ACS had determined that records regarding the approximately 40,000 questionnaires that were sent out in March of 2005 to build the 2005 Qualified Jury Wheel had not been retained on the Jury Management System (JMS) computer located in the Clerk's Office in Montgomery. They did not know why or how this occurred. Ms. Hackett advised that the only record as to the 40,000 questionnaires was a copy of the file that was sent to the third party

4

private contractor which was hired to mail out the questionnaires.  As of the date of that phone call, Ms. Hackett advised that ACS was trying to find a way to "take that file and load it back into the system."   Ms. Hackett indicated that as soon as that was done, she would provide the data to undersigned counsel.

14.  On March 29, 2006, in compliance with this Court's scheduling Order, (Doc 246), counsel served the Government with Dr. Gundlach's Report.  The Report describes the portions of Dr. Gundlach's analysis that remain uncompleted due to the lack of access to the previously described data.

15.  As of the close of business on Friday, March 31, 2006, the Clerk had not produced the data required by this Court's Orders on March 6, 2006 and March 20, 2006.

16. This Court has set the hearing on Defendants' motions challenging the jury selection system for April 10, 2006. (Doc. 246.)  Jury selection in Defendants' case is scheduled for April 19, 2006. (Doc. 103.)

WHEREFORE, Defendant respectfully prays that this Court issue an immediate Compulsion Order or  Order to Show Cause requiring the Clerk of Court and ACS to show cause why the discovery Ordered by this Court on March 6, 2006  has not yet been produced, and for such other and further relief as this Court may deem just and proper.

This 2nd day of April, 2006.

Respectfully submitted,

_/s/_ ARTHUR W. LEACH_
Arthur W. Leach
Leslie V. Moore
Terry Lucas Butts
2310 Marin Drive
Birmingham, Alabama 35203
Phone:  205-822-4224
Fax:  205-824-0321


James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia  30309
Phone:  404-875-2700
Fax:  404-875-7857

Frederick G. Helmsing
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
P.O. Box  2767
Mobile, AL 36652
Phone: 251-432-5521
Fax: 251-432-0633
e-mail: fgh@helsinglaw.com


Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Fifth Motion for Discovery of Jury Records and Motion for Immediate Compulsion Order or Order to Show Cause" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

    /s/ LESLIE V. MOORE
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail: les.moore@lvmlaw.com