IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>    Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION IN LIMINE
TO PROHIBIT THE GOVERNMENT'S MISUSE OF THE
WORD "LAUNDERING" AT TRIAL**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this "Motion in Limine to Prohibit the Government's Misuse of the Word 'Laundering' at Trial" as follows:

Defendant Scrushy is charged in this case with bribery (Counts Three and Four), conspiracy (Count Five), and mail fraud (Counts Six through Nine). He is not charged with money laundering, nor does the second superseding indictment allege any facts that could be construed as money laundering. Indeed, the charges in the second superseding indictment stand in stark contrast to the original indictment, in which Defendant Scrushy was charged with conspiracy to commit money laundering. (Doc. 3 at ¶ 9.) Nonetheless, the Government has repeatedly used this term in connection with Defendant Scrushy in a thinly veiled attempt to taint the Defendant. The Government should be prohibited from doing so before the jury.

The indictment alleges that Defendant Scrushy made "two disguised and concealed" payments to Defendant Siegelman.  (Doc. 61 at ¶¶ 19(a), 55(a), 59(a).)  Defendant Scrushy expects that at trial the Government will argue that Defendant Scrushy caused one contribution to Defendant Siegelman to be drawn on a third-party's account (that of Integrated Health Services, Inc.) because Defendant Scrushy was attempting to conceal the alleged bribery.[1]  What the evidence will not, and indeed cannot show, is that the check involved the proceeds of "specified unlawful activity," a necessary condition for a charge of money laundering.  Nor, according to the Government, is there any evidence that Defendant Scrushy knew what Defendant Siegelman did with the checks once Defendant Siegelman received them.  *See* Transcript of January 20, 2006 Status Conference at 24-25.

Despite that there is absolutely no evidence that Defendant Scrushy "laundered" money, the Government repeatedly uses that phrase in reference to the check from Integrated Health Services, Inc., in conversations regarding the check as well as in court documents and hearings.  Acting U.S. Attorney Louis V. Franklin, Sr., used the phrase in his affidavit of February 27, 2006 (Doc. 160, Ex. A ¶ 5.)  The Government used the term again during testimony before this Court on March 14, 2006.

Money laundering is a legal term that has a very specific meaning under 18 U.S.C. § 1956, as do its constituent terms.  *See, e.g., United States v. Anderson*, 391 F.2d 970, 975-76 (9th Cir. 2004) ("financial transaction" is a term of art); *United States v. Lee*, 248 F.3d 449, 468 (5th Cir. 2001) ("specified unlawful activity" is a term of art).

---

[1] Given that the second political contribution was drawn directly on HealthSouth's bank account, Defendant Scrushy has no idea how the Government intends to prove a second "concealed" payment.

2

Moreover, it has become associated in the minds of the public with drug dealers and the mob. To use the term to describe activity that is not money laundering would suggest to the jury that the Government has some evidence that the jury does not have and that Defendant Scrushy is "even worse" than the jury knows. As such, its use would be highly inflammatory and prejudicial.

The Eleventh Circuit Court of Appeals and the former Fifth Circuit Court of Appeals long have condemned similar inflammatory comments or testimony regarding inadmissible or non-existent evidence. In *United States v. Eirin*, 778 F.2d 722 (11th Cir. 1985), the defendant was charged with money laundering, and the prosecutor sought to convey to the jury that the source of the funds was drug sales, with no basis in evidence for this conclusion. The Eleventh Circuit responded to this attempt in no uncertain terms:

> Straying from what is charged to get to other matters more prejudicial will be condemned, convictions will be reversed, and where appropriate, disciplinary action will be recommended.

*Id.* at 734; *accord United States v. Baker*, 432 F.3d 1189, 1230 (11th Cir. 2005) (inflammatory testimony regarding inadmissible evidence was reversible error); *United States v. Pariente*, 558 F.2d 1186, 1190 (5th Cir. 1977) (reversible error for prosecutor to suggest evidence exists that is not in the record); *Hall v. United States*, 419 F.2d 582 (5th Cir. 1969) (error where prosecutor's inflammatory remarks were not supported by the evidence).

When money laundering is not charged, as it is not against Defendant Scrushy, it is the appropriate for the Court to issue an order instructing the parties not to mention the issue or use the word laundering with respect to Defendant Scrushy. *See United States v. Cole*, 755 F.2d 748, 769 (11th Cir. 1985).

WHEREFORE, Defendant Scrushy respectfully prays that this Court direct the Government not to suggest or intimate in any way that Defendant Scrushy "laundered" money or had any connection with money laundering.

This 3rd day of April, 2006.

.

                    Respectfully submitted,


                    /s/ Arthur W. Leach
                    Arthur W. Leach
                    Terry Lucas Butts
                    Leslie V. Moore
                    2310 Marin Drive
                    Birmingham, Alabama 35203
                    Phone:  205-822-4224
                    Fax:  205-824-0321

                    James K. Jenkins
                    Bruce Maloy
                    Maloy & Jenkins
                    25th Floor
                    75 Fourteenth Street, NW
                    Atlanta, Georgia 30309
                    Phone:  404-875-2700
                    Fax:  404-875-7857

                    Frederick Helmsing
                    Patrick Finnegan
                    Helmsing, Leach, Herlong, Newman &
                    Rouse, P.C.
                    P.O. Box 2767
                    Mobile, AL 36652
                    Phone:  251-432-5521
                    Fax:  251-432-0633

                    Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion In Limine to Prohibit the Government's Misuse of the Word 'Laundering' at Trial" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321