IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD M. SCRUSHY,<br>    Defendant. | Case No. 2:05cr119-MEF |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION IN LIMINE REGARDING
DEFENDANT SIEGELMAN'S OTHER ALLEGED ILLEGAL ACTS**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this "Motion in Limine Regarding Defendant Siegelman's Other Alleged Illegal Acts" as follows:

Defendant Scrushy is charged in this case with federal program bribery and aiding and abetting the same (Counts Three and Four), conspiracy (Count Five), and honest services mail fraud (Counts Six through Nine).  Each of these counts is based on one limited transaction:  Defendant Scrushy's assistance in securing political contribution of $500,000 to Defendant Siegelman.  For each of them, the Government must prove that Defendant Scrushy had the specific intent to commit the offense alleged, that is, that Defendant Scrushy intended something more than a political contribution and instead expected a *quid pro quo*.  *See United States v. Paradies*, 98 F.3d 1266, 1289 (11th Cir. 1996) (18 U.S.C. § 666 requires a *quid pro quo*); *United States v. Hasner*, 340 F.3d 1261, 1269 (11th Cir. 2003) (honest services mail fraud requires specific intent to defraud); *United States v. Simmons*, 725 F.2d 641, 642-43 (11th Cir. 1984) (conviction for

conspiracy requires at least the degree of criminal intent necessary for the underlying offense). With respect to Defendant Scrushy, it is his intent and his alone that matters to the jury. Defendant Scrushy made this point in his motion to sever when he argued that, in a trial of him alone, none of the evidence of Defendant Siegelman's other alleged illegal acts would be admissible, and that, even in a joint trial of Defendants Scrushy and Siegelman on these seven counts, the evidence of Defendant Siegelman's other alleged illegal acts would come in only against Defendant Siegelman, if at all. (Doc. 69 at 25-27.)

In its response to the motion to sever, and again at oral argument on the motion, the Government argued that Defendant Siegelman's other alleged illegal acts, of which Defendant Scrushy had no knowledge whatsoever, by the Government's own admission,[1] would be admissible against Defendant Scrushy to prove *Defendant Siegelman's* intent. (Doc. 86 at 20 n.4; Tr. at 41.) Because this argument has no basis in law or fact, Defendant Scrushy files this motion in limine to prevent the Government from using evidence of Defendant Siegelman's other alleged illegal acts against Defendant Scrushy and to request that the Court carefully instruct the jury that such evidence may not be used against Defendant Scrushy any time such evidence is admitted against Defendant Siegelman.

The Federal Rules of Evidence provide that evidence is "relevant" if it has a "tendency to make the existence of fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that Defendant Siegelman allegedly solicited or received bribes from people

---

[1] Transcript of January 20, 2006 Status Conference at 24 (hereinafter, "Tr.").

2

other than Defendant Scrushy does not tend to make any of the facts that the Government must prove regarding Defendant Scrushy any more or less probable, because there is no evidence connecting the other alleged bribes with Defendant Scrushy. Absent any awareness on his part that these other alleged bribes were occurring, they could have had no effect on Defendant Scrushy.

Because the only intent Defendant Scrushy has "put into play," Tr. at 41, is his own, evidence of Defendant Siegelman's intent has no relevance to Defendant Scrushy. For that reason, Siegelman's alleged other bribes are not admissible as to Defendant Scrushy pursuant to Fed. Rule of Evid. 402.

Nor does the evidence tend to show any common plan between Defendant Siegelman and Defendant Scrushy. *See United States v. Vasquez*, 903 F.2d 1400, 1403-04 (11th Cir. 1990) (threats by co-conspirator admissible against defendant where they tended to show that defendant had joined the conspiracy). Defendant Siegelman's other acts are separate and apart from any that occurred within the discreet conspiracy charged in Count Five. While those alleged other acts may tend to show that Defendant Siegelman acted similarly in each of the transactions, Defendant Scrushy is not charged in the larger conspiracy, and the Government has acknowledged that he had no knowledge of the larger conspiracy.

Assuming for the sake of argument that the other alleged bribes have some tangential relevance to Defendant Scrushy, they must be excluded under Rule 403 because their probative value is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Moreover, although Rule 404(b) does not specifically apply to exclude acts committed by someone

3

other than the defendant, its exceptions "should be considered in weighing the balance between the relevancy of this evidence and its prejudice under Rule 403." *United States v. Morano*, 697 F.2d 923, 926 (11th Cir. 1983).  Here, the other alleged bribes tend to show at best that Defendant Siegelman had the intent to accept a bribe.  But the focus on Defendant Siegelman's intent confuses the issue to the jury, which, when considering the charges against Defendant Scrushy, must focus solely on Defendant Scrushy's intent in making the contribution.

More importantly, the introduction of the alleged other acts against Defendant Scrushy taints him by association.  The jury can conclude Defendant Scrushy must have had criminal intent because he associated with criminals, the exact propensity rationale that Rule 404(b) was designed to prevent.  This spillover prejudice is precisely what Defendant Scrushy was attempting to prevent in his motion to sever.  Defendant Scrushy's entire defense is that he acted without criminal intent, and substantial prejudice would inure if the Government was allowed to negate the Defendant's good faith with someone else's bad character.  *See, e.g., United States v. Marshall*, 173 F.3d 1312, 1317 (11th Cir. 1999) (admission of prejudicial other acts evidence, which tended to establish guilt by association, not harmless error); *United States v. Labarbera*, 581 F.2d 107, 109 (5th Cir. 1978) (reversing conviction where Government attempted to taint defendant with "guilt by association").  This undue prejudice substantially outweighs the minimal, or non-existent, probative value of Defendant Siegelman's alleged other acts.

4

WHEREFORE, Defendant Scrushy respectfully prays that this Court prohibit the Government from using Defendant Siegelman's other alleged illegal acts against Defendant Scrushy, either as evidence or in argument.

This 3rd day of April, 2006.

.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

Frederick Helmsing
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
P.O. Box 2767
Mobile, AL 36652
Phone: 251-432-5521
Fax: 251-432-0633

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion In Limine Regarding Defendant Siegelman's Alleged Other Illegal Acts" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321