**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**


UNITED STATES OF AMERICA,


v.                                              Case No. 2:05cr119-MEF


RICHARD M. SCRUSHY,
      Defendant.


**DEFENDANT RICHARD M. SCRUSHY'S MOTION IN LIMINE
TO PROHIBIT ANY REFERENCE TO MATTERS CONCERNING THE EARLIER
CRIMINAL CASE AGAINST HIM IN THE NORTHERN DISTRICT OF ALABAMA**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and respectfully moves this Court to preclude the Government from presenting argument or evidence concerning, or otherwise mentioning, the unrelated criminal case brought against him in the United States District Court for the Northern District of Alabama (the "Northern District Case"), which case concluded last year with a jury verdict acquitting Mr. Scrushy on all counts against him. In support of this request, Defendant states the following:

**INTRODUCTION**

As the Court is well aware, Mr. Scrushy was previously the subject of a high-profile criminal investigation and trial in the Northern District of Alabama. The charges against him in that case centered on his supposed involvement in a scheme to defraud investors in HealthSouth Corporation by publicly misrepresenting the financial condition of the company. The jury rejected those charges and found Mr. Scrushy not guilty on all counts.

There has been much public second-guessing of that verdict, including by representatives of the United States Government, which has created an atmosphere around the present case that

is, to say the least, extremely hostile towards Mr. Scrushy.  Understandably, Mr. Scrushy is greatly concerned that the Government may try to exploit this by seeking ways to suggest improperly and incorrectly to the jury that, notwithstanding Mr. Scrushy's acquittal, he was actually guilty as charged in the Northern District Case and, thus, the jury should punish him even if, as Mr. Scrushy predicts, the Government cannot back up the completely unrelated allegations leveled against him here.  Mr. Scrushy's concern is not in the least bit fanciful, it is fueled by real and troubling developments in this case, most importantly, the Government's production to Defendants of *thousands of documents* from the Northern District Case that have no relevance whatsoever to the charges at issue here.  The Government has not indicated the purported relevance of any of this material (there is none).  Exactly the opposite, the Government has candidly admitted that most of it is <u>not</u> relevant for any purpose at all and that none of it is admissible as "bad prior act" evidence.

The Court should not countenance an improper effort by the Government to retry the Northern District Case in this Court and any attempt by the Government to do so should be nipped in the bud.  The evidence from the earlier criminal case is not admissible because it is irrelevant.  Moreover, that evidence would have to be excluded even if were relevant because the high likelihood that it would unfairly prejudice Mr. Scrushy, and confuse and mislead the jury, would far outweigh any probative value it could conceivably have.

In light of the foregoing, Mr. Scrushy respectfully submits that the Court should order the Government not to offer evidence or argument concerning the Northern District Case during the trial of this matter.

## ARGUMENT

The legal rules relevant here are elementary.  Federal Rule of Evidence ("FRE") 401 describes "relevant evidence" as "evidence having any tendency to make the existence of any fact

that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 402 provides, in part that "[e]vidence which is not relevant is not admissible." Under FRE 403, even relevant evidence can be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Not only is evidence from the Northern District Case irrelevant to this action, it is highly prejudicial to Mr. Scrushy and would confuse the issues and mislead the jury in a manner that would be very damaging to his defense here.

The charges against Mr. Scrushy in this case are exceedingly narrow. Although the Second Superceding Indictment attempts to package the allegations against him as seven separate counts, the Government's case boils down to a claim that he tried to "buy" a seat on the Certificate of Need Review Board by orchestrating the payment of $500,000, in two $250,000 installments, to former Governor Don Siegelman for the benefit of the Alabama Education Lottery Foundation. Nevertheless, the Government has shoe-horned Mr. Scrushy, who has never held public office, into a public corruption case involving several other defendants, all of whom are former government officials, and a plethora of alleged schemes having nothing in the world to do with him. Concerned about the prejudicial spill-over effect he will suffer when the jury inevitably struggles to separate the Government's case against him from the much larger volume of evidence and argument concerning others, Mr. Scrushy moved for a separate trial, but the Court denied that motion, leaving him vulnerable to unfair prejudice and jury confusion.

It now appears that the Government wants to add immeasurably to that prejudice and confusion by subjecting Mr. Scrushy to yet another layer of irrelevant evidence and argument, this time relating to the Northern District Case. Among the materials provided by the Government to the Defendants in this case is a hard drive containing images of thousands of documents relating to the Northern District Case, which the Government gathered from the

United States Attorney's Office in Birmingham.  Discussing these documents at the November 16, 2005 status conference, the Government stated:  "So what is on the USB hard drive is what we believe <u>may or may not be relevant</u> to the case, but <u>some of that is not even relevant</u>." (Transcript of Nov. 16, 2006 Status Conference ("Tr.") at 15 (emphasis added).)    The Government also announced that a "warehouse full" of additional documents from the Northern District Case that were not included on the hard drive are available for inspection by the defendants at the office of the United States Attorney for the Northern District.  *Id.* at 10-11, 13. The Government stated that "we don't currently believe that the material that remains in Birmingham is relevant to the presentation that the government will make in this case." *Id*. at 15. In the intervening months, the Government has not revised this assessment.

In short, then, the Government has produced or made available for inspection an enormous volume of material from the Northern District Case, saying only that some unidentified portion of it "may" be relevant here, while conceding that much of it clearly is not.  In fact, <u>none</u> of the evidence from the earlier case is probative of any issue in this action because that case involved completely different facts, charges and legal theories.  Not once in the course of that extraordinarily protracted action was there a single mention of the payments to former Governor Siegelman or any other facts relevant to the charges against Mr. Scrushy in this case.

A review of a representative sample of the documents from the Northern District Case confirms that they have no connection at all to the proceeding at hand.  Attached to this motion at EXHIBIT A are three forms filled out by agents of the Federal Bureau of Investigation who executed a search warrant at the offices of HealthSouth Corporation in March 2003.  Each form identifies certain of the documents seized, specifically:

> ➢ "DOCUMENTS ON PAYROLL AND STOCK INFO";
>
> ➢ "ANNUAL/QUARTERLY FINANCIAL REPORTS, B OF D STATEMENTS, SEC BOOKS, SARBANES-OXLEY BOOK"; and
>
> ➢ "1) WHITE BINDER LABELED 'SOURCE RAD'
>    2) WHITE BINDER LABELED 'MCD-BUSINESS
>       MODEL REFINEMENT.'"

(EXHIBIT A, Forms FD-192, dated April 9, 2003.)  The documents described in these forms are among those the Government produced and, plainly, none have any relevance to the conduct charged in this case.

Not surprisingly, given Mr. Scrushy's acquittal on all counts in the prior criminal case, the Government does not contend that any of the material from the Northern District Case constitutes admissible evidence of "prior bad acts" by Mr. Scrushy under Federal Rule of Evidence 404(b). Indeed, at the November 16th status conference, the Government stated candidly that it was not aware of any FRE 404(b) evidence at all.  (Tr. at 16-17.)

All of the foregoing makes clear that the evidence from the Northern District Case is not relevant under FRE 401 and is not admissible under Rule 402.  As such, the Government should be precluded from admitting testimony, documents or other evidence from the earlier case, and from mentioning the case at all at trial, be it in opening statements, argument or otherwise.  *See, e.g.*, *United States v. Adams*, 74 F.3d 1093, 1097 (11th Cir. 1996) (stating concisely the well-settled rule that "during opening statements prosecutors should avoid referring to evidence that is even of questionable admissibility).  Moreover, even if any of the evidence from the Northern District Case were relevant, it would be barred under FRE 403 because its probative value would be greatly outweighed by the clear danger that it would unfairly prejudice Mr. Scrushy, confuse the issues and mislead the jury.  As the former Fifth Circuit succinctly explained:

> One of the dangers inherent in the admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged but for the extrinsic offense. <u>This danger is particularly great where . . . the extrinsic activity was not the subject of a conviction</u>; the jury may feel the defendant should be punished for that activity even if he is not guilty of the offense charged.

*United States v. Beechum,* 582 F.2d 898, 914 (5th Cir. 1978) (en banc) (citations omitted) (emphasis added).  Clearly, that heightened danger of prejudice is present here where the jury in the Northern District Case acquitted Mr. Scrushy on all counts against him.

WHEREFORE, Defendant Richard Scrushy respectfully moves this Court to enter an Order prohibiting the Government from offering argument or evidence concerning, or otherwise mentioning, matters relating to the criminal case in which he was acquitted in the United States District Court for the Northern District of Alabama.

This 3rd day of April, 2006.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone:  205-822-4224
Fax:  205-824-0321

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax:  404-875-7857

Frederick G. Helmsing (HELMF6416)
Helmsing, Leach, Herlong, Newman &
Rouse, P.C.
P.O. Box 2767
Mobile, AL 36652
Phone:  251-432-5521
Fax:  251-432-0633
e-mail: fgh@helmsinglaw.com

Attorneys for Richard M. Scrushy

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion In Limine To Prohibit Any Reference To Matters Concerning The Earlier Criminal Case Against Him In The Northern District Of Alabama" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321