# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

UNITED STATES OF AMERICA,

v.                                                              Case No. 2:05cr119-MEF

RICHARD M. SCRUSHY,
     Defendant.

## DEFENDANT RICHARD M. SCRUSHY'S
## PROPOSED REQUESTS TO CHARGE

COMES NOW Defendant Richard M. Scrushy, by and through undersigned

counsel, and respectfully requests this Court to give the following jury instructions.

Respectfully submitted,


/s/Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone:  205-822-4224
Fax:  205-824-0321

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone:  404-875-2700
Fax:  404-875-7857

Frederick G. Helmsing (HELMF6416)
Helmsing, Leach, Herlong, Newman &
Rouse, P.C.
P.O. Box 2767, Mobile, AL 36652
Phone:  251-432-5521
Fax:  251-432-0633
e-mail: fgh@helmsinglaw.com

Attorneys for Richard M. Scrushy

<u>DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.</u>

<u>Court's Instructions to the Jury</u>

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendants guilty of the crimes charged in the indictment.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. (2003).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Basic Instruction 2.2
Duty to Follow Instructions
Presumption of Innocence
(When Any Defendant Does Not Testify)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The Indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 2.2 (2003).

<u>DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.     </u>

Basic Instruction 3
<u>Definition of Reasonable Doubt</u>

While the Government's burden of proof is a strict and heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

A reasonable doubt is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 3 (2003).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Basic Instruction 4.2
Consideration of the Evidence, Direct and Circumstantial
Arguments of Counsel, Comments by the Court

As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 4.2 (2003).

<u>DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.    </u>

Basic Instruction 5
<u>Credibility of Witnesses</u>

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 5 (2003).

<u>DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.    </u>

Basic Instruction 6.1
<u>Impeachment – Inconsistent Statement</u>

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 6.1 (2003).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. ____

Accomplice – Plea Agreement – Immunity

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case, the Government called as some of its witnesses people with whom the Government has entered into plea agreements providing for the possibility of a lesser sentence than the witnesses otherwise would be exposed to or to whom the Government has made other promises, such as not to prosecute them at all or not to prosecute a family member or not to seek forfeiture of their property. Such plea bargaining and promises by the Government has been approved as lawful and proper and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make false statements because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful while testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has pleaded guilty to the crimes similar to those charged in the Indictment is not evidence, in and of itself, of the guilt of any other person.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Special Instr. 1.1, 1.2 (2003).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Basic Instruction 6.7
Reputation Concerning Truthfulness

There has been evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have an unfavorable opinion of the truthfulness of the witness.

You may consider those matters also in deciding whether to believe or disbelieve such a witness.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 6.7 (2003).

10

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Basic Instruction 7
Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept the opinion. As with any other witness, you must decide whether to rely on the witness's testimony.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 7 (2003).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. \_\_\_

Special Instruction 4
Similar Acts Evidence
(Rule 404(b), Fed. R. Evid.)

During the course of the trial, as you know from instructions I gave you then, you heard evidence of acts of a Defendant which may be similar to those charged in the Indictment, but which were committed on other occasions. You must not consider any of this evidence against any other Defendant. You also must not consider any of this evidence in deciding whether that particular Defendant committed the acts charged in the Indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant against whom the evidence was admitted did commit the acts charged in the Indictment, then you may consider evidence of similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged in the Indictment.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Special Instr. 4 (2003).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.

Basic Instruction 8
Introduction to Offense Instructions in Conspiracy Cases

At this time, I will explain the Indictment, which charges a total of 34 separate offenses called counts.  Not every defendant is charged in each count.  I will not read the Indictment to you at length because you will be given a copy for reference during your deliberations.

Count One charges that Defendants Siegleman and Hamrick knowingly and intentionally conspired together to violate Title 18, United States Code, Section 1962(c), that is, they conspired to conduct and participate in the affairs of the Executive Department of the State of Alabama through a pattern of racketeering activity.  Count Two charges the commission of what is referred to as a substantive offense, namely that the Defendants Siegleman and Hamrick knowingly and intentionally did conduct and participate in the affairs of the Executive Department of the State of Alabama through a pattern of racketeering activity.  I will explain the laws governing that substantive offense in a moment.

First, however, as to Count One, you will note that the Defendants Siegleman and Hamrick are not charged in that Count with committing a substantive offense; rather, they are charged with having conspired to do so.  Second, as to Counts One and Two, you will note that neither Defendant Scrushy nor Defendant Roberts is charged in either Count.

Count Five charges a separate and distinct conspiracy.  It charges that Defendants Siegleman and Scrushy knowingly and intentionally conspired together to violate Title 18, United States Code, Sections 1341 and 1346, that is, that they conspired to defraud and deprive the State of Alabama of the honest services of Defendant Siegleman while he

was governor of the State of Alabama and of Defendant Scrushy while he was a member of the Alabama Certificate of Need Review Board or "CON Board."  This is the only conspiracy with which Defendant Scrushy is charged.  Counts Six through Nine charge the commission of substantive offenses, namely that Defendant Siegleman and Scrushy used the mail to execute the alleged scheme to defraud and deprive the State of Alabama of the honest services just discussed.

Note that in Count Five, Defendants Siegleman and Scrushy are not charged with committing a substantive offense; they are charged with conspiring to do so.  Neither Defendant Hamrick nor Defendant Roberts is charged with participating in this conspiracy.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 8 (2003), as modified to fit the facts of this case.

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.

Modified Offense Instruction 13.1
Conspiracy to Commit Honest Services Mail Fraud
18 U.S.C. §§ 371, 1341, 1346

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense, it is not necessary for the Government to prove that all of the people named in the Indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the Indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself followed by the commission of any overt act, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence must show beyond a reasonable doubt is:

First:    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Third:    That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

15

Fourth:     That such overt act was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

The Indictment charges several different conspiracies, and it is important to consider each one separately. Count Five in particular charges, and the Government must prove, that Defendants Siegleman and Scrushy conspired among themselves and with others, known and unknown, for the charged unlawful purpose or "object" of devising a scheme and artifice to defraud and deprive the State of Alabama of Defendant Siegelman's honest services as Governor of the State of Alabama and of Defendant Scrushy's honest services as a member of the CON Board.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy. To find either of the Defendants guilty of the conspiracy charge, you must find beyond a reasonable doubt that one of them committed at least one of the overt acts charged. You must be unanimous as to which act was committed by whom.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that persons may have associated with each other, and may have assembled together and

discussed common aims and interests, does not, standing alone, establish proof of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Offense Instr. 13.1 (2003); *United States v. Ballard*, 663 F.2d 534, 544 (5th Cir. 1981) (jurors must agree on overt act for unanimous verdict).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Offense Instruction 13.3
Multiple Conspiracies
18 U.S.C. § 371

You are further instructed, with regard to the alleged conspiracy offenses, that proof of several separate conspiracies is not proof of the individual conspiracy charged in Count Five unless one of the several conspiracies proved is the actual conspiracy charged in that count.

What you must do is determine whether the conspiracy charged in Count Five existed. If you find that no such conspiracy existed, then you must acquit the Defendants of that charge, even if you find that some other conspiracy existed. If you find that the particular conspiracy charged in Count Five did exist, you must then determine who the members of that conspiracy were. If you find that a particular Defendant was not a member of that conspiracy, or if you find that a particular Defendant was a member of some other conspiracy, but not the one charged in Count Five, then you must acquit the Defendant.

In other words, to find a Defendant guilty, you must unanimously find that such Defendant was a member of the specific conspiracy charged in that particular count and not a member of some other conspiracy.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Offense Instr. 13.3 (2003).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Offense Instruction 24
Bribery Concerning Program Receiving Federal Funds
18 U.S.C. § 666(a)(1)(B)

Title 18 of the United States Code, Section 666(a)(1)(B), makes it a Federal crime or offense for anyone who is an agent of an organization, local government, or local government agency receiving significant benefits under a Federal assistance program, corruptly to accept (or agree to accept) anything of value from any person with the intent to be influenced or rewarded in connection with certain transactions of such organization, government, or agency.   Count Three of the Indictment charges that Defendant Siegleman, aided and abetted by Defendant Scrushy, violated this statute.

Defendant Siegleman can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

| | |
|---|---|
| First: | That Defendant Siegleman was an agent of the State of Alabama, as charged; |
| Second: | That during the one-year period from approximately July 19, 1999 to May 23, 2000, the State of Alabama received benefits in excess of $10,000 under a Federal program involving some form of Federal Assistance; |
| Third: | That during such one-year period Defendant Siegleman solicited and demanded for the benefit of any person and knowingly accepted and agreed to accept anything of value, that is, $500,000 from Defendant Scrushy, as charged; |
| Fourth: | That by such acceptance or agreement, Defendant Siegleman intended to be rewarded in connection with the appointment of Defendant Scrushy to the CON Board, which appointment involved something of value of $5,000 or more; and |

19

Fifth:          That in so doing, Defendant Siegleman acted
                corruptly.

Defendant Scrushy can be found guilty of this offense only if the Government

proves beyond a reasonable doubt all of the above facts *and* proves beyond a reasonable

doubt that Defendant Scrushy knowingly and intentionally aided and abetted Defendant

Siegleman in the commission of this offense.  I will explain "aiding and abetting" in more

detail in a few minutes.

An act is done "corruptly" if it is performed voluntarily, deliberately and

dishonestly for the purpose either of accomplishing an unlawful end or result or of

accomplishing some otherwise lawful end or result, by an unlawful method or means.  It

is not sufficient that a Defendant solicit money from another.  Rather, in order to commit

a crime, he must do so as part of an agreement that he will perform a specific act as a

reward for that money.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Offense Instr. 24 (2003);
*See United States v. Paradies*, 98 F.3d 1266, 1289 (11th Cir. 1996) (18 U.S.C. § 666
requires a *quid pro quo*); *United States v. Barfield*, 447 F.2d 85, 89 (5th Cir. 1971)
(government must establish beyond a reasonable doubt that the underlying offense was
committed before defendant can be convicted of aiding and abetting its commission).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.

Special Instruction 7
Aiding and Abetting (Agency), 18 U.S.C. § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons, in a joint effort.

So, if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others, it is necessary that the Defendant willfully associate in some way with the crime and willfully participate in it. Mere presence at the scene of a crime, mere association with someone who is committing a crime, or even knowledge that a crime is being committed is not sufficient to establish that a Defendant aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Special Instr. 7 (2003).

<u>DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.</u>

Bribery Concerning Program Receiving Federal Funds
<u>18 U.S.C. § 666(a)(2)</u>

Title 18 of the United States Code, Section 666(a)(2), makes it a Federal crime or offense for anyone to corruptly give, offer, or agree to give anything of value to any person with the intent to influence or reward a person who is an agent of an organization, local government, or local government agency receiving significant benefits under a Federal assistance program, in connection with certain transactions of such organization, government, or agency. Count Four of the Indictment charges that Defendant Scrushy, aided and abetted by Defendant Siegleman, violated this statute.

Defendant Scrushy can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:        That Defendant Siegleman was an agent of the State of Alabama, as charged;

<u>Second</u>:        That during the one-year period from approximately July 19, 1999 to May 23, 2000, the State of Alabama received benefits in excess of $10,000 under a Federal program involving some form of Federal Assistance;

<u>Third</u>:        That during such one-year period Defendant Scrushy gave, offered, or agreed to offer anything of value, that is, $500,000, to Defendant Siegleman, as charged;

<u>Fourth</u>:        That by such offer or agreement, Defendant Scrushy intended to influence or reward Defendant Siegleman in connection with the appointment of Defendant Scrushy to the CON Board, which appointment involved something of value of $5,000 or more; and

<u>Fifth</u>:        That in so doing, Defendant Scrushy acted corruptly.

Defendant Siegleman can be found guilty of this offense only if the Government proves beyond a reasonable doubt all of the above facts *and* proves beyond a reasonable doubt that Defendant Siegleman knowingly and intentionally aided and abetted Defendant Scrushy in the commission of this offense.

An act is done "corruptly" if it is performed voluntarily, deliberately and dishonestly for the purpose either of accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or result, by an unlawful method or means. It is not sufficient that a Defendant offer money to another. It is not illegal to make a political contribution to a government official in the hope that the official will take a particular action. A Defendant does not commit a crime by giving something of value to a government official unless the Defendant and official agree that the official will take specific action in exchange for the thing of value.

Based on *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Offense Instr. 24 (2003); *see United States v. Paradies*, 98 F.3d 1266, 1289 (11th Cir. 1996) (18 U.S.C. § 666 requires a *quid pro quo*); *United States v. Barfield*, 447 F.2d 85, 89 (5th Cir. 1971) (government must establish beyond a reasonable doubt that the underlying offense was committed before defendant can be convicted of aiding and abetting its commission).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.

Offense Instruction 50.2
Mail Fraud, Depriving Another
Of Intangible Right of Honest Services
18 U.S.C. §§ 2, 1341 and 1346

Title 18, United States Code, Sections 1341 and 1346, make it a Federal crime or offense for anyone to use the United States mails or to transmit something by private or commercial interstate carrier in carrying out a scheme to fraudulently deprive another of an intangible right of honest services.  Counts Six through Nine of the Indictment charge that Defendant Siegleman and Defendant Scrushy committed, or aided and abetted, such an offense on four separate occasions.

Defendant Scrushy can be found guilty of these offenses as a principal only if all of the following facts are proven beyond a reasonable doubt as to each Count charged in the Indictment.

First:    That the Defendant knowingly devised or participated in a scheme to fraudulently deprive the State of Alabama of the intangible right of honest services by giving HealthSouth official membership on the CON Board, as charged;

Second:    That the Defendant did so willfully with an intent to defraud; and

Third:    That the Defendant used the United States Postal Service by mailing or causing to be mailed or a private or commercial interstate carrier by depositing or causing to be deposited with such carrier some matter or thing for the purpose of executing the scheme to defraud, as charged.

To find that Defendant Scrushy aided and abetted a principal in this offense, you must find that the Government has proved beyond a reasonable doubt all of the above

facts *and* has proved beyond a reasonable doubt that the Defendant knowingly and intentionally aided and abetted a principal in the commission of the offense.

A "private or commercial interstate carrier" includes any business engaged in the transmission, transportation or delivery of messages or other articles in interstate commerce, that is, from any place in one state to any place in another state. If a message or other article is deposited with such a carrier, it need not be proved that the message or article thereafter moved in interstate commerce from one state to another.

In this case, the Indictment alleges that a Defendant used or caused the use of either the United States mail or a private or commercial interstate carrier. Although a finding of the use of either suffices, you must unanimously agree, beyond a reasonable doubt, as to which method of delivery was used in order to find a Defendant guilty of the offense.

The word "scheme" includes any plan or course of action intended to deceive or cheat someone; and to act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

To deprive another of "the intangible right of honest services" means to violate, or to cause a public official to violate, the public official's duty to provide honest services to the public. Public officials and employees inherently owe a duty to the public to act in the public's best interest. If, instead, the official acts or makes his decisions based on the official's own personal interests – such as because he has received a bribe to make this particular decision – the official has defrauded the public of the official's honest services even though the public agency involved may not suffer any monetary loss in the

transaction. If the public official makes the same decision based on his good faith belief that the decision is in the public's best interest, the official has not defrauded the public of his honest services, even if he has received campaign contributions from someone affected by the decision.

It is not necessary that the Government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme; or that the material mailed or deposited with an interstate carrier was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mail or the interstate carrier was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant did the actual mailing or depositing.

What must be proved beyond a reasonable doubt is that the Defendant, with the specific intent to defraud the State of Alabama, knowingly devised, intended to devise, or participated in the scheme to defraud alleged in the Indictment; and that the use of the United States mail or the interstate carrier was closely related to the scheme because the Defendant either mailed or deposited something or caused it to be mailed or deposited in an attempt to execute or carry out the scheme.

To "cause" the mails or an interstate carrier to be used is to an act with knowledge that the use of the mails or the interstate carrier will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the mails or an interstate carrier in furtherance of a scheme to defraud constitutes a separate offense.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Offense Instr. 50.2 (2003); *United States v. Ballard*, 663 F.2d 534, 544 (5th Cir. 1981) (jurors must agree on overt act for unanimous verdict); *United States v. Barfield*, 447 F.2d 85, 89 (5th Cir. 1971)

(government must prove underlying offense beyond a reasonable doubt to prove aiding and abetting).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. ____

Basic Instruction 9.1
On or About – Knowingly – Willfully

You will note that the Indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the Indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 9.1 (2003).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Special Instruction 12
Character Evidence

Defendant Scrushy has offered evidence of his traits of character, and such evidence may give rise to a reasonable doubt. Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crimes charged. Evidence of good character by itself may give rise to a reasonable doubt.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Special Instr. 12 (2003);
*United States v. Callahan*, 588 F.2d 1078, 1084-85 (5th Cir. 1979).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Special Instruction 17
Good Faith Defense to Charge of Intent to Act Corruptly or to Defraud

Good faith is a complete defense to the charges in the Indictment since good faith on the part of Defendant Scrushy is inconsistent with an intent to act corruptly or with an intent to defraud or willfulness, which are essential parts of the charges against him.  The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything.  The Government must establish beyond a reasonable doubt that the Defendant acted with specific intent to act corruptly as charged in Counts Three and Four and with specific intent to defraud in as charged in Counts Five through Nine.

One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with fraudulent intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or was careless does not establish fraudulent intent.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Special Instr. 17 (2003), as modified to fit the facts of this case.

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.    

Defendant Scrushy's Theory of Defense

There has been evidence in this case that the political contributions that Defendant Scrushy caused to be made to Defendant Siegleman were simply that: political contributions as a gesture of general good will. There also has been evidence that Defendant Scrushy had been appointed to the CON Board by governors other than Defendant Siegleman and that Defendant Scrushy and other employees of HealthSouth routinely recused themselves from voting on matters before the Board that affected HealthSouth. Finally, there has been evidence that the CON Board did not treat HealthSouth any differently than other petitioners before it.

If, in fact, you find that Defendant Scrushy made or caused to be made political contributions without the specific intent to influence or reward the appointment of Defendant Scrushy or other HealthSouth employees to the CON Board, then the Government has not proven beyond a reasonable doubt that Defendant Scrushy acted corruptly in offering the contributions to Defendant Siegleman, and you must find Defendant Scrushy not guilty of Counts Three and Four of the Indictment. Similarly, if you find that Defendant Scrushy made or caused to be made political contributions without the specific intent to influence or reward the appointment of Defendant Scrushy or other HealthSouth employees to the CON Board, then the Government has not proven beyond a reasonable doubt that Defendant Scrushy possessed the requisite intent to defraud the State of Alabama of honest services, and you must find Defendant Scrushy not guilty of Counts Five through Nine of the Indictment.

*See United States v. Paradies*, 98 F.3d 1266, 1289 (11th Cir. 1996) (18 U.S.C. § 666 requires a *quid pro quo*); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1169 (11th Cir. 1997) (decisions made in the public's best interests do not defraud the public of honest services).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Basic Instruction 10.4
Caution – Punishment
(Multiple Defendants – Multiple Counts)

A separate crime or offense is charged against one or more of the Defendants in each count of the Indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offenses or any other Defendant.

I caution you, members of the jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offenses alleged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted, the matter of punishment is for the Judge alone to determine later.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 10.4 (2003).

DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO. _____

Basic Instruction 11
Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because others think differently or merely to get the case over with.

Remember that, in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 11 (2003).

<u>DEFENDANT SCRUSHY'S PROPOSED JURY INSTRUCTION NO.    </u>

Basic Instruction 12
<u>Verdict</u>

When you go to the jury room, you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict.]

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date, and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases)*, Basic Instr. 12 (2003).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April, 2006, I electronically filed the foregoing "Defendant Scrushy's Proposed Requests to Charge" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone:  205-822-4224
Fax:  205-824-0321