IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>   Defendant. | |

DESIGNATION OF TRANSCRIPT EXCERPTS
DEPOSITION OF DEBRA HACKETT
**MARCH 10, 2006**

1.  Ms. Hackett's involvement in the jury administration, including supervision and training of jury administrator, in relation to Issues 2, 3, 4, 5, 6, 7, and 9 of Dr. Gundlach's March 27, 2006 Report ("Gundlach Report"):
    a. page 10 line 23 to page 14 line 3;
    b. page 15 line 4 to page 17 line 18;
    c. page 22 line 4 to page 22 line 8.

2.  Ms. Hackett's training on the jury system, in relation to Issues 2, 3, 4, 5, 6, 7, 8, and 9 of Gundlach Report:
    a. page 14 line 4 to page page 15 line 3;
    b. page 22 line 4 to page 22 line 11;
    c. page 24 line 14 to page 25 line 3.

3.  Difference between an excuse and a deferral, in relation to Issues 3, 4, 5, 6, and 7 of Gundlach Report:
    a. page 17 line 19 to page 22 line 3.

4.  Training of jury administrators, in relation to Issues 2, 3, 4, 5, 6, 7, 8, and 9 of Gundlach Report:
    a. page 22 line 12 to page 23 line 13;
    b. page 27 line 19 to page 29 line 17;
    c. page 92 line 10 to page 92 line 18.

5.  Processing of deferrals, in relation to Issues 2, 3, 4, 5, 6, 7, and 8 of Gundlach Report:

      a.  page 26 line 12 to page 27 line 18;

6.     Knowledge of *Clay* case and changes made in response to it, in relation to Issues 2, 3, 4, 5, 6, 7, and 8 of Gundlach Report:
      a.  page 30 line 7 to  page 42 line 15;
      b.  page 142 line 6 to page 143 line 10.

7.     Date of installation of JMS system, in relation to Issues 2, 3, 4, 6, 7, 8, and 9 of Gundlach Report:
      a.  page 42 line 16 to page 43 line 14.

8.     Actions taken to ensure that JMS system complied with Jury Plan, including her investigation of problems with compliance discovered as a result of the Carmichael case and her findings of that investigation, in relation to Issues 2, 3, 4, 5, 6, 7, 8, and 9 of Gundlach Report:
      a.  page 43 line 15 to page 48 line 15;
      b.  page 55 line 3 to page 61 line 23;
      c.  page 63 line 1 to page 75 line 8;
      d.  page 78 line 4 to page 79 line 11.

9.     Ms. Hackett's understanding of the policies of the Jury Plan, in relation to Issues 2, 3, 4, 5, 6, 7, 8, and 9  of Gundlach Report:
      a.  page 48 line 20 to page 55 line 2;
      b. page 75 line 9 to page 76 line 13.

10.    ACS investigation into excess deferred jurors in the pools, in relation to Issues 2, 3, 4, 6, and 7 of Gundlach Report:
      a.  page 62 line 1 to page 62 line 23.

11.    Scattering of jurors in pools, in relation to Issues 4, 6, and 7 of Gundlach Report:
      a.  page 79 line 12 to page 85 line 14.

12.    The layout of the JMS system and manual, in relation to Issues 2, 3, 6, and 7 of Gundlach Report:
      a.  page 88 line 11 to page 91 line 8.

13.    Updates to the JMS system, in relation to Issues 2, 3, 4, 6, and 7 of Gundlach Report:
      a.  page 91 line 9 to page 94 line 4.

14.    Role of ACS, a Canadian company, vis a vis JMS system, including communications with and role of Steve Andrews of ACS, in relation to Issues 2, 3, 4, 6, and 7 of Gundlach Report:
      a.  page 92 line 19 to to page 97 line 3.

15.    Role of Cornelius White vis a vis JMS, in relation to Issues 2, 3, 4, 6, and 7 of Gundlach Report:
      a.  page 97 line 4 to page 97 line 16.

16.     Process of and involvement in creating the master wheel from voter registration records, including contents of voter registration records, in relation to Issues 1, 2, 7, and 9 of Gundlach Report:
    a.  page 98 line 4 to page 109 line 19.

17.     Process of and involvement in creating the qualified wheel, including handling of disqualifications, in relation to Issues 2, 3, and 7 of Gundlach Report:
    a.  page 109 line 20 to page 119 line 19;
    b.  page 125 line 9 to page 127 line 3.

18.     Discussion of supplementing qualified wheel over the life of the wheel and need for supplementation, in relation to Issues 2, 3, 5, 6, and 7 of Gundlach Report:
    a.  page 119 line 20 to page 125 line 5;
    b.  page 219 line 22 to page 220 line 14.

19.     Ms. Hackett's knowledge of process of creating jury pools and involvement in creating pools, in relation to Issues 2, 3, 4, 6, 7, and 8 of Gundlach Report:
    a.  page 127 line 6 to page 134 line 17.

20.     Ms. Hackett's familiarity with JMS system, in relation to Issues 2, 3, 4, 6, 7, and 8 of Gundlach Report:
    a.  page 133 line 18 to page 134 line 3.

21.     Handling of requests for deferral and excuse, liberal granting of requests, and racial impact of deferrals, and interpretation of "extreme hardship or inconvenience" standard for granting deferrals in plan, in relation to Issues 2, 3, 4, 5, 6, and 7 of Gundlach Report:
    a.  page 134 line 18 to page 168 line 7.

22.     Practices regarding tracking previously granted deferrals and limiting number of deferrals and admission that liberal deferral policy allows jurors to opt in and out of jury service, in relation to Issues 2, 3, 4, 5, 6, and 7 of Gundlach Report:
    a.  page 168 line 8 to page 174 line 3.

23.     How JMS processes deferred/excused jurors and allows user to add them to pools, in relation to Issues 2, 3, 4, 5, 6, and 7 of Gundlach Report:
    a.  page 174 line 4 to page 187 line 12.

24.     How jurors are cut from pool selection reports due to reduced needs of the court, in relation to Issues 3, 6, 7, and 8 of Gundlach Report:
    a.  page 191 line 9 to page 193 line 22.

25.     Information contained on JS-12 and sources for information, in relation to Issues 1, 2, 7, and 9 of Gundlach Report:
    a.  page 194 line 16 to page 205 line 4.

26.   Ms. Hackett's understanding of absolute disparity and racial impact of adding deferred jurors to pools selected from qualified wheel, in relation to Issues 1, 2, 3, 4, 5, 6, and 7 of Gundlach Report:
    a.   page 205 line 5 to page 210 line 2.

27.   Changing composition of qualified wheel, in relation to Issues 2, 3, 5, 6, and 7 of Gundlach Report:
    a.   page 208 line 11 to page 209 line 13.

28.   Handling of undeliverable questionnaires and actions to reduce undeliverables and non-respondents, in relation to Issues 2, and 9 of Gundlach Report:
    a.   page 211 line 2 to page 217 line 15.


This 9th day of April, 2006.


Respectfully submitted,

/s/ Leslie V. Moore
Leslie V. Moore
Arthur W. Leach
2310 Marin Drive
Birmingham, Alabama 35203
Phone:  205-822-4224
Fax:  205-824-0321


James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia  30309
Phone:  404-875-2700
Fax:  404-875-7857

Attorneys for Richard M. Scrushy

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April, 2006, I electronically filed the foregoing "Designation of Transcript Excerpts Deposition of Debra Hackett March 10, 2006" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail:  les.moore@lvmlaw.com