IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>     Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S APPEAL FROM THE
MAGISTRATE JUDGE'S ORDER OF MARCH 15, 2006, DENYING
DEFENDANT'S MOTION PURSUANT TO FED. R. CRIM. P. 12(b)(4)(B)**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this "Appeal from the Magistrate Judge's Order of February 13, 2006, Denying Defendant's Motion Pursuant to Fed. R. Crim. P. 12(b)(4)," as follows:

On February 13, 2006, Defendant Scrushy moved the magistrate judge for entry of an Order pursuant to Fed. R. Crim. P. 12(b)(4)(B) requiring the Government to provide Defendant, as soon as practicable, notice of any evidence that it intends to offer in its case-in-chief and that Defendant may be entitled to discover under Rule 16, as well as any evidence that is arguably subject to suppression, so that the Defendant may have an opportunity to file appropriate motions to suppress such evidence. Doc. 130. The Defendant was forced to make this motion because the Government has provided a massive volume of discovery, much of it patently not relevant, but has provided nothing that in any way aids Defendant's task of isolating the evidence the Government intends to introduce at trial or even the evidence the Government finds relevant.

On March 15, 2006, the magistrate judge denied the motion, resting its decision largely on the Government's assertion that it was unaware of any evidence arguably subject to suppression. (Doc. 241, hereinafter "Order.") According to the magistrate judge, Fed. R. Crim. P. 12(b)(4)(B) is, by its terms, limited only to evidence that is subject to a motion to suppress. Order at 2-3. The magistrate judge then declined to exercise his discretionary authority to order the Government to produce an exhibit list or other list of the evidence it intends to use in its case-in-chief at trial. *Id*. at 4-5. Because this order is clearly erroneous and contrary to law, Defendant Scrushy appeals. *See* 28 U.S.C. § 636(b)(1)(A).

## ARGUMENT AND LEGAL AUTHORITIES

Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure provides:

> **At the Defendant's Request.** At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress the evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

The Government claims that it has complied with this rule by stating that it is unaware of any evidence subject to suppression and by providing thousands and thousands of pages of documents to the Defendant. The Government's actions are simply insufficient.

Rule 12(b)(4)(B) requires more than the simple dumping of hundreds of thousands of documents upon a defendant. As the First Circuit held in *United States v. de la Cruz-Paulino*, 61 F.3d 986 (1st Cir. 1995):

> "To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) [now, Rule 12(b)(4)(B)] creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial." *United States v. Brock,* 863 F.Supp. 851, 868 (E.D.Wis.1994). Providing open-file discovery does not

2

> satisfy Rule 12(d)(2) because "the defendant is still 'left in the dark' as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial." *United States v. Kelley,* 120 F.R.D. 103, 107 (E.D.Wis.1988).

*Id*. at 993; *accord United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated staged.").

In the instant case, the volume of discovery, the closeness of the trial date, and the need to promptly litigate all necessary motions to suppress before trial all support the need for complete and expeditious compliance with Rule 12(b)(4)(B) as to identifying the evidence the Government intends to offer in its case-in-chief. Failure to require the Government to specify what evidence it intends to use could lead to delay and mid-trial continuances to litigate what should be litigated in advance. *See Paulino*, 61 F.3d at 994-95 (we think that a district court would not abuse its discretion by granting the defendant a continuance, rather than allowing the government effectively to sandbag the defendant by introducing previously undesignated evidence). In a trial of this size and complexity, such mid-trial delays would significantly complicate matters.

If the Court finds that the Government has met its obligations under Rule 12(b)(4)(B), then it nonetheless should exercise its broad discretion to control discovery and direct the Government to specify the evidence it intends to use in its case-in-chief. *See United States v. Jackson*, 508 F.2d 1001, 1006 (7th Cir. 1975) ("the district court possesses, in the exercise of its inherent power to promote the proper administration of criminal justice, the authority to require the Government to disclose its list of witnesses to be called at trial"). As the Court is well aware, this complicated case is proceeding to trial

3

on a very tight schedule. Delaying or stopping the trial to litigate the admission of evidence would work to everyone's detriment. The only way that can be avoided, however, is for the Government to tell the Defendant what evidence it intends to use – before the trial begins.

The Defendant's request is not onerous and does not require the Government to do anything other than what it already has done or will be doing shortly: deciding what evidence it will use in its case-in-chief. Other district courts have found that the better course in cases with a large volume of documents is to have the Government provide the defendant with a list of the documents it intends to use, rather than requiring defense counsel to read thousands of pages and simply guess what the Government considers relevant. *See, e.g., United States v. Anderson*, ___ F.Supp.2d ___, 2006 WL 456727, *5 (D.D.C. 2006); *United States v. Brock*, 863 F.Supp. 851, 868 (E.D.Wis. 1994); *United States v. Kelley*, 120 F.R.D. 103, 107 (E.D.Wis. 1988); *United States v. Turkish*, 458 F.Supp. 874, 882 (S.D.N.Y. 1978), *aff'd*, 623 F.2d 769 (2d Cir. 1980).

Nor would an order directing the Government to specify what evidence it intends to use unduly hamper the Government in its prosecution of the case. As the court noted in *United States v. Poindexter*, 727 F.Supp. 1470 (D.D.C. 1989):

> While the government's case or strategy may change in advance of trial or even during trial, there is no reason why it cannot be more specific as to which documents it currently intends to use, and there are many reasons, grounded in fairness to the defendant, the protection of his rights, and not least Rule 16(a)(1)(C), why it should be.

*Id*. at 1484. The court then directed the Government to identify with greater specificity the documents that it intended to use, with the caveat that the notification would not prevent the Government from "later introducing other documents from these materials *on a limited scale*." *Id.* (emphasis added); *accord Turkish*, 458 F.Supp. at 882 (directing the

4

Government to identify the documents it intended to use at trial and imposing an ongoing obligation should the list change).

The Defendant is not asking the Government to reveal its trial theories or strategies. The Defendant is requesting only what the Government will have to produce in any event at some point in the immediate future: a proposed exhibit list or similar document. In light of the fast-approaching trial date, the undifferentiated mountain of discovery, the Government's opposition to a bill of particulars, and this Court's inherent authority to control this litigation and promote the proper administration of justice, the granting of defendant's motion is the best way to enable the parties to meet their obligations to this Court to comply with the expedited trial schedule that this Court has ordered. Because the magistrate judge's ruling was contrary to the law, this Court should reverse the decision and direct the Government to specify the evidence it intends to use in its case-in-chief.

WHEREFORE, Defendant Scrushy respectfully prays that this Court reverse the magistrate judge and enter an Order requiring the Government to specify, in a proposed exhibit list, or other appropriate document, any evidence that the Government intends to use in its case-in-chief at trial, and for such other and further relief as this Court may deem just and proper.

This 10th day of April, 2006.

.

                            Respectfully submitted,

                            /s/ Arthur W. Leach
                            Arthur W. Leach
                            Terry Lucas Butts
                            Leslie V. Moore
                            2310 Marin Drive
                            Birmingham, Alabama 35243
                            Phone:  205-822-4224
                            Fax:  205-824-0321

                            James K. Jenkins
                            Bruce Maloy
                            Maloy & Jenkins
                            25th Floor
                            75 Fourteenth Street, NW
                            Atlanta, Georgia 30309
                            Phone:  404-875-2700
                            Fax:  404-875-7857

                            Frederick Helmsing
                            Helmsing, Leach, Herlong, Newman &
                            Rouse, P.C.
                            P.O. Box 2767
                            Mobile, AL 36652
                            Phone:  251-432-5521
                            Fax:  251-432-0633

                            Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Appeal from the Magistrate Judge's Order of February 13, 2006, Denying Defendant's Motion Pursuant to Fed. R. Crim. P. 12(b)(4)" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone:  205-822-4224
Fax:  205-824-0321