IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | CR. NO. 2:05-cr-119-MEF |
| ) | |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

**UNITED STATES' RESPONSE TO DEFENDANTS SCRUSHY'S
MOTION IN LIMINE TO PROHIBIT THE GOVERNMENT'S
MISUSE OF THE WORD "LAUNDERING" AT TRIAL**

Comes now the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and in response to Defendant Scrushy's motion in limine to prohibit the government's misuse of the word "laundering" during trial, would show the following:

1. Defendant Scrushy filed a motion seeking to prohibit the government's use of the word "laundering" when referring to financial transactions through which he caused two checks, each in the amount of $250,000, to be deposited in business accounts maintained by the Alabama Education Foundation. These transactions resulted in a total payment of $500,000 to Defendant Siegelman, and are a key element of the bribery charges against Defendant Scrushy in Counts 3 and 4 of the Second Superseding Indictment. (Doc. # 61 at ¶¶ 48-51.) Additional background regarding the transactions has been provided to the Court in previous filings in this case. (see Doc # 73, 87, & 160)

2. The Second Superseding Indictment charges that Defendant Siegelman violated the federal money laundering provision at 18 U.S.C. § 1956(a)(1)(B)(i) on two separate occasions by causing the proceeds of the bribe solicited from Defendant Scrushy to be deposited into business accounts maintained by the Alabama Education Foundation, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, i.e. bribery, and that while conducting and

attempting to conduct such financial transactions, Defendant Siegelman knew that the property involved in the financial transactions represented the proceeds of bribery, a specified unlawful activity, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i). (Doc. # 61 at ¶¶ 23-24.)

3. Defendant Scrushy contends that the government's use of "laundering" in reference to these disguised and concealed payments to Defendant Siegelman would result in the jury's association of his name with an offense with which he is not charged, i.e. money laundering.

4. The United States intends to present evidence regarding the origins of the aforementioned bribe payments made by Defendant Scrushy, as well as his efforts to conceal and disguise the nature and source of the same. These bribe payments were deposited into the Alabama Education Foundation account by Defendant Siegelman who knew that the property involved in the financial transactions represented the proceeds of bribery, a specified unlawful activity, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i).

5. Defendant Scrushy's concern that he will be tainted by the money laundering charges against Defendant Siegelman were previously raised, and addressed by the Court in previous motions. In its Memorandum Opinion and Order denying severance, this Court stated its presumption that the jury would be able to clearly discern the evidence admissible against Defendant Scrushy, and his respective co-defendants. (Doc. #115 at 13, finding that the "charges against each Defendant contain discreet, factually distinct and relatively uncomplicated offenses.") Defendant Scrushy's concerns of being "tainted" by the use of the term "laundering" is also minimized given the Court's finding of "relative little potential for jury confusion resulting from evidentiary 'spill-over' or 'guilt by association.'" Id. (quoting United States v. Bryan, 843 F.2d 1339, 1341 (11th Cir. 1988)).

6. Finally, Defendant Scrushy's concern of "taint" has also been minimized by this Court's willingness to "ameliorate any possible prejudice by giving contemporaneous cautionary instructions" as required during trial.Id.

Wherefore, for the reasons stated above, the United States should be permitted to use the word "launder" when presenting evidence of Defendant Siegelman's role in financial transactions which were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, i.e. bribery, and Defendant Scrushy's motion should be denied.

Respectfully submitted this the 10th day of April, 2006

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| ) | |
| vs.       ) | CR. NO. 2:05-cr-119-MEF |
| ) | |
| DON EUGENE SIEGELMAN,       ) | |
| PAUL MICHAEL HAMRICK,       ) | |
| GARY MACK ROBERTS, and       ) | |
| RICHARD M. SCRUSHY.       ) | |

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        Respectfully submitted,

        LOUIS V. FRANKLIN, SR.
        ACTING UNITED STATES ATTORNEY

        /s/ Louis V. Franklin, Sr.
        LOUIS V. FRANKLIN, SR.
        Acting United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        louis.franklin@usdoj.gov