IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN ) | |
| PAUL MICHAEL HAMRICK ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT
ROBERTS'S MOTION IN LIMINE TO BAR STATEMENTS OF
CO-DEFENDANTS, CO-CONSPIRATORS, AND ACCOMPLICES**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Response to Defendant Gary Mack Roberts's Motion in Limine to Bar Co-defendants, Co-conspirators, and Accomplices' Statements (hereinafter, the "Motion"). Roberts's request should be denied. On its face, the Motion is a vague and overbroad request to limit the introduction of "any" co-conspirator's statements.[1] Moreover, the Motion is an attempt to sidestep the Court's prior order denying Roberts's request for similar relief in the form of a James hearing.

Because of the Court's denial of his earlier request, Roberts attempts to re-characterize his current Motion as a request for relief under Bruton v. United States,[2] and Crawford v. Washington[3] flounders. Bruton only applies to a co-coconspirator's facially incriminating statement made after

---

[1] See Roberts's Mot. at 1 ("Therefore any statements of non-testifying co-defendants, alleged co-conspirators or accomplices should be excluded from trial.") (emphasis added).

[2] 391 U.S. 123 (1968).

[3] 541 U.S. 36 (2004).

a termination of the conspiracy, not just any co-coconspirator's statement. Moreover, Crawford only applies to testimonial hearsay, and the statements that Roberts wants to exclude are by definition not hearsay.

Therefore, the Motion should be denied. Nevertheless, if the Court were to decide to grant the Motion, then the United States contends that the most efficient procedure would be to address any such concerns during trial.

As grounds to support its position, the United States submits the following:

**I.    Roberts Is Attempting to Circumvent the Court's Previous Co-Conspirator Evidentiary Ruling.**

The Motion should be denied because it asks the Court to rule on something that the Court has already addressed.[4] Roberts already asked the Court for this relief when he requested a pre-trial James hearing.[5] The Court denied that motion and then noted that "a pretrial *James* hearing [was not] necessary . . . or practical under the circumstances of this case."[6] Rather, the Court concluded that a better practice was to "impose on the government a requirement that before tendering any coconspirator statement during trial, the government must inform the Court and opposing counsel."[7] There is no reason for the Court to change its ruling now. Roberts's current Motion should be denied, and to the extent that there are any issues that may arise regarding co-conspirators' testimony under Bruton or Crawford, the Court may address them at trial.

---

[4] Roberts's Mot. at 1.

[5] Doc. #128.

[6] Doc. #234 at 3.

[7] Id.

**II.     There Is No Need to Exclude Any Co-Conspirators' Statements Under <u>Bruton</u>, Because <u>Bruton</u> Only Applies to a Co-Conspirators' Facially Incriminating Post-Conspiracy Statements.**

Even if the Court had not ruled upon this issue previously, Roberts has presented no scenario that would support a <u>Bruton</u> challenge. <u>Bruton</u> prevents a Court from admitting a co-conspirator's incriminating post-conspiracy statement against another one of his co-conspirators if the admitting co-conspirator invokes the Fifth Amendment at trial. <u>Bruton</u>, 391 U.S. at 123-24. In his Motion, however, Roberts overbroadly claims that he would face a <u>Bruton</u> problem if <u>any</u> co-conspirators' statements that were made at any time were introduced.[8]

The law, however, does not support Roberts's conclusion. <u>Bruton</u> only applies to statements "by coconspirators made after the conspiracies had ceased." <u>United States v. Celaya-Garcia</u>, 583 F.2d 210, 212 n.4 (5th Cir. 1978) <u>cert. denied</u>, 440 U.S. 926 (1979). Statements that are made during the course of a conspiracy are admissible under Fed. R. Evid. 801(d)(2)(E). <u>See</u> <u>United States v. Archbold-Newball</u>, 554 F.2d 665, 677 (5th Cir.) <u>cert. denied</u>, 434 U.S. 1000 (1977) (distinguishing <u>Bruton</u> from situations involving co-conspirators' statements admissible under Fed. R. Evid. 801(d)(2)(E)). And, "[c]onstitutional rights are not abridged by the admission of evidence falling within an exception to the hearsay rule." <u>United States v. Burroughs</u>, 650 F.2d 595, 597-598 n.3 (5th Cir. Unit B 1981).

Moreover, Roberts overstates the types of statements that would fall under <u>Bruton</u>. A <u>Bruton</u> problem does not arise for pedestrian statements. Rather, <u>Bruton</u> will only apply if "a

---

[8] <u>Cf.</u> Roberts's Mot. at 2 ("The [S]upreme Court held in <u>Bruton</u> that a non-testifying co-defendant's <u>extrajudicial</u> statements are inadmissible. . .") (emphasis added); id at 3 (arguing that there would a <u>Bruton</u> problem if any co-defendants merely "were interviewed by federal investigative agents" and "refrained from testifying at trial."); <u>id.</u> (noting that the Court should "exclude any evidence which arguabl[y] might fall within the scope of <u>Bruton</u>").

codefendant's statements [are] clearly inculpatory standing alone." United States v. Arias, 984 F.2d 1139, 1142 (11th Cir.), cert denied, 508 U.S. 979 (1993); see also United States v. Taylor, 186 F.3d 1332, 1335 (11th Cir. 1999) (statements must facially implicate co-conspirators). Even then, a clearly inculpatory statement may be rendered admissible if the co-defendant's statement is redacted with the use of neutral pronouns.[9] Taylor, 186 F.3d at 1335-36 (11th Cir. 1999); see also United States v. Vasquez, 874 F.2d 1515, 1518 (11th Cir. 1989) cert. denied, 493 U.S. 1046 (1990) (per curiam); United States v. Satterfield, 743 F.2d 827, 849-50 (11th Cir. 1984), cert. denied 471 U.S. 1117 (1985).

Thus, the only possible statements that could face a Bruton challenge in this case would be co-conspirators' statements, which were made after the conspiracy ended, which facially implicated Roberts, and which could not be redacted with neutral pronouns. Roberts, however, has failed to point to any specific statement or area in which he suspects a Bruton problem exists in this case, despite his having had discovery, including Jenks material, for well over six months. "Because [a] motion in limine is a powerful and potentially dangerous weapon, it is imperative that [it] . . . be clear and specific, [so] that all parties concerned have an accurate understanding of its limitations." 75 Am. Jur. 2d, Trial § 106 (2005) (footnotes omitted) (summarizing various state court cases stating same); see also Bowden ex rel. Bowden v. Wal-Mart Stores, Inc., Case No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (DeMent, J.) (citations omitted) ("The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground."). "A

---

[9] Additionally, cases interpreting Bruton have found its holding inapplicable if the evidence alleged to violate Bruton principles was properly admissible against the complaining party. See Dutton v. Evans, 400 U.S. 74 (1970); United States v. Goodman, 605 F.2d 870 (5th Cir. 1979).

vague or overbroad motion is properly denied and an appellate court will not reverse such decision." 75 Am. Jur. 2d, Trial § 106 (2005) (footnotes omitted) (citing to state court cases holding same); Bowden, 2001 WL 617521, at *1 (citations omitted) ("The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded."); Douglas L. Colbert, The Motion in Limine in Politically Sensitive Cases: Silencing the Defendant at Trial, 39 Stan. L. Rev. 1271, 1277 (1987) (citing Lewis v. Buena Vista Mutual Ins. Assoc., 183 N.W.2d 198, 201 (Iowa 1971) (The general approach among courts and commentators was that the motion in limine "'should be used, if used at all, as a rifle and not as a shotgun, pointing out the objectionable material and showing why the material is inadmissible and prejudicial.'"); cf. United States v. Richardson, 764 F.2d 1514, 1526-27 (11th Cir.) cert. denied sub. nom., Crespo-Diaz v. United States, 474 U.S. 952 (1985) (noting in the context of a suppression motion that "a trial court may refuse a defendant's request . . . if the defendant fails to allege facts that, if proved, would require the grant of relief"); United States v. Sneed, 732 F.2d 886 (11th Cir.1984) (same).

Roberts's failure to point to any specific grounds on which to support his Motion suggests that he is merely trying to circumvent the Court's earlier ruling on co-conspirator statements. Bruton, however, is not the talisman to bring the relief that Roberts seeks.

**III.    There Is No Need to Exclude any Co-Conspirators Statements Under Crawford Because Co-Conspirators Statements Are Not Hearsay.**

Roberts's complaints about a possible Crawford problem are also without merit. Crawford requires that testimonial statements be available for cross examination. Again, Roberts's claim is overbroad. He argues that "any testimonial statements of" his co-defendants, which are not available for cross examination violate Crawford. Roberts's reliance on Crawford is misplaced.

Roberts cites to Crawford for authority to bar the admission of co-conspirator statements. Crawford, however, explicitly addressed testimonial "hearsay," of unavailable witnesses. Pointedly, Crawford did not deal with statements of co-conspirators because they are expressly excluded from the definition of hearsay under the co-conspirator exception. See Fed.R.Evid. 801(d)(2)(E); United States v. Abram, No. 05-11249, 2006 WL 690850, at *7 (11th Cir. Mar. 20, 2006); United States v. Jenkins, 419 F.3d 614, 618 (7th Cir. 2005) cert. denied, 125 S.Ct. 782 (2005) (persuasively holding that nothing in Crawford altered the admissibility of co-conspirator statements); cf. Crawford, 541 U.S. at 56 (discussing the common law exceptions to hearsay statements that are not testimonial, such as "statements in furtherance of a conspiracy").  Because Crawford does not apply to the very testimony that Roberts wants to exclude, his Motion should be denied.

**IV.    Conclusion**

The Court should deny the Motion regarding co-conspirators' testimony.  The Court has already addressed this issue.  Moreover, Roberts's attempt to shoehorn this previously decided issue into a Confrontation Clause challenge is simply not supported by law.  Roberts has not identified any specific scenario that would present a Bruton or Crawford problem.  As a result, Roberts's vague and overbroad request should be denied.

Respectfully submitted this the 10th day of April, 2006

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs.    ) | CR. NO. 2:05-cr-119-MEF |
| ) | |
| DON EUGENE SIEGELMAN,    ) | |
| PAUL MICHAEL HAMRICK,    ) | |
| GARY MACK ROBERTS, and    ) | |
| RICHARD M. SCRUSHY.    ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.        ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
LOUIS V. FRANKLIN, SR.
Acting United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
louis.franklin@usdoj.gov