IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 2:05-CR-119-MEF |
| | : | |
| RICHARD M. SCRUSHY, | : | |
|     Defendant | : | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION FOR RECONSIDERATION
OF DEFENDANT SCRUSHY'S MOTION FOR SEVERANCE**

COMES NOW Defendant, RICHARD M. SCRUSHY, by and through counsel, and moves this Court for reconsideration of the Defendant's Motion for Severance pursuant to Federal Rule of Criminal Procedure 8(b). We are not requesting reconsideration of our severance motion under Rule 14 at this time.

On February 2, 2006, this Court issued a Memorandum Opinion and Order in which it denied Defendant Scrushy's motion for severance. (Doc. 115, hereinafter "Order.") In its Order, the Court stated, "the ultimate issue becomes whether, as a matter of law, Scrushy and Roberts must have had knowledge of the entire RICO enterprise or whether it is sufficient, for Rule 8(b) purposes, that they knew about and played a part in the overarching scheme." (*Id.* at 9.) Defendant Scrushy respectfully submits that, in so stating, the Court asked the wrong question, which, in turn, caused it to reach a conclusion that is contrary to settled Eleventh Circuit law.

In moving for severance under Rule 8(b), Defendant argued that his case should be severed from the charges involving the RICO conspiracy because the indictment did not charge that Defendant Scrushy had any knowledge of the RICO conspiracy or any knowledge of the overarching scheme to defraud the citizens of Alabama of their right to honest services. (Doc. 69 at 7-8.) He specifically did not argue that he should be severed because he did not know of the

*entire* RICO conspiracy because Defendant Scrushy agrees that a co-conspirator need not know every detail of a conspiracy. Some knowledge of the conspiracy, however, is a necessary condition to join a defendant in a conspiracy case. *United States v. Manzella*, 782 F.2d 533, 538 (5th Cir. 1986) (government must show that each defendant had some knowledge of the nature and existence of the enterprise), *citing United States v. Elliott*, 571 F.2d 880, 902-03 (5th Cir. 1978). Defendant Scrushy quite simply did not have that knowledge, as the Government conceded at oral argument on this motion. Transcript of Jan. 20, 2006, Status Conf. at 24. Therefore, his joinder was improper.

The facts of this case are on point with those in *United States v. Welch*, 656 F.2d 1039 (5th Cir. Unit A 1981). In *Welch*, the former Fifth Circuit addressed the issue of joinder when the government has charged multiple conspiracies that allegedly are linked by the overarching RICO enterprise. There, like here, the government had charged more than one conspiracy, with the separate conspiracies serving as the predicate racketeering acts for the RICO count. *Id.* at 1047. The RICO count, in turn, charged that the defendants were using the Sheriff's Office as a RICO enterprise. *Id.* at 1047-48. The first conspiracy involved the sheriff, his deputies, and a county commissioner protecting the illegal gambling in defendant Cantrell's "game." *Id.* at 1047. The second conspiracy involved the sheriff, a deputy, and a justice of the peace protecting unrelated illegal gambling at the fairground. *Id.* The Court found that joinder was appropriate, stating:

> Here, Count V (the substantive RICO offense) charged that *all defendants* did conduct and participate in the conduct of the affairs of an enterprise (the Sheriff's Office) by committing two or more predicate crimes. Each conspiracy charged by Counts III and IV constituted one of the predicate crimes. Thus, each conspiracy was aimed at participating in the affairs of the enterprise. The acts directed at conducting the affairs of the Sheriff's Office through a pattern of racketeering activity were related to each other and were part of a series of acts or transactions. The *common goal* -- conducting the affairs of the Sheriff's

>Office by means of a pattern of racketeering -- provides a sufficient identity of facts to satisfy Rule 8(b).

656 F.2d at 1052 (emphasis added).

What is most telling about the Court's opinion in *Welch* is not its holding that two separate conspiracies may be joined when *all defendants* conducted and participated in the affairs of an enterprise. Instead, it is the fact that the defendants who participated in the individual conspiracies, but not in the affairs of the enterprise, were severed from the case. *Id.* at 1047.[1] The parties whose gambling was being protected were not tried with the government officials who were running the protection rackets. Based on the Court's analysis as to when RICO joinder *is* appropriate, one can only conclude that severance occurred because the severed parties were misjoined from the beginning. The indictment did not allege that they had participated in or knew of the RICO enterprise and therefore, it was not appropriate to try them with those who allegedly had. *Id*. at 1051-1052; *accord United States v. Bright*, 630 F.2d 804, 812-13 (5th Cir. 1980) (joinder is appropriate only where the defendants have *all* participated in furthering the enterprise).

Defendant Scrushy finds himself in the exact position as Cantrell in *Welch*. The government has alleged that Defendant Scrushy participated in one conspiracy with Defendant Siegelman, but it has not alleged, and cannot, that he knew of the overarching RICO enterprise. We respectfully submit that the Court's Order errs when it confuses the lack of *any* knowledge of a predicate act that just happens to be associated with the RICO Enterprise with the lack of knowledge of the complete scope of the enterprise. Joinder is inappropriate in the former circumstance but not the latter. The government here has not charged, and has agreed that they

---

[1] Although the government relied on *Welch* in its response to Defendant Scrushy's original motion to sever, it failed to inform the Court that the cases of the defendants most like Defendant Scrushy were severed from the cases of the members of the enterprise. (Doc. 86 at 5.)

3

will not prove the Defendant was in any way knowledgeable of the RICO Enterprise or the RICO Conspiracy, therefore, severance is clearly mandated.

The Court's confusion of these two issues can be seen in its discussion of *United States v. Ellis*, 709 F.2d 688 (11th Cir. 1983), and *Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546 (1st Cir. 1994), on page 8. In *Ellis*, the government alleged, as it does in this case, that one defendant had devised a scheme to defraud the citizens of Alabama of honest public service. 709 F.2d at 689. There, as here, the government alleged numerous smaller conspiracies as part of the whole. *Id.* The Eleventh Circuit held that joinder was impermissible where the members of the smaller conspiracies did not know of the larger conspiracy and did not act to further that larger conspiracy. *Id.* 689-90. In other words, joinder is inappropriate when there is no rim to enclose the spokes of a spoke-and-wheel conspiracy. When there is *no* knowledge of the larger enterprise or conspiracy, as the government concedes there is not in Defendant Scrushy's case, severance is required.

Despite that *Ellis* is directly on point, this Court dismissed its import by referring to *Aetna Casualty*, a First Circuit case that also discusses spoke-and-wheel conspiracies. There, the court of appeals held that a defendant who did not know the "entire conspiratorial sweep" still could be held liable for all acts in the conspiracy, a truism that Defendant Scrushy does not deny. 43 F.3d at 1562. The First Circuit went on, however, to hold that it was not sufficient that each defendant worked through the hub of the conspiracy. Instead, the court held, the government must prove that "each defendant knew he or she was a part of a larger fraudulent scheme." *Id.* That is, in the First Circuit as in the Eleventh, alleged participants in smaller conspiracies are

4

misjoined unless the government alleges that they also knew of and acted in furtherance of the larger enterprise.[2]

The Court compounds the error when it attempts to redefine the larger enterprise of which Defendant Scrushy must be aware in order to be properly joined with the RICO conspirators. Although, as the Court notes, the "government readily admits that Scrushy . . . had no knowledge of the RICO conspiracy," Order at 9 n.10, the Court nonetheless holds that a jury reasonably could conclude that Defendant Scrushy agreed with the other defendants "on a single objective – to devise a scheme to defraud the State of Alabama of honest and fair services of its officials." Order at 10. It is difficult to fathom how a jury could reach such a conclusion when the government admits it has no proof to support such a conclusion. There is no such allegation in the indictment which is all that matter under the law at this point. However, based upon the government's representation at the hearing on this motion we also know that there will be no such proof at trial.

The only way the Court is able to reach the conclusion that the defendants all share a single objective is by grossly overgeneralizing the objective: to deprive the citizens of Alabama of honest and fair services. That presumably is the objective of many people involved in entirely separate schemes with entirely different people. As the Eleventh Circuit noted in *United States v. Castro*, 829 F.2d 1038 (11th Cir. 1987):

> Carried to an extreme generalization, of course, anyone participating in any way in an illegal activity to obtain money could be said to be part of one conspiracy.

*Id*. at 1045 n.20. It is not enough to share a general objective. To be properly joined, the

---

[2] Defendant Scrushy notes that, if the Court's analysis of *Aetna Casualty* were correct, then the decision would be in direct conflict with binding Eleventh Circuit precedent, and the Court's reliance on the decision would be misplaced for that reason.

defendants must know of and participate in furthering the larger enterprise as well as the smaller one of which they are a part. *Id.* at 1045 & n.20 (where defendant participated in only one illegal scheme and was unaware of the larger enterprise, joinder was improper).

The cases relied on by the Court in its Order support the very argument that Defendant Scrushy has been making: for joinder to be proper, the defendant must know of and participate in the larger enterprise. In *United States v. Liss*, 265 F.3d 1220 (11th Cir. 2001), for example, the Court of Appeals found that joinder was proper precisely because both defendants were named in the conspiracy count as well as the individual substantive counts. *Id.* at 1227; *accord United States v. Morales*, 868 F.2d 1560, 1569 (11th Cir. 1989) (joinder proper where *all* defendants joined in a single conspiracy count). That is, the indictment alleged exactly what the indictment in this case does not: that all the defendants knew of the common plan. Although at trial, the evidence showed that neither defendant had met or knew of each other prior to indictment, the Court of Appeals held that the evidence at trial could not be used to determine whether initial joinder was proper, but only the language of the indictment, which charged that the defendants acted in concert. *Id.* In this case, Defendant Scrushy is moving for severance precisely because the indictment does not charge what the Court of Appeals found to be necessary for joinder in *Liss* and *Morales*.

In *United States v. Andrews*, 765 F.2d 1491 (11th Cir. 1985), the indictment originally had charged the defendants with conspiracy, and therefore, the Court held, the initial joinder was appropriate. *Id.* at 1497. The government, however, dismissed the conspiracy count prior to trial, which forced the Court of Appeals to look beyond the face of the indictment to the evidence presented at trial. *Id.* at 1498. In so doing, the Court found that joinder was still proper because, despite the dismissal of the conspiracy count, the evidence showed that the defendants acted together and knew of the larger plan. *Id.* The government in the case at bar has already

6

conceded that the evidence at trial will not show that Defendant Scrushy acted in concert with anyone except Defendant Siegelman, nor will it show that he knew of the larger enterprise.

Indeed, in a twist of irony, the Court in its Order relies on the very lack of evidence associating Defendant Scrushy with the larger enterprise and the other defendants to deny the Defendant's motion for severance pursuant to Federal Rule of Criminal Procedure 14. As the Court notes, the "charges against each Defendant contain discreet, factually distinct and relatively uncomplicated offenses." Order at 13. The reason that the offenses, at least with respect to Defendant Scrushy, are discreet and factually distinct is that they were improperly joined in the first place.

WHEREFORE, Defendant Scrushy respectfully moves this Court to reconsider its Order and grant Defendant Scrushy's motion for severance pursuant to Federal Rule of Criminal Procedure 8(b).

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion for Rehearing on Defendant Scrushy's Motion for Severance" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321