**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 2:05-cr-119-MEF** |
| **RICHARD M. SCRUSHY** ) | |
| ) | |

**DEFENDANT RICHARD M. SCRUSHY'S OBJECTIONS**
**TO THE GOVERNMENT'S EXHIBITS**

Comes now Richard M. Scrushy, by and through his undersigned counsel and hereby objects to the government's exhibits as follows. The Defendant did not receive the exhibits until Saturday morning April 15, 2006. We met with the government and provided our exhibits and witness list on Thursday, April 13, 2006. We mention this because we have not had adequate time to review all of the exhibits, which were provided in two boxes and are somewhere between 4,000 to 5,000 pages in all. Due to the volume and because the government did not provide a disc of the documents, which we requested, we were unable to transmit the exhibits to co-counsel.

With regard to all exhibits Defendant has been provided no Rule 902(11) certifications, which we requested in open court, so we know very little of the origin of the documents or who would authenticate them. Additionally, the government requested only two stipulations which do not touch upon most, if not all, of the exhibits in question. We therefore reserve our foundation objection to all of the exhibits tendered by the government.

There are a number of mistakes and discrepancies in the exhibits that the government will

likely correct prior to trial. For instance there are many documents with handwritten notes which will have to be explained prior to admission and several of the documents submitted by the government are unsigned. We assume the government will cover these discrepancies in its presentation of the evidence.

Until the government establishes the relevancy of the exhibits which have been tendered we reserve our objection to all of the exhibits. These objections are being made at a time when we have not had access to the government's basis for admission therefore our objections will certainly have to be adjusted based upon the testimony submitted by the government in support of these documents. We do not take this position to be difficult. The Court's Order places the Defendant in a position much like a civil litigant attempting to formulate a pre-trial order. The difference, however, is that we have not had access to discovery such as depositions and we are having to speculate about what the evidence will be to support many of the exhibits. For this reason, we are left no choice but to reserve our objections.

As to Exhibit 9 which is a compilation of material provided to the newly formed CON Board according to the first page of the exhibit. This exhibit contains a great deal of explanation of state law relating to ethics and state employees. While such material may be admissible, depending upon the foundation tendered by the government, it should only be admitted with a limiting instruction that it is tendered for a specific purpose, and the law which is applicable to this case will come from the Court at the conclusion of the presentation of the evidence. We will tender a proposed charge once it is clear what the purpose of the proposed exhibit is as articulated by the government and their witness.

As to Exhibit 14 - this exhibit appears to be Loree Skelton's file on the Phenix City

Rehabilitation Hospital. The package has a cover sheet on it followed by a newspaper article which contains hearsay which is not admissible. It is difficult to tell from this package what the government intends to utilize from this file. We will reserve our objections until such time as the government's intent regarding this file is made clear. For the time being however, we object to the news article beginning at page 2 of the exhibit.

Between 15(a) and 16 there is an exhibit which is an agenda of the CON Board for July 17 that has a blank exhibit sticker, that is to say, it is not numbered. We believe the intent is that this document was to be 15(b). We object to this document as hearsay. The same objection stands for 18(b).

There are two exhibits 17.

Exhibit 25 is a plea agreement for Nicholas D. Bailey. The government has also identified as Exhibit 32 the plea agreement and information of Mike Martin. There are numerous grounds upon which these documents are objectionable. These documents should be ruled out in their entirety or at a minimum it should be heavily redacted to exclude objected to material. Even if it is admitted after redaction, the document should be available to both sides for use without the document going back to the jury during deliberations.

The current practice of the Department of Justice seems to be to write indictments or informations that read more like a press release than a charging instrument. Additionally, plea agreements have been transformed from a recitation of mutual covenants into a means of improper recitation of the government's version of the facts combined with improper vouching by the government for their witness.

The plea agreement of Michael Martin is a good example. Paragraph I (c) of the agreement states:

> Motion for Downward Departure: If the United States determines that the Defendant has cooperated fully, provided substantial assistance in the investigation or prosecution of another person who has committed an offense, and otherwise complied with the terms of this agreement, the United States will file a motion pursuant to *United States Sentencing Guidelines* § 5k1.1 and 18 U.S.C. § 3553(e) with the sentencing Court setting forth the nature and extent of his cooperation. Such a motion will permit the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines range and also below any applicable mandatory minimum sentence. In this connection, it is understood that a good faith determination by the United States as to whether Defendant has cooperated fully and provided substantial assistance and has otherwise complied with the terms of this agreement, and the United States' good faith assessment of the value, truthfulness, completeness and accuracy of the cooperation, shall be binding upon him.

Thus the presentation of this portion of the plea agreement and any subsequent 5k1 Motion or Rule 35 Motion by the government that the prosecutors believe that the testimony of the witness has been not only complete, truthful, and substantially helpful to the government. For these reasons the government should be prohibited from introducing or mentioning its plea agreements with its witnesses without first obtaining an appropriate ruling from the court.

The best way to analyze the potential impact of this type of plea agreement on a jury is to reduce it to its simplest terms. If a prosecutor were to express a personal opinion to a jury through either argument or a question that would be error. United States v. Knowles 66 F.3d 1146 (11th Cir. 1995), United States v. Eyster 948 F.2d 1196 (11th Cir. 1991). The prejudice is still as profound to the defendant when the prosecution elicits that the defendant has promised to tell the truth and that the prosecutor is of the opinion that the witness is telling the truth and backs up that opinion by filing a motion for a downward departure. This is the situation which led to the reversal of the defendant's convictions in United States v. Francis 170 F.3d 546 (6th

Cir 1999). The prejudice is compounded if the prosecution is allowed to elicit that a court granted the motion, giving the jury the impression of a judicial imprimatur of the veracity of the witness's testimony. The plea agreements and associated documents should either be excluded or the Court could simply resolve that the agreements may be admitted but cannot go back to the jury during deliberations. We further object to the Mike Martin materials in that they bring into evidence in this case information which this court has already excluded by way of a motion in limine. We move that in the event the government calls Martin that they be directed to stay away from all references to the alleged fraud at HealthSouth due to the fact that Richard Scrushy has been acquitted of those charges.

Exhibit 28 is a letter from First Commercial Bank to SA Keith Baker which is hearsay and is not admissible.

We were not provided an Exhibit 29 or 54.

Exhibit 49 is illegible due to the lightness of the print.

This 18th day of April, 2006.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

Fredrick G. Helmsing
Helmsing, Leach, Herlong, Newman
 & Rouse
150 Government St.

Mobile, Al. 36602
Phone: 251-432-5521

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia  30309
Phone:  404-875-2700
Fax:  404-875-7857

Attorneys for Richard M. Scrushy

**CERTIFICATE OF SEVICE**

I hereby certify that on the 18th day of April, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Objections to the Government's Exhibits" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321