IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>    Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S SECOND MOTION
TO SUPPLEMENT RECORD IN JURY CHALLENGE AND
<u>MOTION FOR EXTENSION OF TIME</u>**

COMES NOW Richard M. Scrushy, by and through his undersigned counsel of record, and moves this Court for entry of an Order granting him access to records necessary to complete supplementation of the record in his pending jury challenge and for an extension of time to file such supplementation once those records are received. In support of this request, Defendant respectfully shows this Court the following:

1. During the hearing on Defendant's jury challenge during the week of April 10, 2006, this Court (Chief United States Magistrate Judge Coody) granted in part Defendant's oral request for copies of all District-wide Pool Selection Reports that have been generated as to juries selected from the 2005 Qualified Jury Wheel since the last such reports were furnished by the Clerk in discovery. Pursuant to that Order, the Clerk's Office furnished Defendant with the Pool Selection Report for Pool 201060405.

2. During the same hearing, this Court denied Defendant's request for production as it related to the Pool Selection Report for the *Siegelman/Scrushy* jury to be selected beginning April 19, 2006, and indicated that said Report would be supplied when the Clerk's Office released that data shortly before jury selection. This Court also granted leave to supplement once the data became available.

3. On April 19, 2006, United States District Judge Fuller ordered that Defendant file any supplemental information relating to the composition of the *Siegelman/Scrushy* jury no later than April 21, 2006.

4. Defendant is unable to complete this supplementation without three critical pieces of information.

5. The first is the Pool Selection Report for the *Siegelman/Scrushy* jury pool (Pool 201060403). Unfortunately, the document released by the Clerk's Office in conjunction with the selection of the jury was a "Pool *Sequence* Report" rather than a "Pool *Selection* Report." Pool Selection Reports list all the individuals summoned for a pool. Pool Sequence Reports list the individuals who are left in a pool after the pool has been winnowed down through deferrals and excuses. On information and belief, the Pool Sequence Report does not reflect the entire list of jurors who were summoned for this jury pool, as it contains only 180 jurors and the sequence numbers appear to indicate that an additional 120 jurors were summoned, for a total of 300. As a consequence, in order to comply with District Judge Fuller's Order, Defendant will need the Clerk to provide the Pool Selection Report for Pool 201060403.

6. In order to complete this supplementation as to both jury pools that have not been analyzed for the evidentiary hearing, Defendant will also need the Clerk to run an

2

updated jury history file. The Clerk's Office previously furnished Defendant with a copy of this file pursuant to this Court's Order, but the file provided is current only through March 16, 2006. Defendant needs an updated, current file in order to identify the previously deferred jurors on the two pools in question, and whether they were summoned from the Deferral Maintenance Pool or the Qualified Jury Wheel, so that he may fully supplement the record as to the 2005 Qualified Jury Wheel.

7. The Clerk will be familiar with this request, and may be able to provide the data without the assistance of ACS and the attendant delays. The data should be able to be generated by the JMS in the Clerk's office by running the following sql (a type of computer command): "part_hist.sql."

8. Finally, Defendant is respectfully asking that the Clerk be directed to advise Defendant whether or not either of these pools was selected in a "single pull" process or a "double pull" process.

9. Once this information is made available, the analysis and submission of the full request to supplement should be able to be presented to this Court with little delay.

10. The immediate relevance of this supplementation is limited to the 2005 Qualified Jury Wheel and has no direct impact on the challenge to the 2001 Qualified Jury Wheel. However, Defendant's preliminary analysis of the two pools in question (with the analysis of the *Siegelman/Scrushy* pool being only partial as it is limited to the 180 jurors on the Pool Sequence Report) shows that both pools under represent African-Americans by more than a 10 percent absolute disparity (assuming the composition of the Middle District is 30.466 percent African-American based on the 2000 Census). This preliminary analysis indicates that Pool 201060405 has a composition of 19.50 percent

African-American and 78.00 percent White (with 1.5 percent "missing" and 1 percent "other"). The preliminary analysis of the partial list of the 180 jurors summoned to Pool 201060403, the *Siegelman/Scrushy* pool, indicates that it has a composition of 20.00 percent African-American and 75.555 percent White (with 3.333 percent "missing" and 1.111 percent "other'). Perhaps most significantly, this preliminary analysis appears to indicate that 10 percent of these jurors were previously deferred, despite the fact that this figure is based on only 180 out of what appear to be a full list of 300 jurors summoned for the pool, and the previously deferred figure is based solely on the out-of-date juror history data Defendant currently had available. As a consequence, the full analysis of the previously deferred jurors selected for this pool may be of significance to the current operation of the 2005 Qualified Jury Wheel.

WHEREFORE, Defendant respectfully prays that this Court enter an Order directing the Clerk to provide the information requested in paragraphs 5, 6, and 8 as set out above, and that Defendant be given two business days to supplement the record in this jury challenge, unless undersigned counsel is in the midst of the hearings before United States Magistrate Boyd in the *Carmichael* jury challenge, in which case Defendant respectfully prays that he be given two business days after the completion of that hearing, and for such other and further relief as this Court may deem just and proper.

This 20th day of April, 2006.

        Respectfully submitted,

        /s/ JAMES K. JENKINS
James K. Jenkins
Maloy & Jenkins
25th Floor
75 Fourteenth Street NW
Atlanta, Georgia  30309
Phone:  404-875-2700
Fax:  404-875-7857


Arthur W. Leach
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone:  205-822-4224
Fax:  205-824-0321


Attorneys for Richard M. Scrushy

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Second Motion to Supplement Record in Jury Challenge and for Extension of Time" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

    /s/ LESLIE V. MOORE
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail:  les.moore@lvmlaw.com