## IN THE UNITED STATES DISTRICT COURT FOR
### THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN | ) | |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY. | ) | |

**NOTICE OF MEMORANDUM OF LAW TO POSTPONE SWEARING IN OF THE
JURY UNTIL THE COURT'S FINAL RULING ON DEFENDANTS' MOTION TO
DISMISS THE INDICTMENT BASED ON THE COURT'S JURY SELECTION PLAN**

The United States of America, by and through Louis V. Franklin, Sr., Acting United States
Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public
Integrity Section of the Criminal Division of the United States Department of Justice, and hereby
files its Notice of Memorandum of Law to Postpone Swearing in of the Jury Until the Court's Final
Ruling on Defendants' Motion to Dismiss the Indictment Based on the Court's Jury Selection Plan.[1]

In its current form, Federal Rule of Criminal Procedure 12(d) (formerly subdivision (e))
provides in relevant part, "The court must decide every pretrial motion before trial unless it finds
good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will
adversely affect a party's right to appeal."

In 1975, the Supreme Court proposed to modify then-Rule 12(e) to allow a court "to defer
ruling on a pretrial motion until the trial of the general issue or until after the verdict." Fed. R. Crim.
P. 12 Advisory Committee's note to 1975 enactment. The Committee rejected this proposal:

> The Committee modified subdivision (e) to permit the court to defer its ruling on a pretrial
> motion until after the trial only for good cause. Moreover, the court cannot defer its ruling

---

[1]Defendant Roberts did not join in the motion to dismiss.

if to do so will adversely affect a party's right to appeal. The Committee believes that the rule proposed by the Supreme Court could deprive the government of its appeal rights under statutes like section 3731 of title 18 of the United States Code. Further, the Committee hopes to discourage the tendency to reserve rulings on pretrial motions until after the verdict in the hope that the jury's verdict will make a ruling unnecessary.

Id.

In United States v. Barletta, 644 F.2d 50, 53-59 (1st Cir. 1981), the First Circuit considered when, if ever, a district court could defer ruling on a pretrial motion until trial. After considering the interplay between then-Rule 12(e) and 18 U.S.C. § 3731, the court held that if a motion is properly raised before trial, and the issue "is sufficiently capable of determination without the trial of the general issue, it may then find no 'good cause' for deferring a ruling under 12(e), since to do so would adversely affect the government's right to appeal under § 3731." 644 F.2d at 59; see also United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986) ("[T]he district court must decide the issue raised in the pretrial motion before trial if it is 'entirely segregable' from the evidence to be presented at trial." (quoting Barletta, 644 F.2d at 57-58)).

The Eleventh Circuit has also followed Barletta. In noting that the defendants were entitled to a ruling on their motion to dismiss certain charges, the Court of Appeals wrote that "'a district court must rule on any issue entirely segregable from the evidence to be presented at trial.'" United States v. Adkinson, 135 F.3d 1363, 1369 n.11 (11th Cir. 1998) (quoting Barletta, 644 F.2d at 57-58). Therefore, district courts in this circuit and others must rule on pretrial motions before the jury is sworn, at which point double jeopardy attaches and the United States' right to appeal may be adversely affected. E.g., United States v. Bradford, 237 F.3d 1306, 1310 (11th Cir. 2001) ("It is well-settled that 'jeopardy attaches when the jury is empaneled and sworn.' (quoting Crist v. Bretz, 437 U.S. 28, 35 (1978))).

Here, Defendants have challenged the procedure by which the grand jury and petit jury pools

were selected.  This issue, and the facts this Court will consider in deciding it, are "entirely segregable from the evidence to be presented at trial," Adkinson, 135 F.3d at 1369 n.11 (quotation marks omitted).  If the Court swears in the jury and then rules in favor of Defendants on their motion to dismiss the indictment, the United States' right to appeal will be adversely affected.  This is exactly the concern explicitly articulated in Rule 12(d) and discussed in Barletta.  The Court should therefore postpone swearing in the jury until after the Court had ruled on Defendants' pretrial motion to dismiss the indictment.

If the Court swears in the jury prior to its ruling on Defendants' motion to dismiss and subsequently grants that motion, the Court will be required to discharge Defendants Siegelman, Scrushy, and Hamrick from further prosecution.  Such was the case in United States v. Ramirez, 884 F.2d 1524 (1st Cir. 1989).  There, after jeopardy had attached, the district court declared a substantial violation in the random-selection requirement of the Jury Selection and Service Act, 28 U.S.C. § 1866 (the "Act").  Four defendants elected to continue with the trial while two requested a mistrial. Five days after the court declared a mistrial as to all six defendants, the defendants filed a motion to dismiss the indictment on double jeopardy grounds.  This motion was denied, and the defendants appealed.  On appeal, the court rejected  the district court's finding of a substantial violation of the jury-selection process.  Pursuant to the well-established rule that "a defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again,"  884 F.2d at 1528, the court held that those defendants who had not consented to a mistrial were to be dismissed and discharged – this being so even though the district court had incorrectly ruled that a substantial violation of the Act had occurred.

Defendants' strategy in insisting that the jury be sworn in Friday, April 21, 2006, is apparent, particularly in light of their continual barrage of dilatory motions to Magistrate Coody.  See, e.g.,

Defendant Scrushy's Motion to Supplement Record in Jury Challenge Hearing, Doc. 349, filed April 16, 2006, with attached Exhibit A, the affidavit of defense expert Dr. James H. Gundlach, supplementing his testimony during the four-day evidentiary hearing; Defendant Scrushy's Second Motion to Supplement Record in Jury Challenge and Motion for Extension of Time, Doc. 373, filed April 20, 2006.  Defendants are intent on postponing the Court's ruling on the jury-selection challenge until after the jury is sworn.  Yet, it is they who have been persistent in demanding that the jury-selection challenge be resolved <u>before</u> trial.  Furthermore, it strains credulity for these Defendants to continue their unrelenting attack on the underrepresentation of African-Americans on juries in this District when Defendants have just concluded a two-day selection process that resulted in a jury for this case composed of <u>seven</u> African-Americans and <u>five</u> Caucasians.

Logic, principles of fundamental fairness, and well-established precedent compel this Court from swearing in the jury until it finally resolves Defendants' motion to dismiss.  Otherwise, in the event the Court grants Defendants' motion to dismiss, more draconian results than those in <u>Ramirez</u> will result: the United States will be denied the right to appeal the dismissal of the indictment and will further be completely barred from prosecuting Defendants Siegelman, Scrushy, and Hamrick for the offenses charged in that indictment.

Respectfully submitted this the 21th day of April, 2006

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

ANDREW C. LOURIE
ACTING CHIEF, PUBLIC INTEGRITY SECTION

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | **CRIMINAL NO. 2:05-CR-119-MEF** |
| **DON EUGENE SIEGELMAN,** | **)** | |
| **PAUL MICHAEL HAMRICK,** | **)** | |
| **GARY MACK ROBERTS, and** | **)** | |
| **RICHARD M. SCRUSHY** | **)** | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY


/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jb.perrine@usdoj.gov
ASB-9077-E31J