IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN ) | |
| PAUL MICHAEL HAMRICK ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT SIEGELMAN'S OBJECTIONS TO
THE UNITED STATES' PROPOSED TRIAL EXHIBITS**

The United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Response to Defendant Siegelman's Objections to the United States' Proposed Trial Exhibits.

As a threshold matter, Defendant Siegelman objects to virtually all of the government's trial exhibits invoking the same four grounds without further explanation. For each exhibit, however, the government will establish a proper foundation pursuant to Fed. R. Evid. 901; that the exhibit falls outside of the hearsay proscriptions of Fed. R. Evid. 801(c) and 802; that the evidence is both relevant and material; and that its probative value outweighs any unfair prejudice or confusion and therefore is admissible pursuant to Fed. R. Evid. 403.

Turning to Defendant Siegelman's assertion that the following exhibits were not produced, we submit the following responses and Attachment A, which more specifically identifies -- by directory, file name, and/or Bates number -- each challenged document. That is, Attachment A pinpoints for Defendant Siegelman, on the hard drive already provided to Defendant as part of the

discovery provided to him in November 2005, the exact location of each document he claims he cannot find.

    Exhibit 27: There is no exhibit corresponding to this number. This exhibit number should be changed to Exhibit 27b.

`    Exhibit 29: The government has diligently pursued all possibilities of obtaining this document and will continue that effort. It was designated as a proposed exhibit in the event it in fact exists and the government can locate it prior to trial. If it is located, it will be immediately provided to Defendants. At this time, however, the government can conclude only that a verbal, rather than written, proffer was consummated.

    Exhibit 70: This voluminous exhibit fills a banker's box and was provided in electronic format at initial discovery. Defendants have had continual access to this exhibit since that initial discovery. The government does not intend to introduce this exhibit. Rather, it has extracted only one document that it intends to introduce at trial – Exhibit 70a.

    Exhibit 105: This exhibit was tendered in initial discovery. See Attachment A.

    Exhibits 119 and 20: These voluminous documents were provided in initial discovery. Each Defendant received a hard drive containing these records, along with a directory of those documents.

    Exhibits 121 through 125: These documents have been produced on multiple occasions, including initial discovery.

    Exhibit 128: This document was supplied at initial discovery. See Attachment A.

    Exhibits 158 through 164 and Exhibits 166 through 168: Exhibits 159 and 160 were provided in initial discovery. The remaining documents are not in the government's possession. They are the subject of subpoenas duce tecum.[1]

    Exhibits 186 through 197(d): Exhibit numbers 189, 190, 191, 192, 193, 194, 195, 196, and 197 were used as a placeholder for each bank from which certain bank records originated. The entirety of the records for each bank account was produced on the hard drive provided in initial discovery in November 2005. Each bank account from each bank was separately labeled as (a), (b), (c), etc. The exact location for the records for each bank account is provided in Attachment A. Individual bank records were identified by separate exhibit numbers and provided to Defendant Hamrick. Exhibit 223 is identified on Attachment A.

---

[1]If all Defendants are willing to stipulate that the subject of each subpoenaed State of Alabama personnel file was a State employee at a specific time in question, the government will not need to introduce these exhibits.

Regarding Defendant Siegelman's slightly less general objection to Exhibit 74, the flow chart, it is well recognized that the trial court, pursuant to Fed. R. Evid. 611(a), has wide discretion to allow a party to use charts to assist the jury in understanding the case. 4 Jack B. Weinstein & Margaret A. Berger, Federal Evidence (J. McLaughlin edl, 2d ed. 2000) § 611.02. Courts have routinely allowed the use of such aids at trial. See, e.g., United States v. Posado Rios, 158 F.3d 832 (5th Cir. 1998), cert. denied, 526 U.S. 1031 (1999) (time line and organizational chart on eight large poster boards); United States v. Johnson, 54 F.3d 1150 (4th Cir. 1995) (organizational chart of drug network, summarizing the testimony of over 30 witnesses); United States v. Possick, 849 F.2d 332, 339-40 (8th Cir. 1988) (DEA flow chart);. Because government's Exhibit 74 will unquestionably assist the jury in understanding the evidence, the Court, pursuant to Fed. R. Evid. 611(a) should overrule Defendant Siegelman's objection.[2]

Exhibits 80a through 80d are admissible as business records of ALDOT and so certified. In addition, they are admissible pursuant to Fed. R. Proc. 1006 pertaining to a summary.

Finally, Defendant Siegelman's only specific objection is to Exhibits 116 and 117, relating to expert testimony. Decisions regarding the admissibility of expert testimony and the reliability of an expert opinion are committed to the discretion of the trial court. See United States v. Frazier, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 2516 (2005). Indeed, it is "axiomatic that a district court enjoys 'considerable leeway' in making these determinations. Id. at 1258-59 (quoting Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 142 (1999)).

---

[2] Defendant's reliance on Peat v. Vanguard is misplaced. In that case, the chart in question, which purported to summarize voluminous writings was, in fact, used as a tool to introduce evidence that was otherwise inadmissible.

In determining the admissibility of expert testimony under Federal Rule of Evidence 702,[3] this Court must consider whether

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert[ v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Frazier, 387 F.3d at 1260 (quotation marks omitted).

Experts may be qualified in various ways, including training, education, or experience in a field. Id. at 1260-61. The government has already provided Defendant Siegelman with Special Agent McCurdy's resume which establishes that he is well-qualified to testify as an expert regarding the issues referenced in his report.

Of course, the trial court must also evaluate the reliability of the expert's testimony before admitting it at trial. The government, since its initial discovery letter, has already provided notice that Special Agent McCurdy may be called as a witness who may provide testimony deemed by the Court to be expert in nature. Special Agent McCurdy's report demonstrates on its face that his methods are not unreliable. In Daubert, the Supreme Court "set out a list of 'general observations' for determining whether expert testimony is sufficiently reliable to be admitted under Rule 702." United States v. Brown, 415 F.3d 1257, 1267 (11th Cir. 2005), cert. denied, 126 S. Ct. 1570 (2006).

---

[3] Federal Rule of Evidence 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Courts should ask (1) whether the expert's theory or technique "can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) what its known or potential rate of error is, and whether standards controlling its operation exist; and (4) whether it is generally accepted in the field." Id. at 1267 (citing Daubert, 509 U.S. at 593-94).

However, these factors are "not to be rigidly applied, but [are] instead to serve as guidelines for federal district courts applying Rule 702." Id. at 1267; see also id. ("'[T]he inquiry envisioned by Rule 702 is, we emphasize, a flexible one . . . .'" (quoting Daubert, 509 U.S. at 594)). As "'many factors will bear on the inquiry,'" the Supreme Court did "'not presume to set out a definitive checklist or test.'" Id. (quoting Daubert, 509 U.S. at 593). Indeed, Daubert's list of factors does not apply in every case, and may not even be pertinent to assessing reliability in a given case. Id. at 1268; see also id. (instructing that the trial judge has broad latitude to determine whether the factors are reasonable measures of reliability in a given case); Frazier, 387 F.3d at 1262 ("These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion."). In Brown, the Court of Appeals affirmed the trial court's ruling admitting expert testimony, though three of the four Daubert factors were not applicable. Brown, 415 F.3d at 1267-68.

Applying these principles here, there is nothing unreliable about Special Agent McCurdy's report. As the report makes clear, McCurdy reviewed databases and records, interviewed various individuals, and applied a sound methodology to reach his conclusions. Special Agent McCurdy's report will certainly assist the jury in making its factual determinations.

Finally, the government provides, as Attachment B to this Response, Michael D. Martin's 5K.1 Motion for Departure, designated on the government's exhibit list as Exhibit 33. In addition, the government has renumbered Exhibit 34 as 34a and included Exhibit 34b.

Respectfully submitted this the 21st day of April, 2006

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

ANDREW C. LOURIE
ACTING CHIEF,
PUBLIC INTEGRITY SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN,    ) | |
| PAUL MICHAEL HAMRICK,    ) | |
| GARY MACK ROBERTS, and  ) | |
| RICHARD M. SCRUSHY       ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    LOUIS V. FRANKLIN, SR.
    ACTING UNITED STATES ATTORNEY

    /s/ J.B. Perrine
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax:    (334)223-7135
    Email: jb.perrine@usdoj.gov
    ASB-9077-E31J