IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>     Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S RESPONSE TO GOVERNMENT'S MOTION TO BAR DEFENDANTS FROM PRESENTING TESTIMONY, EVIDENCE, ARGUMENT, OR QUESTIONING PERTAINING TO THE MEANS BY WHICH CONTRIBUTIONS WERE MADE TO OR REPORTED BY PUBLIC OFFICIALS OR CANDIDATES OTHER THAN THE DEFENDANTS AND TO ANY ILLEGAL AGREEMENT ANY PERSON MAY HAVE HAD WITH ANY <u>PUBLIC OFFICIAL OR CANDIDATE OTHER THAN THE DEFENDANTS</u>**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this "Response to Government's Motion to Bar Defendants from Presenting Testimony, Evidence, Argument, or Questioning Pertaining to the Means by Which Contributions Were Made to or Reported by Public Officials or Candidates Other Than the Defendants and to Any Illegal Agreement Any Person May Have Had With Any Public Official or Candidate Other Than the Defendants" as follows:

As an initial proposition, the government's motion should be denied as untimely. This motion in limine should have been filed within the time ordered by the Court. Second, Defendant Scrushy submits that the government has misconstrued the intent of any alleged offending evidence. We contend that there is no provable violation of any laws in this case. The government cannot indict a political case and then complain that a

central topic of discussion during the trial is the manner in which political campaigns operate. The fact that much of the case against Richard Scrushy falls clearly within the norms of the political process in Alabama is a defense to the allegations in the Indictment, and it is not submitted on the issue of selective prosecution.

It is clear that the government's motion is predicated on the concern that the defense will ask Clayton L. ("Lanny") Young about alleged corrupt political activities with individuals who are not under indictment. The government contends that such inquiry is irrelevant. Such inquiries are relevant to probe credibility as to whether Lanny Young has been forthright in his statements to the government or whether the statements have been slanted in an effort to prejudice only the known targets of this investigation. Such activities would clearly be crimes as to those public officials and would constitute crimes similar to the crimes to which Lanny Young has entered pleas of guilty before this Court. *See United States v. Young*, 2:05-cr-116-WHA (M.D. Ala. June 30, 2005); *United States v. Young*, 2:03-cr-135-WHA (M.D. Ala. June 24, 2003).

Defendant Scrushy has questioned and will continue to ask witnesses about the pattern and practice of making and receiving political contributions in the State of Alabama, not to show selective prosecution, but to show that there was no violation of 18 U.S.C. § 666. As such, the evidence of that pattern and practice is directly relevant to the charges in this case and to exclude it would be reversible error under Eleventh Circuit precedent. *See generally United States v. Hurn*, 368 F.3d 1359, 1362-1368 (11th Cir. 2004).

In *Hurn,* the Eleventh Circuit laid out four circumstances where a district court's exclusion of a defendant's evidence violates the Compulsory and Due Process clauses:

> First, a defendant must generally be permitted to introduce evidence directly pertaining to any of the actual elements of the charged offense or an affirmative defense. Second, a defendant must generally be permitted to introduce evidence pertaining to collateral matters that, through a reasonable chain of inferences, could make the existence of one or more of the elements of the charged offense or an affirmative defense more or less certain. Third, a defendant generally has the right to introduce evidence that is not itself tied to any of the elements of a crime or affirmative defense, but that could have a substantial impact on the credibility of an important government witness. Finally, a defendant must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in a significantly different light, such that a reasonable jury might receive it differently

*Id.* at 1363 (footnotes omitted).

Defendant Scrushy's questions and evidence fall into the second, third, and fourth of these circumstances. The pattern and practice of the way people in the State of Alabama made and received political contributions is a "collateral matter that [is] itself relevant to the *mens rea* of the offense." *Id.* at 1364. In *United States v. Sheffield*, 992 F.2d 1164 (11th Cir. 1993), the defendant, an Air Force employee convicted of using Air Force time and materials to produce fishing lures for his own use, attempted to show that it was a legitimate base custom to use Air Force materials to make retirement presents for high-ranking officials. The district court excluded this evidence, and the Eleventh Circuit reversed. The evidence, like the custom evidence Defendant Scrushy is attempting to elicit, was directly relevant to the defendant's state of mind. *Id.* at 1170; *accord United States v. Lankford*, 955 F.2d 1545, 1550-51 (11th Cir. 1992) (evidence that defendant's belief in the legality of his tax returns was reasonable relevant to whether defendant acted willfully).

Not only is the evidence directly relevant to Defendant Scrushy's *mens rea*, it also is important to rebut the government's attempts to paint Defendant's actions as furtive and out of the norm. In *United States v. Word*, 129 F.3d 1209 (11th Cir. 1997), the government introduced evidence that the defendant and her husband were close and loving, thereby asking the jury to infer that she had knowledge of her husband's illegal activities. *Id.* at 1212. It was reversible error for the district court to exclude her proposed testimony of an abusive relationship. *Id*. The jury was entitled to hear the entire story, not just the government's version. *Id*.

Similarly, in *United States v. Todd*, 108 F.3d 1329 (11th Cir. 1997), the government introduced evidence that the defendant and his family received extremely high salaries and asked the jury to infer from that evidence that the defendant was motivated by greed to defraud the company pension plan. *Id*. at 1333. It was reversible error for the district court to exclude evidence that all the employees of the company, not just defendant's family, received high salaries, evidence that could have "put quite a different spin" on the government's evidence. *Id*. at 1334.

The government's evidence in this case is intended to and does tend to make Defendant's "acts appear unusual or suspicious, when in fact they are part of a normal, even accepted, routine." *Hurn*, 368 F.3d at 1367. Once the government went down that road, Defendant Scrushy became entitled under the Sixth Amendment to the United States Constitution to introduce evidence and question witnesses to establish the "normal, even accepted, routine." *Id*.

Finally, as noted above, the evidence also is necessary to attack the credibility of important government witnesses. Where the "purpose of the proffered evidence [is] to

4

discredit [a] key government witness," it is reversible error to exclude that evidence. *United States v. Davis*, 639 F.2d 239, 244-45 (5th Cir. 1981).[1]  As the former Fifth Circuit has stated repeatedly:

> "The Sixth Amendment confrontation clause guarantees to a criminal defendant the right to cross-examine a witness against him. . . . This right is especially important with respect to accomplices or other witnesses who may have substantial reason to cooperate with the government. . . . Indeed, it is so important that the defendant is allowed to 'search' for a deal between the government and the witness, even if there is no hard evidence that such a deal exists. . . . What tells, of course, is not the actual existence of a deal but the witness' belief or disbelief that a deal exists."

*United States v. Mayer*, 556 F.2d 245, 249 (5th Cir. 1977), *quoting United States v. Onori*, 535 F.2d 938, 945 (5th Cir. 1976).

The cases cited by the government are not to the contrary, but instead stand for the unexceptional proposition that the court may exclude irrelevant evidence. *See United States v. Elliott*, 62 F.3d 1304, 1308 (11th Cir. 1995) (it was not relevant to whether defendant defrauded customers named in the indictment that a defendant was honest with customers not named in the indictment); *United States v. Ramos*, 933 F.2d 968, 974 (11th Cir. 1991) (upholding district court refusal to admit evidence where defendant could not link alleged improprieties of New York DEA agents with actions of Miami DEA agents).. *Id*. at 1308.

Nor is this highly relevant evidence prejudicial.  As noted in the beginning, Defendant Scrushy is not attempting to establish selective prosecution and does not

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit handed down prior to September 30, 1981.

intend to make any such arguments to the jury.[2]  Instead, he is attempting to show that his actions were part of an accepted routine, that he was not hiding anything, or otherwise acting with a guilty conscience.  The Eleventh Circuit did not find such evidence confusing or prejudicial in the numerous cases cited above, nor would it in this case.

---

[2] For this reason, Defendant Scrushy does not address the government's argument that the Defendants may not present a selective prosecution argument to the jury.  That argument simply misunderstands how Defendant intends to use the evidence.

CONCLUSION

WHEREFORE, Defendant Scrushy respectfully prays that this Court deny the government's motion.

This 17th day of May, 2006.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

Frederick Helmsing
Helmsing, Leach, Herlong, Newman &
Rouse, P.C.
P.O. Box 2767
Mobile, AL 36652
Phone: 251-432-5521
Fax: 251-432-0633

Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of May, 2006, I electronically filed the foregoing response with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail:  les.moore@lvmlaw.com
