IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>    Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S RESPONSE TO
MARK WILKERSON'S MOTION TO QUASH SUBPOENA**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this "Response to Mark Wilkerson's Motion to Quash Subpoena" as follows:

On May 17, 2006, Mark D. Wilkerson filed a motion to quash a subpoena to appear as a witness in this matter. Doc. 401. The subpoena was served on behalf of Defendant Scrushy. As Wilkerson notes in his motion, he previously was subpoenaed by the United States to testify in this same case, and he filed a similar motion to quash. Doc. 370. This Court denied that motion, Doc. 372, as it should deny this motion to quash.

Wilkerson expresses a vague concern that he may be asked a question, the answer to which would violate the attorney-client privilege held by SHDPA, the CON Review Board, or the Statewide Health Coordinating Council. He thus requests that this Court either quash the subpoena altogether or inform him of the nature of the questions he will be asked. Neither approach is appropriate.

Instead, the Eleventh Circuit Court of Appeals repeatedly has held that, when a witness fears that questions may call for privileged material, the appropriate course is for the witness to appear as subpoenaed and assert his objections to specific questions as they are asked.  *See, e.g., In re Grand Jury Proceedings,* 694 F.2d 1256, 1258 (11th Cir. 1982); *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980); *United States v. Melchor Moreno*, 536 F.2d 1042, 1046 (5th Cir. 1976).  Once the privilege has been invoked with respect to a specific question or specific line of questions, the court "can then rule on those specifics if they arise."  *In re Grand Jury*, 694 F.2d at 1258.  Because the court "must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence," *Melchor Moreno,* 536 F.2d at 1046-47, *quoting Hoffman v. United States,* 341 U.S. 479, 486-87, 71 S.Ct. 814, 818 (1951), it is important that this happen during the course of examination and not on a cold record.  A*ccord Goodwin,* 625 F.2d at 701 (Trial court must make a "particularized inquiry" because while "the witness may have a valid claim to the privilege with respect to some questions, the scope of that privilege may not extend to all relevant questions.").

## CONCLUSION

WHEREFORE, Defendant Scrushy respectfully prays that this Court deny Mark D. Wilkerson's motion to quash subpoena.

This 19th day of May, 2006.

        Respectfully submitted,

        /s/ Arthur W. Leach
        Arthur W. Leach
        Fred D. Gray
        Terry Lucas Butts
        Leslie V. Moore
        2310 Marin Drive
        Birmingham, Alabama 35203
        Phone: 205-822-4224
        Fax: 205-824-0321

        James K. Jenkins
        Bruce Maloy
        Maloy & Jenkins
        25th Floor
        75 Fourteenth Street, NW
        Atlanta, Georgia 30309
        Phone: 404-875-2700
        Fax: 404-875-7857

        Frederick Helmsing
        Helmsing, Leach, Herlong, Newman & Rouse, P.C.
        P.O. Box 2767
        Mobile, AL 36652
        Phone: 251-432-5521
        Fax: 251-432-0633

        Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of May, 2006, I electronically filed the foregoing response with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail: les.moore@lvmlaw.com
