**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>    Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION TO PREVENT THE JURY
FROM USING THE GOVERNMENT'S CHARTS DURING ITS
DELIBERATIONS AND MOTION TO PERMIT CREATION OF
PHOTOGRAPHIC COPIES OF THE CHARTS TO PRESERVE THE RECORD
<u>FOR APPEAL</u>**

COMES NOW Defendant Richard M. Scrushy, by and through undersigned counsel, and files this "Motion to Prevent the Jury from Using Charts During Its Deliberations," and further moves the Court to permit counsel to bring a camera into the courtroom for the limited purpose of taking pictures of the government's charts in order to preserve the record. In support of these motions Defendants submits to the Court as follows:

Throughout this trial, the government has used numerous charts to illustrate its points to the jury, so much so that this Court has cautioned the government against making this a "trial by charts." *See United States v. Lloyd*, 226 F.2d 9, 17 (5th Cir. 1955) ("trial court is charged with grave responsibilities . . . to insure that an accused is not unjustly convicted in a 'trial by charts'"). In just the past two days the government has created no less than four new charts, making the creation and filing of this motion difficult due to the fact that the substance to which this motion is directed is a continually

moving target. In that regard, the Defendant has attempted to capture the essence of the now roughly 20 charts for this Court and for any reviewing court, and we have found such description difficult. It is for this reason that we believe that the many charts created by the government should be photographed. When this issue was taken up with the Court at sidebar, it was indicated that the charts themselves would become part of the record and would be transmitted to the Eleventh Circuit. It has been the experience of the undersigned that such "bulky" exhibits are rarely reviewed by the Eleventh Circuit and the better practice is to reduce the exhibit to 8½ by 11 in size and incorporate the reduced exhibit in an appendix to the brief under Rule 30 of the Federal Rules of Appellate Procedure. Rule 30(e) provides that exhibits designated for inclusion in the appendix may be reproduced in a separate volume which has to be suitably indexed. For these reasons we ask that the Court grant Defendant permission to bring a camera into the courtroom for the sole purpose of taking pictures of the charts which have been created by the government through the course of this case.

Because many of the government's charts are merely the government's arguments the jury should not be permitted to examine or otherwise use those charts during its deliberations. In addition, most if not all of the tendered charts do not fall within the strictures of Federal Rule of Evidence 1006 and hence should not be allowed out with the jury during deliberations. Finally, many of the charts contain assumptions not supported by the record and likewise should not be given to the jury during deliberations.

The use and admission of organizational charts and summary evidence is governed by Federal Rules of Evidence 611(a) and 1006. *See United States v. Taylor,* 210 F.3d 311, 315 (5th Cir. 2000); *United States v. Bray,* 139 F.3d 1104, 1112 (6th Cir.

1998). Allowing the parties to use charts as "pedagogical devices" intended to present their version of the case is within this Court's discretion under Federal Rule of Evidence 611(a). *See United States v. Posada-Rios*, 158 F.3d 832, 869 (5th Cir. 1998); *Bray*, 139 F.3d at 1111. Such charts are not evidence and hence do not go back with the jury during deliberations. *See, e.g., Taylor*, 210 F.3d at 315; *Bray*, 139 F.3d at 1112. Because "this type of exhibit is more akin to argument than evidence since it organizes the jury's examination of testimony and documents," its use requires a limiting instruction from the court. *Bray*, 139 F.3d at 1111-12 (internal quotations omitted); *accord Taylor*, 210 F.3d at 315.

In contrast, summary charts admitted under Federal Rule of Evidence 1006 may, in the court's discretion, be admitted into evidence and submitted to the jury during deliberations. *United States v. Richardson,* 233 F.3d 1285, 1293 (11th Cir. 2000). Rule 1006, however, permits the use of summary charts only in certain limited instances. First, the underlying documents must be so voluminous that they "cannot conveniently be examined in court." Fed. R. Evid. 1006. Second, the underlying documents must have been made available for examination by the other party. *Id.* Third, the underlying documents, while they need not be admitted into evidence, must actually be *admissible* evidence. *Peat, Inc. v. Vanguard Research, Inc.,* 378 F.3d 1154, 1160 (11th Cir. 2004) ("Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible."). Finally, the chart summarizing the evidence must be an accurate compilation of the underlying documents. *See generally Steele v. United States,* 222 F.2d 628 (5th Cir. 1955) (reversing conviction where government introduced as evidence charts containing errors and omissions).

Even when a chart meets the requirements of Rule 1006, however, the Court can and may exclude it. *See Richardson*, 233 F.3d at 1293 (decision whether to use summary charts within trial court's discretion), *citing United States v. Diez,* 515 F.2d 892, 906 (5th Cir. 1975). As the Court of Appeals has cautioned numerous times, summary charts are "to be used with caution, due to their potential for abuse." *Richardson,* 233 F.3d at 1293, *citing United States v. Norton*, 867 F.2d 1354, 1362 (11th Cir. 1989), *and Gordon v. United States*, 438 F.2d 858, 876 (5th Cir. 1971). When a chart contains argumentative headings or other conclusions, there is a danger that the jury will "accept such unsworn, conclusory verbiage as authentic, primary proof, instead of purely in summarization and explanation of sworn testimony or authenticated documentary evidence." *Lloyd v. United States*, 226 F.2d 9, 17 (5th Cir. 1955). Many of the Charts that the government has created violate this provision and repeatedly represent efforts by the government to restate the testimony of the witness. With virtually every witness the government has called, with the exception of those called by Mr. Franklin, after an initial inquiry into the relevant testimony that same testimony has been reduced to a chart during which the testimony is then repeated, with portions of the testimony being repeated numerous times. We submit that in addition to unnecessary and prejudicial charting of the testimony, this process is in violation of Rule 403 of the Federal Rules of Evidence because this process has delayed the trial, it has been a waste of time and it repeatedly constitutes the needless presentation of cumulative evidence.

There is a third type of chart: one that summarizes voluminous records, but also contains assumptions not in the voluminous records. These charts must be admitted into evidence only with great caution and a corresponding limiting instruction that they do not

constitute independent evidence. *See Bray*, 139 F.3d at 1112. The Court must be particularly cautious when the assumptions are the very facts which the government must prove beyond a reasonable doubt. *See Baines v. United States*, 426 F.2d 833, 840 (5th Cir. 1970). The "essential requirement" for their admission is that any assumptions contained in the charts be supported by the evidence. *Richardson,* 233 F.3d at 1294, *quoting Diez,* 515 F.2d at 905. Examples of this type of chart are all of the charts created by Mr. Feaga relating to the Talledega portion of the case and the portion of the case related to contribution of merchandise by Lanny Young to the Governor's campaigns. (Exhibits 273 through 275). While the witness repeatedly acknowledged that his value assessments did not represent his costs in T shirts, caps and jackets, Mr. Feaga insisted on utilizing such values on the charts. (Exhibit 273). The government also charted the value of a day at the race track at $1,000 even though that amount ties to no documents in the case and the only basis for such an opinion was the testimony of Lanny Young. (Exhibit 274). The government also charted the value of a racing helmet, which has to be collateral to any issue in this case, along with silk screening costs and payments to PACs made by Lanny Young. (Exhibit 275).

> Thus, [the Eleventh Circuit] will permit the use of summary charts incorporating certain assumptions so long as supporting evidence has been presented previously to the jury – and where the court has made it clear that the ultimate decision should be made by the jury as to what weight should be given to the evidence.

*Richardson,* 233 F.3d at 1294 (internal quotations omitted).

As noted above, the government has made copious use of so-called summary charts throughout this trial. The government charts are purely "pedagogical devices," even though the government has attempted to admit them into evidence. Regardless of

5

whether the charts have been admitted, Defendant Scrushy would object to the charts going back with the jury during deliberations.

Even if the Court should find that the government's assumptions in the charts have support in the evidence, it still may, in its discretion, prohibit the use of the charts by the jury during deliberations. *See Richardson*, 233 F.3d at 1293. Defendant submits that this is an instance where such discretion is properly applied to avoid a "trial by charts." The central problem with the government's charts is that due to the number of charts, the actual evidence and testimony will have diminished significance for the jury. Each one of the charts constitute a mini-closing argument for the government on the topic under consideration. The prejudicial effect of the charts may continue in spite of the Court's favorable ruling on this motion because many of the jurors have been reducing the charts to their handwritten notes during the trial. This problem is further amplified by the fact that on the ***one occasion*** Defendant Scrushy wanted to make a chart regarding Nick Bailey's testimony, clearly one of the critical witnesses to our case, the Court sustained Mr. Feaga's objection to our being permitted ***to even begin to make the chart***. We have objected on numerous occasions to the government's unnecessary charting in this case to no avail. For this reason alone, due to the imbalance in the government's charts all of the charts should be excluded from deliberations.

## CONCLUSION

WHEREFORE, Defendant Scrushy respectfully prays that this Court grant Defendant's "Motion to Prevent the Jury from Using The Government's Charts During Deliberations." We further ask that we be permitted to photograph the exhibits in order to preserve the record pursuant to the Federal Rules of Appellate Procedure.

This 25th day of May, 2006.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Fred D. Gray
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

James K. Jenkins
Bruce Maloy
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

Frederick Helmsing
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
P.O. Box 2767
Mobile, AL 36652
Phone: 251-432-5521
Fax: 251-432-0633

Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2006, I electronically filed the foregoing "Motion to Prevent the Jury from Using Inadmissible Charts During Deliberations" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail: les.moore@lvmlaw.com