IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DON EUGENE SIEGELMAN | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS | ) | |
| RICHARD M. SCRUSHY | ) | |

UNITED STATES' MOTION IN LIMINE TO BAR
DEFENDANT SCRUSHY'S INTRODUCTION OF HEALTHSOUTH'S
IRRELEVANT PRIOR DONATIONS AND CONTRIBUTIONS

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby moves to exclude any and all documents proffered by Defendant Scrushy that are related to HealthSouth's prior donations and contributions. These documents are irrelevant, and in any event any probative value they may tenuously have is substantially outweighed by their prejudicial effect and danger to mislead and confuse the jury. They must not be admitted.

At the end of the day on June 7, 2006, Defendant Scrushy provided the Government with four binders, which contain hundreds of donations[1] and contributions that HealthSouth has allegedly has made to various charities and organizations over the years. Defendant Scrushy informed the Government that these documents would be used primarily during his case-in-chief in an attempt to negate the intent element of the charges against him. Evidence, however, of prior noncriminal

---

[1] In fact, many of the proffered documents are not charitable, but HealthSouth's in-kind purchase of university football and sport tickets, luxury sports loges, continuing legal education seminars, Holiday parties, and the like.

conduct, especially the noncriminal conduct of a nonparty, to negate the inference of criminal conduct by the defendant is irrelevant. Moreover, even if the evidence were relevant, which case law establishes that it is clearly not, then these documents are overly prejudicial, not permissible character evidence, and not permissible habit evidence. Because they are inadmissible on any possible ground, the documents must be excluded.

As grounds to support its motion, the United States submits the following:

**I.     Defendant Scrushy's Proffered Documents Are Irrelevant to Negate His Corrupt Intent.**

HealthSouth's prior donations and contributions are irrelevant in this case. According to his proffer, Defendant Scrushy would like to introduce these donations and contributions to negate the intent element of the charges against him. The theory, or so it goes, is that if HealthSouth had made all of these donations in the past, which were allegedly not corrupt, then the jury may make an inference that Defendant Scrushy did not have an unlawful intent when paying $500,000 to the lottery foundation in two disguised, concealed payments as part of his unlawful arrangement with Defendant Siegelman.

Putting aside the foundational problems of such a claim for a moment,[2] the Courts of Appeal, especially the Eleventh Circuit, have uniformly held that this type of alleged "[e]vidence of noncriminal conduct [when offered] to negate the inference of criminal conduct is generally irrelevant." United States v. Russell, 703 F.2d 1243, 1249 (11th Cir. 1983); United States v. Vincent, 648 F.2d 1046 (5th Cir. Unit A, June 25 1981);[3] United States v. Ylda, 643 F.2d 348, 352

_____

[2] Discussed later in this section.

[3] See Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981).

(5th Cir. 1981); United States v. Grimm, 568 F.2d 1136, 1138 (5th Cir. 1978) (per curium); United States v. Lambert, 580 F.2d 740, 742 (5th Cir. 1978); United States v. Dobbs, 506 F.2d 445 (5th Cir. 1975);  see also; United States v. Dula, 989 F.2d 772, 776 n.10 (5th Cir. 1993); United States v. Molovinsky, 688 F.2d 243, 247 (4th Cir. 1982); United States v. Null, 415 F.2d 1178, 1181 (4th Cir. 1969); Herzog v. United States, 226 F.2d 561, 565 (9th Cir. 1955); United States v. Stoehr, 196 F.2d 276, 282 (9th Cir. 1952).

For example, in Ylda,[4] the defendant was charged with accepting bribes.  At trial, Ylda attempted to introduce documents which tended to show that his prior accumulation of wealth negated the possibility that he would have needed to accept a bribe.[5]  The trial court, however, denied this request.[6]  The Court of Appeals affirmed, noting that such documents are irrelevant because they have "no probative value as to whether [Ylda] was accepting bribes" as charged on this particular occasion.[7]

Other courts have excluded similar evidence.  For example:

- in a fruit and produce price fixing case, the court denied the indicted seller's offer to prove that on occasions other than those charged, he sold lettuce without an unlawful tie-in with other vegetables;[8]

- in an automobile dealer's income tax evasion case. the court precluded the defendant dealer's attempt to show that on 13 other occasions automobiles had been registered in the dealer's name and that when automobiles were

---

[4] Ylda, 643 F.2d at 352.

[5] Id. at 352.

[6] Id.

[7] Id.

[8] Shapiro, 159 F.2d at 891.

3

resold, sales were recorded on the agency's books;[9]

• in a tax evasion case, the court rejected the defendant's attempt to negate his intent to evade taxes by showing that in an unindicted tax year, he actually overpaid his taxes.[10]

In this case, Defendant Scrushy has been charged with offenses that require the Government to prove his unlawful intent (e.g., corrupt intent or intent to defraud). While HealthSouth's proffered donations could be probative of a different charge – for example, whether HealthSouth properly deducted donations in a tax case – they have nothing whatsoever to do with whether Defendant Scrushy was bribing and engaging in a conspiracy and honest services fraud scheme with Defendant Siegelman in this case.

Moreover, Defendant Scrushy intents to call a records custodian from HealthSouth to admit the records of HealthSouth's prior donations and contributions. It is impossible to see, however, how a records custodian or anyone other than Defendant Scrushy himself could establish in his case-in-chief his involvement with and corresponding intent concerning any donation or contribution HealthSouth may have made in the past.[11] Without a proper foundation, these documents cannot be introduced. See United States v. Vincent, 648 F.2d 1046, 1051 (5th Cir. 1981).

In Vincent, for instance, defendant Vincent was charged with conspiracy to defraud and theft from a community action organization he oversaw. Id. at 1048. At trial, Vincent attempted to introduce evidence of favorable outside examiners' reports that were conducted during the commission of the conspiracy. Id. at 1051. Vincent claimed that because he relied upon these

---

[9] Herzog, 226 F.2d at 565.

[10] Stoehr, 196 F.2d at 282.

[11] In fact most of the proffered documents make little or no mention of Defendant Scrushy, other than the auto-signature on the check. Most of the donations were ordered by third parties at HealthSouth who are not involved in this case nor listed on Defendant Scrushy's witness list.

4

reports, they were probative to negate the required intent to misuse the community action organization's funds. Id. The evidence, however, was excluded. Id. On appeal, the Court noted that there was no evidence of how the audits would "relate to the subject matter of the indictment." Id. Absent such foundation testimony, the Court ruled that excluding the evidence was entirely proper. Id.

In sum, Defendant Scrushy's documents are completely irrelevant and without foundation. They should therefore be excluded from this trial.

## II.     Even if These Documents Were Somehow Relevant, They Are Also Overly Prejudicial, Confusing, and Cumulative and Must Be Excluded under Rule 403.

Even if Defendant Scrushy could somehow lay a foundation for these documents and somehow make them marginally relevant (which he clearly cannot do), the documents should still be excluded because they are overly prejudicial, cumulative, and will lead to needless confusion. Federal Rule of Evidence 403 prohibits the introduction of evidence that although otherwise relevant, should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . . or needless presentation of cumulative evidence."

Defendant Scrushy would like to introduce evidence of HealthSouth's prior donations and contributions. In addition to ruling this type of evidence to be irrelevant, however, courts have also noted that this type of evidence is overly prejudicial[12] and in large enough numbers, cumulative. For

---

[12] See, e.g., United States v. Reed, 821 F.2d 322, 325-26 (6th Cir. 1987). In Reed, the defendants were charged with tax evasion. At trial, the defendants proffered evidence which demonstrated that on other occasions, they had made sure that their taxes were properly withheld. The district court excluded the evidence because it was misleading and confusing. The Court of Appeals affirmed and held that defendants' taxes were withheld only after the IRS instructed their employers to withhold taxes, despite the defendants' protests.

example, in <u>Grimm</u>,[13] the defendant, who was on trial for receiving and transporting stolen cars, attempted to introduce evidence of 75 other occasions in which he actually had paid for the cars. In upholding the Court's ruling that the evidence was irrelevant, the Circuit also noted that: (1) the drafts were "simply cumulative of [the co-defendant's] undisputed testimony that he had paid [for] other [cars];" and that (2) the "admission of the 75 drafts could have complicated the case and confused the jury."[14]

Similarly, in <u>Molovinsky</u>,[15] a counterfeiting case, Molovinsky attempted to negate his intent to counterfeit by showing that on other occasions he often took unrealistic fantasy trips and that his interest in the possibility of counterfeiting was just another pipe dream. The Court of Appeals affirmed the trial court's exclusion of this evidence, citing concerns not only of relevancy,[16] but also of the potential prejudice and likelihood of confusion: "To have allowed a meandering journey down such collateral paths would have distracted the jury from relevant evidence of the counterfeiting scheme itself . . . ."[17]

Defendant Scrushy's irrelevant evidence would have a similar effect on the jury for several reasons. Defendant Scrushy's documents will distract and confuse the jury. The jury has been empaneled to decide Defendant Scrushy's guilt on specific charges involving particular actions and payments. They have not been empaneled to review past donations or contributions HealthSouth

---

[13] <u>Grimm</u>, 568 F.2d at 1138.

[14] <u>Id.</u>

[15] <u>Molovinsky</u>, 688 F.2d at 247.

[16] The Court compared Molovinsky's proffered conduct to the charged counterfeit conduct, noting that the former contained "no efforts to break or objectives of breaking the law." <u>Id.</u>

[17] <u>Id.</u>

may have made.  To allow them to review this collateral evidence would distract the jury from the main issue at hand.  Moreover, the sheer number of documents offered on this one topic (i.e., four binders of documents) are cumulative.  Finally, Defendant Scrushy's documents will prejudice the jury.  While the documents masquerade as an attempt to negate the intent element of the offenses, in reality they are an improper attempt to introduce character evidence.  As discussed in the next section, these documents are not proper character evidence as offered by the accused because: (1) they are specific acts of conduct; and (2) they do not negate the pertinent character trait of corruption. Therefore, because of their additional prejudicial, confusing, and dilatory effect, the otherwise irrelevant documents must be excluded.

## III.    The Documents Are Actually an Improper Attempt to Introduce Specific Character Acts.

Additionally, Defendant Scrushy's documents are in reality improper character evidence and must therefore be excluded for two reasons.  First, the documents relate to specific donations and contributions.  Defendant Scrushy, as the accused, however, may only offer reputation and opinion evidence of a pertinent trait of character, not specific acts of character, like the ones he wants to introduce.[18]  Because the documents are specific acts that HealthSouth performed, they must be excluded.

Second, the documents do not relate to a pertinent trait in issue.  To be admissible, the

---

[18] Fed. R. Evid. 405(b); United States v. Solomon, 686 F.2d 863, 874 (11th Cir. 1982). Specific acts of character may only be offered by the accused if a trait of character is an element of the charge. Id.  "It is rare[, however,] that character is an essential element." Schafer v. Time, Inc., 142 F.3d 1361, 1372 (11th Cir. 1998) (citations omitted).  The advisory committee's notes to the Federal Rules of Evidence provide two examples in which character evidence constitutes such an essential element: "[1] the chastity of a victim under a statute specifying her chastity as an element of the crime of seduction, or [2] the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver." Fed.R.Evid. 404(a) adv. comm. note.  "In addition to these examples, a charge of defamation or libel commonly makes damage to the victim's reputation or character an essential element of the case." Schafer, 142 F.3d at 1371-72.

offered character trait must be pertinent.[19]    The pertinent character trait for bribery and honest services fraud is honesty.[20]  Defendant Scrushy's evidence of HealthSouth's donations, however, are not relevant as to honesty; instead they are relevant to HealthSouth's character trait of generosity or charity.[21]  Thus, because the proposed character evidence is neither pertinent, nor permissible, the evidence must be excluded.

## IV.    These Documents Are Not Evidence of Habit.

Finally, to the extent Defendant Scrushy were to argue it, the donations and contributions are not habit evidence.  Habit evidence "is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two steps at a time . . . ."[22]  Moreover, "habit or pattern of conduct is never to be lightly established, and evidence of example, for purpose of establishing such habit is to be carefully scrutinized before admission."[23]  Bribery or refraining from bribery "is not a semi-automatic act and does not constitute habit."[24]  Thus, the documents should not be admitted as habit evidence.

---

[19] Fed. R. Evid. 404(a)(1).  Pertinent generally is defined as "relevant."  See United States v. Hewitt, 634 F.2d 277, 279 (5th Cir. Unit A, Jan. 15, 1981) (citations omitted) ("Under Rule 404(a)(1), evidence may be offered only of "pertinent" traits, a term apparently synonymous with 'relevant.'").

[20] Cf. United States v. Gillespie, 852 F.2d 475, 479 (9th Cir. 1988) (In Michelson[ v. United States, 335 U.S. 469 (1948), the court held that the defendant in a trial for bribery put his . . . character at issue when he called five witnesses who testified that he had a good reputation and was honest, truthful, and law abiding).

[21] Moreover, charity in and of itself is not admissible to prove good character.  See Steinberg v. United States, 162 F.2d 120 (5th Cir 1947).

[22] Fed. R. Evid. 406 adv. comm. note.

[23] Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519 (11th Cir. 1985) (citations omitted).

[24] United States v. Troutman, 814 F.3d 1428 (10th Cir. 1987) (holding same in the extortion context).

## V.      Conclusion

HealthSouth's prior donations and contributions are irrelevant and otherwise prejudicial. They are inadmissable under any possible evidentiary theory.  Case law and common sense dictates that they must be excluded.

Respectfully submitted this 11th day of June, 2006.

LOUIS V. FRANKLIN, SR.                    ANDREW C. LOURIE
ACTING UNITED STATES ATTORNEY    ACTING CHIEF, PUBLIC INTEGRITY
                                                            SECTION

/s/ Louis V. Franklin, Sr.                       /s/Richard C. Pilger
Acting United States Attorney               Department of Justice, Criminal Division
One Court Square, Suite 201               Public Integrity Section
Montgomery, AL 36104                       1400 New York Ave. NW
Phone: (334) 223-7280                       Bond Building, 12th Floor
Fax: (334) 223-7560                           Washington, DC 20530
Email: louis.franklin@usdoj.gov          Phone: (202) 514-1412
                                                            Fax: (202) 514-3003
/s/ J.B. Perrine                                  Email: richard.pilger@usdoj.gov
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334) 353-8494
Fax: (334) 242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334) 353-4839
Fax: (334) 242-4890
Email: j.fitzpatrick@ago.al.state.us

# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DON EUGENE SIEGELMAN** | ) | **CRIMINAL NO. 2:05-CR-119-MEF** |
| **PAUL MICHAEL HAMRICK** | ) | |
| **GARY MACK ROBERTS** | ) | |
| **RICHARD M. SCRUSHY** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 11th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted this 11th day of June 2006.

/s/ J.B. Perrine
J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J