### IN THE UNITED STATES DISTRICT COURT FOR
### THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DON EUGENE SIEGELMAN | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS, and | ) | |
| RICHARD M. SCRUSHY, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S MOTION TO RECONSIDER FINDING THAT AIDING AND ABETTING CHARGES IN COUNTS THREE AND FOUR ARE MULTIPLICITOUS

Comes now the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and respectfully moves this Court to reconsider its finding that Counts Three and Four of the Second Superseding Indictment are multiplicitous. As each charge has an element that the other does not, the charges pass muster under *Blockburger v. United States*, 284 U.S. 299 (1932), and there is no multiplicity.

In its Order, the Court found that charging aiding and abetting was multiplicitous because, "*as charged in this indictment*, the Defendants' *conduct* is already criminalized pursuant to 18 U.S.C. § 666(a)(1)(B) or § [666](a)(2)." (Mar. 22, 2006 Order, at 5 (emphasis added).) However, by focusing on charges as they appear in the indictment—that is, in considering what the government intends to prove as to each count—the Court incorrectly focuses on the *conduct* at issue, rather than simply the elements of the crimes themselves. *See, e.g.*, *United States v. Sanchez*, 3 F.3d 366, 367 (11th Cir. 1993) ("In *Dixon*, the Supreme Court renounced the

'same-conduct' test enunciated in *Grady* and reaffirmed the analysis in *Blockburger* . . . which focused on the elements of the crime rather than the conduct comprising the offense." (footnote omitted)).

The *Blockburger*, or "same-elements," test, asks "whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993). This test focuses on the elements of the offenses charged, *see, e.g.*, *id.*, not on the conduct underlying those charges. Indeed, in *Grady v. Corbin*, 495 U.S. 508 (1990), *overruled by Dixon*, 509 U.S. at 704, a majority of the Court created a new test, in addition to *Blockburger*, which was overruled three years later in *Dixon*. *Grady*, during the short period in which it was good law, required courts to first engage in a *Blockburger* test to determine whether a subsequent prosecution violated the Fifth Amendment's Double Jeopardy Clause. 495 U.S. at 516. If the prosecution passed that test, courts were then instructed to determine whether "the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 521. It is this second test that the *Dixon* Court overruled. 509 U.S. at 704.

Yet despite *Dixon*, Defendants Siegelman and Scrushy have in effect asked this Court to apply a same-conduct test, rather than *Blockburger*'s same-elements test.[1] And by considering

---

[1] Interestingly, even if *Grady* were still good law, it would not benefit the defendants here. In his opinion for the majority, Justice Brennan emphasized that the *Blockburger* test "was developed in the context of multiple punishments imposed in a single prosecution." 495 U.S. at 516. The *Grady* rule, however, was intended to address the additional concerns raised by the specter of multiple *prosecutions*. *Id.* at 516-521; *see also id.* at 521 ("Thus, a subsequent prosecution must do more than merely survive the *Blockburger* test."). Of course, multiple prosecutions is not the issue in this case, so even *Grady* would be of no help to the defendants.

the crimes as charged and the defendants' conduct, the Court has done just that.  When only the

elements of the crimes are considered, it is clear that they pass the *Blockburger* test.

Section 666(a)(1) provides:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists—
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—
> (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that—
> (i) is valued at $5,000 or more, and
> (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; or
> (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more . . .
> shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 666(a)(1).

Section 666(a)(2) provides:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists—
> (2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local, or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;
> shall be fined under this title, imprisoned not more than 10 years, or both.

*Id.* § 666(a)(2).

For its part, 18 U.S.C. § 2 provides that "[w]hoever willfully causes an act to be done

which if directly performed by him or another would be an offense against the United States, is

punishable as a principal."  This is the aiding and abetting statute.  "To support a conviction for

3

aiding and abetting an offense, the evidence must simply show that the defendant was associated with the criminal venture, participated in it as something he wished to bring about, and sought by his action to make it succeed." *United States v. Howard*, 13 F.3d 1500, 1502 (11th Cir. 1994) (quotation marks omitted). "The evidence need not show that the defendant participated in every phase of the venture." *Id.*

Therefore, Defendant Scrushy is guilty of aiding and abetting Defendant Siegelman's violation of § 666(a)(1)(B) if Scrushy sought by his actions to help Siegelman succeed in corruptly soliciting, demanding, or agreeing to accept a benefit or something of value. What Scrushy seems not to realize is that the actual paying of a bribe is not the only way to aid or abet a § 666(a)(1)(B) violation. Similarly, the receiving of a bribe is not the only way to aid or abet a violation of § 666(a)(2). For example, Defendants Siegelman and Scrushy, through their separate conversations and communications with Eric Hansen, facilitated the actions of each other in effectuating Defendant Scrushy's payment of $500,000 to Defendant Siegelman in exchange for HealthSouth having membership on, representation at, and influence over the CON Board.

The various ways in which the subsections could be violated, however, is exactly the inquiry the court should *not* be involved in. That is the lesson *Dixon* taught when in overruled *Grady*. The only question this Court needs to decide is "whether each offense contains an element not contained in the other." *Dixon*, 509 U.S. at 696. In *United States v. Sanchez*, defendants were charged with first-degree murder and attempted murder, among other crimes, in Puerto Rico and were later charged with murder-for-hire in the Southern District of Florida, based on the same conduct. 992 F.2d 1143, 1145 (11th Cir.), *opinion withdrawn by, in part, substituted opinion at, in part*, 3 F.3d 366 (11th Cir. 1993). Relying in large part on *Grady*, the

Eleventh Circuit initially reversed defendants' convictions for murder for hire, as the offenses were based on the same conduct.  992 F.2d at 1159.  Revisiting the issue after *Dixon*, however, the same panel of the Eleventh Circuit withdrew that portion if its opinion and affirmed the defendants' convictions for murder for hire.  3 F.3d at 367.  Applying *Blockburger*'s same-elements test, the court held that the multiple prosecutions did not violate the Double Jeopardy Clause.  *Id.*

Here, for Scrushy to have aided and abetted Siegelman's § 666(a)(1)(B) violation, he must have "associated with the criminal venture, participated in it as something he wished to bring about, and sought by his action to make it succeed."  *Howard*, 13 F.3d at 1502.  To be guilty of the § 666(a)(2) violation, he must have, *inter alia*, "corruptly give[n], offere[d], or agree[d] to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State.  18 U.S.C. § 666(a)(2).  These two offenses therefore pass the *Blockburger* test.

For his part, Defendant Siegelman, to be guilty of aiding and abetting Defendant Scrushy's § 666(a)(2) violation, must have "associated with the criminal venture, participated in it as something he wished to bring about, and sought by his action to make it succeed."  *Howard*, 13 F.3d at 1502.  To be guilty of violating § 666(a)(1)(B), however, he must have, *inter alia*, "corruptly solicit[ed] or demand[ed] for the benefit of any person, or accept[ed] or agree[d] to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, etc."  18 U.S.C. § 666(a)(1)(B).  These two offenses also pass muster under *Blockburger*.

WHEREFORE, THE PREMISES CONSIDERED, the United States respectfully moves the Court to reconsider its finding that the aiding and abetting charges in Counts Three and Four of the Superseding Indictment are multiplicitous.

Respectfully submitted this the 12th day of June, 2006


LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:     (334)223-7560
Email: louis.franklin@usdoj.gov

J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:     (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:     (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:     (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374-A60S


ANDREW C. LOURIE
ACTING CHIEF, PUBLIC INTEGRITY
SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:     (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DON EUGENE SIEGELMAN** ) | **CRIMINAL NO. 2:05-CR-119-MEF** |
| **PAUL MICHAEL HAMRICK** ) | |
| **GARY MACK ROBERTS, and** ) | |
| **RICHARD M. SCRUSHY.** ) | |
| ) | |
| ) | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2006, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to all counsel

of record.

Respectfully submitted,

LEWIS V. FRANKLIN SR.
ACTING UNITED STATES ATTORNEY

/s/ JB PERRINE
James B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jb.perrine@usdoj.gov