IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-F |
| DON EUGENE SIEGELMAN ) | |
| PAUL MICHAEL HAMRICK ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

**UNITED STATES' RESPONSE TO**
**DEFENDANT SCRUSHY'S MOTION TO EXCLUDE SUMMARY CHARTS**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Response to Defendant Scrushy's Motion to Prevent the Jury from Using the Government's Charts During Its Deliberations and Motion to Permit Creation of Photographic Copies of the Charts to Preserve the Record for Appeal (Doc. 407).[1]

Defendant Scrushy's objection to the charts used in this case is overbroad. While he is correct that some of the charts should not be submitted to the jury because they were merely trial aids for the Government and the defense, the charts specifically identified in this Response are evidence in this case because they represent summaries of voluminous documents under Fed. R. Evid. 1006. Even if these particular charts were not summaries, case law dictates that these charts still should be submitted to the jury during the jury's deliberations because they fairly represent the competent testimony of witnesses. The charts should be submitted to the jury.

---

[1] The Government limits this response to Scrushy's portion of the motion regarding the exclusion of charts. For the sake of space, the Government merely notes that it does not believe taking photographs of the charts is necessary, although it will not object to them–so long as the photographs fairly and accurately reflect the actual charts in this case.

As grounds to support its position, the United States submits the following:

I.   **The Specifically Identified Charts Are Admissible as Summaries of Voluminous Documents.**

Rule 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." In order to do so, the underlying documents "shall be available for examination. . . ."[2] If they are, the charts should be admitted. "Once admitted, [these] chart[s] constitute[] substantive evidence,"[3] which the jury can then review during deliberations.[4]

In this case, there were several charts that fall under Rule 1006. Specifically, they include:

- Summary chart of total fees and taxes paid by Waste Management summarizing Hazardous Waste Fee Reports testified to by Department of Revenue employee Loretta Nelson. Ex. 298.

- Summary table, prepared by records custodian/bookkeeper Nancy Marcato, of checks from 1999 to 2002, reflecting payments by Rainline Corporation to Rainline Technologies and Crum Foshee. Ex. 306.

- Summary chart prepared by ALDOT employee/witness Gary Moore, from ALDOT database, of ALDOT contracts awarded to TTL and approved by Defendant Mack Roberts during Defendant Siegelman's term as governor. Ex. 310a.

- Summary chart prepared by ALDOT employee/witness Gary Moore, from

---

[2] Fed. R. Evid. 1006.

[3] Peat, Inc. v. Vanguard Res., Inc., 378 F.3d 1154, 1159 (11th Cir. 2004) (citing United States v. Smyth, 556 F.2d 1179, 1184 (5th Cir. 1977)).

[4] Pierce v. Ramsey Winch Co., 753 F.2d 416, 431 (5th Cir. 1985) ("A chart admitted pursuant to Rule 1006 is itself evidence and should go to the juryroom during deliberations along with the other exhibits."). See also United States v. Winn, 948 F.2d 145, 159 n.35 (5th Cir. 1991) ("[T]his Court has never held that the jury cannot take illustrative charts with them to the jury room.")

      ALDOT database, of ALDOT contracts awarded to Burk Kleinpeter during Defendant Siegelman's term as governor. Ex. 311a.

- Summary chart prepared by witness John Sanzo, Lanny Young's pilot, compiling his flight records from 1996 to October 1998, specifically those flights with Defendant Siegelman, Defendant Hamrick, or Co-conspirator Nick Bailey listed as the lead passenger and the value of those flights. Ex. 325.

- Series of charts relating to AEF/ADP loan transactions and disclosures, summarizing voluminous records from three entities and the testimony of three witnesses (First Commercial Bank representative Todd Beard, Colonial Bank representative Teresa Griswald, and Secretary of State employee Ed Packard). Exs. 254-257, 259-260, and 264-266 (large tablet charts).

- Summary of Cherokee County Commission resolutions for Three Corners Landfill and corresponding wire transfers to Lanny Young based on those resolutions. Ex. 279 (large tablet chart).

- Summary chart of financial transactions involving Jim Allen's bribe of $40,000 to Defendant Siegelman. Ex. 293.

- Summary chart of Deanne Sebert, former SouthTrust Bank representative, compiling payments to Crum Foshee and Associates from Rainline Technologies ($760,588) and UTS ($8,000) from 6/23/99 - 12/19/2002. Ex. 330 (large tablet chart).

These charts meet the two requirements for admission under Rule 1006 – thus, they were admitted as summaries of voluminous documents.[5] First, the documents underlying these exhibits were voluminous. Voluminous does not mean an impossible number of underlying documents.[6] Instead, the Government need only show that "[e]xamination of the underlying

---

[5] Moreover, while the Government charts may be based on assumptions favorable to the government, see e.g., United States v. Francis, 131 F.3d 1452, 1458 (11th Cir. 1997) (citations omitted), each of these charts is factually neutral, based mostly on dates, amounts, and transactions.

[6] United States v. Stephens, 779 F.2d 232, 238-39 (5th Cir. 1985) (Rule 1006 does not require that "it be literally impossible to examine the underlying records" before a summary chart may be introduced) (citation omitted).

materials would have been inconvenient without the charts utilized . . . ."[7] Moreover, the mere "fact that the underlying documents are already in evidence does not mean that they can be conveniently examined in court."[8] The evidence related in each of these charts was undisputably voluminous; most of the identified charts or summaries involved hundreds to thousands of underlying documents. Because it would have been inconvenient and cumbersome to present the evidence otherwise, the identified summaries should be submitted to the jury.

Second, the defense has had access to the documents on which the charts were based. This portion of Rule 1006 focuses on access to the actual underlying documents, not pretrial access to the chart itself. Thus, the requirement of the rule has been meet if "the documents <u>from which the exhibit had been prepared</u> had been made available to the [opposing party] for examination prior to trial."[9] For example, in <u>Nichols</u>,[10] the plaintiff complained that a chart should have been excluded because he had not seen it before trial. In affirming the trial court's inclusion of the chart, the Court of Appeals, however, noted that the exhibit was admissible under Rule 1006 because it was undisputed that underlying documents used for the creation of the exhibit were available to Nichols prior to trial.[11] Likewise here, it is undisputed that the underlying documents which were used to create the identified charts have been available to the defendants for months. Therefore, the above identified charts meet both the requirements of

---

[7] <u>Id.</u> at 239 (citing <u>United States v. Evans</u>, 572 F.2d 455, 491 (5th Cir. 1978)) (other citations omitted); <u>see also</u> <u>United States v. Smyth</u>, 556 F.2d 1179, 1983-84 (5th Cir. 1977).

[8] <u>Stephens,</u> 779 F.2d at 239 (citations omitted).

[9] <u>Nichols v. Upjohn Co.</u>, 610 F.2d 293, 294 (5th Cir 1980).

[10] <u>Id.</u>

[11] <u>Id.</u>

Rule 1006. They should be submitted to the jury.

**II.   Even if These Charts Were Inadmissible Under Rule 1006, Courts, in their Discretion, Routinely Admit These Types of Charts Under Rule 601(a).**

Entirely aside from Rule 1006, there would still be ample authority for the admission of these exhibits into evidence and submission to the jury. "There is an established tradition . . . that permits a summary of evidence to be put before the jury with proper limiting instructions." See United States v. Scales, 594 F.2d 558, 563 (6th Cir. 1979); see also Gariepy v. United States, 189 F.2d 459 (6th Cir. 1951); Epstein v. United States, 246 F.2d 563 (6th Cir. 1957); Barber v. United States, 271 F.2d 265 (6th Cir. 1959); United States v. Bartone, 400 F.2d 459 (6th Cir. 1968); United States v. Rath, 406 F.2d 757 (6th Cir. 1969); United States v. Lattus, 512 F.2d 352 (6th Cir. 1975); Carlson v. United States, 187 F.2d 366 (10th Cir. 1951); Gordon v. United States, 438 F.2d 858 (5th Cir. 1971); United States v. Downen, 496 F.2d 314 (10th Cir. 1974); United States v. Lawhon, 499 F.2d 352 (5th Cir. 1974).

Historically, cases involved violations of income tax laws, but there has been an expansion in the use of summaries in all types of complex criminal cases.[12] Additionally "[s]ome cases allow the summary of purely testimonial evidence."[13] Authority for such summaries in older cases is not usually cited, but more modern cases not only note this precedent, they additionally cite to Federal Rule of Evidence 611(a).[14]

While the Eleventh Circuit has not directly considered Rule 611(a) in this context, some

---

[12] Scales, 594 F.2d at 563; Smyth, 556 F.2d 1179.

[13] Id.

[14] See id. at 563-64. Rule 611(a) regulates the Court's authority over the presentation of evidence. It also "covers . . . the use of demonstrative evidence." Fed. R. Evid. 61 1(a), advisory committee's note to 1972 proposed rules.

Courts consider the following "guiding principles" in decided whether to admit summary chart aids under this Rule:

> First, we consider whether the summary chart aids the jury in ascertaining the truth. In making this determination, we look to the length of the trial, the complexity of the case, and the accompanying confusion that a large number of witnesses and exhibits may generate for the jury.
>
> Second, applying what is essentially an analysis under Rule 403 of the Federal Rules of Evidence, we consider the possible prejudice that would result to the defendant by allowing the summary chart into evidence. In practice, a number of courts considering the issue have developed safeguards to minimize possible prejudice to a defendant by (1) ensuring that the individual who prepared the chart-as well as the evidence upon which the preparer relied-was available for cross-examination by the defendant to test the competence of the evidence as presented in the summary chart, and, (2) ensuring that the district court properly instructed the jury concerning the manner in which they were to consider the charts.

United States v. Johnson, 54 F.3d 1150, 1159 (4th Cir. 1995) (citations and footnote omitted) (citing United States v. Baker, 10 F.3d 1374, 1412 (9th Cir. 1993); United States v. Pinto, 850 F.2d 927, 935 (2d Cir. 1988); Scales, 594 F.2d at 563).

The identified charts in this case merited admission. First, the requested charts aid the jury in ascertaining the truth. The facts of the case were complex, and trial has lasted 29 days. Moreover, because the defense refused to stipulate to even the most basic banking transactions, the jury heard from numerous financial and other records custodians, regarding many transactions. The identified charts help the jury tie these otherwise scattered transactions together.

Moreover, the facts summarized in the above charts were objective, based upon facts as either directly created or testified to by the witnesses. The defense had full opportunity to cross examine each of the witnesses regarding these charts, and indeed took full advantage of this opportunity. Finally, the Court repeatedly instructed the jury as to the limited purpose that

the identified charts were offered for. Thus, the Court, in its discretion, should submit the identified charts to the jury .

## III.     Conclusion

The identified summary charts were properly admitted under both Rules 1006 and 611(a). They are substantive evidence. And, even if they are not, they should be submitted because they are helpful to the jury to summarize what otherwise would be voluminous and complex documents in a lengthy trial.

Respectfully submitted this 13th day of June, 2006.

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334) 353-8494
Fax: (334) 242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
1400 New York Ave. NW
Bond Building, 12th Floor
Washington, DC 20530
Phone: (202) 514-1412
Fax: (202) 514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334) 353-4839
Fax: (334) 242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DON EUGENE SIEGELMAN | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| PAUL MICHAEL HAMRICK | ) | |
| GARY MACK ROBERTS | ) | |
| RICHARD M. SCRUSHY | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted this 13th day of June 2006.

/s/ J.B. Perrine
J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J