IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05cr119-MEF |
| | ) | (WO) |
| RICHARD SCRUSHY | ) | |

**ORDER**

On June 29, 2006, the defendant was convicted of federal funds bribery in violation of 18 U.S.C. § 666(a)(2), conspiracy in violation of in violation of 18 U.S.C. § 371, and four counts of honest services mail fraud, all in violation of 18 U.S.C. §§ 1341 & 1346.

Following his conviction, the court considered whether to release the defendant pending sentencing. After considering all the evidence, the court concluded that "the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released." (Doc. # 442). However, the court modified the defendant's conditions of release to include, among other things, a significantly increased and secured bond; surrender of specific certificates; surrender of his passport; and restriction of travel to the Northern and Middle Districts of Alabama. (*Id*.) In its release order, the court specifically required the defendant to "secure approval from the court for any travel outside the Continental United States."[1] (*Id*.)

The defendant now seeks that approval through a motion to travel out of the country

---

[1] This requirement for approval for leaving the United States is not properly understood as the court's conclusion that such travel would be approved. Rather, the provision is properly regarded as emphasizing the need for heightened scrutiny of any such request.

(doc. # 447) "to Nassau in the Bahamas for a vacation with his family" from July 19, 2006 through July 30, 2006. (*Id*.). The government opposes the defendant's motion. (Doc. # 448) For the reasons that follow, the court concludes that the defendant's motion is due to be denied.

According to the government's response in opposition to Scrushy's motion, a "cursory examination of the 1999 United States Sentencing Guidelines Manual," shows the defendant is facing a possible sentence of 97 - 121 months.[2] *See Id*., at ¶ 3. The government further asserts that the defendant has accepted no responsibility for his actions, shown no remorse, and demonstrated disrespect to the jury as evidenced by the comments of his counsel made after the return of the verdict against him.[3] It is for these reasons that the government contends the defendant is "a grave flight risk" and should not be allowed to leave the United States. *Id*., at ¶ 5 - 7.

The Bail Reform Act of 1984 provides in pertinent part:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or

---

[2] In addition, the defendant is subject to a fine of not more than $250,000 or twice the gross loss to the victim or twice the gross gain to the defendant, whichever is greater, which in this case, could exceed $500,000. The government does not rely on the potential fine as a factor for the court to consider.

[3] Notwithstanding one of Scrushy's counsel's reference in closing argument to fulfilling Dr. Martin Luther King's dream of being "free at last," after the conviction another of his lawyers intemperately commented that the verdict against his client was "the worst miscarriage of justice since General Sherman burned Atlanta." While clients are often subject to the consequences of their lawyer's decision, this comment by counsel coming closely on the heels of the verdict is not appropriately weighed against this defendant.

pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)....

18 U.S.C. § 3143(a).

While the defendant is correct that he "should be subject to the "least restrictive" conditions which will "reasonably assure" his appearance, because he has now been convicted, the burden shifts to him to demonstrate "by clear and convincing evidence" that he will not flee.[4]  *See United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).  The defendant has presented no evidence, much less clear and convincing evidence, that he will not flee.  The only reasons[5] which Scrushy gives for his request is set forth in his motion as follows:

> Given the defendant's character, family and community ties, length of residence in the community, lack of any criminal history, the fact that he is not a threat to the safety of any person and his record concerning his appearances at court proceedings, this motion is due to be granted.

(Doc. # 447 at ¶ 4).

Several reasons militate strongly against relaxing the existing travel restrictions imposed on the defendant.  With respect to the federal funds bribery charge under 18 U.S.C. § 666, the jury was instructed that Scrushy could be found guilty of that charge only if, among other things, the jury found that Scrushy acted "corruptly," a term which the court

---

[4] The government does not assert, and there is no evidence to suggest, that the defendant is a danger to himself or the community.  The dispositive issue for the court is whether the defendant has established that he is not a flight risk.

[5] In his motion, Scrushy asserts that his probation officer does not consider him a flight risk. Even if this assertion is correct, it is not binding on the court, and as an opinion, it is certainly not clear and convincing evidence.

defined for the jury as follows:

> An act is done "corruptly" if it is performed voluntarily, deliberately and dishonestly for the purpose of *either* accomplishing an unlawful end or result *or* of accomplishing some otherwise lawful end or lawful result by any unlawful method or means.

The jury's verdict of guilt on the federal funds bribery charge means that they must have found that Scrushy acted dishonestly. The jury's conclusion militates strongly against permitting Scrushy access to his passport and an airplane with which, in conjunction with his other substantial assets, he could flee and put himself beyond the reach of the law. He faces a substantial term of imprisonment. The evidence against the defendant is strong.[6] In light of these factors and the fact that Scrushy has presented no evidence, much less clear and convincing evidence that he is not likely to flee if allowed to leave the United States, the request will be denied.

Accordingly, upon consideration of the defendant's motion to travel out of country and for the foregoing reasons, it is

ORDERED that the motion be and is hereby DENIED.

Done this 14th day of July, 2006.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE

---

[6] Although § 3143(a) directs courts to consider only risk of flight and danger to the community when determining applications for release pending sentencing, courts may still consider the strength of the defendant's appeal as part of assessing flight risk pending sentencing. *See, e.g., United States v. Castiello*, 878 F.2d 554, 555 (1st Cir. 1989) (per curiam). Thus, the Magistrate Judge conferred with the trial judge concerning this factor.