IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>          Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION FOR EXPEDITED
CONSIDERATION OF AN ORDER TO REQUIRE
<u>PRESERVATION OF EVIDENCE</u>**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and files this "Motion for Expedited Consideration of an Order to Require Preservation of Evidence." In support of this motion, Defendant respectfully shows this Court the following:

1. On September 29, 2006, Defendants Siegelman and Scrushy jointly filed a "Motion for New Trial Pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure." (Doc. 467.)[1]

2. In that motion, Defendants raised allegations of serious jury misconduct, including allegations that at least two jurors conducted research on the Internet, that extrinsic information from the Internet was brought into the jury room and discussed

---

[1] The motion for new trial was initially filed on Monday, September 25, 2006, but this Court Ordered that motion stricken, with leave to refile, due to problems relating to the redaction of jurors' names on the ECF system. The motion was re-filed on September 29, 2006. (Doc. 464.)

during jury deliberations, and that at least three jurors discussed the merits of the case via e-mail and/or text-messaging. (Doc. 467 at ¶¶ 6, 10, 12, 13, 14, 16, 17, 18, and 19.)

    3. In paragraph 24(c) of that motion, Defendants specifically requested:

> [T]hat this Court enter an Order requiring Jurors B and C to preserve any computers that they used during their jury service in this case and that no deletions be made as to any information on those computers that relates in any way to this case or their jury service in this case, including but not limited to any history files relating to any trails created in the course of Internet searches or other computer activity during the relevant period;

(Doc. 467 at ¶ 24(c).)

    4. The initial filing of the motion on September 25, 2006 and subsequent events generated considerable publicity in the news media, especially in the Middle District of Alabama where Defendants' jury was drawn from. At least one juror was questioned by a news reporter and responded, with his response being quoted in an Associated Press article dated September 25, 2006.

    5. As of the filing of this motion, this Court has taken no action in regard to Defendants' motion for new trial. This Court's scheduling Order entered June 30, 2006, (Doc. 443), does not require the Government to respond to any motions for new trial until October 13, 2006, and Defendants are given until October 20, 2006 to reply. On October 10, 2006, this Court entered an Order, (Doc. 470), requiring the Government to show cause on or before October 13, 2006 why co-Defendant Siegelman's "Emergency Motion for Order to Require Preservation of Evidence," (Doc. 469), should not be granted. Defendant Scrushy's instant motion requests the same relief and does not raise any new issues pertaining to the request for prompt action to insure the preservation of evidence in this matter.

6. Additionally, on October 10, 2006, counsel for Defendant Scrushy,[2] received in the mail what appear to be copies of yet another e-mail. This e-mail appears to be from the individual previously identified as Juror B in Defendants' motion for new trial. It appears to have been sent on June 25, 2006 at 11:31 pm. Significantly, this e-mail appears to be addressed to yet another juror, which Defendant will designate as Juror E.[3] This e-mail, which ends with the typed signature of Juror B, on its face appears to be discussing specific counts of the Indictment, by stating: **"proud of u… other 6 kounts most important…. c.u.n..am."** A redacted copy of this e-mail is attached to this motion as EXHIBIT 15 and hereby incorporated.[4]

7. In light of the nature of the allegations of jury misconduct, the factual detail contained in the allegations, and the widespread publicity concerning the details of those allegations, Defendant respectfully submits that it is both appropriate and necessary that

---

[2] Attorneys Arthur W. Leach and Terry Lucas Butts. Based on the October 11, 2006 filing of co-Defendant Siegelman, (Doc. 471), requesting supplementation of the joint motion for new trial filed on September 29, 2006, (Doc. 467), it appears that two of Defendant Siegelman's counsel also received the same document in the mail.

[3] Of additional significance is that the apparent date and time of the newest e-mail, if authenticated, indicates that the e-mail was sent by Juror B to Juror E just three (3) minutes after Juror D sent an e-mail to Juror B expressing concern about "couple of counts against pastor and governor." (Doc. 467, EXHIBIT 12.) If authenticated, the e-mail in EXHIBIT 13 shows that Juror B responded to Juror D's concerns just seventeen (17) minutes after sending the e-mail to Juror E. (EXHIBIT 15.) If authenticated, these e-mails demonstrate a pattern of Juror B trying to orchestrate guilty verdicts against Defendants Scrushy and Siegelman, activity which EXHIBITS 10 and 11 indicate Juror B was involved in as early as May 29, 2006, prior to the completion of the Government's case in chief.

[4] Defendant Scrushy also specifically adopts and joins in the request of Defendant Siegelman filed on October 11, 2006, (Doc. 471), to supplement the previously-filed motion for new trial with this additional exhibit. Defendant Scrushy has attached a copy of this exhibit, with all identifying information pertaining to the jurors redacted, to this motion. Defendant Scrushy will also file a copy of this motion under seal, with an unredacted copy of Exhibit 15 attached.

this Court consider and grant the relief requested in paragraph 24(c) of Defendants' motion for new trial on an expedited basis, and enter an Order directing Jurors B and C to preserve all computers and computer records relevant to the time of their jury service. Further, Defendant requests that this Court direct an Order to the known ISP providers for Jurors B and C directing that they preserve all e-mail traffic, electronic search information and information relating to any searches during the relevant timeframe and transmit to the Court a copy *in camera* of all such information to be maintained under seal. Finally, Defendant requests that the Court immediately Order Jurors B and C to provide to this Court all cell phone numbers and service provider information for Internet service (ISP) and cell phones they used throughout the trial of this case so that this Court can direct an Order to the appropriate ISP and cell phone companies directing them to secure and maintain all e-mail, call and text message information that exists as of the time that Order is received and likewise provide a copy of all such material to the Court *in camera* to be maintained under seal.

8. Defendant respectfully submits that the need for such action by this Court on an expedited basis is heightened by the receipt of what appears to be an additional e-mail from Juror B to a previously unidentified juror relating to the subject matter of the deliberations in this case. It is now increasingly important to verify and authenticate the *bona fides* of these apparent e-mails between jurors in this case, as well as determine if other such e-mails exist. If authenticated as legitimate, the copies of apparent e-mails indicate a pattern of jury misconduct which now involves e-mail deliberations out of the presence of other jurors between at least four jurors, some before and some after the jury began official deliberations. The only way to properly authenticate the existence and

content of such e-mails, in addition to any Internet research conducted by Jurors B and C, is by entry of an Order to preserve the contents of the computers of Jurors B and C and an Order to the appropriate ISPs and phone companies to preserve their records of all e-mails, phone calls, and text messages to or from these jurors, and the delivery of a copy of all such materials to this Court *in camera*.

9. Such an Order would cause no harm to the jurors or any party in this case and it would have the vital affect of maintaining evidence until this matter can be resolved. These Orders will impose no significant hardship on the two jurors involved. The Court's Order can be filed under seal to protect the identities of Jurors B and C, and can be served by the U. S. Marshal. Such an Order will simply ensure that no evidence is lost or destroyed prior to this Court's opportunity to consider the merits of the motion for new trial. By sealing all information which is responsive to the Court's Orders critical evidence will be preserved.

10. Defendant is not seeking *access* to such evidence on an expedited basis. Defendant is seeking only that this Court take limited action to preserve evidence that may be critical to the determination of Defendants' new trial motion.

11. A proposed Order covering preservation of computer information by Jurors B and C and directing the known ISP providers will be submitted to Chambers and the Government due to the fact that it will contain information that the Court has directed must be maintained under seal. Defendant also requests that this Court enter a second Order upon determining the appropriate cell phone information and direct the cell phone companies to preserve and deliver to the Court *in camera* a copy of all requested information to be maintained under seal until further Order from this Court.

WHEREFORE, Defendant Scrushy prays that this Court immediately issue an Order requiring preservation of computers and evidence contained on the computers of Jurors B and C; Order the known ISP providers to collect, maintain and deliver a copy to the Court *in camera* all electronic records relating to jurors B and C; and that the Court ascertain the cell phone numbers and service providers utilized by Jurors B and C during the trial and issue an Order directing the appropriate ISP and cell phone companies to collect and deliver to the Court *in camera* to be maintained under seal, all call and text message traffic for the appropriate period. Defendant prays that all of these actions occur on an expedited basis and based upon good cause as shown above, that the Court enter an Order granting the above requested relief, and for such other and further relief as this Court may deem just and necessary.

This 11th day of October, 2006.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone: 205-822-4224
Fax: 205-824-0321

James K. Jenkins
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone: 404-875-2700
Fax: 404-875-7857

6

                        Frederick G. Helmsing
                        Helmsing, Leach, Herlong, Newman
                            & Rouse, P.C.
                        P.O. Box 2767
                        Mobile, Alabama 36652
                        Phone:  251-432-5521
                        Fax:  251-432-0633

                        Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of October, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Motion for Expedited Consideration of an Order to Require Preservation of Evidence" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

>/s/Leslie V. Moore
> Leslie V. Moore
> 2310 Marin Drive
> Birmingham, Alabama 35243
> Phone: (205) 822-4224
> Fax:    (205) 824-0321
> E-Mail: les.moore@lvmlaw.com