IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>         Defendant. | |

**DEFENDANT  RICHARD M. SCRUSHY'S
REPLY TO UNITED STATES' RESPONSE TO  DEFENDANT SCRUSHY'S
MOTION FOR EXPEDITED CONSIDERATION
OF AN ORDER TO REQUIRE PRESERVATION OF EVIDENCE**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and files this Reply to the Government's Response to motions requesting entry of an Order to preserve evidence in this case.  In support of this request, Defendant respectfully shows this Court the following:

1. On October 6, 2006, Defendant Don Eugene Siegelman filed "Defendant Don Eugene Siegelman's Motion for Order to Require Preservation of Evidence." (Doc. 469.)  On October 10, 2006, this Court entered an Order requiring the Government to show cause why Defendant Siegelman's motion should not be granted. (Doc. 470.)   On October 11, 2006 Defendant Scrushy filed "Defendant Richard M. Scrushy's Motion for Expedited Consideration of an Order to Require Preservation of Evidence." (Doc. 472.)

2. On October 13, 2006, the Government filed "United States' Response to Defendants' Motion for New Trial Pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure, Defendant Siegelman's Emergency Motion for Order to Require

Preservation of Evidence, and Defendant Scrushy's Motion for Expedited Consideration of an Order to Require Preservation of Evidence." (Doc. 476.)

3. In that response, the Government responds to not only Defendants' joint new trial motion, but also purports to respond to the separately filed motions for Orders to preserve evidence. (Gov't Resp. at 1.)

4. Unfortunately, in the space of 51 pages, the Government never once addresses the merits of the requests to preserve evidence, and never provides a single reason why this Court should not at least maintain the status quo as to evidence that might be lost or destroyed during the time this Court considers the merits of Defendants' motion for new trial.

5. Instead, the Government apparently relies on its powers to persuade this Court not to conduct any sort of investigation or evidentiary hearing into the allegations of jury misconduct. The Government appears to presume that this Court will agree and, since there will be no investigation, there is no need to preserve any evidence. On the extremely rare occasions that the Government's response even mentions the requests to preserve evidence, the Government simply states that the new trial motion should be denied and that disposes of any need to preserve evidence. *See*, *e.g.*, "Under well-settled precedent, Defendants are not entitled to relief, nor to any further investigation in derogation of Rule 606(b) into their specious allegations of jury impropriety, which transparently seek to scrutinize the jury's deliberations. Accordingly, the Emergency Motion should be denied." (Gov't Resp. at 1-2; *see also id.* at 2, 48.) In other words, the Government does not respond at all to the discrete issue of whether or not this Court

2

should enter an Order preserving the evidence relating to this issue pending resolution by the Court.

6. To the extent that the Government's response relies on the assumption that this Court will deny Defendant's new trial motion without any further investigation at all, Defendant respectfully submits that the Government's position is overly presumptuous as to both the ultimate ruling of this Court and the timing of that ruling.

7. First, as to the timing of the ruling, on October 25, 2006, this Court entered an Order, (Doc. 480), setting for evidentiary hearing on October 31, 2006, the limited question of "issues relating to possible post-trial contact with Juror # 5." (*Id.*) Depending on the complexities of that issue, and the timing of this Court's resolution of that issue, it appears that there will be some period of delay prior to this Court's determination of whether it will undertake further investigation, and if so, what form those additional proceedings will take. On information and belief, Internet Service Providers and telephone companies who provide text messaging do not maintain records of e-mail and text-messaging or other electronic records indefinitely. Similarly, until there is an Order of this Court, neither of the jurors who have either admitted or been alleged by Juror A (or both) to have conducted Internet research will be under any duty to preserve any records on the computers that were used to conduct such research. In short, as each day passes, the risk of losing evidence that may be critical to the ultimate determination of Defendant's motion for new trial increases.

8. Second, as to the possibility that this Court will decide that further investigation into the allegations of jury misconduct is necessary, Defendant Scrushy does not in any way presume what this Court's ruling will be. However, as set out in Defendant's reply

3

to the Government's response to the motion for new trial, filed on October 20, 2006, (Doc. 479), Defendant respectfully submits that the law of the Eleventh Circuit is particularly clear as to this Court's duty to determine the exact nature, the source, and the extent of jury exposure to any extrinsic evidence that may have been obtained and/or shared with other jurors in the case. *See* Defendant's reply at 18-38 and *United States v. Barshov*, 733 F.2d 842, 851 (11th Cir. 1984). Three specific allegations in the instant case relate to the jury's exposure to extrinsic evidence that was obtained by juror research on the Internet: the Jury Foreman's admission that he researched the role of a jury foreman on the Internet, (EXHIBIT 1); the admission of another juror that she used the Internet to access a news article, (EXHIBIT 5-B); and Juror A's affidavits indicating that jurors were bringing Internet information into the jury deliberations and that one juror in particular used the Internet to conduct research about "law and legal procedures" which that juror used during deliberations.(EXHBIT 9). As to these allegations of extrinsic evidence, it will be essential that this Court examine the Internet research trails of at least two jurors to accurately determine what the extrinsic evidence was. This cannot be done if those records are not preserved. Further, based on the e-mail between Juror D and Juror B, (EXHIBITS 12 and 13), Defendant has alleged that extrinsic evidence as to penalties was discussed by at least two jurors. In order to accurately determine the exact nature of this information, its source, and how many jurors were exposed, the best possible evidence will be an examination by this Court of the e-mail traffic of the jurors involved. This cannot be done if those records are not preserved.

9. The Government's position on the request for an Order to preserve evidence effectively seeks to tie this Court's hands by ensuring that no evidence is preserved based

on the assumption that this Court will agree with the Government that no investigation of any kind will ever be necessary. Should this Court disagree with the Government as to any aspect of these allegations, it only makes sense to preserve the evidence until this Court makes such a determination so that at least this Court's options are kept open and the status quo is maintained while this Court assesses those options and makes a decision.

10. Finally, the Government not only presumes what this Court will do, but what the Eleventh Circuit would do. Should this Court deny Defendant's motion for new trial without any investigation and/or hearing, the Eleventh Circuit will be asked to review any such decision on direct appeal. Due to the time involved in such a procedure, Defendant respectfully submits that it would be fundamentally fair and prudent to at least preserve the evidence pending the final outcome.

11. As set out in Defendant's initial motion for an Order to preserve evidence, such an Order will not cause any harm to the jurors or to any party in this case, and it will have the vital effect of maintaining evidence that might otherwise disappear until this matter can be resolved. Defendant Scrushy has submitted *in camera* a proposed Order to this effect, and urges this Court to consider this request and enter an Order or Orders on an expedited basis to ensure the integrity of this evidence. The Government's response addresses none of these important aspects of this issue, and has therefore shown no cause why Defendant's motion should not be granted.

WHEREFORE, Defendant respectfully prays that this Court promptly consider the pending requests for an Order or Orders preserving evidence in this matter and, upon good cause as shown in Defendant's motion and this reply, grant Defendant's request and enter the necessary Order or Orders, and for such other and further relief as this Court may deem just and proper.

This 25th day of October, 2006.

                                        Respectfully submitted,

                                        <u>/s/ Arthur W. Leach</u>
                                        Arthur W. Leach
                                        Terry Lucas Butts
                                        Leslie V. Moore
                                        2310 Marin Drive
                                        Birmingham, Alabama 35203
                                        Phone:  205-822-4224
                                        Fax:  205-824-0321

                                        James K. Jenkins
                                        Maloy & Jenkins
                                        25th Floor
                                        75 Fourteenth Street, NW
                                        Atlanta, Georgia 30309
                                        Phone:  404-875-2700
                                        Fax:  404-875-7857

                                        Frederick G. Helmsing
                                        Helmsing, Leach, Herlong, Newman
                                           & Rouse, P.C.
                                        P.O. Box 2767
                                        Mobile, Alabama 36652
                                        Phone:  251-432-5521
                                        Fax:  251-432-0633

                                        Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October, 2006, I electronically filed the foregoing "Defendant Richard M. Scrushy's Reply to United States' Response to Defendant Scrushy's Motion for Expedited Consideration of an Order to Require Preservation of Evidence" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail: les.moore@lvmlaw.com