IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>     Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION FOR LEAVE TO FILE
MOTION TO UNSEAL AND FOR ACCESS TO TRANSCRIPTS OR RECORDS**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and files this motion requesting leave to file the incorporated motion to unseal and for access to transcripts and records. The motion is presented in this manner due to the tight briefing schedule ordered by the Court. In support of this request, Defendant Scrushy respectfully shows this Court the following:

**Request for Leave to File**

1. During the evidentiary hearing held by this Court on November 17, 2006, this Court directed counsel for the parties to not file any further pleadings relating to Defendants' motion for new trial, (Doc. 467), without leave of Court to file.

2. On November 20, 2006, this Court entered an Order, (Doc. 503), directing the parties to file final briefs on the issue of juror exposure to extrinsic or extraneous information on or before 5:00 p.m. on December 1, 2006.

3. In order to properly present arguments relating to this issue, Defendant Scrushy is in need of access to certain materials in the record in this case that are not available to him without prior Court approval.

4. As a consequence, Defendant Scrushy is respectfully requesting leave of this Court to file the following request for unsealing and/or access of counsel to those materials so that Defendant may effectively present argument to this Court in his brief to be filed by December 1, 2006.

**Sealed Portion of Transcript of October 31, 2006 Proceedings**

5. On October 31, 2006, this Court held an evidentiary hearing to determine whether any violation of Local Rule 47.1 had occurred, pursuant to this Court's Order entered October 25, 2006. (Doc. 480.)

6. Near the conclusion of the October 31, 2006 hearing, this Court heard testimony from Juror 5 in the Court's robing room, and outside the presence of everyone but one representative of each party. (Transcript of Proceedings, October 31, 2006 at 257.)

7. Defendant has previously purchased a transcript of the October 31, 2006 proceedings, which indicates that the proceedings in the Court's robing room are sealed: "This portion of transcript filed under separate cover and sealed per Court Order." (Transcript of Proceedings, October 31, 2006 at 258.)

8. The Court's Official Court Reporter, James R. Dickens, has advised that he cannot provide a copy of that portion of the transcript unless this Court so directs. As a consequence, Defendant Scrushy is respectfully seeking an Order by this Court to allow

his counsel to have access to that transcript in order to prepare his Brief for submission to this Court by December 1, 2006.

9. In light of the testimony of Juror 5 at the hearing held before this Court on November 17, 2006, Defendant additionally submits that there is no longer any need for this portion of the transcript to remain sealed. In light of that testimony, Defendant respectfully submits that the information in the sealed portion of the transcript is relevant to and necessary for a full understanding of Juror 5's testimony, and that there is nothing in the sealed transcript that would embarrass Juror 5 or that would reveal any otherwise confidential information concerning that juror or any other juror. As a consequence, and in the alternative to the relief requested in ¶ 8, *supra*, Defendant requests that this Court enter an Order unsealing the remaining portion of the October 31, 2006 transcript.

10. Counsel for Defendant Scrushy respectfully submit that access to this sealed portion of the record is necessary to effectively represent Defendant in making arguments relating to the jurors' exposure to extrinsic evidence in the December 1, 2006 brief in that the ability of Juror 5 to read and write the English Language is relevant not only to this Court's questioning of Juror 5 in the November 17, 2006 hearing, Juror 5's ability to answer those questions, Defendant's November 17, 2006 objections to the Court's questioning of Juror 5, and the validity of Juror 5's answers in his two affidavits, (Defendant's EXHIBITS 8 and 9), but also as to Juror 5's qualification to serve on the jury in this case. *See* 28 U.S.C. § 1865(b)(2).

**Transcript of Voir Dire of Juror 5**

11. For the same reasons set out in the preceding section, Defendant respectfully requests entry of an Order by this Court authorizing his Official Court Reporter to

3

provide to counsel for Defendant a copy of the testimony of Juror 5 during voir dire in these proceedings. Defendant has previously made financial arrangements for the transcript of the trial proceedings in this case, and counsel understand that Mr. Dickens is in the process of preparing the transcript.

12. Additionally, Defendant respectfully requests that this Court authorize Mr. Dickens to place the Juror numbers in any transcript in which a juror's name appears. The alternative procedure, which is simply to replace the Juror's name with "xxxxxxxx," will result in an incomplete and confusing record.

13. Defendant submits that so long as all Juror names are replaced by Juror numbers, there is no need to seal the transcript to protect the privacy of any juror, and that it should be filed as a public record in this case.

## Jury Questionnaires of Juror 5

14. Finally, Defendant requests that this Court provide his counsel with access, under seal, to a copy of Juror 5's jury questionnaires. This would include Juror 5's original jury qualification questionnaire and the supplemental written questionnaire that was sent to all prospective jurors in this case.

15. In this Court's Order entered March 3, 2006, (Doc. 255 at ¶ 6), this Court required counsel and parties to "immediately destroy all copies (including electronic copies) of the questionnaires of all jurors, including the questionnaires of the 18 jurors selected to serve" upon completion of the empaneling of the jury.

16. For the reasons set out in ¶ 10, *supra*, counsel for Defendant needs access to these documents in order to properly present argument in the December 1, 2006 brief.

17. In order to protect the privacy of Juror 5, Defendant has no objection if these documents are made sealed Exhibits as part of the record in regard to Defendant's motion for new trial provided that Defendant is granted access to that material.

WHEREFORE, Defendant respectfully prays that this Court issue an Order granting him leave to file this motion, unsealing and/or granting access to the above-described materials, and for such other and further relief as this Court may deem just and proper.

This 24th day of November, 2006.

                Respectfully submitted,

                /s/ Arthur W. Leach
                Arthur W. Leach
                Terry Lucas Butts
                Leslie V. Moore
                2310 Marin Drive
                Birmingham, Alabama 35203
                Phone: 205-822-4224
                Fax: 205-824-0321

                James K. Jenkins
                Maloy & Jenkins
                25th Floor
                75 Fourteenth Street, NW
                Atlanta, Georgia 30309
                Phone: 404-875-2700
                Fax: 404-875-7857

                Frederick G. Helmsing
                Helmsing, Leach, Herlong, Newman
                  & Rouse, P.C.
                P.O. Box 2767
                Mobile, Alabama 36652
                Phone: 251-432-5521
                Fax: 251-432-0633

                Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of November, 2006, I personally filed the foregoing "Defendant Richard M. Scrushy's Motion for Leave to File Motion to Unseal and for Access to Transcripts or Records" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

>/s/ Arthur W. Leach
>Arthur W. Leach
>2310 Marin Drive
>Birmingham, Alabama 35243
>Phone: (205) 682-1000
>Fax:    (205) 824-0321
>E-Mail: Art@ArthurWLeach.com