IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>    Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION FOR LEAVE TO FILE
MOTION TO SUPPLEMENT RECORD**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and files this motion requesting leave to file the incorporated motion to supplement the record in this case relating to Defendant's motion for new trial, (Doc. 467), specifically as it relates to the issue of jury exposure to extrinsic evidence. Alternatively, should this Court deny leave to file this motion, Defendant respectfully requests that the text of this motion and its exhibit be included in the record as an offer of proof in support of Defendant's motion for new trial. The motion is presented in this manner due to the tight briefing schedule ordered by the Court. In support of this request, Defendant Scrushy respectfully shows this Court the following:

**Request for Leave to File**

1. During the evidentiary hearing held by the Court on November 17, 2006, this Court directed counsel for the parties to not file any further pleadings relating to Defendants' motion for new trial without leave of Court to file.

2. On November 20, 2006, this Court entered an Order, (Doc. 503), directing the parties to file final briefs on the issue of jury exposure to extrinsic or extraneous information on or before 5:00 p.m. on December 1, 2006.

3. In order to properly make and preserve the record in this case, in light of testimony by Jurors 40 and 66 in the hearing held before this Court on November 17, 2006, Defendant is respectfully asking leave of this Court to file this motion to supplement the record in this case, so that Defendant may effectively present argument to this Court in his brief to be filed by December 1, 2006, and to make and preserve the record in this matter should any appeal to the Eleventh Circuit on this issue be necessary by any party to this case.

## Motion to Supplement Record

4. In the hearing before this Court on November 17, 2006, Juror 40 testified: "I saw a headline on an Internet site and I did not read the article but I did see the headline." (T-77.) In response to a specific question by the Court as to what Internet site she recalled seeing the headline on, Juror 40 responded: "I believe it was the Montgomery Advertiser." (T-77.) When the Court asked when this occurred, Juror 40 responded, "I couldn't specifically place the date…. The only thing I can tell you it was after the time that Faulkner got their accreditation because that's what I was looking at." (T-77.) Juror 40 testified she could not recall the headline that she saw, and denied discussing it with any of the other members of the jury. (T-78.)

5. Juror 66 testified differently on this point:

> Q. [Court]: Did [Juror 40] ever show you any information that she had gotten from the Internet or from any source outside of what the Court has explained would be proper evidence to be considered?

>A. [Juror 66]: She didn't show us anything. She did say that while she was on that Web site and she saw another Internet article about the trial, and that--
>
>Q. Did she discuss what was in that article or that news report?
>
>A. She said something about it but I am not certain.
>
>Q. Do you know how much time she spent discussing what she had read that was contained in the news article, first of all?
>
>A. I don't think it was discussed about it, but she said she did read something about it. And I done forgot which news article it was but she just made a comment about the writer and the Defendants or whatever.
>
>Q. Did she share any of the content of that article with the other members of the jury, to include you?
>
>A. Other than just making a statement about what she read.
>
>Q. And how much time would you anticipate or estimate that that took?
>
>A. Maybe five minutes, it wasn't a whole lot spent on it.

(T-59-60.)  *See also* Defendant's EXHIBIT 5-B, where Juror 40 stated in a taped TV interview that she saw one Internet article, going on to explain: "It was -- it was -- yes, it was almost by accident. It was -- after I saw the headline, I was oh, I wonder what that says." (*Id*. at 24.)

  6. In light of the November 17, 2006 testimony and the statement of Juror 40 set out in EXHIBIT 5-B, Defendant respectfully requests leave from this Court to supplement the record in this motion to include evidence of the news headlines and news articles that Juror 40 could have accessed on the Internet consistent with Juror 40's description of her actions.

7. Attached is a composite exhibit numbered as Defendant's EXHIBIT 21. This exhibit consists of various sub-parts and are all taken directly from the Web site maintained by the Montgomery Advertiser (http://www.montgomeryadvertiser.com).

8. The first sub-part is marked Defendant's EXHIBIT 21-A, and consists of a sample of the layout of the home page of Montgomery Advertiser Web site. Under the heading "Local News," there are four headlines for stories. Underneath each headline, there is a brief synopsis of the story. Each headline is a hyperlink to the full text of the actual story. On information and belief, the home page of the Montgomery Advertiser Web site functioned in this same manner during the entire trial of this case, including during the month of June of 2006.

9. Defendant's EXHIBIT 21-B consists of a copy of the news article from the Montgomery Advertiser Web site that is headlined "Faulkner law school gets ABA accreditation." It appeared on the Web site on June 13, 2006, two days prior to the beginning of deliberations in this case on June 15, 2006. (Trial Tr. Vol. XXXII at 79.)

10. Defendant's EXHIBIT 21-C consists of the news article from the Montgomery Advertiser Web site that appeared on the same day as the Faulkner accreditation article, June 13, 2006, and is headlined "Defense Abruptly rests case." The article indicates that chief prosecutor Louis Franklin said he was "somewhat surprised Siegelman didn't call any witnesses." The article continues, "'I think the evidence was so overwhelming that he couldn't find any witnesses to rebut what we put on.'"

11. Defendant's EXHIBIT 21-D consists of the news article from the Montgomery Advertiser Web site that appeared on the next day, June 14, 2006, and is headlined "Judge drops one charge in trial against Siegelman." Included in that article is

4

a statement attributed to counsel for Defendant Siegelman during Rule 29 motions that "Even if there were bribes, they weren't tied to a specific act" and a statement attributed to DOJ Trial Attorney Richard Pilger that he "disagreed with the defense's theory, saying case law shows a quid pro quo is sufficient but not necessary."

12. Defendant's EXHIBIT 21-E consists of the news article from the Montgomery Advertiser Web site that appeared on June 15, 2006, and is headlined "Jury told to send message."

13. Defendant's EXHIBIT 21-F consists of the news article from the Montgomery Advertiser Web site that appeared on June 16, 2006, and is headlined "Siegelman case goes to jurors."

14. Defendant's EXHIBIT 21-G consists of a Montgomery Advertiser "rant and rave" article that appeared on the Montgomery Advertiser Web site on June 17, 2006 and is headlined "Accreditation major milestone," with the lead "rave" being a comment on the accreditation of the Jones School of Law at Faulkner University.

15. Defendant's EXHIBIT 21-H consists of a news article from the Montgomery Advertiser Web site that appeared the next day, June 18, 2006, and is headlined "Lawyers trade hostile remarks." The article quotes extensive remarks from lawyers that would not have ever been heard by the jury in the courtroom.

16. Defendant's EXHIBIT 21-I consists of the news article from the Montgomery Advertiser Web site that appeared on June 23, 2006, and is headlined "Siegelman case put in limbo." The article included a description of the Government's objections (out of the jury's presence) to the Court's additional jury instruction.

17. Defendant's EXHIBIT 21-J consists of a news editorial from the Montgomery Advertiser Web site that appeared on June 23, 2006, and is headlined "Siegelman trial."

18. Defendant's EXHIBIT 21-K consists of the news article from the Montgomery Advertiser Web site that appeared on June 27, 2006, and is headlined "Jurors still deliberating Siegelman case."

19. Defendant's EXHIBIT 21-L consists of the news article from the Montgomery Advertiser Web site that appeared on June 28, 2006, and is headlined "Some jurors not cooperating, letter to judge says."

20. Defendant respectfully submits that each of these documents should be made a part of the record in support of his motion so that this Court and any reviewing Court will have access to the information that was available on the Montgomery Advertiser Web site during the period in which Juror 40 admitted to accessing a news article and/or headline on the Internet.

WHEREFORE, Defendant respectfully prays that this Court grant leave to file this motion to supplement and that this Court enter an Order authorizing supplementation of the record in Defendant's motion for new trial with Defendant's EXHIBIT 21, and for such other and further relief as this Court may deem just and proper.

This 29th day of November, 2006.

 Respectfully submitted,

 /s/ Arthur W. Leach
 Arthur W. Leach
 Terry Lucas Butts
 Leslie V. Moore
 2310 Marin Drive
 Birmingham, Alabama 35203
 Phone:  205-822-4224
 Fax:  205-824-0321

 James K. Jenkins
 Maloy & Jenkins
 25th Floor
 75 Fourteenth Street, NW
 Atlanta, Georgia 30309
 Phone:  404-875-2700

 Frederick G. Helmsing
 Helmsing, Leach, Herlong, Newman
  & Rouse, P.C.
 P.O. Box 2767
 Mobile, Alabama 36652
 Phone:  251-432-5521

 Fred D. Gray, Sr.
 Gray Langford Sapp McGown Gray
  & Nathanson
 P.O. Box 830239
 Tuskegee, Alabama 36083-0239
 Phone: 334-727-4830

 James W. Parkman, III
 Richard Martin Adams
 Parkman & Associates
 739 West Main Street
 Dothan, Alabama  36301
 Phone:  334-792-1900

 Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of November, 2006, I personally filed the foregoing "Defendant Richard M. Scrushy's Motion for Leave to File Motion to Supplement Record" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail:  les.moore@lvmlaw.com