IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY,<br>    Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION FOR LEAVE TO
FILE SECOND MOTION TO SUPPLEMENT RECORD**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and files this motion requesting leave to file the incorporated second motion to supplement the record in this case relating to Defendant's motion for new trial, (Doc. 467), specifically as it relates to the issue of jury exposure to extrinsic evidence. Alternatively, should the Court deny this motion for leave to file this motion, Defendant respectfully requests that the text of the motion and exhibits be included in the record as an offer of proof in support of Defendant's motion for a new trial. The motion is presented in this manner due to the tight briefing schedule ordered by the Court. In support of this request, Defendant Scrushy respectfully shows this Court the following:

**Request for Leave to File**

1. During the evidentiary hearing held by the Court on November 17, 2006, this Court directed counsel for the parties to not file any further pleadings relating to Defendant's motion for new trial, without leave of Court to file.

2. On November 20, 2006, this Court entered an Order, (Doc. 503), directing the parties to file final briefs on the issue of jury exposure to extrinsic or extraneous information on or before 5:00 p.m. on December 1, 2006.

3. In order to properly make and preserve the record in this case, in light of testimony by Jurors 30 and 38 in the hearing held before this Court on November 17, 2006, Defendant is respectfully asking leave of this Court to file this second motion to supplement the record in this case, so that Defendant may effectively present argument to this Court in his brief to be filed by December 1, 2006, and to make and preserve the record in this matter should any appeal to the Eleventh Circuit on this issue be necessary by any party to this case.

## Motion to Supplement Record

4. In the hearing on November 17, 2006, Juror 30 testified that "[Juror 40] said that the trial -- the whole trial was on the Internet daily, you know, so that's why I assumed that she probably read through it on the Internet." (T-71).

5. Juror 38 testified: "There was one of the jurors said that they had been on the Internet and -- well, it was like one of the TV stations had all the proceedings was on the Internet, you could go read it, and that was mentioned. And that's the only thing that I know of that they had read what was going on in the court. I mean it wasn't anything else besides what had happened here." (T-38.) Juror 38 identified the juror as Juror 7. (T-38).

6. Juror 38 further testified to the following:

> Q. [Court]: Was that part of the Court's instructions to the jury?
>
> A. [Juror 38]: Yes, sir. It was brought up one day that one of the jurors had -- well, we'd each like to have one of those, you know. And he made the statement, said well, you can go on the Internet and get it. Said all this stuff is on the Internet. And it was brought up to him then well,

>   why are you looking on the Internet. [Juror 7] said well, there's nothing on there that we are not hearing right here anyway. And then later he came to you and had those copies run off so each one of us would have one.

(T-39.).

7. Even though Juror 38 testified that they were told "that there was nothing on there that we are not hearing right here anyway," (T-39), a review of the WSFA "Courtroom Chronicles," the only TV station with a daily blogger report on the Internet, reveals a different picture of what was available on a daily basis to anyone who accessed the Courtroom Chronicles via the Internet.

8. Attached is a composite exhibit numbered as Defendant's EXHIBIT 22. This exhibit consists of two parts that were all taken directly from the Web site maintained by WSFA (http://wsfatv.blogs.com/courtroom_chronicles/). The first part is marked Defendant's EXHIBIT 22-A, and consists of the Courtroom Chronicles that were posted on the Internet daily throughout May 2006. Defendant's EXHIBIT 22-B consists of the Courtroom Chronicles that were posted on the Internet daily throughout June 2006.

9. These Courtroom Chronicles contain extensive extrinsic information about the case and the Defendants that the jury would not have heard in the courtroom. For instance, the Courtroom Chronicles covered proceedings when the jury was excused from the courtroom by the Court for hearings and arguments to be held outside their presence.

10. The following are several brief examples of the extrinsic information contained in the WSFA Courtroom Chronicles and available to anyone accessing the Internet:

>   a.  Courtroom Chronicles dated May 9, 2006: "The judge's ruling. 'There is sufficient evidence by the preponderance of the evidence that Eric Hanson

participated in the conspiracy to raise the first $250,000 through Mr. McGahan and UBS for the benefit of Richard Scrushy.'" (EXHIBIT 22-A at 239.)

b. Courtroom Chronicles dated May 16, 2006, which include discussions with the Court out of the presence of the jury concerning Government complaints about the "cacophony of objections" by Defendant Scrushy's lead lawyer. (EXHIBIT 22-A at 166.) *See also* comment by author of Courtroom Chronicles dated May 3, 2006, to effect that folks have "had enough of [counsel's] objections." EXHIBIT 22-A at 304.)

c. Courtroom Chronicles dated May 9, 2006, where evidence of HealthSouth fraud in Birmingham trial is discussed. (EXHIBIT 22-A at 240, 245-246.) This Court granted a pretrial motion in limine excluding evidence of the HealthSouth fraud trial in Birmingham. (Doc. 325.)

d. Courtroom Chronicles dated June 13, 2006: This portion of the Courtroom Chronicles contains an extensive discussion of the decision to drop Richard Scrushy from Count 3 of the indictment and Governor Siegelman from Count 4 of the Indictment. (EXHIBIT 22-B at 46.)

11. Defendant respectfully submits that these documents should be made a part of the record in support of his motion so that this Court and any reviewing Court will have access to the information that was available via the Internet on the WSFA Website during the period in which Juror 30 and 38 testified that Jurors 7 and 40 stated that this information was available and/or read.

WHEREFORE, Defendant respectfully prays that this Court grant leave to file this second motion to supplement and that this Court enter an Order authorizing supplementation of the record in Defendant's motion for new trial with Defendant's EXHIBIT 22, and for such other and further relief as this Court may deem just and proper.

This 30th day of November, 2006.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Terry Lucas Butts
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone:  205-822-4224
Fax:  205-824-0321

James K. Jenkins
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone:  404-875-2700

Frederick G. Helmsing
Helmsing, Leach, Herlong, Newman
   & Rouse, P.C.
P.O. Box 2767
Mobile, Alabama 36652
Phone:  251-432-5521

Fred D. Gray, Sr.
Gray Langford Sapp McGown Gray
   & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083-0239
Phone: 334-727-4830

        James W. Parkman, III
        Richard Martin Adams
        Parkman & Associates
        739 West Main Street
        Dothan, Alabama  36301
        Phone:  334-792-1900

        Attorneys for Richard M. Scrushy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2006, I personally filed the foregoing "Defendant Richard M. Scrushy's Motion for Leave to File Second Motion to Supplement Record" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail:  les.moore@lvmlaw.com