**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN and | ) | |
| RICHARD M. SCRUSHY | ) | |

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTIONS TO RECONSIDER
ORDER DENYING NEW TRIAL**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Edward C. Nucci, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby responds to Defendant Richard M. Scrushy's Motion to Reconsider Order Denying New Trial and to Supplement the Record, or in the Alternative, Motion for New Trial Based on Newly Discovered Evidence ("Scrushy Motion"), and Defendant Don Eugene Siegelman's Consolidated Motions to Reconsider the Court's Orders of November 20, 2006, and December 13, 2006, to Supplement the Record, and for New Trial Pursuant to Rule 33(b)(1) of Federal Rules of Criminal Procedure ("Siegelman Motion"). By their Motions, Defendants resume their attacks on the integrity of the verdict and of the jurors in this case with yet another round of unauthenticated emails, purportedly between jurors, which they state their counsel received anonymously. For the reasons stated previously and reiterated below (the government incorporates in this Response its prior briefing under Federal Rule of Criminal Procedure 33), Defendants' rolling, anonymous attacks on the jurors and their continued effort to investigate and examine the jurors in violation of Federal Rule of Evidence 606, fall far short of the well-settled standards for the extraordinary relief of a new trial, or indeed for any further hearing, investigation, or other action by this Court. Accordingly, the

government respectfully submits that the Motions should be denied, and this case should proceed to judgment as soon as possible.

**I.**     **Defendants' Motions are Committed to this Court's Sound Discretion, and Defendants have the Burden to Show a Colorable Basis for Judicial Action.**

The government relies on its prior submissions under Rule 33 and will not burden the Court with a lengthy reiteration. However, the government notes the following critical legal issues. Defendants repeatedly argue in the face of overwhelming precedent to the contrary that this Court has no discretion in determining whether the latest purported emails require an investigation of juror misconduct. As the Court has previously noted, however, the issue of whether to take the extraordinary step of investigating juror conduct is committed to the sound discretion of this Court: "While initially evaluating the [original] joint new trial motion, the Court was mindful that it had 'broad discretion as to how to proceed when confronted with an allegation of jury misconduct. . . .'" Memorandum Opinion and Order, Doc. # 518 at 38 (quoting United States v. Ayarza-Garcia, 819 F.2d 1043, 1051 (11th Cir. 1987)). Thus, there is no per se rule requiring an inquiry in every instance of alleged misconduct. United States v. Hernandez, 921 F.2d 1569, 1578 (11th Cir. 1991) ("The decision to investigate allegations of jury misconduct rests within the sound discretion of the district court."); United States v. Cuthel, 903 F.2d 1381, 1382-83 (11th Cir. 1990).

In other words, where a defendant has failed to come forward with credible evidence of juror misconduct, the trial court has no duty to conduct any investigation. Hernandez, 921 F.2d at 1578 ("It is only when the defendant has made a colorable showing of extrinsic influence that the court must investigate the asserted impropriety."); United States v. Caporale, 806 F.2d 1487, 1503 (11th Cir. 1986) ("The law in this Circuit is well settled that the defendant bears the burden of establishing

that an extrinsic contact with a jury in fact occurred."); United States v. Barshov, 733 F.2d 842, 851 (11th Cir. 1984) ("The duty to investigate arises only when the party alleging misconduct makes an adequate showing of extrinsic influence to overcome the presumption of jury impartiality. In other words, there must be more than speculation.").

Further, to the extent that Defendants now continue to argue their theory of jury misconduct both in terms of extrinsic influence and in terms of premature or improper jury deliberations in the absence of all twelve jurors, the government reiterates that the standard for any action by this Court remains the same. Defendants cannot obtain the extraordinary and disfavored action of an investigation or new trial absent "clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred." Cuthel, 903 F.2d at 1382-83.

Moreover, as this Court recognized in its Memorandum Opinion and Order, and as the government has previously argued, there is a well-settled presumption that a jury has followed the Court's instructions and conducted itself properly. Memorandum Opinion and Order, Doc. # 518 at 39 (citing United States v. Wrinkle, 587 F.2d 705, 714 (5th Cir. 1979)); Barshov, 733 F.2d at 851 ("The duty to investigate arises only when the party alleging misconduct makes an adequate showing of extrinsic influence to overcome the presumption of jury impartiality.").

To the extent that Defendants argue that the latest purported emails comprise "newly discovered evidence" under Rule 33(b)(1), the government does not now belabor the standards for such motions generally,[1] but notes that a defendant must still show a colorable basis to investigate

---

[1] Generally, "[t]o succeed on a motion for a new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." United States v.

-3-

alleged juror misconduct.  United States v. Venske, 296 F.3d 1284, 1292 (11th Cir. 2002) (requiring newly discovered evidence motion to provide "adequate showing of juror misconduct or extrinsic influence on the jury" to require even a hearing).

Finally, to the extent that Defendants now argue in the alternative for a new trial premised on the face of the allegations presented through the purported emails, this Court has already "had little difficulty" applying the overwhelming precedent to establish as the law of this case that such allegations are "insufficient as a matter of law to require a new trial."  Memorandum Opinion and Order, Doc. # 518 at 38.

## II.    Defendants' Latest Purported Emails are not a Colorable Basis for any Judicial Action.

Defendants' motions are premised entirely on two purported emails, which, assuming their authenticity, further purport to contain communications between two jurors during deliberations in this case.  Defendants state that defense counsel received these emails anonymously and in the same fashion as they received prior purported emails previously submitted to this Court in their original Rule 33 motions.   Importantly, Defendants claim to have received these purported emails on December 21 and 22, 2006 – dates occurring after this Court had conducted hearings on the original Rule 33 motions and denied such motions in a Memorandum Opinion and Order in which the Court made findings of fact and explained the applicable law in great detail.

Defendants admit, as they must, that this Court has already ruled that anonymously received, unauthenticated emails are not a colorable basis for a new trial or for an investigation of the jurors.

---

Schlei, 122 F.2d 944, 991 (11th Cir. 1997).  Given the inadequacy of the present motions to warrant any action, the highly dubious nature of the alleged "new evidence," and the credible testimony of the jurors during the hearing before this Court, the government submits that Defendants cannot meet any of the requirements under Rule 33(b)(1).

Scrushy Motion at 10-11; Memorandum Opinion and Order, Doc. # 518 at 28.  Nevertheless, Defendants propound the latest purported email as "far more specific evidence," Scrushy Motion at 8, and thus a more credible basis for the extraordinary action they seek from this Court.  Defendants thus ignore the salient point in this Court's careful analysis of the entire email issue: There were insufficient indicia of authenticity and reliability in the original emails to colorably support any investigation, action, or remedy.  The latest purported emails are just as bereft of reliability and authenticity as the original purported emails, which this Court has already rejected as a basis for post-trial relief.  The provenance of all the emails Defendants have submitted to this Court remain anonymous and incredible.  Like the original purported emails, the latest purported emails arrived to this Court through defense counsel aligned with Defendants.  Accordingly, for the reasons and under the precedents previously briefed by the United States, there remains no colorable basis for action by the Court, let alone the extraordinary relief of further investigating the jurors or granting a new trial.  United States v. Caldwell, 776 F.2d 989, 999 (11th Cir. 1985) ("the anonymity of the call in our minds simply creates no burden to investigate").

In addition to well-settled Eleventh Circuit precedent and the law of the case, this Court's findings of fact, set forth in its Memorandum Opinion and Order, compel the denial of Defendants' Motions.  At the hearing, the Court judiciously and thoroughly explored Defendants' claims, based partly on the original purported emails, that the jurors were exposed to extrinsic evidence.  After receiving testimony from each juror, the Court found such exposure to be minimal and non-prejudicial to Defendants.  See Memorandum Opinion and Order, Doc. # 518 at 41, 47.  Despite this Court's findings, Defendants now seek relief based on "more specific" allegations of juror wrongdoing.  For example, the latest purported email, like the original purported email, refers to the

issue of penalties, adding content concerning unknown "links" and "statutes." Yet this Court questioned each juror, and found that "[b]ased on the unanimous, sworn denials of the jurors at the November 17, 2006, hearing ... there is absolutely no credible evidence that any juror was exposed to any extraneous or extrinsic information about the penalty." Memorandum Opinion and Order, Doc. # 518 at 28.

Moreover, while Defendants assert that the latest emails are "more specific" in their content on issues such as penalties, such that they are now more credible, the exact opposite is true. The nature of "specificity" contained in the latest purported emails undermines any credibility that the original purported emails may have had when the Court originally and correctly rejected them as a basis for post-trial relief. Importantly, the Defendants do not even attempt to explain why the latest purported emails were not submitted with the original purported emails prior to the briefing, hearing, and opinion in this matter. With that in mind, the latest purported emails, arriving by Defendants' account in late December 2006, are more specific in purporting to indicate that (1) certain jurors exposed themselves to extrinsic evidence and (2) that certain jurors deliberated improperly outside the presence of the full jury. Thus, the latest purported emails arrived in Defendants' possession only after this Court elucidated in its written opinions and conduct of its hearing on the first purported emails that (1) the legal key to instigating investigation of the jurors was evidence of exposure to extrinsic material, and (2) that inquiry into actual deliberations by the full jury was entirely improper under Federal Rule of Evidence 606.

Accordingly, the complete absence of any explanation for these rolling submissions, and their transparent tailoring to the law and facts of the case as the Court has developed them in public hearings and on the record, demonstrate that the source of all of the purported email is inherently

unreliable. The most logical conclusion to be drawn from the intermittent submission of the purported email during the protracted progression of this case post-trial is that the source of the purported email has simply reacted to the Court's rulings by concocting material designed to meet the legal standards recognized and applied by the Court. Rather than drawing the inferences Defendants propound (including the inference that jurors perjured themselves, Siegelman Motion at 1), this Court, in light of the jurors' testimony at the evidentiary hearing, should continue to apply the presumption that the jury followed the Court's instructions on avoiding extrinsic information and conducting deliberations.

### III.   Defendants Have Not Shown Prejudice.

As previously briefed, Defendants must show prejudice from their allegations to obtain any relief. See, e.g., United States v. Hernandez, 921 F.2d 1569, 1578 (11th Cir. 1991) ("The trial court's exercise of discretion will not be disturbed absent a showing of bias or prejudice to the defendant."). The government submits that the Court can and should deny the present motions based on the lack of credible evidence to support them. Further, the government, as Defendant Scrushy suggests, see Scrushy Motion at 12, expects that this stream of unauthenticated emails and attacks on the jurors and the criminal justice system of the Middle District of Alabama will continue unabated until this Court finally sentences Defendants for the crimes for which the jury found them to be guilty as charged. Therefore, to promote justice, protect the sanctity of the jurors, and maintain confidence in the federal criminal system, the government respectfully submits that this Court should apply the law of the Circuit and of the case, deny the present motions without reaching their merits on the issue of prejudice, and swiftly proceed to sentencing.

If this Court decides to address the issue of prejudice, the government notes that the latest

purported email purport to document extremely brief interaction between two jurors with no bearing on the facts proved at trial.  Not all juror misconduct requires a new trial:  "The test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." United States v. Klee, 494 F.2d 394, 396 (9th Cir. 1994).  As the Ninth Circuit has explained in rejecting any relief upon actual premature deliberations about the case in Klee, "'No normal honest Americans ever worked together in a common inquiry for any length of time with their mouths sealed up like automatons or oysters.'"  Id. (quoting Winebrenner v. United States, 147 F.2d 322, 330 (8th Cir. 1945) (Woodrough, J., dissenting)).  Even if the latest purported emails could be established as genuine by further extraordinary inquiries and investigations, the brief colloquies at issue on their face cannot establish prejudice sufficient to warrant a new trial.

**IV.     Conclusion**.

Defendants' Motions do not justify a new trial or any other action by this Court because of their most unreliable and inherently discreditable foundation.  The government respectfully submits that such motions, based on anonymous allegations in the form of unauthenticated documents, can and should be rejected on their face.  Any other conclusion would, as well-settled precedent establishes, open the judicial process, and the jurors upon which it depends, to endless allegations, investigations, and delay – severely jeopardizing, if not destroying, public confidence in the criminal justice system.  Moreover, even assuming arguendo that the allegations should further detain this Court and this case on their purported merits, they are insufficient to warrant any of the requested relief.

The government respectfully points this Court to the jury's yeoman work in this case – work that was completed on June 29, 2006 – and urges it to quash these unfounded attacks on the very

citizens who have admirably and unselfishly performed their civic duty by moving this case with all alacrity to sentencing.  Based on the foregoing, the government respectfully submits that the Motions should be denied.

Respectfully submitted this the 19th day of January, 2007.

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:     (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:     (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:     (334)242-4890
Email:  jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:     (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

EDWARD C. NUCCI
ACTING CHIEF, PUBLIC INTEGRITY
SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:     (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| | **)** | |
| **vs.** | **)** | **CR. NO. 2:05-cr-119-MEF** |
| | **)** | |
| **DON EUGENE SIEGELMAN and** | **)** | |
| **RICHARD M. SCRUSHY.** | **)** | |

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                    Respectfully submitted,

                    LOUIS V. FRANKLIN, SR.
                    ACTING UNITED STATES ATTORNEY

                    /s/ Louis V. Franklin, Sr.
                    LOUIS V. FRANKLIN, SR.
                    Acting United States Attorney
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    (334) 223-7280
                    (334) 223-7135 fax
                    louis.franklin@usdoj.gov