IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-F |
| RICHARD M. SCRUSHY,<br>    Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION
SUBMITTING ADDITIONAL FACTUAL OR LEGAL ARGUMENTS
REGARDING EXPERT WITNESSES' STATEMENTS
<u>FILED AFTER CLOSE OF EVIDENTIARY HEARING</u>**

COMES NOW Richard M. Scrushy, by and through his undersigned counsel of record, and pursuant to the February 8, 2007 Order of this Court, (Doc. 527), files the following additional factual or legal arguments to the expert witness' statements filed after the close of the evidentiary hearing:

1. On February 8, 2006, this Court entered an Order which provided, in relevant part:

> On or before February 14, 2007, the parties may file any additional factual or legal arguments to the two expert witnesses' statements filed after the close of the evidentiary hearing.

(Doc. 527 at ¶ 4.)

2. Defendant Scrushy has no further factual arguments as to his "Motion to Supplement Record in Jury Challenge," (Doc. 349), his "Amended Second Motion to Supplement Record in Jury Challenge," (Doc. 392), or the "United States' Response to

Defendants' Motions to Supplement Record in Jury Challenge Hearing." (Doc. 405) ("Government's Response"). Defendant Scrushy relies on the contents of his previous submissions, including the supporting affidavits of Dr. James H. Gundlach (attached as Exhibits A and B to Defendant's motions), and arguments previously submitted to this Court. Defendant respectfully submits that this Court has heard sufficient testimony and argument to ferret out what information is both relevant and admissible, and to weigh the merits of the submissions of the experts of both sides on the issues addressed in Defendant's motions to supplement.

3. Defendant does, however, have certain legal objections to the admissibility and relevance of portions of the submission of the Government's expert witness. This submission, by Stephen A. Elmore, appears as "Attachment A" to the Government's Response. (Doc. 405.) It consists of Mr. Elmore's 14-page affidavit ("Elmore Affidavit") and three charts which immediately follow the last page of the affidavit. (Doc. 405-2.)

4. Defendant objects to pages 6-7, paragraph 4 of the Elmore Affidavit to the extent that it contains the legal opinion of Mr. Elmore that the JSSA and the Middle District Jury Plan have not been substantially violated. This is a legal opinion of Mr. Elmore, and he is not qualified to render an opinion on a question of law.

5. Defendant objects to page 7, paragraph 5 of the Elmore Affidavit to the extent that it contains the legal opinion of Mr. Elmore that it is not appropriate to measure absolute disparity based on the racial composition of an individual pool and that the absolute disparity with respect to the 2005 Qualified Jury Wheel is less than 10%. These are, in part or in whole, legal opinions of Mr. Elmore, and he is not qualified to render an opinion on a question of law. Additionally, Defendant objects to the analysis contained

2

in this paragraph of Mr. Elmore's affidavit to the extent that it purports to rely on the racial composition of 28 civil jury pools. All of the evidence submitted to this Court in the evidentiary hearing on the jury challenge pertained to district-wide criminal jury pools. To the extent that the Government now seeks to offer Mr. Elmore's purported analysis of additional civil jury pools, such evidence is irrelevant to the issues before this Court and admission of the evidence without a further evidentiary hearing would deny Defendant's right to cross-examine Mr. Elmore on this evidence.

      6. Defendant objects to page 8, paragraph 6 of the Elmore Affidavit to the extent that it is based on hearsay and/or the purported observations of Mr. Elmore and not subject to cross-examination by Defendant. Mr. Elmore does not provide any documentation of his purported analysis or reveal the source of his information. Without Mr. Elmore's testimony on these findings and opinions, and a full and fair opportunity to cross-examine Mr. Elmore, these purported findings should not be admissible.

      7. Defendant objects to pages 9 through 13 of the Elmore Affidavit to the extent that it does not respond directly to the subject matter of Defendant's first "Motion to Supplement Record in Jury Challenge," (Doc. 349), and the Affidavit of Dr. Gundlach, attached to that motion as Exhibit A. Dr. Gundlach's affidavit specifically addressed a limited question raised by this Court in oral argument as to the computation of a confidence interval ("margin of error") for the statistics relating to the racial composition of the district-wide jury pools selected from the 2001 Qualified Jury Wheel. Neither the motion to supplement nor Dr. Gundlach's affidavit offered any information regarding any other subject. The majority of Mr. Elmore's affidavit on pages 9 through 13 are nothing more than Mr. Elmore's effort to recast and reargue the testimony relating to the

computation of the racial composition of the district wide jury pools which he gave before the Court during the evidentiary hearing. This Court heard Mr. Elmore's testimony on direct and cross-examination on this subject matter during the evidentiary hearing, and that testimony has been transcribed. Mr. Elmore's testimony at that hearing is what it is, and his after-the-fact attempt to retract and recast his sworn testimony in an affidavit which is not subject to cross-examination should be rejected by this Court. By contrast, in regard to the portion of Mr. Elmore's affidavit that is responsive to the limited question of the computation of a confidence interval (or "margin of error"), Defendant has no objection to this Court's consideration of this information as rebuttal to Dr. Gundlach's affidavit insofar as it sets out Mr. Elmore's theory of the confidence interval, except to object on the basis that Mr. Elmore was not qualified by this Court as a statistician (while Dr. Gundlach was qualified as a statistician by this Court), and the computation of a confidence interval is beyond the scope of Mr. Elmore's qualifications as a forensic accountant.[1]

8. Defendant objects to the third chart offered by Mr. Elmore, (Doc. 405-2 at page 17), insofar as this chart relies on an analysis of civil jury pools. These pools were not district wide pools, were not criminal jury pools, and were drawn under a procedure set out in the Middle District Jury Plan that limited qualified jurors to one of the three divisions of this district. The analysis of civil jury pools was not relied upon by either

---

1. This Court granted Defendant's first "Motion to Supplement Record in Jury Challenge" relating to this material on April 17, 2006. (Doc. 352.) This Court subsequently entered an Order on May 5, 2006 allowing Defendant to file a second motion to supplement relating to additional jury pools as to which records were not available at the time of the evidentiary hearing. In this Order, the Court noted, "With respected to [Defendant's] motion to supplement the record of the hearing (doc. # 349), the court will make a final decision on this motion at the time a recommendation on the challenges is issued."

party during the evidentiary hearing, it is irrelevant to the issues pending before this Court, and Defendant was not afforded an opportunity to cross-examine Mr. Elmore on this purported analysis.

WHEREFORE, Defendant respectfully prays that this Court issue an Order excluding the above-described portions of the Government's submission, admitting the relevant and admissible portions of Defendant's supplemental filings, and for such other and further relief as this Court may deem just and proper.

This 13th day of February, 2007.

                                              Respectfully submitted,

                                              /s/ Arthur W. Leach
                                              Arthur W. Leach
                                              Leslie V. Moore
                                              2310 Marin Drive
                                              Birmingham, Alabama 35203
                                              Phone: 205-822-4224
                                              Fax: 205-824-0321

                                              /s/ James K. Jenkins
                                              James K. Jenkins
                                              Maloy & Jenkins
                                              25th Floor
                                              75 Fourteenth Street, NW
                                              Atlanta, Georgia 30309
                                              Phone: 404-875-2700

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February, 2007, I personally filed the foregoing "Defendant Richard M. Scrushy's Motion Submitting Additional Factual or Legal Arguments Regarding Expert Witnesses' Statements Filed After Close of Evidentiary Hearing" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail: les.moore@lvmlaw.com