IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 2:05-CR-119-MEF |
| RICHARD M. SCRUSHY | ) |

**UNITED STATES' APPEAL OF MAGISTRATE JUDGE COODY'S ORDER DENYING GOVERNMENT'S MOTION FOR REVOCATION OF ORDER OF POST-CONVICTION RELEASE FOR DEFENDANT SCRUSHY**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and William M. Welch II, Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and pursuant to Title 18, United States Code, Section 3145, hereby appeals Magistrate Judge Coody's order denying the government's motion for revocation of order of post-conviction release for Defendant Scrushy.[1] In making this Appeal, the United States submits that Magistrate Judge Coody incorrectly denied the United States' motion for revocation of Defendant Scrushy's post-conviction release. In particular, the United States contends that Magistrate Judge Coody erroneously ruled that a combination of conditions of release will assure that Defendant Scrushy will not flee this Court's jurisdiction before sentencing and that Defendant Scrushy is likely to abide by his conditions of release. The evidence presented at the evidentiary hearing on April 9, 2007, established by clear and convincing evidence that Defendant Scrushy violated the conditions of his post-conviction release. Moreover, the evidence further proved that no condition or combination of conditions of release will assure that Defendant Scrushy will not flee and that Defendant Scrushy is unlikely to abide by any

---

[1] An evidentiary hearing was held on April 9, 2007, at the conclusion of which Magistrate Judge Coody issued an Oral Order denying the United States' motion for revocation. To date, a written Order has not been issued.

condition or combination of conditions of release. Consequently, this Court, in accordance with the strictures of Title 18, United States Code, Section 3148(b), should revoke Defendant Scrushy's release and order his detention pending sentencing. In support of the foregoing, the United States provides the following:

### I. The Requirements for Revoking Defendant Scrushy's Post-Conviction Release Were Established at the Evidentiary Hearing.

Under Title 18, United States Code, Section 3148(b), a court shall enter an order of revocation for a convicted defendant awaiting sentencing once it is shown (1) by clear and convincing evidence that the defendant has violated any condition of release, and (2) either (a) that no condition or combination of conditions of release will assure that the defendant will not flee, or (b) that the defendant is unlikely to abide by any condition or combination of conditions of release. See also 18 U.S.C. § 3143(a) (providing that detention is mandatory upon conviction unless the defendant proves by clear and convincing evidence that he is not likely to flee or pose a danger to the community); United States v. Davis, 826 F. Supp. 404, 406 (D. Utah 1993) (discussing the revocation of a defendant's release for violating a condition of release); United States v. Strong, 775 F.2d 504, 505 (3d Cir. 1985) (noting that upon conviction the burden shifts to the defendant to justify his release pending sentencing).[2]

At the evidentiary hearing, the evidence established each requirement for revoking Defendant Scrushy's post-conviction release under Section 3148. Without question, the evidence established

---

[2] At the evidentiary hearing, questions arose regarding which party carried the burden of proof under different aspects of Section 3148. The United States submits that a resolution of this legal issue is not germane given the overwhelming evidence establishing each requirement under Section 3148 justifying revocation of Defendant Scrushy's release. See generally United States v. Cook, 880 F.2d 1158, 1161 (10th Cir. 1989) (discussing the burden of proof under Section 3148(b)).

that Defendant Scrushy violated the travel restriction condition of his release order. Construing the evidence favorably toward Defendant Scrushy, at most, this Court granted Defendant Scrushy permission to travel to Orlando, Florida, from March 16 to March 24, 2007, and to take day trips from Orlando to Ocala, Florida and to West Palm Beach, Florida, provided that he spend each night in Orlando at his approved hotel at Walt Disney World – the Saratoga Springs Resort and Spa. At the hearing, Defendant Scrushy admitted that he did not abide by this Court's instructions and left Orlando on March 20 when he drove a rental van with his family to the Sailfish Club[3] in Palm Beach to rendevous with his ninety-two foot yacht, the Chez Soiree.[4] Defendant Scrushy knew as late as March 8, 2007, the date he made and paid for a four night hotel package at the Saratoga Springs Resort, that he was leaving Orlando on March 20 to board and travel upon the Chez Soiree. At no time prior to or during his travel to Florida, however, did Defendant Scrushy notify this Court or his probation officer that he was not staying in Orlando as authorized and that he had made arrangements to and did live aboard and travel via his yacht from March 20 to March 24. Defendant Scrushy knowingly failed to inform this Court or his probation officer that he traveled on his yacht from Palm Beach to Miami, including an overnight stay in Fort Lauderdale. In fact, Defendant Scrushy, when called by his probation officer while in Miami, was purposefully evasive with her and sought to deceive her into thinking that he was still at Walt Disney World. Defendant Scrushy's mode and place of travel during March 20 to March 24 was well outside this Court's limited authorization to go to Walt Disney World to take his family on a spring break trip and clearly

---

[3] A private yacht club to which Scrushy belongs.

[4] A vessel registered in the Cayman Islands which can travel approximately 600 miles on one tank of fuel and which Defendant Scrushy has had in the Bahamas on more than one occasion.

violated the travel restriction condition of his release order.

The evidence at the hearing also established that no condition or combination of conditions will assure that Defendant Scrushy will not flee this Court's jurisdiction pending sentencing. Moreover, the evidence showed that Defendant Scrushy is unlikely to abide by a condition or combination of conditions of release. Defendant Scrushy testified that he boarded his yacht without the Court's permission or knowledge because he wanted to travel on it. More importantly, Defendant Scrushy admitted that, upon his return from traveling on his yacht to Miami and being confronted by his probation officer about the impropriety of his travel, he admonished his probation officer to "tell the truth" and to confess that he had given Defendant Scrushy permission to take such a trip. In fact, at the hearing, Defendant Scrushy repeatedly stated that his probation officers were "confused" about or "misunderstood" his conversations with them, that his probation officers were at fault, not him, for not asking him the proper questions to obtain the truth, that the probation officers erred by not anticipating and presciently preparing a written itinerary showing his yacht travel prior to his departure (despite his complete failure to inform anyone of his premeditated plans to sojourn via the Chez Soiree) and that he had unequivocally done nothing wrong by traveling on his yacht without prior Court approval and outside the apparent knowledge of any Court personnel or law enforcement officer. See United States v. Farese, 611 F.2d 67, 68-69 (5th Cir. 1980)[5] (approving the district court's revocation of a defendant's bond because he "exhibited conscious and intentional negligent disregard for the [travel restriction] conditions of his bond") (internal quotations omitted).

---

[5] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

In short, the evidence adduced at the evidentiary hearing, not the least of which was Defendant Scrushy's behavior and testimony at the hearing, revealed a persona that has been consistently portrayed and manifested throughout Defendant Scrushy's prosecution and conviction for six felony offenses – a man who believes that he can do any action at any time, regardless of the law or any authority to the contrary, including this Court and its designees – the probation officers given the onerous task of supervising a convicted felon of unlimited financial means and unrestrained personal aggrandizement. This Court should not expect that Defendant Scrushy, who has shown such wanton disregard for this Court's authority and graciousness, to abide or be restrained by any condition or combination of conditions of release, including those that Magistrate Judge Coody imposed at the conclusion of the hearing. Rather, the United States submits that the time has come, not coincidentally in the shadows of a looming sentencing date, for this Court to revoke Defendant Scrushy's release – the only action certain to assure that Defendant Scrushy does not flee pending sentencing and abides by this Court's orders.

The United States urges this Court to revoke Defendant Scrushy's order of release even in light of Magistrate Judge Coody's modification of his conditions of release. The modification of Defendant Scrushy's conditions do not address the government's concern that Defendant Scrushy is a serious risk of flight. The modified conditions only require Defendant Scrushy to wear a monitor upon leaving the Northern and Middle Districts of Alabama. Defendant Scrushy is eminently capable of leaving these Districts by any means, commercial or otherwise, without the Court's knowledge as he is not required to wear a monitor at all times. The United States believes that Defendant Scrushy will flee the jurisdiction of the Court on or before his sentencing date. Once it becomes apparent to Defendant Scrushy that he is going to be sentenced and is going to prison, the

United States believes that he is going to flee.

The United States submits that this Court should conclude from Defendant Scrushy's performance on and statements from the witness stand that he has absolutely no respect for this Court, any of its magistrate judges, or its probation officers. Three separate probation officers testified at the revocation hearing that the Court had not given Defendant Scrushy permission to leave the Orlando area overnight, or to board his yacht, or to travel on his yacht at his whim and pleasure. In fact, each probation officer testified that Defendant Scrushy was not truthful to him or her when confronted with the details of his travel upon his return. For example, Defendant Scrushy told Probation Officers Burton and Ford that he had flown on Donald Watkins' private plane from Palm Beach to Miami, when he fully knew that he had traveled via his yacht. Yet, on cross-examination, when confronted with the myriad lies he told his probation officers, Defendant Scrushy adamantly proclaimed that he had always been truthful, and that the probation officers, the Court's designees, not him, were at fault for failing to ask the right questions, produce a written itinerary for him to approve, and be intimately familiar with the south Florida area. Defendant Scrushy's lack of respect for this Court is evident from his demand for Probation Officer Burton to "tell the truth" during their meeting, his sending of a self-serving letter and email to Probation Officer Burton detailing how Probation Officer Burton had "misunderstood" and been "confused" by their conversations, and insisting that Probation Officer Burton approved his general travel throughout "South Florida" – an area constrained only by Defendant Scrushy's imagination and which could encompass multiple federal districts. Certainly, no United States Probation Officer would ever grant a convicted felon such carte blanche freedom of travel.

The evidence at the revocation hearing conclusively showed that Defendant Scrushy violated

his conditions of release and repeatedly lied to his probation officers when confronted about his violation. To defend against these allegations, Defendant Scrushy offered only his own self-serving declarations and attacked the government, the Federal Bureau of Investigation, and his probation officers – entities charged with the weighty responsibility and public trust to ensure his appearance at sentencing. Based on such evidence, the United States asserts that the proper response from this Court is to revoke Defendant Scrushy's order of release, rather than impose benign conditions of release that will not assure this Court that Defendant Scrushy will not flee the jurisdiction.

The evidence at the revocation hearing, including his in-court statements, has proven beyond any reasonable doubt that he has "exhibited conscious and intentional negligent disregard for the conditions of his bond," Farese, 611 F.2d at 68-69, and will have no compunction in disregarding them in the future. Accordingly, for the reasons stated herein, this Court should revoke Defendant Scrushy's order of release.

## II.   Conclusion

"A defendant released on bond must deal honestly and uprightly with the courts." Farese, 611 F.2d at 69. Not only has Defendant Scrushy not so done, but he has testified that he will not do so absent his probation officers asking him the "right questions" and scripting out his travel plans according to his desires. Supervision under such conditions is untenable. The requirements of Section 3148 being met, this Court should grant the government's motion, revoke Defendant Scrushy's order of release and detain him pending sentencing.

Respectfully submitted this the 12th day of April, 2007.

*[signature]*

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

WILLIAM M. WELCH, II
CHIEF, PUBLIC INTEGRITY SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

Case 2:05-cr-00119-MEF-CSC    Document 544    Filed 04/12/2007    Page 9 of 10

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us


IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CR. NO. 2:05-cr-119-MEF |
| | ) |
| RICHARD M. SCRUSHY. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2007, I filed the foregoing with the Clerk of the Court and sent a copy of such filing through the United States Postal Service to all counsel of record for Defendant Scrushy.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

LOUIS V. FRANKLIN, SR.
Acting United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
louis.franklin@usdoj.gov