IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:05cr119-MEF |
| | ) | |
| RICHARD SCRUSHY | ) | |

**O R D E R**

On March 29, 2007, a petition to modify the defendant's conditions of release as imposed on October 28, 2005, and modified on June 29, 2006 was filed in this court. (Doc. # 536). The modifications requested included home confinement and electronic monitoring as well as requiring the defendant to "answer truthfully all inquiries" put to him by probation officers. (*Id.*). On March 29, 2007, the United States filed a separate motion for revocation or modification of the defendant's post-conviction release (doc. # 540). According to the United States, the defendant is a risk to flee and his post-conviction release should be revoked. (*Id.*) Pursuant to 18 U.S.C. § 3148(b) the court held a lengthy hearing on April 9, 2007.

The Bail Reform Act requires that a person convicted of a felony be detained unless the person shows by clear and convincing evidence that he is not a risk of flight or a danger. 18 U.S.C. § 3143(a)(1).[1] Scrushy met that requirement following trial when the court released him on bond with modified conditions of release. Under 18 U.S.C. § 3143(a)(1) that release was pursuant to the provisions of 18 U.S.C. § 3142. Pursuant to 18 U.S.C. § 3148

---

[1] The sole exception to the detention requirement is in a case in which the applicable Sentencing Guideline does not recommend a term of imprisonment. 18 U.S.C. § 3143(a)(1).

a person released under 18 U.S.C. § 3142 who violates the conditions of release is subject to revocation if after a hearing the judicial officer finds probable cause to believe that the person committed a crime (a finding not applicable here) or finds by clear and convincing evidence that the person has violated any other condition of release, 18 U.S.C. § 3148(b)(1)(B), **and** further finds based on the § 3142(g) factors that there is no condition or combination of conditions which will assure the person will not flee. Accordingly, the court concludes that the government had the burden to demonstrate by clear and convincing evidence that Scrushy violated a condition of his release.

The evidence did not meet this standard. At best the evidence established that Scrushy took advantage of his supervising probation officer's[2] lack of knowledge about the location of cities in Florida.[3] But given the laxity with which the probation officer enforced the travel restrictions overall, the court cannot find by clear and convincing evidence that the defendant violated those conditions. Moreover, the fact that Scrushy returned to the district as directed when he had at his disposal a seagoing vessel and an airplane with which he could abscond militates strongly against a conclusion that there are no conditions which will assure he will not flee.

The court, however, does find that modification of the defendant's conditions of

---

[2]Supervision was handled by the United States Probation Office of the Northern District of Alabama because Scrushy resides in that district.

[3]The evidence showed that the supervising probation officer approved Scrushy traveling from Orlando, Florida to West Palm Beach, Florida believing it to be only a short, day trip. West Palm Beach is approximately 250 miles south east of Orlando.

release is appropriate. At the conclusion of the hearing, the court indicated on the record its conclusions about those conditions. Further consideration has convinced the court that it should add an additional requirement that the defendant truthfully answer all questions put to him by probation officers and to follow their orders. Further, the restriction on use of non-commercial means of transportation will not be extended to travel by automobile or similar vehicles.

Accordingly, upon consideration of the petition (doc. # 536) and the motion (doc. # 540), and based on the evidence presented at the hearing and at oral argument, it is

ORDERED as follows:

1.  That the motion for revocation or modification of the defendant's post-conviction release (doc. # 540) be and is hereby DENIED.

2.  That the petition to modify the defendant's conditions of release (doc. # 536) be and is hereby GRANTED and the defendant's conditions of release be and are hereby MODIFIED as follows:

    a.  Prior to travel outside of the Middle or Northern Districts of Alabama, the defendant shall submit for approval by the court a detailed, written itinerary from which the defendant shall not deviate during travel without prior approval from a supervising probation officer.

    b.  Prior to travel outside of the Middle or Northern Districts of Alabama, the defendant shall submit to Global Positioning System (GPS) monitoring. The defendant shall travel to the Middle District of Alabama prior to any travel outside of the Middle or

Northern Districts of Alabama to secure the GPS monitoring equipment. While on travel status, the defendant shall carry a field monitoring device during all times that he is outside the districts. The defendant shall pay the costs of the device as directed by the court.

  c. During any travel outside the Middle or Northern Districts of Alabama, the defendant shall not personally use any non-commercial means of transportation except for an automobile or similar vehicle.

  d. The defendant shall answer truthfully all inquiries put to him by probation officers and follow the instructions of the probation officers.

Done this 13th day of April, 2007.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE