# APPENDIX J

1948   CONGRESSIONAL RECORD—SENATE   8121

ter, east half of the northwest quarter, the east half of the east half of the west half of the northwest quarter, section 17, lots 1, 2, and 3, section 18, township 7 south, range 28 east, Montana principal meridian, containing approximately 628 acres.

The amendments were agreed to.

The bill was ordered to be engrossed for a third reading, read the third time, and passed.

### IMPROVEMENT OF POST OFFICE, LOS ANGELES, CALIF.

The bill (H. R. 5750) to provide for the extension and improvement of post-office facilities at Los Angeles, Calif., and for other purposes, was considered, ordered to a third reading, read the third time, and passed.

### LEASE OF LAFAYETTE BUILDING, WASHINGTON, D. C.

The bill (S. 2706) to authorize the Federal Works Administrator to lease for commercial purposes certain space in the building located at 811 Vermont Avenue NW., Washington, D. C., commonly known as the Lafayette Building, was considered, ordered to be engrossed for a third reading, read the third time, and passed, as follows:

*Be it enacted, etc.,* That the Federal Works Administrator is hereby authorized to lease for commercial purposes for periods not exceeding 10 years and upon such terms and conditions as he may deem to be in the public interest, such space in the building located at 811 Vermont Avenue NW., Washington, D. C., commonly known as the Lafayette Building, as was leased by the Reconstruction Finance Corporation for commercial purposes on July 30, 1947, the date title to such building was transferred from the Reconstruction Finance Corporation to the United States of America by section 206, title III, Public Law 266, Eightieth Congress. The rentals received pursuant to this act may be deposited into a common fund account or accounts in the Treasury, and notwithstanding the provisions of the act of June 30, 1932 (40 U. S. C. 303b), shall be available to pay the cost of maintenance, upkeep, and repair of the space so leased and for the establishment of necessary reserves therefor: *Provided,* That except for such necessary reserves, the unobligated balances of rentals so deposited into the Treasury shall be covered at the end of each fiscal year into miscellaneous receipts.

### ISSUANCE OF PATENTS FOR CERTAIN LANDS

The bill (H. R. 6090) authorizing the Secretary of the Interior to issue patents for lands held under color of title was considered, ordered to a third reading, read the third time, and passed.

### REVISION AND CODIFICATION OF TITLE 18, UNITED STATES CODE

The Senate proceeded to consider the bill (H. R. 3190) to revise, codify, and enact into positive law title 18 of the United States Code, entitled "Crimes and Criminal Procedure," which had been reported from the Committee on the Judiciary with amendments.

The PRESIDENT pro tempore. Is there objection to present consideration of the bill?

There being no objection, the Senate proceeded to consider the bill.

The PRESIDENT pro tempore. The bill contains a large volume of amendments. Is there objection to the consideration of the amendments en bloc?

Mr. TAFT. Mr. President, may I have an explanation of the bill? This is a long bill, containing 475 pages.

Mr. WILEY. Mr. President, I assure the distinguished Senator I shall not take much time, and that we shall not spend much time on the bill.

The House has sent to the Senate the revision of title 18. It was my privilege and duty to appoint a very distinguished subcommittee to go over the matter. The subcommittee was headed by the Senator from Missouri [Mr. DONNELL].

The purpose of the bill is to codify and revise the laws relating to Federal crimes and criminal procedure.

With the amendments proposed by the committee the bill includes all pertinent laws to January 5, 1948, and is made effective September 1, 1948.

The bill makes it easy to find the criminal statutes because of the arrangement, numbering, and classification. The original intent of Congress is preserved. A uniform style of statutory expression is adopted. The new Federal Rules of Criminal Procedure are keyed to the bill and are reflected in part II of title 18.

Obsolete and executed provisions are eliminated. Uncertainty will be ended and there will no longer be any need to examine the many volumes of the Statutes at Large as the bill, upon enactment, will itself embody the substantive law which will thus appear in full in the United States Code.

It is one of the constructive things we have been endeavoring to accomplish, and I think the bill accomplishes it. I should like to see the amendments adopted en bloc. If any further specific information is desired, I shall ask the distinguished senior Senator from Missouri to explain it, but I think, in view of the fact that the work has been gone into by some of the best experts in codification in America, in conjunction with the House committee, the committee has proposed a number of amendments, most of which are insubstantial, some of which are substantial. They will necessitate, I assume, if we pass the bill, a conference with the House. I hope the measure can be disposed of without a great deal of debate. As I said, it is along the line of bringing together the Federal criminal statutes into one place, so as to avoid the necessity of going from one volume to another in order to ascertain what the criminal law of the Nation is.

The PRESIDENT pro tempore. The Senator's time has expired. Is there objection to the consideration of the amendments en bloc?

There being no objection, the amendments were considered and agreed to en bloc.

The amendments agreed to en bloc are as follows:

Page 3, following "13. Laws of States adopted for areas within Federal jurisdiction." insert: "14. Applicability to Canal Zone."

Page 5, line 4, after "States" insert: ", except the Canal Zone."

Page 8, after line 15, insert:

"§ 14. Applicability to Canal Zone.

"In addition to the sections of this title which by their terms apply to and within the Canal Zone, the following sections of this title shall likewise apply to and within the Canal Zone: 6, 8, 11, 331, 371, 472, 474, 478, 479, 480, 481, 482, 483, 485, 486, 489, 490, 499, 502, 506, 594, 595, 598, 600, 601, 604, 605, 606, 611, 612, 703, 756, 791, 792, 793, 794, 795, 796, 797, 915, 917, 951, 953, 954, 956, 957, 958, 959, 960, 961, 962, 963, 964, 965, 966, 967, 1017, 1073, 1301, 1364, 1382, 1542, 1543, 1544, 1546, 1584, 1621, 1622, 1761, 1821, 1914, 2151, 2152, 2153, 2154, 2155, 2156, 2199, 2231, 2234, 2235, 2274, 2275, 2277, 2384, 2385, 2388, 2389, 2390, 2421, 2422, 2423, 2424, 3059, 3105, 3109."

Page 91, strike out "610. Contributions by national banks or corporations." and insert: "610. Contributions or expenditures by national banks, corporations, or labor organizations."

Page 104, strike out lines 4 to 21, inclusive, and insert:

"§ 610. Contributions by national banks, corporations, or labor organizations.

"It is unlawful for any national bank, or any corporation organized by authority of any law of Congress, to make a contribution or expenditure in connection with any election to any political office, or in connection with any primary election or political convention or caucus held to select candidates for any political office, or for any corporation whatever, or any labor organization to make a contribution or expenditure in connection with any election at which Presidential and Vice Presidential electors or a Senator or Representative in, or a Delegate or Resident Commissioner to Congress are to be voted for, or in connection with any primary election or political convention or caucus held to select candidates for any of the foregoing offices, or for any candidate, political committee, or other person to accept or receive any contribution prohibited by this section.

"Every corporation or labor organization which makes any contribution or expenditure in violation of this section shall be fined not more than $5,000; and every officer or director of any corporation, or officer of any labor organization, who consents to any contribution or expenditure by the corporation or labor organization, as the case may be, in violation of this section shall be fined not more than $1,000 or imprisoned not more than 1 year, or both.

"For the purposes of this section 'Labor organization' means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."

Page 117, line 8, strike out all after "receiver," down to and including "System," in line 15.

Page 118, line 18, strike out all after "care," down to and including "institution," in line 23.

Page 134, line 19, after "both" insert: "; or if he negligently suffers such person to escape, he shall be fined not more than $500 or imprisoned not more than 1 year, or both."

Page 158, after line 12, insert: "While any foreign government is a member both of the International Monetary Fund and of the International Bank for Reconstruction and Development, this section shall not apply to the sale or purchase of bonds, securities, or other obligations of such government or any political subdivision thereof or of any organization or association acting for or on behalf of such government or political subdivision, or to making of any loan to such government, political subdivision, organization, or association."

Page 267, strike out lines 15 to 18, inclusive, and insert: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

"Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

Page 415, line 10, after "Zone," insert "District of Columbia."

Page 415, after line 17, insert:
"Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court."

Page 416, after line 21, insert:
"Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court."

Page 448, lines 24 and 25, strike out "the Revised Statutes (1 U. S. C., sec. 1)" and insert: "Title 1 of the United States Code."

Page 456, strike out lines 3 to 21, inclusive.

Page 456, line 22, strike out "19" and insert "18."

Page 457, line 3, strike out "20" and insert "19."

Page 457, strike out lines 8 to 15, inclusive, and insert:
"Sec. 20. This act shall take effect September 1, 1948."

Page 457, line 16, strike out "22" and insert "21."

Page 463, about middle of page, strike out:
"July 3........| 128| 4, 5| 40|755, 750| 16|    705, 706"

Page 467, below middle of page, strike out:
"June 20......| 634|    4| 49| 1556| 16|    705
 Do......| 635| 1, 3| 49| 1557| 22|    248"

And insert:
"June 20......| 635| 1, 2| 49| 1557| 22|    248"

Page 470, after
"June 8........| 178| 1, 2, 3| 59|234, 235| 12| 241, 241a, 242"
insert:
"July 31......| 339|    9| 50|   51|6 31|    804b"

Page 471, at the end of the schedule of repeals on this page, insert:
"1947—
 Apr. 16.| 30|....| 61| 82| 18|    411
 May 16.| 72|....| 61| 87| 15|   744h–1
 June 21.| 111|....| 61| 134| 15|    264
 June 23.| 130|...304| 61| 180|  2|    251"

The amendments were ordered to be engrossed and the bill to be read a third time.

The bill was read the third time and passed.

Mr. WILEY. Mr. President, I move that the Senate insist upon its amendments, request a conference with the House thereon, and that the Chair appoint the conferees on the part of the Senate.

The motion was agreed to.

The PRESIDENT pro tempore. The Chair will presently name the conferees.

Mr. WILEY subsequently said: Mr. President, I have been credibly informed that the House will accept our amendments. In view of that information, I ask that the action taken to rescind on my motion to appoint conferees in respect to the bill (H. R. 3190) be rescinded.

The PRESIDENT pro tempore. Without objection, it is so ordered.

### AMENDMENT OF TRADING WITH THE ENEMY ACT

The bill (S. 2764) to amend the Trading With the Enemy Act was announced as next in order.

The PRESIDENT pro tempore. Is there objection to the present consideration of the bill?

There being no objection, the Senate proceeded to consider the bill.

Mr. COOPER. Mr. President, I offer an amendment.

Mr. PEPPER. I should like an explanation of the bill.

The PRESIDENT pro tempore. The Senator from Kentucky offers an amendment which the clerk will state.

The CHIEF CLERK. On page 3, line 14, after the word "buy", it is proposed to strike out "July 31, 1949", and insert "April 30, 1949."

The PRESIDENT pro tempore. The question is on agreeing to the amendment submitted by the Senator from Kentucky.

Mr. PEPPER. Mr. President, I request an explanation of the bill.

Mr. COOPER. Mr. President, the bill proposes to amend section 32 of the Trading With the Enemy Act. That section, among other things, authorizes the Alien Property Custodian to return property to an alien if he deems that the alien was a persecutee. It has developed that some of these persons to whom property would be returned are dead, and there are no known heirs. In such case I assume the property would escheat to this country.

The bill provides that the President may designate approved organizations under certain limitations and conditions, and that such organizations may receive the property of a deceased persecutee alien and use it for the benefit of the group to which the persecutee belonged. I think it is a very humane measure. It was introduced by the Senator from Ohio [Mr. TAFT].

The PRESIDENT pro tempore. The question is on agreeing to the amendment offered by the Senator from Kentucky.

The amendment was agreed to.

The bill was ordered to be engrossed for a third reading, read the third time, and passed, as follows:

Be it enacted, etc., That section 32 of the Trading With the Enemy Act of October 6, 1917 (40 Stat. 411), as amended, is hereby further amended by adding at the end thereof the following subsection:

"(h) The President may designate one or more organizations as successors in interest to deceased persons, who, if alive, would be eligible to receive returns under the provisos of subdivision (C) or (D) of subsection (a) (2) hereof. An organization so designated shall be deemed a successor in interest by operation of law for the purposes of subsection (a) (1) hereof. Return may be made to an organization so designated (a) prior to July 31, 1949, or 2 years from the vesting of the property or interest in question, whichever is later, if the President or such officer or agency as he may designate determines from all relevant facts of which he is then advised that it is probable that the former owner is dead and is survived by no person eligible under section 32 to claim as successor in interest by inheritance, devise, or bequest; and (b) after such later date, if no claim for the return of the property or interest is pending.

"No return may be made to an organization so designated unless it files a claim on or before January 1, 1952, and unless it gives assurances satisfactory to the President that (i) it will use the property or interest returned to it for the rehabilitation and resettlement of persons who suffered substantial deprivation of liberty or failed to enjoy the full rights of citizenship within the meaning of subdivisions (C) and (D) of subsection (a) (2) hereof, by reason of their membership in the political, racial, or religious group of which the former owner was a member; (ii) it will transfer, at any time within 2 years from the time that return is made, such property or interest or the equivalent value thereof to any person designated as entitled thereto pursuant to this act by the President or such officer or agency; and (iii) it will make such reports and permit such examination of its books as the President or such officer or agency may from time to time require.

"The filing of a claim by an organization so designated shall not bar the payment of debt claims under section 34 of this act."

SEC. 2. The first sentence of section 33 of the Trading With the Enemy Act of October 6, 1917 (40 Stat. 411), as amended, is hereby further amended to read as follows:

"SEC. 33. No return may be made pursuant to section 9 or 32 unless notice of claim has been filed, (a) in the case of any property or interest acquired by the United States prior to December 18, 1941, by August 9, 1948, or (b) in the case of any property or interest acquired by the United States on or after December 18, 1941, by April 30, 1949, or 2 years from the vesting of the property or interest in respect of which the claim is made, whichever is later: Provided, That return may be made to successor organizations designated pursuant to section 32 (h) hereof if notice of claim is filed by January 1, 1952."

### PHILADELPHIA NATIONAL HISTORICAL PARK

The bill (S. 2080) to provide for the establishment of the Philadelphia National Historical Park, and for other purposes, was announced as next in order.

The PRESIDENT pro tempore. This bill is identical with Calendar No. 1764, House bill 5053.

Mr. BUTLER. Mr. President, I ask that the House bill be substituted for Senate bill S. 2080, and that the Senate proceed to the consideration of the House bill.

The PRESIDENT pro tempore. Is there objection to the substitution of the House bill for the Senate bill and its present consideration?

There being no objection, the bill (H. R. 5053) to provide for the establishment of the Independence National Historical Park, and for other purposes, was considered, ordered to a third reading, read the third time, and passed.

The PRESIDENT pro tempore. Without objection, Senate bill 2080 is indefinitely postponed.

### CODIFICATION OF TITLE 3 OF THE UNITED STATES CODE

The bill (H. R. 6412) to codify and enact into law title 3 of the United States Code, entitled "The President," was considered, ordered to a third reading, read the third time, and passed.

### TRANSFER OF CERTAIN ARMY EQUIPMENT TO NEW MEXICO MILITARY INSTITUTE

The Senate proceeded to consider the bill (S. 2698) to authorize the transfer of horses and equipment owned by the United States Army to the New Mexico Military Institute, a State institution, which had been reported from the Committee on Armed Services, with amendments, on page 1, line 4, after the word "authorized", to insert "upon the request of the institution"; in line 7, after the word "institution", to insert "to Cornell University, Ithaca, N. Y., to Norwich University, Norwich, Vt., and to Virginia Military Institute, Lexington, Va."; on page 2, line 1, before the word