# APPENDIX T

106th Congress — 2d Session • .uary 24–December 15, 2000

# House Document

## No. 320



MANUAL AND RULES OF
HOUSE OF REPRESENTATIVES
107th CONGRESS

## United States Congressional Serial Set

Serial Number 14658

United States Government Printing Office
Washington : 2002

JEFFERSON'S MANUAL

§ 587–§ 588

motion to authorize the Speaker to declare a recess was given a privilege equal to that of the motion to adjourn (clause 4 of rule XVI); and beginning in the 103d Congress the Speaker was authorized to declare a recess "for a short time when no question is pending" (clause 12 of rule I).

§ 587. Adjournment pronounced by the Speaker.

If a question be put for adjournment, it is no adjournment till the Speaker pronounces it. *5 Grey, 137.* And from courtesy and respect, no member leaves his place till the Speaker has passed on.

### SEC. LI—A SESSION

§ 588. Sessions of Parliament.

Parliament have three modes of separation, to wit: by adjournment, by prorogation or dissolution by the King, or by the efflux of the term for which they were elected. Prorogation or dissolution constitutes there what is called a session; provided some act was passed. In this case all matters depending before them are discontinued, and at their next meeting are to be taken up de novo, if taken up at all. *1 Blackst., 186.* Adjournment, which is by themselves, is no more than a continuance of the session from one day to another, of for a fortnight, a month, &c., ad libitum. All matters depending remain in statu quo, and when they meet again, be the term ever so distant, are resumed, without any fresh commencement, at the point at which they were left. *1 Lev., 165; Lex. Parl., c. 2; 1 Ro. Rep., 29; 4 Inst., 7, 27, 28; Hutt., 61; 1 Mod., 252; Ruffh. Jac., L. Dict. Parliament; 1 Blackst., 186.* Their whole session is considered in law but as one day, and has relation to the first day thereof. *Bro. Abr. Parliament, 86.*

JEFFERSON'S MANUAL

§ 589–§ 590

§ 589. Sitting of committees in recesses and creation of commissions to sit after Congress adjourns.

Committees may be appointed to sit during a recess by adjournment, but not by prorogation. *5 Grey, 374; 9 Grey, 350; 1 Chandler, 50.* Neither House can continue any portion of itself in any parliamentary function beyond the end of the session without the consent of the other two branches. When done, it is by a bill constituting them commissioners for the particular purpose.

The House may empower a committee to sit during a recess which is within the constitutional term of the House (IV, 4541–4543), but not thereafter (IV, 4545). Therefore committees are created commissions by law if their functions are to extend beyond the term of the Congress (IV, 4545). Under clause 2(m)(1)(A) of rule XI, all committees are authorized to sit and act anywhere within the United States, and to issue subpoenas, whether the House is in session or has adjourned to a date certain or adjourned sine die, even after the second regular session of a Congress until the end of the constitutional term. Under clause 1(b)(4) of rule XI, all committees are authorized to file investigative reports and annual activities reports following sine die adjournment.

§ 590. Sessions and recesses of Congress.

Congress separate in two ways only, to wit, by adjournment, or dissolution by the efflux of their time. What, then, constitutes a session with them? A dissolution certainly closes one session, and the meeting of the new Congress begins another. The Constitution authorizes the President, "on extraordinary occasions to convene both Houses, or either of them." *I. 3.* If convened by the President's proclamation, this must begin a new session, and of course determine the preceding one to have been a session. So if it meets under the clause of the Constitution which says, "the Congress shall assemble at least once in every year, and such

[301]

§ 591                    JEFFERSON'S MANUAL

meeting shall be on the first Monday in December, unless they shall by law appoint a different day." I. 4. This must begin a new session; for even if the last adjournment was to this day the act of adjournment is merged in the higher authority of the Constitution, and the meeting will be under that, and not under their adjournment. So far we have fixed landmarks for determining sessions. * * *

The twentieth amendment to the Constitution, clause 2, now provides that the Congress shall assemble at least once in every year, at noon on the 3d day of January, unless they shall by law appoint a different day. Section 132 of the Legislative Reorganization Act of 1946, 60 Stat. 812, as amended by section 461 of the Legislative Reorganization Act of 1970, 84 Stat. 1140, provides that except in time of war the two Houses shall adjourn sine die not later than the last day of July (Sundays excepted) unless otherwise provided by the Congress. (For form of resolution used to continue in session past July 31, see H. Con. Res. 648, 92d Cong., July 25, 1972, p. 25145.) The same section contemplates an adjournment of Congress from the thirtieth day before to the second day following Labor Day in the first session of a Congress (each odd-numbered year) in lieu of a sine die adjournment. See § 1105, infra. Congress is adjourned for more than three days by a concurrent resolution (IV, 4031, footnote), and such adjournments to a day certain, within the session, do not terminate the session (V, 6676, 6677). In one instance the two Houses by concurrent resolution provided for adjournment to a day certain with the provision that if there be no quorum present on that day the session should terminate (V, 6686). Prior to the adoption of the twentieth amendment it had become established practice that a meeting of Congress once within the year did not make uncertain the constitutional mandate to meet on the first Monday of December (I, 10, 11). And where a special session continued until the time prescribed by the Constitution for the annual meeting without an appreciable intervening time (V, 6690, 6692), a question arose as to whether there had actually been a recess of Congress (V, 6687, 6693), with the conclusion that a recess was a real and not an imaginary time (V, 6687).

§ 591. Manner of closing a session by action of the two Houses.

* * * In other cases it is declared by the joint vote authorizing the President of the Senate and the Speaker to close the session on a fixed day, which is usually in the following form: "Resolved by the

[302]

JEFFERSON'S MANUAL

§ 592–§ 593

Senate and House of Representatives, that the President of the Senate and the Speaker of the House of Representatives be authorized to close the present session by adjourning their respective Houses on the —— day of ——."

In the modern practice the resolving clause of the concurrent resolution is in form different from that given by Jefferson. For a history and chronology of adjournment resolutions, see § 84, *supra*.

§ 592. Parliamentary law as to business at the termination of a session.

When it was said above that all matters depending before Parliament were discontinued by the determination of the session, it was not meant for judiciary cases depending before the House of Lords, such as impeachments, appeals, and writs of error. These stand continued, of course, to the next session. *Raym., 120, 381; Ruffh. Fac., L. D., Parliament.*

Impeachments stand, in like manner, continued before the Senate of the United States.

For a discussion of continuance of impeachments, see § 620, *infra*.

SEC. LII—TREATIES

\*    \*    \*    \*    \*

§ 593. General nature of treaties.

Treaties are legislative acts. A treaty is the law of the land. It differs from other laws only as it must have the consent of a foreign nation, being but a contract with respect to that nation. In all countries, I believe, except England, treaties are made by the legislative power; and there, also, if they touch the laws of the land they must be approved by Parliament. *Ware v. Hylton, 3 Dallas's Rep., 223.* It is acknowledged, for in-

[303]