IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05CR119-F |
| | ) | |
| RICHARD SCRUSHY | ) | |

ORDER

After a hearing on April 9, 2007, the court denied the government's motion to revoke the defendant's release pending sentencing but did modify the defendant's conditions of release to require *inter alia* the defendant to submit to Global Positioning System (GPS) monitoring whenever he leaves the geographic boundaries of the Northern or Middle Districts of Alabama. The oral order modifying the conditions of release was entered on April 9, 2007, at the conclusion of the hearing. The court entered a written order on April 13, 2007.

Immediately on the heels of the court's oral order, on April 11, 2007, the defendant filed a motion (doc. # 543) for an extension of the boundaries for travel in which he requests to be allowed to travel without GPS monitoring to tracts of land in Wilcox and Dallas County, Alabama. The defendant recites that frequent visits to these properties are required because "a result of the death of the defendant's father, Gerald Scrushy, Defendant has been placed in charge of the maintenance and care of . . . [these] tract[s] of land . . ."

The evidence presented during the hearing on the prior motion to revoke the defendant's release shows that the dispute arose because the defendant sought to and did

increase the extent of his permission to travel by incremental requests which had the effect of extending the boundaries of his permission to travel.  The court is not disposed to permit incremental expansions of the travel boundaries.  The court established the restrictions on the defendant's travel after careful consideration of the evidence presented at the hearing and the factors enumerated in 18 U.S.C. § 3142(g).  The defendant has not shown that his responsibility to care for the property is inconsistent with the GPS monitoring equipment.  Other than reasons of convenience, the defendant has disclosed no reason why the court should modify the previously imposed conditions.  Accordingly, it is

       ORDERED that the motion for extension of travel boundaries (doc. # 543) be and is hereby DENIED.

       Done this 23rd day of April, 2007.


                              /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE