IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 APR 23  P 4: 45
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:05cr119-MEF |
| | ) |
| RICHARD M. SCRUSHY | ) |

**UNITED STATES' RESPONSE TO DEFENDANT SCRUSHY'S MOTION TO RECUSE AND MOTION FOR VACATUR OR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and William M. Welch, II, Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby responds to Defendant Scrushy's Motion to Recuse and Motion for Vacatur or New Trial Based on Newly Discovered Evidence (hereinafter, the "Motion"). This Court should deny the Motion because it is untimely and raises no issues or facts that would lead an objective, disinterested, lay observer to entertain a significant doubt about the trial judge's impartiality. As grounds for its position, the United States submits the following:

**I.    The Motion Should be Denied Because it is Untimely.**

Defendant Scrushy attacks the impartiality of the trial judge under Title 28, United States Code, Section 455(a). Mot. at 22. To avoid the obvious opportunities for forum shopping and other improper gamesmanship, a motion for disqualification under Section 455(a) must be timely. See Delesdernier v. Porterie, 666 F.2d 116, 121-22 (5th Cir. 1982). In particular, the general rule is that one must raise the issue of disqualification of the judge "at the earliest practicable moment after relevant facts become known." Id. at n.3; TV Comm'n v. ESPN, 767 F. Supp. 1077, 1080 (D. Col. 1991) ("A reasonable challenge against a judge should be made at the first opportunity after the

discovery of the facts requiring disqualification."). Failure to raise timely the issue of disqualification is fatal to its adjudication. Delesdernier, 666 F.2d at 122-23.

Strong policy grounds support this timeliness requirement.

> Promptness in asserting a Motion for disqualification prevents a party from waiting for the outcome of the litigation before taking action. 'The judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming.' TV Comm'n, 767 F. Supp. at 1080 (quoting Franks v. Nimmo, 796 F.2d 1230, 1234 (10th Cir. 1986)).

Courts have enforced this timeliness requirement because "Congress did not enact Section 455(a) to allow counsel to make a game of the federal judiciary's ethical obligations." Delesdernier, 666 F.2d at 121.

Defendant Scrushy's Motion seeking disqualification of this Court is untimely. Defendant Scrushy claims to have first learned of facts suggesting the possibility of bias on the part of the trial judge on February 22, 2007, and to have investigated these facts from that date until April 17, 2007 – the date he filed the Motion. Mot. at 2-3. Yet his own motion belies his assertion that April 17, 2007, was the earliest practicable moment that he could have raised the disqualification issue: The affidavit of Defendant Scrushy's private investigator, Michael Magrino, reveals that Defendant Scrushy contracted with Magrino about investigating the disqualification issue on February 21, 2007 – one day earlier than Defendant Scrushy claims to have first learned of his purported "newly discovered evidence." More importantly, Magrino swears that "it took [him] approximately one week to conduct [his] investigation and retrieve all of the information [referenced in the Motion]." Mot. at Exh. 28.

Moreover, the vast majority, if not all, of the "newly discovered evidence," has been publicly

available for months or years. Consequently, by his own admission, Defendant Scrushy possessed or had ready access to the information contained in the Motion on or about March 7, 2007, yet failed to raise the issue of disqualification until April 17, 2007 – <u>after</u> this Court issued several rulings against Defendant Scrushy, and thus indicating the very gamesmanship that courts have consistently warned against in enforcing the timeliness requirement for recusal motions.[1] Defendant Scrushy's failure to raise timely the disqualification issue thus compels the denial of the Motion. <u>Delesdernier</u>, 666 F.2d at 122-23.

## II. The Motion Should be Denied Because it is Based on Unsupported, Irrational, and Highly Tenuous Speculation and is Merely an Effort to Manipulate this Court.

Under Section 455(a), the standard for recusal is one of objective reasonableness, that is, "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." <u>Parker v. Connors Steel Co.</u>, 855 F.2d 1510, 1524 (11th Cir. 1988). The requirement of reasonableness is important, because "there is the need to prevent parties from . . . manipulating the system for strategic reasons." <u>FDIC v. Sweeney</u>, 136 F.3d 216, 220 (1st Cir. 1998) (internal quotation marks omitted). Accordingly, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." <u>United States v. Greenough</u>, 782 F.2d 1556, 1558 (11th Cir. 1986). A judge's failure to recuse is reversible error only where a conflict of interest is readily apparent and the risk that the judge will not be impartial is substantial. <u>United

---

[1] Notably, the present Motion comes on the heels of Magistrate Judge Coody's Order on April 9, 2007, modifying Defendant Scrushy's conditions of release, and the United States' appeal of this Order filed on April 12, 2007. Doc. # 544. This Court has yet to rule on the government's appeal and request to revoke Defendant Scrushy's order of release. Further, this Court has previously denied Defendant Scrushy's Motion for Judgment of Acquittal, on October 2, 2006, Doc. # 468, and Motion for New Trial, on December 13, 2006, Doc. # 518.

States v. Young, 39 F.3d 1561, 1570 (11th Cir. 1994). A district court's denial of a motion to recuse is reviewed for abuse of discretion. Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

Defendant Scrushy's disqualification argument distills to the following: The trial judge has an ownership interest in, and receives monies from, the "Company" that has contracts with various departments of the United States. The United States is prosecuting Defendant Scrushy in this litigation. Therefore, the trial judge is biased in favor of the United States in this litigation for fear of reprisal against the Company and damage to his income stream if he rules unfavorably toward the United States.[2] Mot. at 28. Labeling this assertion as "unsupported, irrational, or highly tenuous speculation" unworthy to justify recusal of the trial judge is an understatement. Greenough, 782 F.2d at 1558. More accurately, this Court should dismiss this claim as "farsical."[3] United States v. Zuger, 602 F. Supp. 889, 892 (D. Conn. 1984) (dismissing as "farsical" the defendant's argument that the trial judge was biased in favor of the government because the United States pays his salary).

Equally frivolous is Defendant Scrushy's argument that the trial judge might not be inclined to rule against the United States because AUSA Feaga is a colonel in the United States Air Force Reserve assigned to Langley Air Force Base and "it is very likely someone" in the office of the Staff Judge Advocate at Langley had involvement with a contract involving the Company. Mot. at 29. Defendant Scrushy offers only conclusions, opinions, and innuendos, not actual facts, to support this fanciful exercise in rank speculation about AUSA Feaga's duties and this Court's intent. Greenough, 782 F.2d at 1558 ("[A] charge of partiality must be supported by facts."); TV Comm'n, 767 F. Supp.

---

[2] Defendant Scrushy appears to have forgotten that the trial judge has repeatedly made rulings in this litigation favorable to him over the United States' objections.

[3] Taken to its logical conclusion, Defendant Scrushy's argument would require the trial judge to recuse from all cases where the United States is a party. Such a result is absurd.

at 1080 ("Actual facts, not conclusions, showing bias must be shown by the affidavit."). Moreover, it strains credulity to even imagine how the Company or the trial judge's interest in the Company could even be remotely affected by AUSA Feaga's involvement in the present litigation. No reasonable observer would entertain a significant doubt about the trial judge's impartiality due to AUSA Feaga's service as a prosecutor and Air Force colonel and the trial judge's ownership interest in the Company.

Defendant Scrushy has provided no facts to support even the suggestion that the trial judge has an interest in this litigation or that the Company or the trial judge's interest in the Company will in any manner be affected by this litigation. TV Comm'n, 767 F. Supp. at 1080 ("A judge is not expected to recuse himself where his interest . . . in the litigation is indirect and attenuated."). Simply stated, "[t]here are no facts presently before the court which tend to create an appearance of impropriety" such that disqualification of the trial judge under Section 455(a) is wholly unwarranted. Id. See In re Placid Oil Co., 802 F.2d 783, 786-87 (5th Cir. 1986) (holding that a judge's impartiality is not reasonably questioned where he owns stock of a company in the same industry as one of the parties to the case); Franks v. Nimmo, 796 F.2d 1230, 1234 (10th Cir. 1986) ("Section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.").

Defendant Scrushy's disqualification argument is devoid of merit, and is further an attempt to forum shop and interfere with the due administration of justice. Such a motion should be given no credence. Delesdernier, 666 F.2d at 122 ("[The court] should seek to preserve the integrity of [Section 455(a)] by discouraging bad faith manipulation of its rules for litigious advantage."); TV Comm'n, 767 F. Supp. at 1081 ("Motions to recuse cannot be viewed as an additional arrow in the

quiver of advocates in the face of adverse rulings.").

It has been recognized that "a judge's duty not to recuse when confronted with a motion that has little basis in reality, both factual and legal, is as strong as the duty to recuse when his or her impartiality might reasonably be questioned. ... The efficient administration of justice would be dealt a serious blow if it were otherwise." Sexson v. Servaas, 830 F. Supp 475, 482 (S.D. Ind. 1993)(citation omitted). Accordingly, the government respectfully submits that the Court should deny the Motion, dispose of all other outstanding motions, and proceed to sentencing to effectuate the jury's verdict returned on June 29, 2006.

Respectfully submitted this the 23rd day of April, 2007.

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Acting United States Attorney
1 Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax:    (334) 223-7135
Email: louis.franklin@usdoj.gov

J.B. Perrine
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax:    (334) 223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

Stephen P. Feaga
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax:    (334) 223-7135
Email: steve.feaga@usdoj.gov
ASB-7374A60S

Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334) 353-4839
Fax:    (334) 242-4890
Email: j.fitzpatrick@ago.al.state.us


WILLIAM M. WELCH, II
CHIEF, PUBLIC INTEGRITY SECTION

Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202) 514-1412
Fax:    (202) 514-3003
Email: richard.pilger@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr119-MEF |
| | ) | |
| RICHARD M. SCRUSHY | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2007, I sent a copy of the foregoing to counsel of record via first-class mail.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Acting United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax:   (334) 223-7135
Email: louis.franklin@usdoj.gov