IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| V. | ) | |
| DON EUGENE SIEGELMAN, AND RICHARD SCRUSHY, | ) | Case No: 2:05cr119-MEF |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

### AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT RECORD OR IN THE ALTERNATIVE TO MAKE AN OFFER OF PROOF ON THE TIMELINESS ISSUE

Comes now, James W. Parkman, III, and in support of the defendant's Motion for Leave to Supplement Record or in The Alternative to Make an Offer of Proof on the Timeliness Issue, and states as follows;

1. My name is James W. Parkman, III and I am a licensed attorney and a member of good standing in the State of Alabama and the Federal Middle District of Alabama. I am a managing partner in the firm of Parkman, Adams & White, LLC. I have personal and first hand knowledge of the facts and matters stated herein.

2. That on February 22, 2007, Defendant Scrushy was first apprised by a third party of the possibility that certain information may exist to warrant a mistrial/recusal motion.

3. Defendant Scrushy began to assimilate data. Such was difficult since there existed several corporations which had multiple filings in numerous states. This fact was


DEFENDANT'S EXHIBIT A

stated in the Defendant Scrushy's Brief in Support of his recusal motion.

4. Once this task was started, Defendant Scrushy, through our firm and his engagement of us began an extensive research of the law and judicial canons on this matter.

5. After all this preliminary information was obtained, a first motion and brief was established. That was completed in approximately the third week of March. Also during this entire time I and other partners were handling other cases. In fact that week myself and my partner Martin Adams were ordered to travel to Arizona to deal with matters in another case which is unrelated to this matter. Additionally, my partner, William White, had to deal with discovery and motion issues in a federal case in The Eastern District of Michigan by traveling to Bay City, Michigan for three days to meet with the Assistant United States Attorney. These facts caused us further delay in completing the necessary documents filed in this case. I was further required to try a terrorist threats case in Houston County, Alabama the week of April 16, 2007. Consequently, Martin Adams and I had to prepare for that trial the week before, further delaying our work on Defendant Scrushy's motion and brief. All of the documents filed on Defendant Scrushy's behalf were a collaborative effort of myself, Martin Adams and William White. In my professional opinion, none of us could have completed the documents and filed them any sooner than we did.

6. Because of the serious nature of the matter, the facts and legal argument were then personally taken by counsel out of state for a review by another independent expert. This person then referred us to an out of state legal professor in ethics.

2

7. A copy of the brief was then sent to this expert for review. A response was received toward the end of March, 2007. Based on the expert's opinion and suggestions, appropriate changes were then made to the first draft, creating a second draft of the motion/brief.

8. This motion and brief was then forwarded to other attorneys of counsel for Mr. Scrushy for review, criticism and corrections. Several conference calls were conducted by these parties until a final draft was completed. As stated in the brief, this matter is one of first impression and a great deal of discussion and planning was necessary that would not be necessary for a "normal" motion.

9. At no time during this work on this issue was any order rendered by this Federal Court, except the ruling which Judge Coody issued on the Government's Revocation Motion.[1] As a matter of fact, Defendant Scrushy filed his motions before any ruling by the District Judge on arguably some of the most important remaining issues he has raised such as the grand jury selection issue, the jury email issue and the revocation of bond issue. This revocation hearing caused further delay as I had to spend several days preparing for the hearing. Additionally, the hearing on revocation of Defendant Scrushy's bond took an entire day as well. The responses filed prior to the hearing conducted on April 9, 2007, took several days for myself and William White to prepare. This caused further delay in filing the Motion to Recuse, Vacatur or in the Alternative, Motion for New Trial based on Newly Discovered

---

[1] Please note that it was the Government who was dissatisfied with this ruling and appealed the issue, not Defendant Scrushy.

3

Evidence and the Brief in Support Thereof.

10. Furthermore, the undersigned counsels also wrote and prepared a motion concerning Title 18, which was not only legally complex, but difficult and time consuming to prepare.

11. Defendant Scrushy's Motion to Recuse, Vacatur or in the Alternative, Motion for New Trial based on Newly Discovered Evidence and the Brief in Support Thereof was filed on the earliest possible date after extreme <u>due diligence</u> was performed to insure the accuracy of the information and legal arguments. Especially, in light of the requirements imposed upon a lawyer pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Further affiant sayeth not.

_____
James W. Parkman, III

I, Pamela C. SKinn, the undersigned, a notary public in and for said county in said state, personally appeared James W. Parkman, III, who, being first duly sworn, makes oath that he has read the foregoing Affidavit and knows the contents thereof, and that he is informed and believes, and, upon such information and belief, avers that the facts alleged herein are true and correct.

Given under my hand and seal this 25th day of April, 2007.

Pamela C. SKinn
NOTARY PUBLIC
MY COMMISSION EXP: 8-3-2010

4