IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF-CSC |
| | ) | |
| DON EUGENE SIEGELMAN and | ) | (WO- Recommended for Publication) |
| RICHARD M. SCRUSHY | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Recuse and Motion for Vacatur or New Trial Based on Newly Discovered Evidence (Doc. # 550) filed on April 18, 2007 by Defendant Richard M. Scrushy ("Scrushy").[1] The United States has opposed Scrushy's motions. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Motion to Recuse and Motion for Vacatur or New Trial Based on Newly Discovered Evidence (Doc. # 550) are due to be DENIED.

### FACTUAL AND PROCEDURAL HISTORY

In May of 2005, the United States Government secured an indictment against Scrushy, who was once the Chairman and Chief Executive Officer of HealthSouth Corporation, and

---

[1] The Motion to Recuse and Motion for Vacatur or New Trial Based on Newly Discovered Evidence (Doc. # 550) was sealed on Scrushy's motion. It contains unredacted information which requires special treatment pursuant to the E-Government Act of 2002, as amended on August 2, 2004, and the General Order Implementing Requirements of the E-Government Act entered by this Court on December 16, 2004 (General Order No. 2:04-mc-3228).

Don Eugene Siegelman ("Siegelman"), the former Governor of Alabama.[2] HealthSouth Corporation was an entity which was regulated by the State of Alabama Certificate of Need Review Board ("CON Board"). Counts Three and Four of the indictment, in which Siegelman and Scrushy were originally named, charged them with federal funds bribery and aiding and abetting each other "in connection with the appointment of Richard Scrushy to the CON Board," all in violation of 18 U.S.C. §§ 2 & 666(a)(1)(B). (Second Superseding Indict. at ¶¶ 49-51). Count Five, in which Siegelman and Scrushy were named, charged them with conspiracy to "defraud and deprive the State of Alabama of its right to the honest and faithful services" of Siegelman as Governor and Scrushy as a member of the CON board, in violation of 18 U.S.C. § 371. (Second Superseding Indict. at ¶¶ 52-66). Counts Six through Nine, in which Siegelman and Scrushy were named, charged them with aiding and abetting each other to commit honest services mail fraud as part of their scheme to defraud and deprive the State of Alabama of its right to honest services of Siegelman and Scrushy in connection with the CON board, in violation of 18 U.S.C. §§ 2, 1341, & 1346. (Second Superseding Indict. at ¶¶ 57-60).

After a lengthy trial, the jury found Scrushy guilty on Counts Four, Five, Six, Seven,

---

[2] In October of 2005, the United States Government secured a superseding indictment against Scrushy and Siegelman. Two other defendants were also named in the superseding indictment, but the jury acquitted them on all counts against them. Their identity and the nature of the charges against the acquitted defendants is not relevant to the issues now before this Court.

2

Eight, and Nine.[3] The jury returned its verdict on June 29, 2006. Shortly after the conclusion of the trial, Scrushy filed a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). The Court denied that motion on October 2, 2006. He also pursued a motion for new trial pursuant to Federal Rule of Criminal Procedure 33(a) on the basis of alleged juror misconduct. The Court denied that motion on December 13, 2006. Assorted motions (Doc. # 519, 521, & 532) relating to a request for reconsideration of the denial of that motion for new trial remain pending. Also pending are motions raising a challenge to the composition of the jury pool.

Some time after the returned its verdict against Scrushy, he added some new lawyers to his legal defense team in this case, including James W. Parkman, III ("Parkman"). On April 18, 2007, Parkman filed several items on Scrushy's behalf including: another[4] motion to dismiss (Doc. # 552), which this Court will address by a separate Memorandum Opinion and Order, and the Motion to Recuse and Motion for Vacatur or New Trial Based on Newly Discovered Evidence (Doc. # 550) now before this Court.[5] Scrushy requested that the April

---

[3] During the trial, Scrushy was removed as a defendant from Count Three.

[4] Scrushy's legal team filed a variety of motions to dismiss prior to trial.

[5] Interestingly, this is the second time in the course of this case that Scrushy has filed a motion to recuse pursuant to 28 U.S.C. § 455. *See* Doc. # 34. On November 4, 2005, Scrushy filed a motion seeking to disqualify Chief United States Magistrate Judge Charles S. Coody from serving as the assigned Magistrate Judge on this case. Judge Coody denied the motion. *See* Doc. # 41. Scrushy asked Judge Coody to reconsider his ruling. *See* Doc. # 56. Judge Coody denied that request. *See* Doc. # 84. Scrushy objected to Judge Coody's rulings on the recusal issue. The undersigned overruled those objections. *See* Doc. # 101. Apparently, at no point during the extended period of time when Scrushy was attempting to

18, 2007 filings be placed under seal.[6]

The Motion to Recuse and Motion for Vacatur or New Trial Based on Newly Discovered Evidence (Doc. # 550) asks the undersigned to recuse himself from this case so that the Eleventh Circuit Court of Appeals can appoint a new trial judge from outside of Alabama to handle case. Additionally, it asks that Scrushy's conviction be set aside or that he be granted a new trial. Scrushy maintains that the relief he seeks is required because he recently discovered evidence[7] that he contends suggests that the undersigned had a duty to recuse himself from presiding over this trial or in the alternative to obtain a waiver from Scrushy of a potential conflict of interest.

In support of all relief requested in his motions, Scrushy contends that recusal is

---

have Judge Coody removed from the case did it occur to Scrushy to ascertain whether he had any concerns about the district judge to whom this case was assigned.

[6] The Court's decision to grant Scrushy's request that the Motion to Recuse and Motion for Vacatur or New Trial Based on Newly Discovered Evidence (Doc. # 550) and the supporting brief and exhibits be placed under seal was based in part on Scrushy's request for the materials to be sealed and in part on Scrushy's blatant disregard for the requirements of the E-Government Act of 2002, as amended on August 2, 2004, and the General Order Implementing Requirements of the E-Government Act entered by this Court on December 16, 2004 (General Order No. 2:04-mc-3228). Scrushy's filings included documents which were filed without redacting Social Security Numbers, dates of birth, and addresses of individuals, including third parties wholly unrelated to this action and the undersigned.

[7] Again, the Court emphasizes that Scrushy has not explained how it was that he only recently discovered the evidence on which he bases this motion. The Court notes that Scrushy's evidentiary submissions consist of materials obtained from the internet and a private investigator's affidavit explaining the internet websites from which the materials were obtained. All of the materials would have been equally accessible to Scrushy at any point prior to or during the trial.

warranted because the undersigned owns stock in and receives income from privately held companies which derive income from several contracts with the United States Government.[8] For example, Scrushy notes that the Federal Bureau of Investigations, a federal governmental agency which was involved with the criminal investigation leading up to the charges against Scrushy in this case, purchases clothing from a company in which the undersigned is a shareholder. Additionally, Scrushy identifies several contracts between the company in which the undersigned is a shareholder and the armed forces of the United States Government. Scrushy adds that Stephen P. Feaga ("Feaga"), one of the Assistant United States Attorneys involved in the prosecution of this case, is a Colonel in the United States Air Force Reserve and as such is assigned to Langley Air Force Base, a base where the company in which the undersigned owns shares has a contract for fuel distribution services. Scrushy speculates that Feaga, or someone he works with in the United States Air Force, must have had some involvement in the review, amendment, and approval of the United States Air Force's contracts. Scrushy's argument eventually devolves into a statement that the Executive Branch of the United States Government, including the President of the United

---

[8] Scrushy is correct in his contention that the undersigned is currently, and has been for several years, a shareholder in several privately held companies which derive income from customers which include, but are not limited to, various agencies of the United States Government. Scrushy is incorrect in his assertion that the undersigned is currently an officer, director, or fiduciary to such companies. In fact, since taking the federal bench in 2002, the undersigned has only been a shareholder in the companies. These investments have resulted in income to the undersigned. Both the income and the investments are reported each year in Financial Disclosure Reports as required by the Ethics in Government Act of 1978, 5 U.S.C. §§ 101-111.

States, is keenly interested in the legal proceedings against Scrushy because of the publicity associated with various corporate scandals by companies such as Enron, WorldCom, and Tyco. In Scrushy's subjective view, this criminal prosecution against him arises not out of any criminal conduct in which he engaged, but rather stems from the United States Government's desire to obtain a conviction against him after he was acquitted of charges against him stemming from his conduct as Chief Executive Office of HealthSouth. Scrushy theorizes that the Executive Branch of the United States Government might punish the undersigned by denying or cancelling contracts between the United States Government and the company in which the undersigned owns shares if it disagreed with the undersigned's rulings in this case.[9]

The United States opposes Scrushy's motions. First, the United States contends that the motions should be denied because they are untimely. Second, the United States argues that the motions should be denied because they are based on unsupported, irrational, and highly tenuous speculation and are merely a part of an effort to manipulate this Court.

The Court has carefully reviewed the arguments of the parties, Scrushy's evidentiary submissions in support of the relief he requests, and the applicable legal authorities, including, but not limited to, the cases and statutes the parties have cited.

---

[9] This rather fanciful theory overlooks the fact the undersigned has already made several rulings in this litigation in his favor despite vigorous objection from the United States. There is simply no evidence that anyone has threatened the undersigned as a result of those rulings, nor is there any evidence that any ruling by the undersigned has been influenced in any way by the fear of any reprisal by any person or entity.

## DISCUSSION

Scrushy contends that 28 U.S.C. § 455(a)[10] disqualifies the undersigned from serving as a judge in this matter and that the undersigned should recuse himself from this case. Section 455(a) provides that a judge should disqualify himself when there is an appearance of impropriety. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). Specifically, Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). Thus, the standard of review for a § 455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality," *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)[11], and any doubts must be resolved in favor of recusal, *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they exist[],

---

[10] Scrushy also invokes Canon 3C(1) of the Codes of Conduct for United States Judges, but admits that 28 U.S.C. § 455 codifies this and other Canons contained in the Codes of Conduct for United States Judges. For this reason, the Court will address the merits of Scrushy's argument under Section 455.

[11] *Accord, Thomas v. Tenneco Packaging Co., Inc.,* 293 F.3d 1306, 1329 (11th Cir. 2002) (The standard is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality.")

and not as they [are] surmised or reported." *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 541 U.S. 913, 914 (2004) (*quoting Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)). Moreover, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986).

Both the United States and Scrushy appear to be in agreement as to the applicable legal standard for this motion. Their disagreement arises out of the appropriate application of that standard to the facts before this Court. Scrushy cites a few cases and argues that the undersigned's ownership of shares in companies with contracts with the United States Government and income from those companies requires disqualification. The United States disagrees.

The Court does not find that the legal precedents Scrushy cites compel the result Scrushy demands.[12] Many of the cases Scrushy cites in his brief actually hold that disqualification is not warranted. *See, e.g., Liteky v. United States*, 510 U.S. 540 (1994); *Davis v. Board of Sch. Comm'rs of Mobile County*, 517 F.2d 1044 (5th Cir. 1975), *cert. denied*, 425 U.S. 944 (1976)[13]; *United States v. Pappert*, No. Crim. A. 942001601KHV, 1998

---

[12] Indeed, by stating "there is no case law directly on point with the facts and matters raised herein and therefore this matter is a case of first impression" Scrushy's own brief acknowledges that the cases he cites do not clearly support his position. *See* Doc. # 551 at p. 13.

[13] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

WL 596707 (D. Kan. July 29, 1998). Presumably, Scrushy cites these cases for the broad statements they make about the applicable legal principles rather than the specific holdings which do not support his position. While two of the cases which Scrushy has invoked did hold that disqualification was warranted, the factual predicate of those case is neither similar nor analogous to the facts presented by Scrushy's motion. *See, e.g. Liljeberg*, 486 U.S. 847 (district judge violated the statute requiring judge to disqualify himself by failing to disqualify himself from civil litigation, including a bench trial, which directly involved significant financial benefit to a university for which the judge was a trustee)[14]; *Potashnick v. Port City Constr. Co.,* 609 F.2d 1101 (5th Cir.), *cert. denied,* 449 U.S. 820 (1980) (trial judge abused his discretion by failing to disqualify himself from a civil action because of the close connection between the judge and plaintiffs' counsel which included legal representation of the judge by plaintiffs' counsel, joint business dealings between the judge and plaintiffs' counsel, and judge's father holding a partnership interest in plaintiffs' counsel's law firm).

The Court finds that the most factually analogous case cited by either party is *United States v. Zuger*, 602 F. Supp. 889 (D. Conn. 1984), *aff'd* 755 F.2d 915 (2d Cir. 1985), a case on which the United States relies. While this case is not binding precedent, it is a logical

---

[14] Unlike the judge in the *Liljeberg* case who, as a trustee, had a fiduciary obligation to an entity that stood gain financially from the outcoming of the litigation pending before the judge, the undersigned has no fiduciary obligation of any sort to the companies in which he owns shares.

analogy for the issue before this Court and it applies the same legal standard this Court must apply. The defendant in *Zuger* faced criminal prosecution by the United States for willfully and knowingly failing to file income tax returns. Appearing *pro se*, he filed motions which, *inter alia*, attacked the district court judge's ability to hear the case. Specifically, the defendant argued that the district court judge should recuse himself because the United States government paid his salary. 602 F. Supp. at 892. The district judge held that the fact that the United States government paid his salary neither dictated nor suggested that he should recuse under Section 455(a). In so ruling, the district court judge characterized Zuger's argument as "farsical, on its face." *Id.*

In this case, Scrushy has not sought to disqualify the undersigned because the United States directly pays his salary for serving as a judicial officer. Scrushy points instead to the financial benefits that the undersigned derives from ownership of shares in private companies which have contractual relationships with a variety of entities, including but not limited to, various branches of the United States government. Scrushy's argument is predicated on a less direct and more tenuous connection between the undersigned and the United States. Moreover, Scrushy's argument is not predicated on an objectively reasonable analysis of the indirect ties between the undersigned and the United States government. The mere indirect receipt of financial benefit from ownership interest in the shares of private companies which have obtained competitively bid contracts with the United States government should not disqualify the undersigned from presiding over federal criminal prosecutions brought by the

United States government.

Having considered the relevant facts and disregarded the rank speculation, the Court finds that no objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the undersigned's impartiality.[15] Accordingly, Section 455(a) does not require disqualification.[16] For this reason, all relief sought in Scrushy's Motion to Recuse and Motion for Vacatur or New Trial Based on Newly Discovered Evidence (Doc. # 550) is due to be DENIED.[17]

## CONCLUSION

For the foregoing reasons it hereby ORDERED that Scrushy's Motion to Recuse and Motion for Vacatur or New Trial Based on Newly Discovered Evidence (Doc. # 550) are DENIED.

DONE this the 26th day of April, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[15] Additionally, the Court has no doubts concerning its impartiality.

[16] Were this Court to hold otherwise, it would require the undersigned to recuse himself in all criminal cases and in any civil case in which the United States was a party.

[17] In light of this holding, the Court will not address the United States' contention that Scrushy's motion is untimely.