IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF-CSC |
| | ) | |
| DON EUGENE SIEGELMAN and | ) | |
| RICHARD M. SCRUSHY | ) | |

# **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Dismiss Defendant's [sic] Richard Scrushy's Case for Lack of Jurisdiction and Brief in Support Thereof (Doc. # 552) which was filed on April 18, 2007 by Defendant Richard M. Scrushy ("Scrushy"). By this motion, Scrushy asks that his "conviction be overturned for the District Court's lack of jurisdiction over said defendant." (Doc. # 552 at pp. 28-9). Specifically, Scrushy contends that 18 U.S.C. § 3231, the statute which gives the district courts of the United States original jurisdiction over all offenses against the laws of the United States, was not properly enacted. The United States has filed a brief in opposition to this motion. Having carefully considered the merits of this issue and the applicable legal precedents, the Court finds that Scrushy's motion is due to be DENIED.

In his lengthy brief, Scrushy fails to cite a single case that directly supports his argument.[1] Scrushy's failure to cite cases on point is, no doubt, a result of the fact that all

---

[1] Instead, he cites a great number of cases for general propositions of law which do not actually support his argument.

of the cases that have addressed this particular argument have rejected it.  *See, e.g., Chao v. USA Mining, Inc.*, Nos. 1:04-cv-1, 1:04-CV-138, 2007 WL 208530 at *16 (E.D. Tenn. Jan. 24, 2007) ("Every court that has considered this argument has ruled against the defendant.").[2] Indeed, even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected the very argument Scrushy advances as a basis for this motion.  *See, e.g., United States v. Boggs,* Cr. No. 4-10, Cv. No. 06254KKC, 2007 WL 433076 at *13 (E.D.K.Y. Feb. 2, 2007); *Lister v. United States*, Nos. 3:06-CV1355-N & 3:03-CR-374-N, 2006 WL 3751324 at *2 (N.D. Tex. Dec. 20, 2006); *Mims v. United States*, Cr. No. 9:98cr39, 2006 WL 2559534 at *4-5 (E.D. Tex. Sept. 1, 2006); *Derleth v. United States*, Cr. No. L-03-1745-6 & Civ. No. 05-205, 2006 WL 1804618 at *2-3 (S.D. Tex. June 27, 2006); *Jones v. Unknown Warden*, No. 4:06-CV-193-CDP, 2006 WL 1459841 at *1 (E.D. Mo. May 23, 2006); *United States v. Martinez*, Cr. No. C-04-157, 2006 WL 1293261 at *5-6 (S.D. Tex. May 6, 2006); *United States v. Risquet,* 426 F. Supp. 2d 310, 311-12 (E.D. Pa. 2006).  Based on these cases, the United States Supreme Court's consistent application of said statute as a foundation of jurisdiction, and the absence of any legitimate contrary authority, this Court likewise rejects Scrushy's jurisdictional argument as wholly without merit.  Accordingly, it is hereby ORDERED that the Motion to Dismiss Defendant's [sic] Richard Scrushy's Case for Lack of Jurisdiction and Brief in

---

[2] The Court deems it appropriate at this juncture to remind all counsel for Scrushy of their duty of candor to this tribunal.

Support Thereof (Doc. # 552) is DENIED.

DONE this the 30th day of April, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE