IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF-CSC |
| | ) | |
| DON EUGENE SIEGELMAN and | ) | |
| RICHARD M. SCRUSHY | ) | |

# **ORDER**

This cause is before the Court on the United States' Appeal of Magistrate Judge Coody's Order Denying Government's Motion for Revocation of Order of Post Conviction Release for Defendant Scrushy (Doc. # 544) filed on April 12, 2007. Appealing pursuant to 18 U.S.C. § 3145, the United States asks that this Court grant its motion, revoke the order of release for Defendant Richard M. Scrushy ("Scrushy"), and detain him pending sentencing. Scrushy opposes this request.

The Court has undertaken an independent review of this case as required by *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985) and has followed the procedures adopted by the Eleventh Circuit in *U.S. v. King*, 849 F.2d 485, 490 (11th Cir. 1988). After reviewing the United States' appeal, the Court determines that additional evidence is not necessary and that no factual issues which might result in a revocation or amendment remain unresolved. Therefore, the Court determines that another evidentiary hearing is not necessary. The Court has carefully conducted a *de novo* review of this matter, including a review of the transcript and exhibits from the hearing held by Magistrate Judge Charles S. Coody on April 9, 2007

and consideration of all argument and authority submitted in support of and in opposition to this appeal.

The Bail Reform Act requires that a person who has been convicted of a felony be detained unless the person shows by clear and convincing evidence that he is not a risk of flight or a danger. 18 U.S.C. § 3143(a)(1).[1] After the jury returned its verdict convicting Scrushy of several felony counts, this Court found that he had met that requirement and released him on bond with modified conditions of release, including a condition that Scrushy's travel be limited to the Northen District of Alabama and the Middle District of Alabama.

On March 29, 2007, the United States Probation Office for the Middle District of Alabama filed a petition (Doc. # 536) seeking a modification of the conditions of Scrushy's release. According to that petition, Scrushy obtained permission from the Court to travel to Walt Disney World in Orlando, Florida from March 16, 2007 to March 24, 2007, but left the Orlando, Florida area on March 20, 2007. Rather than seeking revocation of his release, the United States Probation Office requested that Scrushy be put on electronic monitoring at his expense and directed to answer truthfully all inquiries from the probation officer and to follow the instructions of the probation officer. On March 29, 2007, the United States filed a motion (Doc. # 540) seeking revocation of Scrushy's release or, in the alternative,

---

[1] The exception to this requirement for cases in which the applicable Sentencing Guideline does not recommend a term of imprisonment is not applicable in this case. *See* 18 U.S.C. § 3143(a)(1).

2

modification of his conditions of release. Scrushy opposed the United States' motion.

On April 9, 2007, Chief United States Magistrate Judge Charles S. Coody held an evidentiary hearing on the matter. At the conclusion of the hearing, Chief Magistrate Judge Coody denied the United States' motion, but granted the request from the United States Probation Office to modify the conditions of Scrushy's release. On April 13, 2007, Chief Magistrate Judge Coody entered a written Order (Doc. # 545) setting forth his ruling, the basis for his ruling, and the modifications to the conditions of Scrushy's release.

The United States brings this appeal of the denial of its motion for revocation of Scrushy's release. In its appeal, the United States argues that it proved by clear and convincing evidence that Scrushy had violated the conditions of his post-conviction release. It also contends that it proved that no condition or combination of conditions of release will assure that Scrushy will not flee and that Scrushy is unlikely to abide by any condition or combination of conditions of release. For these reasons, the United States submits that this Court should revoke Scrushy's release and order his detention pending sentencing in accordance with 18 U.S.C. § 3148(b). Scrushy has filed a lengthy brief in opposition to this appeal.

Pursuant to 18 U.S.C. § 3148 a person released under 18 U.S.C. § 2142 who violates the conditions of release is subject to revocation if after a hearing the judicial officer finds probable cause to believe that the person committed a crime (a finding not applicable in this case) or finds by clear and convincing evidence that the person has violated any other

condition of release, 18 U.S.C. § 3148(b)(1)(B), and further finds based on the § 3142(g) factors that there is no condition or combination of conditions which will assure the person will not flee. This Court affirms Chief United States Magistrate Judge Coody's finding that the evidence presented at the April 9, 2007 hearing did not meet this standard. Indeed, upon a careful review of this matter, the Court finds that with respect to the revocation issue, the Magistrate Judge's factual findings are supported and the Magistrate Judge's legal conclusions are correct.

The Court next considers whether the modified conditions of release imposed by the Magistrate Judge are sufficient. While this Court agrees that revocation is not warranted and that modifications to the conditions of Scrushy's release, such as those requested by the United States Probation Office, are sufficient, the Court finds that somewhat different modifications of the conditions of Scrushy's supervised release are appropriate. Accordingly, upon consideration of the petition (Doc. # 536), the motion (Doc. # 540), the appeal (Doc. # 544), Scrushy's submissions in opposition to the Government's submissions (Doc. # 541 & Doc. # 553), and based on the evidence before this Court, it is hereby ORDERED as follows:

1. That the April 13, 2007 ruling of Chief United States Magistrate Judge Charles S. Coody on petition to modify the conditions of Scrushy's release and the United States' motion for revocation of Scrushy's release is AFFIRMED in part and MODIFIED in part as set forth in this Order.

2. That the objections raised in the United States' Appeal of Magistrate Judge Coody's Order Denying Government's Motion for Revocation of Order of Post Conviction Release for Defendant Scrushy (Doc. # 544) are OVERRULED.

3. That the United States' Motion for Revocation of Modification of Order of Post-Conviction Release for Defendant Scrushy for Violation of the Conditions of His Post-Conviction Release (Doc. # 540) is DENIED.

4. That the petition to modify Scrushy's conditions of release (Doc. # 536) is GRANTED and that Defendant Richard M. Scrushy's conditions of release be and are hereby MODIFIED as follows:

    a. **At all times** Defendant Richard M. Scrushy shall wear or carry all required elements of an active GPS electronic monitoring device as directed by the United States Probation Office for this district in order to monitor his compliance with the conditions of his release. Defendant Richard M. Scrushy shall not travel to any place where this device cannot monitor his location. Defendant Richard M. Scrushy shall pay the cost of electronic monitoring as directed by the probation officer.

    b. Defendant Richard M. Scrushy's travel is restricted to the Northern District of Alabama and the Middle District of Alabama. Defendant Richard M. Scrushy shall not leave the counties that make up the Northern District of Alabama and the Middle District of Alabama without first obtaining approval **from a judicial officer of this Court**. This means that prior to travel outside the Northern or Middle Districts of Alabama, the defendant shall

submit for approval by the Court a detailed, written itinerary that shall indicate precisely where Scrushy will be at all times during the time he is out of the Northern or Middle Districts of Alabama. The details in this itinerary must also include the means by which Scrushy will be traveling, including flight numbers and airlines if he is flying, and the street addresses and telephone numbers for the locations he will be visiting. If Scrushy is granted leave to travel outside of the Northern or Middle Districts of Alabama by the Court, Scrushy shall not deviate from his approved itinerary without prior approval from a supervising probation officer. Scrushy shall not be permitted to travel on any airplane that is not owned and operated by a commercial airline. During approved travel outside of the Northern or Middle Districts of Alabama defendant shall not personally use any non-commercial means of transportation except for an automobile or similar vehicle.

      c. Defendant Richard M. Scrushy shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

DONE this the 30th day of April, 2007.

                                           /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE