**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

UNITED STATES OF AMERICA,

v.                                                      Case No. 2:05cr119-MEF

RICHARD M. SCRUSHY,
            Defendant.

**DEFENDANT RICHARD M. SCRUSHY'S MOTION TO COMPEL
DISCLOSURE OF ALL EVIDENCE UPON WHICH THE GOVERNMENT
WILL RELY AT SENTENCING IN SUPPORT OF ITS ARGUMENT
FOR AN ENHANCEMENT UNDER U.S.S.G. § 2C1.1(b)(2)(A)(ii)**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and moves this Court to enter an Order compelling the Government to disclose to him, forthwith, all evidence upon which it intends to rely at sentencing in support of its argument for an offense level enhancement under U.S.S.G. § 2C1.1(b)(2)(a)(ii).[1]  Moreover, if the Government does not produce all such evidence forthwith, Defendant Scrushy requests that this Court enter an Order excluding its introduction at his sentencing hearing and precluding the application of this enhancement altogether.

The Government has signaled that it intends to argue at the sentencing hearing in this matter that this Court should impose an enhancement under § 2C1.1(b)(2)(A)(ii), in

---

[1] U.S.S.G. § 2C1.1(b)(2)(A)(ii), reads, in relevant part: "If the value of the payment, the benefit received or to be received in return for the payment, or the loss to the government, whichever is greater… exceeded $5,000, increase by the number of levels from the table in § 2B1.1 (Theft, Property Destruction, and Fraud) corresponding to that amount."

part, by arguing that HealthSouth gained a "benefit" as a result of the $500,000 political contribution that is the subject of this prosecution and attributing to Defendant Scrushy the value of the "benefit" to HealthSouth – measured in terms of net profit – of its having obtained CON Board approvals to construct the Phenix City hospital and to install a PET scanner at an Alabama HealthSouth facility.    Notwithstanding the Government's foregoing theory regarding the application of § 2C1.1(b)(2)(a)(ii) in this matter – one which Defendant Scrushy plans to contest, in its entirety, at sentencing – it has, to date, produced no evidence to Defendant Scrushy that it intends to offer in support of it.  And, unless Defendant Scrushy obtains such evidence immediately, his ability to analyze and rebut it at sentencing, consistent with his due process rights under the Fifth Amendment and his right to effective assistance of counsel under the Sixth Amendment, will be impaired irremediably.   As a consequence, Defendant Scrushy now seeks immediate disclosure of all such evidence.

## BACKGROUND

The Probation Officer assigned to this case has distributed to the Government and to Defendant Scrushy a Presentence Investigation Report ("PSR"), dated April 13, 2007. As part of her Offense Level Computation, the Probation Officer recommended a 14-point Offense Level upward adjustment under § 2C1.1(b)(2)(a)(ii), asserting that the "value of the payment" under that provision is $500,000, the amount of the alleged bribe at issue here.  PSR at ¶ 34.

Defendant Scrushy has objected to this enhancement, but, more important as to the issue at hand, so has the Government.  In a letter to the Probation Officer, dated May 3, 2007, the Government objected to ¶ 34 of the PSR on the ground that $500,000 value

of the alleged bribe at issue understates the value that should be attributed to Defendant

Scrushy for enhancement purposes under § 2C1.1(b)(2)(a)(ii).  Instead, in addition to

$11,000 in alleged bribes paid to Tim Adams, the Government argues without offering

any supporting explanation – much less evidence – that the § 2C1.1(b)(2)(a)(ii)

enhancement should be measured by a purported $7 million "benefit" to HealthSouth

arising out of the CON Board approvals to construct the Phenix City hospital and to

install a PET scanner there.[2]  These approvals, according to the Government, were the

product of an alleged bribe paid to Tim Adams to attend and help comprise a quorum at

the CON Board meetings when they were issued.[3]   However, the Government has

refused to provide any explanation of the basis of this number, even in response to a

direct inquiry by defense counsel during the conference with the Probation Officer

mandated by the local rules.

## ARGUMENT

**THIS COURT SHOULD ORDER THE GOVERNMENT TO
DISCLOSE TO DEFENDANT SCRUSHY ALL EVIDENCE THAT
IT INTENDS TO OFFER AT SENTENCING IN SUPPORT OF AN
ENHANCEMENT UNDER U.S.S.G. § 2C1.1(b)(2)(a)(ii)**

Because the calculation of an enhancement in this case, if any, under

§ 2C1.1(b)(2)(a)(ii) will be a contested issue at sentencing, the Government has the

burden of proving the applicability and extent of it based on reliable and specific

---

[2] At a meeting with the Probation Officer on May 16, 2007, the Government, still
unable to produce any supporting evidence for its "benefit" calculation, reduced its
estimate of the alleged "benefit" to HealthSouth of the Phenix City hospital and its PET
scanner to $3.3 million.

[3] As Defendant Scrushy will argue at sentencing, there was *no* evidence presented
at trial connecting him to either of the alleged bribes paid to Mr. Adams.  Moreover, and
in any event, any "benefit" that might have accrued to HealthSouth did not "result from"
the payment of any monies or the provision of any thing of value to Tim Adams.

evidence. *See United States v. Cabrera*, 172 F.3d 1287, 1292 (11th Cir. 1999) ("Upon challenge…, the government bears the burden of supporting its loss calculation with 'reliable and specific evidence.'"); *see also* U.S.S.G. § 6A1.3(a) (Nov. 2002) ("In resolving any dispute concerning any factor important to the sentencing determination, the court may consider relevant information…, provided that the information has sufficient indicia of reliability to support its probable accuracy.").[4]  Moreover, in order to protect the due process rights of defendants at sentencing, the Eleventh Circuit has stated, unequivocally, that defendants are entitled to advance notice of evidence that the Government intends to use against them to enhance their sentences. *United States v. Satterfield*, 743 F.2d 827, 840 (11th Cir. 1984) ("[W]e begin with the basic proposition that *due process assures the defendant he will be given adequate notice and an opportunity to contest the facts relied upon to support his criminal penalty*…. The sole interest being protected is the right not to be sentenced on the basis of invalid premises or inaccurate information.") (emphasis added).

Indeed, the Sentencing Guidelines contain an express provision, § 6A1.3, that is designed, at least in part, to preserve a defendant's fundamental due process right to notice and an opportunity to contest facts to be used against him at sentencing. U.S.S.G. § 6A1.3(a) (Nov. 2002) ("When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an *adequate opportunity* to present information to the court regarding that factor.") (emphasis added); *see also United States v. Ponder*, 963 F.2d 1506, 1508 (11th Cir. 1992) (after noting that "[s]ection 6A1.3, as a

---

[4] The Probation Officer has determined, pursuant to U.S.S.G. § 1B1.11, that the 2002 Guidelines Manual is to be applied here, and neither side contests this determination. *See* PSR at ¶ 30.

procedural requirement, gives a defendant the right to respond to information offered against him[,]" the Court ruled that there was no violation of that section, in part, because "it appears from the record that Ponder *did have sufficient notice* to have responded to this information" considered at sentencing and established at another trial.) (emphasis added).[5]

Here, the Government has announced its intention to seek an enhancement under § 2C1.1(b)(2)(a)(ii) based on the supposed benefit to HealthSouth of bribes allegedly paid by Defendant Scrushy, yet it has not produced *any* supporting evidence to Defendant Scrushy notifying him (or the Probation Officer, for that matter) more specifically of the basis for its calculation of a $3.3 million "benefit." The Government's only explanation to date for its failure to have produced any such evidence is that it has yet to obtain it from HealthSouth. For this, Defendant Scrushy most certainly cannot be blamed, and more important, he cannot be made to suffer prejudice.

The evidence of "benefit" to HealthSouth, if it ever is produced, will undoubtedly be a compendium of spreadsheets and other financial information that will take Defendant Scrushy, his attorneys, and any appropriate financial experts time to

---

[5] *See also United States v. Berzon*, 941 F.2d 8, 21 (1st Cir. 1991) ("We hold … that, notwithstanding the wide scope of the sentencing court's discretion, a defendant may not be placed in a position where, because of his ignorance of the information being used against him, he is effectively denied an opportunity to comment on or otherwise challenge material information considered by the district court."); *United States v. Bost*, 105 Fed.Appx. 361, 362 (3rd Cir. 2004) ("[T]he district court had an obligation to notify the parties of the evidence it might use at sentencing. *See* U.S.S.G. § 6A1.3(a)"); *United States v. Sharp*, 436 F.3d 730, 735 (7th Cir. 2006) ("If the PSR or the prosecutor's recommendation does not identify the basis for the potential sentencing increase, then the Judge must inform the defendant, a sufficient time in advance of sentencing (i.e. … not during the actual sentencing), of the specific grounds that the court is considering relying on to increase the terms of confinement."); and *United States v. Pinto*, 48 F.3d 384, 389 (9th Cir. 1995) ("The defendant has the right to know what evidence will be used against him at the sentencing hearing.").

understand and critically evaluate.  And with Defendant Scrushy's June 26, 2007 sentencing hearing fast-approaching, time is running out – if it has not already run out – for him to receive "adequate notice and an opportunity to contest the facts" underlying the Government's argument in favor of obtaining an enhancement under § 2C1.1(b)(2)(a)(ii).  Accordingly, this Court should order the Government to produce to Defendant Scrushy, forthwith, all evidence that it intends to offer at sentencing in support of its theory of enhancement under § 2C1.1(b)(2)(a)(ii), and, if the Government is unable to produce such evidence, then this Court should preclude its use for sentencing purposes.

## CONCLUSION

WHEREFORE, Defendant Richard M. Scrushy respectfully prays that this Court enter an Order (1) requiring the Government to produce to Defendant Scrushy, forthwith, all evidence that it intends to offer at sentencing in support of its theory of enhancement under § 2C1.1(b)(2)(a)(ii); and (2) precluding the Government's use of such evidence for sentencing purposes if it is unable to produce it forthwith, that is, by May 25, 2007.

This 21st day of May, 2007.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35203
Phone:  205-822-4224
Fax:  205-824-0321

James K. Jenkins
Maloy & Jenkins
25th Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone:  404-875-2700

Frederick G. Helmsing
Helmsing, Leach, Herlong, Newman
   & Rouse, P.C.
P.O. Box 2767
Mobile, Alabama 36652
Phone:  251-432-5521

James W. Parkman, III
Richard Martin Adams
William White
Parkman & Associates
739 West Main Street
Dothan, Alabama  36301
Phone:  334-792-1900

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2007, I personally filed the foregoing "Defendant Richard M. Scrushy's Motion to Compel Disclosure of All Evidence Upon Which the Government Will Rely at Sentencing in Support of its Argument for an Enhancement under U.S.S.G. § 2C1.1(b)(2)(A)(ii)" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
2310 Marin Drive
Birmingham, Alabama 35243
Phone: (205) 822-4224
Fax:    (205) 824-0321
E-Mail:  les.moore@lvmlaw.com