IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF |
| | ) | |
| DON EUGENE SIEGELMAN and | ) | |
| RICHARD M. SCRUSHY | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is now before the Court on Defendant Richard M. Scrushy's Motion to Compel Disclosure of All Evidence upon Which the Government Will Rely at Sentencing in Support of its Argument for an Enhancement under U.S.S.G. § 2C1.1(b)(2)(A)(ii) (Doc. # 584). The Court has carefully reviewed this motion, the Government's response to this motion, and the applicable case law, both that cited by Defendant Richard M. Scrushy and that which he failed to cite. For the reasons set forth below, the motion is due to be DENIED.

As the Eleventh Circuit Court of Appeals made clear more than twenty years ago, "[a] district judge has very broad discretion in the imposition of criminal sentences." *United States v. Saintil*, 753 F.2d 984, 990 (11th Cir. 1985). *Accord, United States v. Restrepo*, 832 F.2d 146, 148 (11th Cir. 1987). "A district judge may consider almost any type of out-of-court information in fixing a sentence, and a defendant is not denied due process of law as long as the information considered is reliable and the defendant is afforded an opportunity to refute it." *Saintil*, 832 F.2d at 990. Furthermore,

> [w]hile the sentencing process is open to appellate scrutiny, the judge's discretion as regards the process is largely unlimited either as to the kind of information he may consider, or the source from which it may come. While this broad discretion allows the sentencing judge to fit the sentence to the individual defendant, it also serves to keep the sentencing procedure fairly simple and brief. *The sentencing procedure is not a trial.* Its purpose is to ensure that the district court is sufficiently informed to enable it to exercise its sentencing discretion in an enlightened manner.

*Restrepo*, 832 F.2d at 148 (emphasis in original; internal citations and quotations omitted).

Defendant Scrushy contends that his right to due process of law requires that the Government produce immediately[1] all evidence on which it intends to rely *at sentencing* to establish the offense level pursuant to § 2C1.1(b)(2)(a)(ii) of the 2002 Edition of the United States Sentencing Guidelines Manual. The Court cannot agree. As the Eleventh Circuit has explained,

> [i]t is widely recognized that the sole interest being protected at sentencing is the right not to be sentenced on the basis of inaccurate or unreliable information. To prevent the sentencing hearing from becoming a trial, courts have limited this right. While due process requires that [a criminal defendant] be afforded the opportunity to refute the information brought against him at sentencing, it does not require that [the defendant] be given the opportunity to call and cross-examine witnesses to rebut the information. It is within the discretion of

---

[1] Defendant Scrushy seems to argue that due process would not be satisfied if he did not have at least thirty days before his sentencing to review the specific evidentiary basis on which the Government will base its argument that he is due to be sentenced at a particular offense level. Clearly, this contention is without support in the law. Indeed, the right Defendant Scrushy urges this Court to recognize bears no semblance to the one actually recognized by the applicable case law.

>the district judge to determine the kinds and form of information it will consider.

*United States v. Giltner*, 889 F.2d 1004, 1008 (11th Cir. 1989). The very case on which Defendant Scrushy bases his argument, *United States v. Satterfield*, 743 F.2d 827, 840 (11th Cir. 1984), recognizes these same principles and explains, in a portion of the opinion omitted from Defendant Scrushy's citation to it, that "[t]he defendant need not, however, be accorded the same degree of due process protections during the sentencing phase as was required at the criminal trial."

With the contours of the due process interest at stake in mind, the Court will now consider whether the relief Defendant Scrushy demands in his motion to compel is necessary to protect his due process interest. In assessing the request in this case, the Court is mindful that Defendant Scrushy had broad access to a great deal of information relating to the charges against him prior to the trial of this case. Additionally, he has had an ample opportunity to review and object to the presentence report prepared by the United States Probation Officer. Moreover, the Government has made a very specific proffer of information relating to the calculation of the offense level pursuant to § 2C1.1(b)(2)(a)(ii) that it intends to urge at sentencing and committed to turn over certain records it is seeking from third parties as soon as the records are received. Finally, the Court is mindful that Defendant Scrushy has an independent ability to access information on the relevant issues. In these circumstances, the Court cannot find that the relief sought by Defendant Scrushy's motion is necessary to the protection of his due process rights. For this reason, it is hereby ORDERED that Defendant

Richard M. Scrushy's Motion to Compel Disclosure of All Evidence upon Which the Government Will Rely at Sentencing in Support of its Argument for an Enhancement under U.S.S.G. § 2C1.1(b)(2)(A)(ii) (Doc. # 584) is DENIED.

DONE this the 25th day of May, 2007.

/s/ Mark E. Fuller<br>
CHIEF UNITED STATES DISTRICT JUDGE