IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| | ) | |
| RICHARD M. SCRUSHY | ) | |

**UNITED STATES' MOTION FOR UPWARD DEPARTURE FOR SYSTEMATIC AND PERVASIVE GOVERNMENT CORRUPTION**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and William M. Welch, II, Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby moves this Court to depart upwardly in the sentence of Defendant Scrushy. The United States so moves this Court because Defendant Scrushy's criminal activity is far outside the "heartland" of cases considered by the Guidelines. In particular, Defendant Scrushy's criminal conduct was part of a systematic and pervasive corruption of the office of Governor and the CON Board of the State of Alabama that may cause loss of public confidence in government. To support this Motion, the United States provides as follows:

**I.   This Court Should Upwardly Depart in the Sentence of Defendant Scrushy Because His Criminal Conduct Was Part of a Systematic and Pervasive Corruption of the Office of Governor and CON Board that Caused Loss of Public Confidence in Government.**

The United States contends that an upward departure of two levels is warranted in this case under Section 5K2.0 because Defendant Scrushy's conduct "was part of a systematic or pervasive corruption of a governmental function, process, or office that may cause loss of public confidence in government." U.S.S.G. § 2C1.1 cmt. 5. See United States v. Milan, 304 F.3d 273, 291, 296 (3d Cir. 2002) (upholding the district court's upward departure under comment 5 to Section 2C1.7,

which is identical to comment 5 to Section 2C1.1). The evidence at trial established beyond a reasonable doubt that Defendants Siegelman and Scrushy executed a bribery agreement, a conspiracy, and an honest services fraud scheme that corrupted the office of Governor of the State of Alabama and the CON Board. The egregiousness and pervasiveness of this criminal activity may have certainly caused a loss of public confidence in government.

Defendants Siegelman and Scrushy utilized and abused their positions as Governor and a member of the CON Board, respectively, to organize, direct, and order other government officials, public employees, and private citizens to take actions to effectuate their criminal scheme. For example, after receiving the bribe from Defendant Scrushy, Defendant Siegelman ordered Bailey to contact Margie Sellers, Chairperson of the CON Board, and instruct her to have Defendant Scrushy named Vice-Chair of the CON Board. Further, Defendant Scrushy bribed Tim Adams, another CON Board member, so that Adams would act favorably as a CON Board member on HealthSouth matters. In addition, the Siegelman/Scrushy criminal activity involved numerous unwitting public officials and employees such as Raymond Bell and Josh Hayes, appointment secretaries under Defendant Siegelman, Alva Lambert, the administrative officer over the CON Board, and the other CON Board members who participated in HealthSouth matters without knowledge of the Siegelman/Scrushy criminal activity. The breadth and reach of this criminal activity across and up to the highest levels of State government may have caused a loss of public confidence in government and justifies an upward departure of two levels under Section 5K2.0 based on comment 5 to Section 2C1.1.

Well-established precedent supports an upward departure in this case for pervasive and systematic government corruption that may cause a loss of confidence in government. Defendant

Scrushy not only abused his own political position as a CON Board member, but also corrupted the Office of Governor and the CON Board as a whole. Defendant Scrushy's criminal conduct here is as, if not more, egregious than the conduct of the defendant in United States v. Reyes, 239 F.3d 722 (5th Cir. 2001), where the Fifth Circuit upheld a two-level upward departure under comment 5 to Section 2C1.1. In Reyes, the defendant was a Houston city councilman who organized a bribery and honest services mail fraud scheme pursuant to which he received bribes in exchange for providing his and purchasing other votes on the council. Id. at 726-32. Though the defendant's corruption pertained to a single project, the Court held that the upward departure was warranted and reasonable because the defendant had recruited "other government officials and citizens to involve themselves in his corrupt scheme," "was at the apex of city government and had responsibilities that affected the lives of hundreds of thousands." Id. at 745.

Each of these extenuating factors that took the corruption scheme in Reyes out of the "heartland" are equally present in this case. Defendant Scrushy corrupted the highest executive office in State government, namely, the Governor, by purchasing from then-Governor Defendant Siegelman membership on, representation at, and influence over the CON Board. Like the defendant in Reyes, Defendant Scrushy's corrupt activities involved numerous public officials and employees and private citizens. See supra. Defendant Scrushy's corruption of the Office of Governor and the CON Board spanned at least four years and involved multiple projects before the CON Board. In addition, the amount of bribes paid by Defendant Scrushy was far greater than the bribe payments in Reyes. Moreover, his criminal behavior directly impinged on the provision of medical care to the citizens of Alabama, a matter much more weighty than the development of a hotel which was at issue in Reyes. Further, like in Reyes, the widespread media coverage about this case demonstrates the

Defendant Scrushy's corrupt activities may result in a loss of public confidence in government. See id. at 745; United States v. Shenberg, 89 F.3d 1461, 1477 (11th Cir. 1996); United States v. Gutman, 95 F. Supp. 2d 1337, 1351 n.17 (S.D. Fla. 2000).

In sum, if an upward departure under comment 5 to Section 2C1.1 was appropriate in Reyes, then an equivalent or greater upward departure in this case would certainly be merited, warranted, justified, and upheld on appeal.

## II.    Conclusion.

If any case can ever qualify for a departure to account for systematic and pervasive corruption, this is that case given the tremendously harmful effect upon public perception of and confidence in Alabama state government resulting from Defendant Scrushy's criminal behavior. The offense conduct in this case demonstrates a blatant and egregious corruption of Alabama State government, and particularly of the Office of Governor and the CON Board, and justifies an upward departure of two levels from the Guidelines range.

Respectfully submitted this the 25th day of May, 2007.

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

WILLIAM M. WELCH, II
CHIEF, PUBLIC INTEGRITY SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| | ) | |
| RICHARD M. SCRUSHY | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
LOUIS V. FRANKLIN, SR.
Acting United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
louis.franklin@usdoj.gov