# Carmen D. Hernandez
### Attorney at Law

Office: 202.628.0090
Fax: 202.628.2881

717 D Street, N.W., Suite 310
Washington, D.C. 20004

Cell: 240.472.3391
chernan7@aol.com

May 10, 2007

DELIVERED VIA EMAIL TO :
JACQUELYN_CAPLE@ALMP.USCOURTS.GOV

Jacquelyn P. Caple
Senior United States Probation Officer
Frank M. Johnson Jr. Courthouse Complex
One Church Street
Montgomery, AL 36104

Dear Ms. Caple:

Following is Richard Scrushy's response to the Guideline Objections filed by the Government on May 3, 2007.

I.   U.S.S.G. § 2C1.1(b)(1) – Multiple Bribes

The Preliminary PSR was correct in not assessing an enhancement under § 2C1.1(b)(1).

First, Mr. Scrushy objects to the government's assertion that he engaged in additional acts of bribery in reference to payments made to Timothy Adams and its suggestion that Loree Skelton's testimony supports this. In making this claim, the government leaves out a key fact. The fact is that Loree Skelton testified at trial that she did not speak to Richard Scrushy about the $8,000 or $ 3,000 payments to Adams. Mr. Adams did not testify at trial. There is therefore no basis for the allegation that any such payments to Adams were a separate bribe made by Mr. Scrushy.

Significantly, neither the Indictment nor the Superseding Indictment allege as a separate count of bribery either of these payments. Indeed, there is no evidence that Richard Scrushy was involved in any bribe directed at Adams. The jury finding on the mail fraud counts (Counts 5-9) does not amount to a finding that Mr. Scrushy engaged in making additional bribes as the government alleges.

Second, even assuming that the payments to Tim Adams amount to multiple payments, the PSR is nevertheless correct in not assessing a two-level enhancement because such payments would amount to "related payments" as explained in application note 6. See U.S.S.G. § 2C1.1, comment. (n.6):

**Practice Limited to Federal Courts**

Scrushy Response to Government Guideline Objections
May 10, 2007
Page 2

> Subsection (b)(1) provides an adjustment for offenses involving more than one incident of either bribery or extortion. Related payments that, in essence, constitute a single incident of bribery or extortion (e.g., a number of installment payments for a single action) are to be treated as a single bribe or extortion, even if charged in separate counts.

Even the government concedes that these payments are related. In its Objection I, at paragraph 3, the government makes the argument that the "$500,000 bribe in Count 4, together with further, different bribes, are all charged as integral parts of Count 5." This count charges a mail fraud conspiracy to deprive the State of Alabama of the honest services of both defendant Siegelman and members of the CON Board. (emphasis added).

Mr. Scrushy also objects to any judicial findings by a preponderance of the evidence concerning these allegations of bribery that were not charged nor proved to a jury beyond a reasonable doubt.

The PSR is therefore correct in not imposing a two-level enhancement for multiple bribes under U.S.S.G. § 2C1.1(b)(1).

## II.   U.S.S.G. § 3C1.1 – Obstruction of Justice

Again, the PSR is correct in not imposing this enhancement. Mr. Scrushy has not willfully obstructed or attempted to obstruct or impede the administration of justice.

First, there is no basis for imposing this enhancement in connection with the provision of financial data. As you know, Mr. Scrushy's financial holdings are extensive and complex and review by accountants is required to provide the most current information. Any and all additional information required is being diligently prepared and will be provided as it becomes available.

Second, the government is incorrect when it claims that Richard Scrushy obstructed justice in connection with his recent travel in Florida with his wife and children or in connection with the hearing held to resolve the government's request to revoke Mr. Scrushy's release. It seems clear that the government's view did not prevail at the revocation hearing as Mr. Scrushy remains on release.

Moreover, the government's factual allegations, including the inferences it seeks to draw from the communications between Mr. Leach and government counsel, are not accurate. For example, the assertion that "Defendant Scrushy at the very least engaged in misleading conduct by communicating to the witness that the witness was represented by defense counsel Art Leach . . ." does not accurately represent what Mr. Scrushy said or did. Moreover, double and triple hearsay is not an appropriate basis for imposing an enhancement under this provision. Nor is "misleading

Scrushy Response to Government Guideline Objections
May 10, 2007
Page 3

conduct," even were it to have occurred, a proper basis for imposing an obstruction of justice enhancement under either application note 4 or 5 in U.S.S.G. § 3C1.1.

None of the conduct that the government alleges even comes close to what is necessary for this enhancement under § 3C1.1. None of the conduct amounts to any of the conduct set forth in application note 4, which sets out the only instances where a § 3C1.1 enhancement is to be applied. The allegations also do not satisfy the requirements of materiality nor the requirement that any such material statement have "significantly obstructed or impeded" the official investigation or prosecution of the case.

The cases the government cites in support of its argument are completely different from this case. For example, United States v. O'Dell, 2104 F.3d 829, 837 (8th Cir. 2000) involved perjured testimony by the defendant. Mr. Scrushy has not committed perjury and the government does not even allege so.

United States v. Stallings, the other case the government relies is an unpublished case with limited precedential value and also presents an entirely different situation than is present here. Neither Mr. Scrushy nor his counsel made any false statements at the recent hearing. Moreover, under United States v. Dunnigan, 507 U.S. 87, 95 (1993), a district court must make specific and independent findings for a perjury obstruction to apply.

Lastly, defendant objects to an obstruction enhancement based on non-jury preponderance findings at sentencing.

### III.   U.S.S.G. § 2C1.1(b)(2)(A) – Value or Benefit of Payment or Loss to Government

As set out in the objections submitted by Mr. Scrushy on May 3, 2007, there should be no increase under § 2C1.1(b)(2)(A).

The calculations the government uses are not supported by any provision in the guidelines. For example, the government's argument that $17,000 should be added based on the $17,000 that UBS Warburg forgave IHS for its debt is not a "benefit" that accrued to Richard Scrushy as that term is defined in U.S.S.G. § 2C1.1, comment. (n. 2). Nor is it a loss to the government. For the same reasons, the amounts to Tim Adams are neither benefits nor a loss to be added under any formula set out in the guidelines.

The government's claim that HealthSouth received a benefit of $7 million from the construction and operation of Phenix City hospital and from the operation of the PET scanner must also be rejected. First, the government alleges these numbers without any factual support. Indeed, during the conference held last week, the government was unwilling or unable to explain its basis for this number despite defense counsel's specific request that it do so. Enhancements under the

Scrushy Response to Government Guideline Objections
May 10, 2007
Page 4

guidelines require a factual basis and cannot merely be imposed based on unsupported allegations that are not related to any provision in the guidelines. See United States v. Cabrera, 172 F.3d 1287, 1292 (11th Cir. 1999) (when challenged by a defendant, "the government bears the burden of supporting its loss calculation with "reliable and specific evidence."). In Cabrera, the district court adopted the fraud loss amount from the Presentence Report but the Eleventh Circuit reversed because the "district court did not make the specific factual findings necessary to support the government's fraud loss amount." Cabrera, 172 F.3d at 1294.

Moreover, because the government has failed to provide the factual basis for its allegation in a timely manner to the Probation Officer and to the defense, this enhancement should be denied out of hand. It would be unfair and a violation of the Due Process Clause to allow the government to provide new information at some later time, when it would be impossible for the defendant to have the information reviewed by accountants or other experts, whose assistance would be required for an adequate response. For that reason alone, the government's claim that Mr. Scrushy's sentence should be enhanced based on a benefit of $7 million should be rejected because the government has failed to provide the factual basis for the claim in a timely fashion.

Lastly, neither the Phenix City Hospital nor the PET scanner were approved by the CON Board "in return" for any bribe paid by Mr. Scrushy. Without this causal connection, any amounts related to these projects cannot be considered in determining the amount under § 2C1.1(b)(2)(A). See U.S.S.G. § 2C1.1, comment (n. 2).

### IV.    U.S.S.G. § 3B1.1 – Leader or Organizer

As noted in our ealier objections, there is no basis for stating that Mr. Scrushy "organized the activities relating to" to the federal funds bribery. Indeed, he did not even propose the payment. Instead, Mr. Scrushy was asked to make a political contribution and he did so. Mr. Scrushy did not organize nor was he a leader and there were not five or more "criminally responsible" persons. See U.S.S.G. § 3B1.1, comment (n. 1) ("'participant' is a person who is criminally responsible"). His conduct did not involve most of the factors set out in application note 4.

The government's attempt to fit this case under the "otherwise extensive" clause of § 3B1.1 shows the weakness of its argument. The Rodriguez case cited by the government is completely dissimilar to this case. Rodriguez involved an international drug conspiracy with involvement in at least three American cities and Colombia. That is wholly different from the situation here.

Nor is the Fullwood case similar. Fullwood involved a defendant who filed multiple false insurance claims and involved the unwitting participation of banks, appraisers, five government agencies, and several insurance companies. Even under those much more extensive circumstances, the Fifth Circuit admonished that

Scrushy Response to Government Guideline Objections
May 10, 2007
Page 5

> this case arguably comes close to the lower limits, for § 3B1.1 purposes, for what constitutes an organizer or leader of criminal activity that was otherwise extensive. The enhancement is designed to assign greater punishment to those engaged in leading criminal enterprises, in part because of concerns about relative responsibility. See U.S.S.G. § 3B1.1 cmt. It is to be imposed against defendants who tend to profit more from criminal enterprises, pose a greater danger to the public, and are more likely to recidivate. Id. Obviously, it is not a plea bargaining tool; likewise, it is not to be applied automatically.

United States v. Fullwood, 342 F.3d 409, 415 -416 (5th Cir. 2003).

Mr. Scrushy's conduct involved a single and isolated instance where Mr. Scrushy was asked to make a political contribution. There is no likelihood that he will recidivate, both because of his age and in particular because he has left the business world and devoted himself to the ministry and to help those in need.

V.  **No Identifiable Victims**

Again, the PSR is correct in stating that there are no identifiable victims as that term is defined in the guidelines. USB Warburg is not an identifiable victim of any wrongful conduct by Mr. Scrushy. It undertook to act as it did and discount a debt to one of its customers, based on its own independent assessment of its business interests.

Brookwood Hospital did not lose any funds "as a result" of federal funds bribery conspiracy and honest services mail fraud charged in this case.

HealthSouth is not a victim of the federal funds bribery conspiracy and honest services mail fraud charged in this case.

VI. **Maximum Fine**

For the reasons set out in section III, Mr. Scrushy objects to the government's claim that the fine under 18 U.S.C. § 3571(d) is in excess of $15 million. The government's claimed loss or gain in this case is not supported by the facts presented at trial. Nor has the government even presented any facts in connection with the preparation of the Presentence Report to support its claims. It is too

Scrushy Response to Government Guideline Objections
May 10, 2007
Page 6

late at this point to allow the government to introduce new evidence as the defense will not have sufficient time to respond.

### VII. Factual Statements

Our objections in this regard are being submitted in a separate letter by Mr. Leach.

### VIII & IX. Upward Departures

No upward departure for pervasive government corruption nor for abuse of position of trust are warranted.

#### A. Mr. Scrushy did not engage in pervasive or systematic corruption

First, Mr. Scrushy did not engage in nor cause pervasive government corruption. The allegations in this case refer to a one-time political contribution amounting to $500,000 that was made by Mr. Scrushy as a result of a request that he do so. Even accepting the government's allegations that he also made two additional related payments to Mr. Adams, this does not amount to "pervasive" conduct nor systematic corruption.

Second, § 2C1.1 itself explains that if the court finds "systematic or pervasive corruption of a governmental function, process or office that may cause loss of public confidence in government" then it may impose an upward departure. U.S.S.G. § 2C1.1, comment (n. 5). This application note refers to Chapter Five, Part K of the guidelines. Significantly, U.S.S.G. § 5K2.7 provides for an upward departure where the defendant's conduct has resulted in a "<u>significant</u> disruption of a governmental function. (emphasis added).

Section 5K2.7 explicitly cautions that such a departure "ordinarily would not be justified when the offense of conviction is an offense such as bribery or obstruction of justice; in such cases interference with a governmental function is inherent in the offense, and unless the circumstances are unusual the guidelines will reflect the appropriate punishment for such interference." U.S.S.G. § 5K2.7. Because the offense in this case involves bribery the disruption of governmental function is inherent in the offense. An upward enhancement is warranted only in the most extraordinary of cases, which this one, involving a single bribe is not. Or put another way, an upward departure is unwarranted unless the disruption is so atypically great that it exceeds the level of interference inherent in the offense. <u>See, e.g., United States v. Riviere</u>, 924 F.2d 1289, 1308-09 (3d Cir.1991) (reversing upward departure under § 5K2.7 where disruption of governmental function was no greater than that normally associated with the underlying offense of assault on a federal marshal); <u>United States v. Goodrich</u>, 919 F.2d 1365, 1369 (9th Cir.1990) (reversing upward departure under § 5K2.7 where governmental disruption was no greater than that which normally accompanied the crime of perjury); <u>United States v. Barone</u>, 913 F.2d 46, 51 (2d Cir.1990) (reversing upward

Scrushy Response to Government Guideline Objections
May 10, 2007
Page 7

departure under § 5K2.7 because disruption of governmental function was inherent in the offenses of conviction, viz., tax evasion and perjury).

### B. An enhancement for abuse of position of trust is not permissible.

The government also requests an upward departure for abuse of position of trust even though the § 2C1.1 guideline that has been applied in this case explicitly prohibits application of an enhancement for abuse of position of trust. See U.S.S.G. § 2C1.1, comment (n. 3), which states:

> Do not apply § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) except where the offense level is determined under § 2C1.1(c)(1), (2), or (3). In such cases, an adjustment from § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) may apply.

Simply stated, the commentary prohibits an enhancement for abuse of position of trust except in cases where the cross-references are applied. Here, the exception does not apply. Clearly the Commission considered the factor and determined that it was not to be applied. There is no basis, therefore, for imposing an upward departure. See Koon v. United States, 518 U.S. 81, 111 (1996) (where Commission specifically addresses issue improper to depart on that basis). Moreover, there is nothing so extraordinary about Mr. Scrushy's conduct vis a vis the bribery guideline that would take the case outside the explicit prohibition in § 2C1.1, comment. (n. 3).

Accordingly, an upward departure in this case is not warranted for any reason, including the ones asserted by the government.

Finally, please incorporate the objections and additions previously submitted. Also, please incorporate the argument that defense counsel made during last week's conference that a sentencing reduction is also warranted in this case pursuant to 18 U.S.C. §3553(a)(6) to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct.

Thank you for your consideration. Mr. Leach's letter addresses the statement of facts. If you have any questions or require additional information, please do not hesitate to call me.

Very truly yours,

Carmen D. Hernandez

cc:   Government Counsel