IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:05-CR-119-MEF |
| | ) | |
| RICHARD M. SCRUSHY | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT SCRUSHY'S SENTENCING MEMORANDUM, MOTION FOR DOWNWARD DEPARTURE AND FOR A SENTENCE THAT, IN THE EXERCISE OF THE COURT'S DISCRETION, IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and William M. Welch, II, Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby responds to Defendant Scrushy's Sentencing Memorandum, Motion for Downward Departure and for a Sentence that, in the Exercise of the Court's Discretion, is Sufficient, but not Greater than Necessary (hereinafter, "Scrushy's Sentencing Memorandum"). Since the United States disagrees with each and every factual[1] and legal assertion[2] Defendant Scrushy makes in his Sentencing

---

[1] For example, Defendant Scrushy begins his pleading by averring that there was a "total absence of direct evidence of there having been an express quid pro quo." Scrushy Sentencing Memo. at 2. Once again, Defendant Scrushy completely ignores the trial testimony of witnesses such as Nick Bailey and Mike Martin which established beyond a reasonable doubt, as found by the jury, that Defendant Scrushy paid Defendant Siegelman a $500,000 bribe pursuant to an express agreement in exchange for HealthSouth receiving membership on, representation at, and influence over the CON Board. This express agreement was testified to by Bailey and Martin and further evidenced by the IHS and HealthSouth checks and Siegelman appointment letters. Defendant Scrushy refused to consider this evidence at trial and has continued to do so post-trial. The only fact on which the United States and Defendant Scrushy appear to agree is that the jury did indeed return a verdict of guilty against him on Counts 4-9.

[2] For example, Defendant Scrushy contends that Section 2C1.5 is the proper guideline to apply to calculate his sentence. Scrushy Sentencing Memo. at 16-17. He makes this argument despite the jury having convicted him of, inter alia, a bribery offense, namely, 18 U.S.C. § 666, for which Section 2C1.1 is undoubtedly the correct guideline to be used to determine his offense

Memorandum, the government responds to Defendant Scrushy's pleading by respectfully referencing the Court to the United States' Sentencing Memorandum and Motions for Upward Departure. In its papers, the United States sets forth its arguments, and factual bases in support thereof, for the Court to impose a "reasonable" sentence which properly considers the advisory United States Sentencing Guidelines.

      The United States is aware that the Court presided over the trial and is intimately knowledgeable about the evidence adduced at trial and the law governing this case. Accordingly, the United States submits that further briefing from the government, given the wide chasm between the parties on the facts and the law, will not assist the Court in preparing for the sentencing hearing and fashioning a reasonable sentence. Of course, the United States welcomes any invitation from the Court to brief any issue of particular interest to the Court.

---

level under the advisory Guidelines. Application of Section 2C1.5 would completely disregard the evidence at trial, the jury's verdict, the applicable law, and the advisory Guidelines.

     Respectfully submitted this the 12th day of June, 2007.

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | WILLIAM M. WELCH, II<br>CHIEF, PUBLIC INTEGRITY SECTION |
| /s/ Louis V. Franklin, Sr.<br>Acting United States Attorney<br>One Court Square, Suite 201<br>Montgomery, AL 36104<br>Phone: (334)223-7280<br>Fax:   (334)223-7560<br>Email: louis.franklin@usdoj.gov | /s/Richard C. Pilger<br>Department of Justice, Criminal Division<br>Public Integrity Section<br>10th & Constitution Ave, NW<br>Bond Building - 12th Floor<br>Washington, DC 20530<br>Phone: (202)514-1412<br>Fax:   (202)514-3003<br>Email: richard.pilger@usdoj.gov |

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:   (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:05-cr-119-MEF |
| | ) | |
| RICHARD M. SCRUSHY | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        Respectfully submitted,

        LOUIS V. FRANKLIN, SR.
        ACTING UNITED STATES ATTORNEY

        /s/ Louis V. Franklin, Sr.
        LOUIS V. FRANKLIN, SR.
        Acting United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        louis.franklin@usdoj.gov