**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

UNITED STATES OF AMERICA,

v.                                                          Case No. 2:05cr119-MEF

RICHARD M. SCRUSHY,
       Defendant.

**DEFENDANT RICHARD M. SCRUSHY'S REPLY
TO THE GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and files this Reply to the United States' Sentencing Memorandum for Upward Departures as to Defendant Scrushy.

**I.  THE GOVERNMENT'S MOTIONS FOR UPWARD DEPARTURE ARE MERITLESS.**

The Government has filed two motions for upward departure, one contending that Mr. Scrushy engaged in "systematic and pervasive government corruption" (Doc. 592), and the other claiming that Mr. Scrushy abused "a position of private trust" (Doc. 593). Neither of these motions has merit, and they should be denied.

**A. Mr. Scrushy Did Not Engage in Systematic and Pervasive Corruption.**

The allegations in this case refer to a one-time political contribution amounting to $500,000 that was made by Mr. Scrushy as a result of a request that he do so. Even accepting the government's allegations that he also made two additional related payments to Mr. Adams – and Mr. Scrushy does not – as a matter of fact and ordinary logic, this

1

activity does not amount to "pervasive" conduct nor "systematic" corruption.  Webster's defines the verb "pervade" to mean "to become diffused throughout every part of," and the adjective "systematic" to mean "marked by thoroughness and regularity."[1]  Simply stated, a one-time payment can never amount to pervasive and systematic activity.

Section 2C1.1, the Guideline that the Government argues should apply here, does explain that if the Court finds "systematic or pervasive corruption of a governmental function, process or office that may cause loss of public confidence in government," then it may impose an upward departure.  U.S.S.G. § 2C1.1, comment (n. 5).  This application note, in turn, refers to Chapter Five, Part K of the Sentencing Guidelines.  Critical to the analysis here – apart from the plain meaning of the words "systemic" and pervasive, as articulated above – U.S.S.G. § 5K2.7, p.s., allows for an upward departure where the defendant's conduct has resulted in a "*significant* disruption of a governmental function." (Emphasis added).  And, § 5K2.7 explicitly cautions that such a departure "ordinarily would *not* be justified when the offense of conviction is an offense such as *bribery* or obstruction of justice; *in such cases interference with a governmental function is inherent in the offense*, and unless the circumstances are unusual the guidelines will reflect the appropriate punishment for such interference." U.S.S.G. § 5K2.7 (emphasis added).  It follows, therefore, that because the offense in this case involves bribery, the disruption of governmental function is inherent in the offense, and thus, a departure would be unreasonable.

One need only read the case of *United States v.Shenberg*, 89 F.3d 1461 (11th Cir. 1996) to understand what pervasive and systemic corruption looks like.  *Shenberg* truly

---

[1]      Merriam Webster Online Dictionary, available at
http://www.merriamwebster.com/dictionary/pervade and
http://www.merriamwebster.com/dictionary/systematic.

involved pervasive corruption in the circuit court in Dade County, Florida.  The defendants were engaged in a scheme where multiple kickbacks was a way of life.  The instant case, involving two payments pales in comparison.  An upward departure is warranted only in the most extraordinary of cases, which this one, involving a single bribe is not.  Or put another way, an upward departure is unwarranted unless the disruption is so atypically great that it exceeds the level of interference inherent in the offense.  *See, e.g., United States v. Riviere*, 924 F.2d 1289, 1308-09 (3d Cir.1991) (reversing upward departure under § 5K2.7 where disruption of governmental function was no greater than that normally associated with the underlying offense of assault on a federal marshal); *United States v. Goodrich*, 919 F.2d 1365, 1369 (9th Cir.1990) (reversing upward departure under § 5K2.7 where governmental disruption was no greater than that which normally accompanied the crime of perjury); *United States v. Barone*, 913 F.2d 46, 51 (2d Cir.1990) (reversing upward departure under § 5K2.7 because disruption of governmental function was inherent in the offenses of conviction, *viz.*, tax evasion and perjury).  Such is not the case here, and thus, the Government's motion for upward departure on this ground should be denied.

### B.  An Upward Departure Based on an Abuse of a Position of Trust is Precluded by the Commentary to U.S.S.G. § 2C1.1.

The government also requests an upward departure for abuse of position of trust even though the § 2C1.1 guideline that the Government urges should be applied in this case explicitly prohibits application of an enhancement for abuse of position of trust.  *See* U.S.S.G. § 2C1.1, comment. (n. 3) ("Do not apply § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) except where the offense level is determined under § 2C1.1(c)(1), (2), or (3).  In such cases, an adjustment from § 3B1.3 (Abuse of Position of Trust or Use

of Special Skill) may apply."). It is self-evident, therefore, that the Sentencing Commission has already determined expressly that any enhancement for abuse of a position of trust – much less a departure – ordinarily should not apply when § 2C1.1 is the applicable offense guideline. *See Koon v. United States*, 518 U.S. 81, 111 (1996) (where Commission specifically addresses issue improper to depart on that basis). Indeed, the Eleventh Circuit has Moreover, there is nothing so remarkable about Mr. Scrushy's conduct that would otherwise justify a departure for extraordinary abuse of trust under § 5K2.0.

## CONCLUSION

As more fully addressed in Richard Scrushy's Reply to the Government's Sentencing Memorandum (doc 599), the sentence the government seeks is excessive. The grounds for upward departure are meritless. The request based on abuse of position of trust is explicitly prohibited in § 2C1.1. The one based on systemic and pervasive corruption requires the Court to ignore the plain meaning of those words. Neither has merit and both should be denied.

Indeed, if anything, in addition to the downward departure grounds asserted by Richard Scrushy in his Sentencing Memorandum, the Court should consider granting a downward adjustment for mitigating role adjustment to Richard Scrushy pursuant to U.S.S.G. §3B1.2. As Elmer Harris has explained to the Court it was he who encouraged Governor Siegelman to appoint Richard Scrushy to the CON Board and who also persuaded Richard Scrushy, who had once before already resigned from the Board to accept the appointment. By his own admission, Mr. Harris was the leader and organizer of that particular appointment, his purpose was to forge an alliance between Governor

Siegelman and Richard Scrushy that he felt would be good for the people of Alabama, one that in his opinion was perfectly legal.

Frankly, the government has never articulated a logical reason why a sentence of 25 years for a man of Richard Scrushy's age, a first offender, who is convicted of a non-violent offense is necessary or reasonable.  It contrasts dramatically with the 3-year sentence just requested by the United States after the conviction of Scooter Libby, as high-profile a case as there can be, who was found guilty of lying to a grand jury while serving as Counsel to the Vice President of the United States.  The grand jury, moreover, was investigating the outing of a covert CIA operative, whose work involved nuclear non-proliferation.  The Libby lies to the grand jury certainly had the potential of gravely disrupting governmental functions.  Yet there no upward departure was sought.

In any event, the Court cannot simply grant the government's motions for upward departures nor impose such are severe sentence without finding that such a sentence is "necessary" to impose just punishment, deter or protect the public.  On this latter point, the following is instructive

> [T]here is a considerable evidence that even relatively short sentences can have a strong deterrent effect on prospective "white collar" offenders.  *See, e.g.,* Richard Frase, *Punishment Purposes,* 58 Stanford L.Rev. 67, 80 (2005);  Elizabeth Szockyj, *Imprisoning White Collar Criminals?,* 23 S. Ill. U. L.J. 485, 492 (1998).  *Cf.* United States Sentencing Commission, *Fifteen Years of Guidelines Sentencing* 56 (2004) (noting that the Sentencing Guidelines were written, in part, to "ensure a *short but definite* period of confinement for a larger proportion of these 'white collar' cases, both to ensure proportionate punishment and to achieve deterrence")

*United States v. Adelson*, 441 F.2d Supp. 506, 514 (2d Cir. 2006).

For all these reasons, the Richard Scrushy respectfully requests that the Court deny the government's Motions for Upward Departures.

Dated:  June 12, 2007

                    Respectfully submitted,

                    /s/ Arthur W. Leach
                    Arthur W. Leach
                    Leslie V. Moore
                    2310 Marin Drive
                    Birmingham, Alabama 35203
                    Phone:  205-822-4224
                    Fax:  205-824-0321

                    Carmen D. Hernandez
                    717 D Street, N.W., Suite 310
                    Washington, DC 20004
                    Phone: 202-628-0090
                    Fax: 202-628-2881

                    James K. Jenkins
                    Maloy & Jenkins, 25th Floor
                    75 Fourteenth Street, NW
                    Atlanta, Georgia 30309
                    Phone:  404-875-2700

                    Frederick G. Helmsing
                    Helmsing, Leach, Herlong, Newman
                      & Rouse, P.C.
                    P.O. Box 2767
                    Mobile, Alabama 36652
                    Phone:  251-432-5521

                    James W. Parkman, III
                    Richard Martin Adams
                    William White
                    Parkman & Associates
                    739 West Main Street
                    Dothan, Alabama  36301
                    Phone:  334-792-1900

                    Attorneys for Richard M. Scrushy

**Certificate of Service**

I hereby certify that I have this 12th day of June, 2007, served a copy of this Memorandum on Counsel for the Government via electronic filing.

/s/    Carmen D. Hernandez

Carmen D. Hernandez