IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF-CSC |
| | ) | |
| DON EUGENE SIEGELMAN and | ) | (WO- Not Recommended for Publication) |
| RICHARD M. SCRUSHY | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on challenges raised by Defendant Don

Eugene Siegelman ("Siegelman") and Defendant Richard M. Scrushy ("Scrushy")

(collectively "Defendants") to the composition of the jury pool from the which the grand jury

that indicted them was selected, as well as the petit jury selection process in this district.

Defendants, who are both Caucasian, contend that African-Americans were under-

represented in violation of the Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C.

§§1861-1869, and the Fifth and Sixth Amendments to the United States Constitution.  These

challenges were timely raised by the filing of: Defendant Richard M. Scrushy's Preliminary

Motion to Dismiss and Challenge to the Composition of Petit Jury Pools in the Middle

District of Alabama (Doc. # 104) and Defendant Don E. Siegelman's Preliminary Motion to

Dismiss and Challenge to the Composition of Petit Jury Pools in the Middle District of

Alabama (Doc. # 110).[1]  On May 1, 2007, the Honorable Charles S. Coody, Chief United

States Magistrate Judge, entered a Recommendation and Order of the Magistrate Judge (Doc.

# 576) in which he recommended that these motions be denied.  Following Magistrate Judge

Coody's Recommendation, Scrushy filed Defendant Richard M. Scrushy's Objections to

Magistrate's Report and Recommendation Denying Jury Challenge (Doc. # 580).  Thereafter,

Siegelman moved for and was granted leave to adopt Scrushy's objections (Doc. # 582 &

Doc. # 583).  The Government filed its opposition to the objections (Doc. # 586).

After carefully reviewing the materials submitted in support of and in opposition to

the motions, as well as the applicable legal standards, the Court finds that Defendants'

objections are due to be OVERRULED and that their statutory and constitutional challenges

lack merit and do not warrant a new trial.  Given the well-written and thorough

Recommendation in this case and the lengthy and comprehensive discussions of many of the

same issues as raised and discussed in *United States v. Carmichael,* 467 F. Supp. 2d 1282

(M.D. Ala. 2006) ("the *Carmichael* case"), this Court does not find it necessary or

appropriate to address the merits of each and every one of Defendants' objections, many of

which address issues which this Court has exhaustively considered.  Instead, the aim of this

---

[1] These motions were filed prior to trial.  Defendants conducted lengthy and extensive discovery into matters raised in these motions.  A jury convicted Defendants in late June of 2006.  While it is not dispositive of or relevant to any of the issues before the Court, it is interesting to note that the jury which convicted Defendants was comprised of seven African-Americans and five Caucasians.  Additionally, two of the six alternate jurors, who heard the case but who did not deliberate, were also African-American.  As of the date of this Memorandum Opinion and Order, Defendants have not been sentenced.

opinion is merely to adopt Magistrate Judge Coody's recommendation and to address a few

select issues.

## DISCUSSION

### A. Defendants' Objections Relating to Alleged Substantial Violations of the JSSA

Chief Magistrate Judge Coody recommends that Defendants' motions be denied to the

extent that they contend that substantial violations of the JSSA occurred. Defendants object

to this recommendation on a variety of grounds. With respect to the issue of the use of

outdated mailing addresses contributing to the under-representation of African-Americans

on the Qualified Jury Wheel, the Court finds that Defendants' objections are flawed because

they are predicated on pure speculation. For example, Defendants presented no evidence

from which the Court could conclude that the persons who did not respond were

predominantly African-American. While there was evidence presented which might support

a conclusion that renters were more likely to be African-American, there was no evidence

that the non-responders were renters. Similarly, Defendants' argument relating to the issue

of the Clerk of the Court's deferral practices is predicated on pure speculation.

Consequently, these objections are due to be OVERRULED.

Additionally, on the issue of double draw pools, the Defendants object because Chief

Magistrate Judge Coody failed to address the issue in the Recommendation. What they fail

to acknowledge is that they had not raised this as an issue. More importantly, however, the

double draw problem was a problem which existed only in the 2001 Qualified Jury Wheel

and only with respect to some petit juries.  There was no "double draw" regarding these

Defendants' grand jury, which was pulled from the 2001 Qualified Jury Wheel.  Moreover,

the Defendants' petit jury was drawn from the 2005 Qualified Jury Wheel.  Thus, the Court

cannot see how either Scrushy or Siegelman can complain about this issue which did not

affect them.  Even if the double draw issue were properly before the Court in this case, the

Court finds that any objection on that basis would be due to be OVERRULED for the reasons

articulated by Judge Thompson and Magistrate Judge Boyd in the *Carmichael* case in finding

that there was no substantial violation of the JSSA.

**B.  Defendants' Attempt to Raise a New Issue Relating to 28 U.S.C. § 1863(b)(2)**

In their objections, Defendants raise a new issue not specifically raised in their

motions as they were presented and argued to Chief Magistrate Judge Coody.[2]  The basis of

the new argument is that 28 U.S.C. § 1863(b)(2) "unambiguously mandate[s]" that

supplemental sources other than voter registration lists be used to compile the Master Jury

Wheel.  The linchpin of this argument is that where the Clerk of the Court has actual notice

that African-Americans were not represented in fair proportion to the presence in the

community, the Clerk is statutorily required to supplement because it is "necessary to foster

the policy and protect the rights secured by section 1861 and 1862" of the JSSA.  28 U.S.C.

§ 1863(b)(2).  Defendants now contend that the Jury Plan for the Middle District directly

contradicts this provision because it provides that it is not necessary to resort to sources other

---

[2]  It also appears that this argument was not addressed in the *Carmichael* case.

than voter registration lists.[3]

The first issue this new argument raises is a procedural one: whether Defendants can raise this new issue at this stage and whether the Court can consider it. Defendants have not provided any authority that suggests that a district court *must* consider arguments or issues raised for the first time in objections to recommendations of Magistrate Judges. Because Defendants did not properly raise this issue as part of their arguments in support of their motions prior to the Magistrate Judge's recommendation on those motions, this Court is inclined to find that they may not now present this argument as it is not predicated on a ground articulated in their motions. For this reason, the objection is due to be OVERRULED. Moreover, even assuming *arguendo* that the issue was properly raised, the Court finds that the argument is not well-taken for several reasons set forth below.

---

[3] To be clear, this is not a case in which Scrushy made an ambiguous or general statement in his motion and then after the Recommendation issued, refined or emphasized the argument he previously made, nor is this a case in which Scrushy failed to mention 28 U.S.C. § 1863(b)(2) at all in his initial motion. This is a case where Scrushy has created an entirely new and different argument on the basis of a statute previously cited, an argument which is inconsistent with the argument advanced in his original motion. In his original motion, Scrushy invoked 28 U.S.C. § 1863(b)(2), but only contended that it *"permits* additional sources." Doc. # 104 at 5 (emphasis added). Now, Scrushy characterizes the language of § 1863(b)(2) as being a statutory requirement and unambiguous mandate creating an affirmative obligation on the Clerk of the Court to supplement in certain instances. Doc. # 580 at 26-27. The difference in the law between a permissive opportunity and an mandatory obligation is not a small one. For this reason, the Court considers the argument set forth in the objection to be an entirely new one that was not presented in the original motion as that motion was presented to the Magistrate Judge.

Defendants' reading of the statute is incompatible with the existing case authorities.[4]

For example, in *Bryant v. Wainwright*, 686 F.2d 1373, 1378 (11th Cir. 1982), the Eleventh

Circuit Court of Appeals rejected the argument that the use of voter registration lists as a

source for grand jury venires is, in itself, a tool of discrimination. Additionally, several other

courts of appeals have held that the mere fact of substantial under-representation on voter

registration lists is insufficient direct evidence of systematic exclusion of African-Americans.

*See, e.g., Truesdale v. Moore*, 142 F.3d 749, 755 (4th Cir. 1998); *Schanbarger v. Macy*, 77

F.3d 1424 (2d Cir. 1996); *United States v. Ashley*, 54 F.3d 311, 314 (7th Cir. 1995); *Ford v.

Seabold*, 841 F.2d 677, 686 (6th Cir. 1988). The holdings of these cases seem incompatible

with the interpretation of § 1863(b)(2) Defendants now urge the Court to adopt. Thus, the

argument that § 1863(b)(2) creates some kind of duty is incorrect as a matter of law.

Secondly, the argument fails as a matter of fact. Defendants' reasoning is predicated

on an entirely speculative assumption that the use of supplementary sources would result in

a more representative Master Jury Wheel. In so doing, Defendants overlook the fact that they

have not challenged the creation of the Master Jury Wheel. Their argument is that there was

a failure to supplement the Qualified Jury Wheel, but this conflates the wheel creation with

the jury selection process. The Master Jury Wheel is created from the voter list. The

Qualified Jury Wheel is not created from the voter list; it is created by a random selection

---

[4] It is worth noting that the argument is predicated entirely on Defendants' reading
of the statutory language. Not a single case reading the statute in the way in which
Defendants contend it should be read has been cited to the Court.

from the Master Jury Wheel. There is no evidence to support the argument that the Qualified Jury Wheel would be more representative if chosen from a Master Jury Wheel which had been created from multiple sources.

One final thought on this objection. Although the Recommendation makes the point plainly, it bears repeating that "official action will not be held unconstitutional solely because it results in a racially disproportionate impact." *Hernandez v. New York*, 500 U.S. 352, 359 (1991). Thus, for the aforementioned reasons, the Court finds this objection is due to be OVERRULED.

**C. Defendants' Sixth Amendment Challenge**

The Court is satisfied that the Recommendation contains a clear, concise, and correct application of the relevant legal standard to the motions to the extent that they contend that Defendants' Sixth Amendment right to have the jury pool from which their grand and petit juries were drawn represent a "fair cross-section" of the community. The Defendants' objections effectively suggest that they should be relieved of their obligation of presenting a *prima facie* case and that a mere suggestion of it ought to be sufficient. *See* Doc. # 580 at 29-32. Defendants object to the "insurmountable burden" imposed on them. Nevertheless, the Court has done no more but follow the law. The burden about which Defendants complain is the burden that the highest court in the land has decreed must be satisfied. *See, e.g., Duren v. Missouri*, 439 U.S. 357 (1979). Moreover, it is quite clear that it is a burden that may not be satisfied by the presentation of mere speculation. Thus, these objections are

without merit.

Defendants urge this Court to reject the Recommendation because they contend that

Chief Magistrate Judge Coody incorrectly found that they had not satisfied the second prong

of the *Duren prima facie* case by overlooking Defendants' argument that the composition of

the jury pools from which petit juries were drawn were not representative. In effect, this

argument is that each jury pool or venire must meet the requirement of not greater than 10%

disparity. This is not the law. The issue of disparity is determined at *Duren's* second prong

based on the composition of the Qualified Jury Wheel and the relevant population. *See, e.g.,*

*United States v. Rodriguez,* 776 F.2d 1509, 1511 (11th Cir. 1985). As the Eleventh Circuit

Court of Appeals made plain in *Rodriguez*,

> [a]ssessing the fairness and reasonableness of a group's
> representation requires a comparison between the percentage of
> the "distinctive group" on the qualified jury wheel and the
> percentage of the group among the population eligible for jury
> service in the division. Although precise mathematical
> standards are not possible, this circuit has consistently found
> that a prima facie case of underrepresentation has not been made
> where the absolute disparity between these percentages does not
> exceed ten percent.

776 F.2d at 1511 (internal citations and footnote omitted). Defendants have conflated the

third prong of the *Duren prima facie* case with the second prong. It is at the third prong –

systematic exclusion – that the issue of the composition of the jury pools comes into play.

As this objection is not based in a correct articulation of the law, it is due to be

OVERRULED.

**D. Defendants' Argument Based on Violation of Paragraph 16(e) of the Jury Plan**

Defendants object to the Recommendation because they assert that it failed to address what they contend was a clear and intentional violation of Paragraph 16(e) of the Jury Plan. Indeed, the Recommendation does not address this issue. The reason for that omission is clear and simple. Defendants failed to argue this issue. Of course, a violation of the Middle District of Alabama's Jury Plan is not necessarily a substantive violation of the JSSA. Moreover, the Court finds that this issue was thoroughly addressed in the *Carmichael* case. The Court agrees the issue in the *Carmichael* case and for the reasons articulated by Judge Thompson and Magistrate Judge Boyd in that case, this objection is due to be OVERRULED.

## CONCLUSION

Based on the foregoing, and after an independent review of the file, it is the ORDER, JUDGMENT and DECREE of the Court that:

(1) The Recommendation and Order of the Magistrate Judge (Doc. # 576) entered on May 1, 2007 (Doc. # 576) is ADOPTED in part and SUPPLEMENTED in part as set out in this Memorandum Opinion and Order; and

(2) The objections to the Recommendation of the Magistrate Judge filed by Scrushy (Doc. # 580) and adopted by Siegelman (Doc. # 582) are OVERRULED; and

(3) Defendant Richard M. Scrushy's Preliminary Motion to Dismiss and Challenge to the Composition of Petit Jury Pools in the Middle District of

Alabama (Doc. # 104) is DENIED; and

(4)     Defendant Don E. Siegelman's Preliminary Motion to Dismiss and Challenge

to the Composition of Petit Jury Pools in the Middle District of Alabama (Doc.

# 110) is DENIED.

DONE this 22nd day of June, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE