IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff-Appellee,<br><br>v.<br><br>RICHARD M. SCRUSHY,<br>        Defendant-Appellant. | Case No. 2:05-CR-119-MEF |

**MOTION PURSUANT TO FED. R. CRIM. P. 38 TO PAY FINE AND
RESTITUTION AMOUNTS INTO THE REGISTRY OF THE
<u>COURT PENDING APPEAL</u>**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and files this "Motion Pursuant to Fed. R. Crim. P. 38 to Pay Fine and Restitution Amounts into the Registry of the Court Pending Appeal." In support of this motion, Defendant respectfully shows this Court the following:

1. On June 28, 2007, this Court sentenced Defendant to 82 months imprisonment. (Doc. 627). In addition, this Court imposed $600 in special assessments, a $150,000 fine, and $267,000 in restitution due immediately. Finally, the Court ordered Defendant to pay the cost of imprisonment and supervision at the rate of $1,952.66 per month for imprisonment and $3,450.00 per year for supervision.

2. On July 11, 2007, Defendant filed a timely notice of appeal to the United States Court of Appeals for the Eleventh Circuit. (Doc. 635).

3. On August 2, 2007, the United States Attorney's Office for the Middle District of Alabama notified Defendant, through counsel, that the special assessment, fine, and restitution, as well as the cost of incarceration and supervision were due to that office by August 20, 2007, or the office would begin collection measures. In a subsequent e-mail the deadline was moved to August 27, 2007; however, the substance of this motion was not addressed by the United States Attorney's Office. The undersigned has attempted on two occasions to communicate with the assigned personnel in the United States Attorney's Office via phone calls and email and has not received a response which addresses the proposal contained in this motion.

4. Pursuant to Fed. R. Crim. P. 38, Defendant hereby moves this Court to order Defendant to pay the fine and restitution amounts due into the registry of the Court pending his appeal, and he further moves the Court to clarify that the cost of imprisonment is due on a monthly basis and the cost of supervision on a yearly basis once supervision begins.[1]

---

[1] Although Defendant has filed a notice of appeal, this Court retains jurisdiction to entertain this motion. Indeed, Rule 8 of the Fed. R. App. P. requires that Defendant move first in this Court for relief. Fed. R. App. P. 8(a)(1).

5. Under Rule 38(c) and (e), this Court "may stay the sentence on any terms considered appropriate." Whether to grant the stay is in the Court's discretion. *See United States v. Tallant,* 407 F.Supp. 896 (N.D.Ga. 1975), *aff'd,* 547 F.2d 1291 (11th Cir. 1977).

6. Defendant currently has sufficient assets to satisfy both the fine and the restitution imposed by the Court. Defendant's concern is not with his ability to pay the fine and restitution, but with the difficulty of recovering the money, particularly from a private party, should he prevail on appeal.[2] Therefore, Defendant requests the Court to fashion a remedy using Rule 38(c)(1) and (e)(2)(C). Those provisions provide that the Court may require the Defendant to:

> **(1)** deposit all or part of the fine and costs into the district court's registry pending appeal;

Fed. R. Crim. P. 38(c)(1); *accord* Rule 38(e)(2)(C) (as to restitution).

7. Requiring Defendant to deposit the fine and restitution into the Court's registry protects the Government and the private party to which restitution is due in the event that Defendant's conviction is affirmed. It also protects Defendant in the

---

[2] Defendant believes that repayment of the fine would not be barred by Art. I, § 9, cl. 7 of the U.S. Constitution because it would fall within both of the two generally recognized exceptions to the clause: (1) where the government exacted the fee by mandating its payment; and (2) where it is subsequently determined that the original receipt of the money was contrary to the law. *See Lee v. United States,* 33 Fed. Cl. 374, 382 (Fed. Cl. 1995). Nonetheless, recovering the money once it had been deposited into the federal treasury would be significantly more difficult than recovering it from the Court's registry.

3

event his conviction is reversed. Asking the Government and the United Way to wait the six months to a year it will take the Court of Appeals to decide the case is not unreasonable, particularly when the monetary interests of each will be protected.

    8. Defendant requests that the Court give Defendant until September 14, 2007, to liquidate sufficient assets to pay the above sums into the Court's registry. Defendant further requests that the Court's order specify that the payment into the registry will satisfy not only payment of the fine and restitution but also the accrual of interest under 18 U.S.C. § 3612(f). When Defendant's appeal is complete, any interest that has accumulated in the Court's registry may be awarded to the rightful owner of the underlying funds.

    9. By taking the above steps, the Court can assure that the assets will not be dissipated. Moreover, the nature of relief requested in this case is reasonable under the circumstances.

    10. Finally, Defendant moves this Court to clarify that the costs of incarceration and supervision are due as accrued rather than immediately. The plain language of the Court's judgment states that Defendant shall pay the costs of imprisonment per month and the costs of supervision per year. This payment method is the only logical payment schedule as neither the Court, the Government, nor Defendant can know in advance exactly how many months imprisonment

Defendant actually will serve.  Even if the Court of Appeals affirms Defendant's conviction, Defendant may serve less than the imposed 82 months as a result of good time credits.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendant Richard M. Scrushy respectfully requests that, pursuant to Fed. R. Crim. P. 38(c) and (e), this Court order Defendant to deposit the combined amount of the fine and restitution into the Court's registry pending appeal.  Further, that by depositing these funds interest on the Court's judgment will cease to accrue.  Defendant also respectfully requests this Court to clarify the payment schedule of the costs of imprisonment and supervision by ordering that the Defendant pay cost of incarceration as they accrue and paying the cost of supervision on a yearly basis.

Respectfully submitted,

/s/ *Arthur W. Leach*
Arthur W. Leach
25th Floor
75 Fourteenth Street N.W.
Atlanta, Georgia 30309
Phone: 404-786-6443
Fax: 404-875-8757

## CERTIFICATE OF SERVICE

I hereby certify that on the 23d day of August, 2007, I personally filed the foregoing "Motion Pursuant to Fed. R. Crim. P. 38 to Stay Sentence of Fine and Restitution Pending Appeal" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ Leslie V. Moore
Leslie V. Moore
3501 Lorna Road, Suite 3
Hoover, Alabama 35216
Phone: (205) 403-9116
Fax: (205) 988-9133
E-Mail: les.moore@malaw1.com