IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. **2:05-cr-119-MEF** |
| | ) | |
| | ) | |
| RICHARD SCRUSHY, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANT SCRUSHY'S MOTION PURSUANT TO FED. R. CRIM. P. 38 TO PAY FINE AND RESTITUTION AMOUNTS INTO THE REGISTRY OF THE COURT PENDING APPEAL**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and William M. Welch, II, Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files a supplemental response to Defendant Scrushy's Motion Pursuant to Fed. R. Crim. P. 38 to Pay Fine and Restitution Amounts into the Registry of the Court Pending Appeal (the "Rule 38 Motion").

**I.     Defendant Scrushy's Motion**

On August 23, 2007, Defendant filed a motion pursuant to Rule 38, Federal Rules of Criminal Procedure asking that the payment of specified fines and restitution be, in essence, stayed, pending the resolution of his case by the United States Court of Appeals for the Eleventh Circuit. Defendant also "move[d] this Court to clarify that the costs of incarceration and supervision are due as accrued rather than immediately."

II.     **The Government's First Response**

On August 24, 2007, the United States responded that it and Defendant's counsel had conferred on the motion and that it was anticipated an agreement could be reached between the parties regarding the issues raised in the motion. Numerous conversations have been had between counsel for Defendant and representatives of the United States. Unfortunately, not all issues have been resolved and it has become necessary to submit this matter to the Court for ruling as opposed to presenting the Court with an agreed upon proposed order. All counsel have engaged in good faith in all conversations relating to this motion.

III.    **The Dispute Between the Parties**

First, the United States has no objection to Defendant's request to place into the Court's registry an amount of money equal to the restitution and fines presently owing by virtue of the Judgment entered in this cause on or about June 28, 2007. Clearly, Defendant presently owes $267,000.00 in restitution and $150,000.00 in fines. Given the plain language of the Judgment, Defendant also owes at least an additional $3,905.32 in fines to reflect the expected costs of his incarceration for the period June 28, 2007 through August 28, 2007.[1] In sum, currently due, at a minimum is $420,905.32.

---

[1] This Court determined that the expected costs of incarceration would be $1,952.66 per month while the expected cost of supervision would be $3,450.00 annually. These numbers were supplied by the Administrative Office of the United States Courts to the United States Probation Office. Attached hereto as Exhibit 1 is the May 24, 2006, correspondence from the Administrative Office to all Chief Probation and Chief Pretrial Services Officers.

**A.     Defendant Scrushy's Position Regarding the Total Amount of Fine.**

The parties, however, are in disagreement as to the total amount of fine imposed. Defendant asserts that the plain language of the Judgment limits the costs of incarceration portion of the fine to an amount of money equal to a figure derived on a monthly basis from the Bureau of Prisons times the number of months he is actually incarcerated. Put another way, Defendant asserts that he has been ordered to pay the actual costs of his incarceration on a monthly basis and for no period of time longer than he actually serves in the custody of the Bureau of Prisons.[2] Of course, this view of the nature of the costs of incarceration benefits Defendant in that he may not actually serve the total 82 months imposed due to time off for earned good time, and/or credit for completion of the residential drug abuse treatment program, and/or placement in community confinement.

**B.     The United States Position Regarding the Total Amount of Fine.**

The United States, on the other hand, asserts that the costs of imprisonment and supervised release are guidelines to be applied by the Court in fashioning the overall sentence of fine. Title 18, United States Code, Section 3572, "Imposition of a sentence of fine and related matters," states, in pertinent part:

**(a) Factors to be considered.**--In determining whether to impose a fine, and the

---

[2]  Neither counsel for Defendant Scrushy nor the undersigned have been able to determine if any monthly figures for the actual cost of incarceration at any given BOP facility are produced and/or available. Given that the figures presently utilized by the Court in fashioning an expected cost of incarceration are over a year old, it is logical to assume, in the absence of evidence to the contrary, that the actual monthly costs of incarceration today and into the future would be greater than the monthly amount the Defendant has been ordered to pay.

amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a)--

**(1)** the defendant's income, earning capacity, and financial resources;

**(2)** the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;

**(3)** any pecuniary loss inflicted upon others as a result of the offense;

**(4)** whether restitution is ordered or made and the amount of such restitution;

**(5)** the need to deprive the defendant of illegally obtained gains from the offense;

**(6)** the ***expected*** costs to the government of any imprisonment, supervised release, or probation component of the sentence;

**(7)** whether the defendant can pass on to consumers or other persons the expense of the fine;  and

**(8)** if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

[Emphasis added.]

Like the statute, § 5E1.2 of the United States Sentencing Guidelines calls for the consideration of certain factors by the Court when fashioning a sentence of fine. Particularly, § 5E1.2 states:

**(d)** **In determining the amount of the fine, the court shall consider**:

**(1)** the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;

**(2)** any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;

**(3)** the burden that the fine places on the defendant and his dependents relative to alternative punishments;

**(4)** any restitution or reparation that the defendant has made or is obligated to make;

**(5)** any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;

**(6)** whether the defendant previously has been fined for a similar offense;

**(7)** the ***expected*** costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed; and

**(8)** any other pertinent equitable considerations.

The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive.

[Emphasis added.]

Clearly, both the statute and the Guidelines contemplate that the Court is to consider, not the actual, but rather the ***expected*** costs of incarceration and supervision in fashioning a sentence of fine. As a matter of logic this is sound in that matters which may actually limit the amount of incarceration, such as earned good time credit, cannot reasonably be predicted by the Court at the time it imposes a sentence of fine. Thus the

expectation should be that the total term of imprisonment and supervised release ordered will be served.[3]

In the instant case the expected cost of incarceration would, therefore, be equal to $1,952.66 times 82 months or $160,118.12, while the cost of supervised release would be $3,450.00 times 3 years or $10,350.00. In sum, the expected costs of confinement and supervised release equal $170,468.12 and when added to the $150,000.00 fine specifically ordered by the Court, the total amount of fine to be paid pursuant to the Judgment in this case is $320,468.12. The aggregate amount of fine and restitution which Defendant is required to pay is $587,468.12.

## IV. The United States' Proposed Resolution

As stated previously, the United States does not oppose Defendant Scrushy being allowed to pay the presently due amount of $420,905.32 into the Court's registry pending the outcome of his appeal to the United States Court of Appeals for the Eleventh Circuit. Similarly, the United States has no objection to Defendant Scrushy paying into the registry the amount of $1,952.66 by the 28th day of the month for each month that his appeal is pending.

The United States respectfully requests, that in the event of an affirmance of

---

[3] Further suggestive that the expected costs of confinement and supervised release are mere guidelines on how to arrive at a fine amount, is the fact that the funds are collected and distributed by the Court in the same fashion as any fine and that no portion of the fine received by this Court will go to reimburse the Bureau of Prisons or the United States Probation Office for the costs actually incurred by them in regards to Defendant Scrushy.

Defendant's conviction and sentence, that interest on $417,000.00 of the Judgment be applied retroactively to the date of Judgment and that interest accrued on the Judgment as to the monthly payments of $1,952.66 be applied retroactively to the month in which the payment was due. The United States also respectfully requests that the amount of interest accrued during this period be offset by the amount of interest earned by the funds while on deposit in the Court's registry. The United States also respectfully requests that the payment of any interest balance be ordered to be due and paid immediately upon the issuance of the mandate of the United States Court of Appeals for the Eleventh Circuit. Finally, the United States respectfully requests that Defendant be ordered to make payments of $1,952.66 on the 28th day of each and every month during the period of his actual incarceration and beyond until such time as the principal amount of $160,118.12 plus any accrued interest is paid in full.

In the event Defendant's conviction and sentence are reversed, the United States agrees that all funds deposited into the registry, as well as any interest earned thereon, is due to be returned to Defendant in accordance with governing laws, statutes and regulations.[4]

---

[4] It is the understanding of the undersigned that all funds paid into the registry of the Court and deposited into interest bearing accounts are charged 10% of the interest earned for handling and processing. To the degree that this handling charge would reduce the amount of interest earned by the restitution victim, the United States respectfully requests that in the event Defendant's conviction and sentence are affirmed that he be required to pay this amount to the victim(s) such that they receive the entire amount of money to which they are entitled.

Respectfully submitted this 29th day of August, 2007.

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | WILLIAM M. WELCH, II<br>CHIEF, PUBLIC INTEGRITY SECTION |
| /s/ Louis V. Franklin, Sr.<br>Acting United States Attorney<br>131 Clayton Street<br>Montgomery, AL 36104<br>Phone: (334)223-7280<br>Fax: (334)223-7560<br>Email: louis.franklin@usdoj.gov | /s/Richard C. Pilger<br>Department of Justice, Criminal Division<br>Public Integrity Section<br>10 & Constitution Ave, NW th<br>Bond Building - 12 Floor th<br>Washington, DC 20530<br>Phone: (202)514-1412<br>Fax: (202)514-3003<br>Email: richard.pilger@usdoj.gov |
| /s/ J.B. Perrine<br>Assistant United States Attorney<br>131 Clayton Street<br>Montgomery, AL 36104<br>Phone: (334)223-7280<br>Fax: (334)223-7135<br>Email: jb.perrine@usdoj.gov<br>ASB-9077-E31J | /s/ Joseph L. Fitzpatrick, Jr.<br>Special Assistant United States Attorney<br>Assistant Attorney General<br>Office of the Attorney General<br>11 S. Union<br>Montgomery, AL 36130<br>Phone: (334)353-4839<br>Fax: (334)242-4890<br>Email: j.fitzpatrick@ago.al.state.us |
| /s/ Stephen P. Feaga<br>Assistant United States Attorney<br>131 Clayton Street<br>Montgomery, AL 36104<br>Phone: (334)223-7280<br>Fax: (334)223-7560<br>Email: steve.feaga@usdoj.gov<br>ASB-7374A60S | |

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CR. NO. **2:05-cr-119-MEF** |
| | ) | |
| RICHARD M. SCRUSHY, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    LOUIS V. FRANKLIN, SR.
    ACTING UNITED STATES ATTORNEY

    /s/ Louis V. Franklin, Sr.
    LOUIS V. FRANKLIN, SR.
    Acting United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    E-Mail: louis.franklin@usdoj.gov