IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF |
| | ) | |
| RICHARD M. SCRUSHY | ) | |

# **MEMORANDUM OPINION**

This cause is before the Court on a limited remand from the United States Court of Appeals for the Eleventh Circuit that issued on October 15, 2007.

On June 29, 2006, a jury returned a verdict against Defendant Richard M. Scrushy ("Scrushy") on six counts in the Second Superceding Indictment. Scrushy's convictions are for federal funds bribery, conspiracy, and honest services mail fraud. After the verdict, the Court resolved a number of motions relating to the case.

From June 26, 2007 to June 28, 2007, the Court conducted a sentencing hearing. The Court sentenced Scrushy to eighty two months imprisonment followed by three years of supervised release, a fine, and restitution. The Court also ordered that Scrushy pay the cost of imprisonment and supervision.

Scrushy filed Defendant Richard M. Scrushy's Motion for Release on Bond Pending Appeal (Doc. # 615). The Court denied the motion. The Eleventh Circuit remanded the case to this Court for the limited purpose of the entry of an opinion explaining its June 29, 2007 Order (Doc. # 617) denying the Defendant Richard M. Scrushy's Motion for Release on

Bond Pending Appeal (Doc. # 615), which motion was filed on June 28, 2007.

## DISCUSSION

Pursuant to 18 U.S.C. § 3143(b), a defendant convicted of a crime shall be detained pending his appeal unless a court finds:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *See also United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). The defendant has the burden to prove each of these four factors. *Id*. Therefore, the question presented to this Court is whether Scrushy has satisfied his burden of establishing that he is not likely to flee or pose a danger to the safety of any other person or the community if released, that the appeal is not for the purpose of delay, and that his appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed, or a reduced sentence that is less than the expected duration of the appeal process.

A defendant has presented a "substantial question" if the issue is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Giancola*, 754 F.2d at 901.

Furthermore, the phrase "likely to result in reversal or an order for a new trial" means that "the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Giancola*, 754 F.2d at 900 (quoting *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985)). In other words, harmless errors, errors that have no prejudicial effect, or errors that have been insufficiently preserved, which would not result in reversal or a new trial, do not satisfy this standard. *Id.*

This Court is mindful of the Eleventh Circuit's order, which requests "expeditious consideration and disposition" of these issues. Therefore, while this Court has given the merit of the issues due consideration, it will not issue a lengthy written opinion on this matter. In order for this Court to grant Scrushy's motion, it would have to hold that he has raised a substantial question that would be likely to result in reversal or a new trial on all of the counts of which he was convicted, or likely to result in a term of imprisonment less than the expected duration of the appeal. *Giancola*, 754 F.2d at 900-01. The Court does not find that any of the issues Scrushy has identified satisfy the standard established by 18 U.S.C. § 3143(b) as interpreted by the Eleventh Circuit Court of Appeals, and therefore Scrushy has failed to meet his burden.

Additionally, the Court finds, with respect to Scrushy, that he has failed to satisfy his burden of establishing by clear and convincing evidence that he is not likely to flee. While it is true that Scrushy was released on bond during the period of time between his conviction

and his sentencing hearing, that release was only allowed because of a variety of special restrictions intended to keep Scrushy from fleeing. In this Court's view, Scrushy's conduct during this period evidenced conduct of concern and consequently, the Court had to modify the terms of his release and change his supervision during this period. The Court rejects Scrushy's creative argument that once sentence was imposed and he learned that he would be incarcerated for a period of time less than the Government had sought he had less reason than ever to flee. In this Court's view, there is a significant difference between facing the abstract possibility of imprisonment for a period of time and the knowledge that a sentence of eighty-seven months of incarceration will be imposed if his appeal fails. The circumstances have changed. Scrushy now knows how much time in prison he faces. The Court finds that he has failed to show by clear and convincing evidence that he is not likely to flee if allowed to be released on bond pending appeal.

Because Scrushy failed to establish by clear and convincing evidence that he is not likely to flee if released under 18 U.S.C. § 3142(b) or (c) and because Scrushy has failed to establish that his appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, of a reduced sentence as set forth in 18 U.S.C. § 3143(b)(1), the Court cannot find that Scrushy has carried his burden and cannot find that he is entitled to be released on bond pending appeal.

## CONCLUSION

For the foregoing reasons, this Court entered its Order (Doc. # 617) denying the

Defendant Richard M. Scrushy's Motion for Release on Bond Pending Appeal (Doc. # 615).

DONE this the 1st day of November, 2007.

                                            /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE