Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

January 07, 2008

**Appeal Number: 07-13163-B**
Case Style: USA v. Don Eugene Siegelman
District Court Number: 05-00119 CR-F-N ()

CC:  Vincent F. Kilborn, III

CC:  Hiram Chester Eastland, Jr.

CC:  G. Robert Blakey

CC:  David Allen McDonald

CC:  Arthur W. Leach

CC:  James K. Jenkins

CC:  Louis V. Franklin, Sr.

CC:  James B. Perrine

CC:  Stephen P. Feaga

CC:  John Alex Romano

CC:  Debra P. Hackett

CC:  Richard Martin Adams

CC:  Redding Pitt

CC:  Susan Graham James

CC:  Jennifer M. Garrett

CC:  Joseph L. Fitzpatrick, Jr.

CC:  Richard C. Pilger

CC: Leslie V. Moore

CC: Carmen D. Hernandez

CC: Frederick G. Helmsing

CC: W. Bruce Maloy

CC: James W. Parkman, III

CC: William C. White, II

CC: Bruce Rogow

CC: Cynthia E. Gunther

CC: Hon. Mark E. Fuller

CC: Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

January 07, 2008

MEMORANDUM TO COUNSEL OR PARTIES

**Appeal Number: 07-13163-B**
Case Style: USA v. Don Eugene Siegelman
District Court Number: 05-00119 CR-F-N ()

The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Carolyn Magers (404) 335-6181

MOT-2 (06-2007)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JAN - 7 2008

THOMAS K. KAHN
CLERK

07-13163-B

UNITED STATES OF AMERICA,

Plaintiff-Appellee-
Cross-Appellant,

versus

DON EUGENE SIEGELMAN,
RICHARD SCRUSHY,

Defendants-Appellants-
Cross-Appellees.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

On Appeal from the United States District Court for the
Middle District of Alabama

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

BEFORE:   TJOFLAT and ANDERSON, Circuit Judges.

BY THE COURT:

On October 15, 2007, we remanded this matter on a limited basis to allow the district court to enter an order explaining its denial of Appellant Scrushy's motion for release on bond pending appeal. Pending receipt of the district court's limited remand order, we held in abeyance the motion for release pending appeal which Scrushy had filed in this Court, as well as Scrushy's August 31, 2007, motion to

supplement his motion for release.

On November 1, 2007, in compliance with the limited remand order, the district court issued a memorandum opinion which discusses the court's reasons for denying Scrushy's motion. Both Scrushy and the Government have filed supplemental materials addressing the memorandum opinion. The motions, as supplemented in response to the district court's limited remand order, are now ripe for disposition.

Scrushy's August 31, 2007, motion to supplement his motion for release is DENIED AS UNNECESSARY, as the Court has already been informed of the death of the court reporter who reported the trial of this case.

In addition to the supplemental materials addressing the district court's order on limited remand, Scrushy has filed a second motion to supplement his motion for release. Scrushy's second motion to supplement is DENIED, as the successor court reporter's request for an additional extension of time has no bearing on the issues raised by Scrushy's motion for release.

A defendant who is sentenced to a term of imprisonment bears the burden of showing that he is entitled to release pending appeal under the criteria established by 18 U.S.C. § 3143(b). See, e.g., United States v. Giancola, 754 F.2d 898, 900-901 (11th Cir. 1985). In order to qualify for release, Scrushy must first demonstrate by

clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. See 18 U.S.C. § 3143(b)(1)(A). If he meets this initial burden, he must then show that the appeal is not taken for the purposes of delay, but instead presents an outcome-determinative substantial question of law or fact. See 18 U.S.C. § 3143(b)(1)(B).

We find it unnecessary to reach the issue of whether this appeal presents a "substantial question," as that term is used in § 3143(b)(1)(B), as we agree with the district court that Scrushy has not met his burden under § 3143(b)(1)(A) of demonstrating by clear and convincing evidence that he is unlikely to flee if he is released pending resolution of this appeal.[1] Scrushy's motion for release pending appeal is therefore DENIED.

---

[1] In its April 30, 2007 order denying the Government's motion to revoke Scrushy's pre-sentencing release, the district court merely determined that the Government had not met its burden of showing entitlement to revocation. The court did not at that time make an affirmative finding that Appellant was not a flight risk.