IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RICHARD M. SCRUSHY, *et al.*,<br>    Defendants. | Case No. 2:05cr119-MEF |

## JOINT MOTION TO UNSEAL TRIAL TRANSCRIPT

COME NOW Richard M. Scrushy and the United States of America, by and through undersigned counsel of record, and file this Joint Motion to Unseal Trial Transcript pursuant to Fed. R. App. P. 10(e)(2)(B). In support of this request, Defendant Scrushy and the Government respectfully show this Court the following:

1. On March 21, 2007, the Clerk of Court filed a notice that a Certificate of Readiness had been sent to the Eleventh Circuit Court of Appeals regarding the record on appeal in this case.

2. The appellate record includes 42 volumes of trial transcript. Thirty-three of these volumes contain one or more segments of transcript that have been filed by the court reporter under seal. These sealed portions of the transcript generally contain two types of information. The vast majority of sealed segments are comprised of bench conferences or conferences in chambers, almost all of which deal with evidentiary objections or arguments. The second group contains protected identifying information related by witnesses (*e.g.*, home addresses, dates of birth, bank account numbers), the names of jurors, or other information pertaining to jurors.

1

3. Approximately 152 of these sealed segments are appended to the trial transcript.

4. If these segments of the trial transcript are not unsealed (with the limited exceptions discussed below), they will pose a truly substantial stumbling block to appellate counsel for all parties and for the Court of Appeals. While counsel has access to the sealed segments of the transcript, unless these portions of the trial record are unsealed, counsel will either be unable to file briefs which contain quotes or references to the sealed segments or will be faced with the cumbersome process of seeking leave from the Eleventh Circuit to file redacted briefs in the public record along with sealed briefs which contain references and quotations from the sealed segments of the transcript. Because the majority of the sealed segments of the transcript contain evidentiary arguments and motions for mistrial, the complications in filing briefs in this matter will be substantial.

5. Defendant and the Government do *not* request unsealing of the redacted segments of the transcript which contain protected identifying information related by witnesses or which name jurors. Defendant and the Government submit that the sealed portions of the transcript which contain protected identifying information as to any individual remain under seal.[1] With respect to the sealed segments of the transcript that consist solely of juror names, Defendant and the Government submit that those segments remain sealed, and that the parties refer to jurors solely by their numbers, following the procedure that this Court has ordered in public hearings and pleadings that require references to specific jurors.[2]

---

[1] Transcript pages: 1538; 2432; 2457; 2464; 2488; 3064; 3494; 4023; 5415; 5786; 5787; 5798; 5912; 5916; 5935; 5936; 5951; 5963; 6055; 6328; 6329; and 6972.

[2] Transcript pages: 7758 (Juror #85); 7759 (Juror #85 and Juror # 111); 7761 (Juror #85); 7766 (Juror # 111); 7768 (Juror # 111); and 7769-7791 (Juror #68).

6. Defendant and the Government also do *not* request unsealing of two segments of the trial transcript concerning a sensitive personal matter involving one juror.[3] Four other transcript segments involving juror matters, however, contain non-sensitive information.[4] Defendant and the Government request the unsealing of those transcripts *provided that* the names of the jurors are kept under seal and are redacted from the transcript segments once they are unsealed.[5]

7. The media have filed no motions to unseal in this case, the context in which requests to unseal have been most commonly analyzed. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814 (1980); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 102 S.Ct. 2613 (1982); *United States v. Valenti*, 987 F.2d 708, 714 (11th Cir 1993); *Newnan v. Gaddick*, 696 F.2d 796, 803 (11th Cir. 1983). Moreover, this Court has discretion to protect the privacy of bench conferences between judge and counsel held outside of public hearing. *United States v. Gurney*, 558 F.2d 1202, 1210 (5th Cir. 1977). However, in the instant case, *all* bench conferences and in-chambers proceedings have been sealed, regardless of their contents or subject matter, and with no showing of need for such sealing. *See Valenti*, 987 F.2d at 714 ("Even where a court properly denies the public and the press access to portions of a criminal trial, the transcripts must be released when the danger of prejudice has passed.") (citing *Gannett Co. v. De Pasquale*, 443 U.S. 368, 393, 400, 99 S.Ct. 2898 (1979)); *Newnan*, 696 F.2d at 801 (recognizing "presumption of openness" as to criminal trial proceedings); *Press Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510, 104 S.Ct. 819 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is

---

[3] Transcript pages 704-09, 1208-09.
[4] Transcript pages 593-603 (Juror #83); 1133-35 (Juror #85), 2514-17 (Juror # 111), and 7718-38 (Juror #104).
[5] The issue in one transcript segment concerned whether the juror in question was related to an individual named during a witness's testimony. *See* Tr. 593-603. The Court may wish to redact the name of that individual to ensure that the juror's identity is fully protected.

essential to preserve higher values and is narrowly tailored to serve that interest."); *Waller v. Georgia*, 467 U.S. 39, 46, 104 S.Ct. 2210 (1984) (recognizing Sixth Amendment right to public trial as guarantee created for benefit of defendant).

8. Defendant and the Government submit that, with the exception of the information designated for continued sealing in ¶¶ 5-6, *supra*, there is no longer any need or justification at this stage of the proceedings for any of these segments of the transcript to remain sealed. Further, if the portions of the transcript remain under seal, all parties will be substantially hampered in presenting their arguments to the Court of Appeals.

WHEREFORE, Defendant Scrushy and the Government respectfully pray that this Court enter an Order unsealing all previously sealed segments of the trial transcript in this case with the exception of the redacted information identified in footnote 1, *supra* (protected identifying information), the segments identified in footnote 2, *supra* (juror names), the segments identified in footnote 3, *supra* (sensitive juror matter), and the names of jurors in the segments identified in footnote 4, *supra* (which otherwise contain non-sensitive juror information), and for such other and further relief as this Court may deem just and proper.

This 31st day of March, 2008.

Respectfully submitted,

/s/ *James K. Jenkins*
James K. Jenkins
Maloy Jenkins Parker
Twenty-Fifth Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone: 404-875-2700

4

Fax:  404-875-7857
E-Mail:  Jenkins@mjplawyers.com

Arthur W. Leach
Attorney at Law
Twenty-Fifth Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
Phone:  404-786-6443
E-Mail:  art @arthurwleach.com

Leslie V. Moore
Moore & Associated, LLC
3501 Lorna Road, Suite 3
Hoover, Alabama  35216
Phone:  205-403-9116
E-Mail:  les.moore@lvmlaw.com

Attorneys for Richard M. Scrushy


LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Stephen P. Feaga
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334)223-7280

5

Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us


WILLIAM M. WELCH, II
CHIEF, PUBLIC INTEGRITY SECTION

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov


Attorneys for the United States.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March, 2008, I personally filed the foregoing "Joint Motion to Unseal Transcripts" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ *Leslie V. Moore*
Leslie V. Moore
Moore & Associates, LLC
3501 Lorna Road, Suite 3
Hoover, Alabama 35216
Phone: 205- 403-9116
E-Mail:  les.moore@lvmlaw.com