IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-119-MEF |
| | ) | |
| RICHARD M. SCRUSHY | ) | (WO) |

## **ORDER**

This cause is before the Court on Defendant Richard M. Scrushy's Motion for Temporary and Permanent Injunction to Prevent Use or Disclosure of and to Require Return of Presentence Report (Doc. # 998) filed on October 26, 2009.  By this motion, Defendant Richard M. Scrushy ("Scrushy") asks this Court to temporarily restrain the attorneys for the plaintiffs in the civil action in the Circuit Court of Jefferson County, Alabama styled *Tucker v. Scrushy*, CV-02-5212, from publishing, discussing, or using the presentence report prepared in this criminal case against Scrushy.[1]  Furthermore, Scrushy asks this Court to order those attorneys for the plaintiffs in the civil case to account for all copies made of the report, to tender those copies to the Court for destruction, and to show cause why a

---

[1] Scrushy was indicted, tried and convicted in this Court.  He is currently serving his sentence for that conviction.  Pursuant to Federal Rule of Criminal Procedure 32, the United States Probation Office for the Middle District of Alabama prepared a presentence investigation report prior to Scrushy's sentencing hearing and a copy of that report was provided to Scrushy's attorneys of record.  Apparently, Scrushy's attorney provided Scrushy with a copy of both the preliminary and the revised report and the plaintiffs' attorneys in *Tucker* found them while conducting an inventory of Scrushy's property and have been using the documents in post-judgment discovery in that case.

permanent injunction should not issue.

In support of this motion, Scrushy invokes Federal Rule of Criminal Procedure 32 and Rule 32.1 of the Local Criminal Rules for the United States District Court for the Middle District of Alabama. These rules are intended to prevent court employees, including employees of the United States Probation Office, from disclosing materials relating to the presentence investigation. Indeed, Local Rule 32,1 specifically refers to confidential records of the court "maintained by the Probation Office" and addresses what the Probation Office should do with respect to certain disclosures to other agencies or requests for disclosures from the public. Plainly, the intent of this rule is to regulate disclosures by court employees including employees of the Probation Office of materials or information housed in the offices of the Court or the Probation Office.

Of course, in this case, there is no allegation whatsoever that any employee of this court, including any employee of the United States Probation Office in any way violated either of these rules or played any role in the disclosure of the information. Similarly, the legal authorities which Scrushy invokes address a court's ability to prevent or remedy disclosure by the court or its employees rather than disclosures by other persons. Simply put, Scrushy offers no legal authority or precedent for the relief he seeks which is much different. Having failed to secure these presentence investigation reports containing detailed information regarding his personal life, Scrushy now asks the Court for assistance in securing their return. The Court acknowledges that the counsel for the plaintiffs in the *Tucker* case

could and should have followed proper procedures if they wished to obtain these materials from the Court, but it is not the place of this Court to police the way in which they have conducted themselves during the course of the post-judgment discovery in the *Tucker* case. At least that is the case absent any allegation that any employee of this Court was responsible for disclosing the material to those attorneys, which is absolutely not the case.

For these reasons, it is hereby ORDERED that Defendant Richard M. Scrushy's Motion for Temporary and Permanent Injunction to Prevent Use or Disclosure of and to Require Return of Presentence Report (Doc. # 998) is DENIED.

DONE this the 27th day of October, 2009.

　　　　　　　　　　　　　　　　　　/s/ Mark E. Fuller
　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE