**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 2:05cr119-MEF |
| RICHARD M. SCRUSHY, <br>     Defendant. | |

**DEFENDANT RICHARD M. SCRUSHY'S MOTION
FOR RELEASE ON BOND PENDING FINAL DISPOSITION
OF HIS CASE BY THE UNITED STATES SUPREME COURT**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record and files this Motion for Release on Bond pursuant to 18 U.S.C. § 3143(b)(1) pending final disposition of his case by the United States Supreme Court. In support of this request, Richard Scrushy respectfully shows this Court the following:

1. On November 1, 2011, this Court entered an Order (Doc. 1039), denying Richard Scrushy's most recently filed motion for release (Doc. 1017), and his renewed motion for release (Doc. 1031).

2. The Court's Order relied solely on the Court's conclusion that Scrushy failed to demonstrate that his appeal to the Supreme Court raises a substantial question of law or fact likely to result in reversal or a reduced sentence that would be less than the expected duration of his remaining sentence.§ 3143(b)(1)(B)(i and iv). Doc. 1039 at 1-2. Since the Court denied Scrushy's motion on this ground, the Court specifically did not address the second prong of

Scrushy's showing, that he is not a flight risk or a danger to the community or any person. *Id.* at 2.

3. Recent proceedings in the Eleventh Circuit Court of Appeals in the case of Scrushy's co-defendant Governor Siegelman demonstrate that this Court's determination as to the lack of a substantial issue on appeal to the Supreme Court was incorrect.

4. On November 9, 2011, the Eleventh Circuit denied Siegelman's petition for rehearing and rehearing en banc. On November 15, 2011, Siegelman filed in the Eleventh Circuit a motion to stay mandate pending the filing and disposition of a certiorari petition. Siegelman argued that under Fed. R. App. P. 41(d)(2) and 11th Cir. Rule 41-1(a) that he could show that his certiorari petition was "not frivolous, not filed merely for delay, and … that a substantial question is to be presented to the Supreme Court or otherwise sets forth good cause for the stay." Motion to Stay Mandate at 2.  *See also* Fed. R. App. P. 41(d)(2):  showing required is "that the certiorari petition would present a substantial question and that there is good cause for a stay."  Just as Scrushy argued in his bond motion (Doc. 1017 at 11-12), Siegelman argued that the "substantial question" to be presented to the Supreme Court in seeking certiorari would "center on the meaning and application of the *McCormick* standard." *See McCormick v. United States*, 500 U.S. 257, 273, 111 S.Ct. 1807, 1816 (1991). Siegelman Motion to Stay Mandate at 2.[1]

5. In its response to Siegelman's motion to stay mandate filed in the Eleventh Circuit on November 23, 2011, the Government argued that Siegelman "has not demonstrated that his certiorari petition will present a substantial question." Government's Response at 3. The

---

[1]  Scrushy also argued that he was in a superior position to Siegelman in terms of the substantial issue showing because Siegelman, unlike Scrushy, had an additional count of conviction and sentence for obstruction of justice that was not impacted by the *McCormick* argument.  (Doc. 1031 at 4-5.)

2

Government argued that the *McCormick* issue "lacks merit" and would not apply to the 18 U.S.C. § 666 counts. *Id.* at 4-6.

6. The Eleventh Circuit nonetheless granted Siegelman's motion to stay mandate on December 2, 2011 (Eleventh Circuit No. 07-13163-BB), ruling that the stay is to remain in effect to and including February 7, 2012 and that if a petition for writ of certiorari is filed within that time period, that the stay will stay in effect until final disposition of the case by the Supreme Court.[2] While the Eleventh Circuit's Order did not address the specific arguments of the parties, since the motion was decided under the standards set out in Fed R. App. P. 41(d)(2)(A) and 11th Cir. R. 41-1(a) (as the Government and Siegelman both submitted), the Order was necessarily a finding that Siegelman's certiorari petition *would* present a "substantial question" to the Supreme Court.

7. In light of this conclusion of the Eleventh Circuit, Scrushy respectfully submits that this Court erred in determining that Scrushy's certiorari petition, which will present the same issue as Siegelman's (minus the Siegelman argument as to his obstruction conviction), would not present a "substantial question."[3] Since Scrushy will challenge all of his counts of conviction

---

[2] The petition for writ of certiorari in both cases must be filed on or before February 6, 2012.

[3] To the extent that this Court's repeated reliance on the language in § 3143(b)(1)(B) in concluding that Scrushy failed to show that "it is not likely for Mr. Scrushy to be able to obtain a reversal on all counts of which he was convicted," (Doc. 1039 at 2; *see also id.* at 1 and 3), it appears that this Court may have misinterpreted the statutory language. In *United States v. Giancola*, 754 F.2d. 898, 901 (11th Cir. 1985), the Eleventh Circuit adopted and quoted the Third Circuit's interpretation of § 3143(b) in *United States v. Miller*, 753 F.2d 19, 23 (3rd Cir. 1985), in which that court explained that "'the likely to result in reversal' language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal." *Giancola* at 900. As a consequence, the Eleventh Circuit held that the showing by the defendant must include that the appeal raises a substantial question of law or fact and "that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for new trial on all counts on which imprisonment has been imposed." *Id.* at 901. In other words, Scrushy need show only that his issue is substantial (which the Eleventh Circuit has now determined) and that if that issue is determined favorably by the Supreme Court, he will obtain

3

under the *McCormick* theory, and if he obtains a favorable ruling from the Supreme Court, he will be granted either a new trial or an outright reversal, Scrushy has clearly met the "substantial issue" prong of the appeal bond statute.

8. This Court's previous Order denying bond stated that the Court was not reaching the second prong, the question of risk of flight and danger to the community or any person, since it based its denial on a finding of lack of a substantial issue. Doc. 1039 at 3. Accordingly, that issue should be addressed at this juncture.

9. Richard Scrushy will not belabor this point, as it has been exhaustively argued, most recently in his last two bond requests (Docs. 1017 and 1031). The showings and arguments in those motions are specifically adopted and incorporated in this motion. The only change in circumstances is that Richard Scrushy's release to *home confinement* is now less than twelve (12) months away (December 10, 2012). In addition to all of the arguments set forth in his previous bond showings, with this additional passage of time, each day it becomes less likely that Scrushy poses any risk of flight, if he ever did. He has a close and supportive wife and family with whom he has maintained extraordinarily close and regular contact. He would not risk losing that for a life as a fugitive, especially now that he is less than twelve months away from completing his prison term and going home to his family.

## CONCLUSION

For all of these reasons, Richard Scrushy meets the requirements for release on bond pending appeal at this time. This Court should promptly consider this request and either enter an Order releasing him pending final disposition of his case by the Supreme Court or, if the Court deems necessary, schedule an evidentiary hearing.

---

either a reversal or an order for new trial on all counts (again, implicitly a part of the Eleventh Circuit's ruling granting Siegelman's motion to stay mandate).

This 15th day of December, 2011.

Respectfully submitted,

ARTHUR W. LEACH
Georgia Bar No. 442025
5780 Windward Parkway, Suite 225
Alpharetta, GA  30005
(404) 786-6443

/s/ *James K. Jenkins*
JAMES K. JENKINS
MALOY JENKINS PARKER
Twenty-Fifth Floor
75 Fourteenth Street, NW
Atlanta, GA  30309
(404) 875-2700

LESLIE V. MOORE
15 Southlake Lane, Suite 26
Hoover, Alabama  35244
866-619-6556

Attorneys for Richard M. Scrushy

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2011, I personally filed the foregoing "Defendant Richard M. Scrushy's Motion for Release on Bond Pending Disposition of His Case by the United States Supreme Court" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record, including:

> Louis V. Franklin (lead counsel for USA)
> louisfranklin@usdoj.gov
>
> John-Alex Romano (lead appellate counsel for USA)
> john-alex.romano@usdoj.gov
>
> Vincent F. Kilborn, III (lead counsel for Defendant Siegelman)
> vfk@krmlaw.com

*/s/ Leslie V. Moore*
LESLIE V. MOORE