IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 2:05cr119-MEF |
| | : | |
| RICHARD M. SCRUSHY, | : | |
| Defendant. | : | |

**RESPONSE TO DEFENDANT SCRUSHY'S MOTION
FOR RELEASE ON BOND PENDING FINAL DISPOSITION
OF HIS CASE BY THE UNITED STATES SUPREME COURT**

The United States of America, by and through undersigned counsel and

pursuant to this Court's Order dated December 20, 2011 (Doc. 1067), hereby

responds to defendant Scrushy's Motion for Release on Bond Pending Final

Disposition of His Case by the United States Supreme Court.

1.  On November 1, 2011, this Court denied Scrushy's pending motions for

release on bond because he failed to show that his upcoming petition for a writ of

certiorari would "raise[] a substantial question of law or fact *likely* to result in . . .

reversal . . ., or a reduced sentence to a term of imprisonment less than the total of

the time already served plus the expected duration of the appeal process."  Doc.

1039, Order at 1-2 (quoting 18 U.S.C. §§ 3143(b)(1)(B)(i) and (iv)) (modifications

and emphasis in original).   In light of that determination, the Court found it

unnecessary to address the second and independent requirement for bail – whether

Scrushy has proven by clear and convincing evidence that he is not likely to flee if released.  *Id.* at 3; *see* 18 U.S.C. § 3143(b)(1)(A).

2.  Scrushy's latest motion is based on the Eleventh Circuit's recent order granting co-defendant Siegelman's motion to stay the mandate pending the Supreme Court's disposition of his not-yet filed certiorari petition.  According to Scrushy, the court of appeals necessarily found that the *McCormick* claim both defendants anticipate raising in their certiorari petitions will present a substantial question.  Doc. 1066, Scrushy Mot. at 3.

3.  The Eleventh Circuit's order does not state the grounds for granting Siegelman's motion to stay the mandate.  But even if Scrushy's interpretation of that order is correct, he is not entitled to release on bail because he has not proven by clear and convincing evidence that he is not a flight risk.  Conceding that the Court must resolve that question in his favor before he may be released, Scrushy adopts and incorporates the previous risk-of-flight arguments in his last two motions.  Doc. 1066, Scrushy Mot. at 4.  The government likewise adopts and incorporates here its previous responses to those arguments.  *See* Doc. 1026, Resp. at 8-10; Doc. 1035.

4.  Though not new arguments, Scrushy adds (Doc. 1066, Mot. at 4) that his purported release to home confinement "is now less than twelve (12) months

2

away," that his family is supportive, and that he would not risk losing contact with his family "now that he is less than twelve months away from completing his prison term and going home . . . ." Those arguments do not entitle Scrushy to bail.

This Court found, in its original opinion denying bail, that Scrushy's actions while released pending sentencing (presumably, his March 2007 trip on board his yacht in Florida without the permission of his probation officer (*see* Doc. 545 at 2)), demonstrated "conduct of concern" indicating that Scrushy is a flight risk. Doc. 665 at 4. The court of appeals subsequently agreed with this Court's determination "that Scrushy ha[d] not met his burden under § 3143(b)(1)(A) of demonstrating by clear and convincing evidence that he is unlikely to flee if he is released pending resolution of this appeal." 11th Cir. Order dated 1/7/08 at 3. Scrushy has repeatedly renewed his requests for bail with the court of appeals (most recently, at oral argument in January of this year), sometimes making the same arguments about his family support and advancing release date made to this Court; in each case, the court of appeals denied his request, including just this past May in its opinion. *See United States v. Siegelman*, 640 F.3d 1159, 1190 (11th Cir. 2011) (denying all pending motions); *see also* 11th Cir. No. 07-13163, Orders dated 3/27/08, 6/24/08, 8/31/10.

Scrushy's pending motion for release does not dictate a different result.

3

Parole has been abolished in the federal system.  Simply because a defendant has served more than half his prison term does not entitle him to bail.  To hold otherwise would nullify the burden that Congress has imposed on defendants to prove by clear and convincing evidence that they are not a flight risk.  *See* 18 U.S.C. § 3143(b)(1)(A).  Family support is likewise irrelevant to the question of bail, as it is not uncommon for inmates to receive such support.  And Scrushy's related suggestion that he would not act irrationally by fleeing if released on bond is belied by the record, which shows that the last time he was on release he in fact (irrationally) risked his pre-sentence freedom by violating the terms of his release.

For the foregoing reasons, and all of those stated in the government's recent filings (Doc. 1026 at 8-10; Doc. 1035), defendant's Scrushy's motion should be denied.

Respectfully submitted this 28th day of December 2011.


LOUIS V. FRANKLIN, SR.                    JACK SMITH
Acting United States Attorney             Chief, Public Integrity Section


STEPHEN P. FEAGA                          RICHARD C. PILGER
Assistant United States Attorney          Senior Trial Attorney
Middle District of Alabama                Public Integrity Section
                                          Criminal Division, Department of
                                          Justice 1400 New York Ave, NW,
                                          Room 12430
                                          Washington, DC 20005
                                          Phone: (202) 514-1412

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr119-MEF |
| | ) | |
| RICHARD M. SCRUSHY | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2011, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of

such filing to all attorneys of record.

LOUIS V. FRANKLIN, SR.                    JACK SMITH
Acting United States Attorney             Chief, Public Integrity Section

STEPHEN P. FEAGA                          RICHARD C. PILGER
Assistant United States Attorney          Senior Trial Attorney
Middle District of Alabama                Public Integrity Section
                                          Criminal Division, Department of
                                          Justice 1400 New York Ave, NW,
                                          Room 12430
                                          Washington, DC 20005
                                          Phone: (202) 514-1412